**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* <br><br> **TRUE VALUE COMPANY, L.L.C.,** <br><br> **Debtor.** <br><br> **Fed. Tax Id. No. 36-2099896** | **Chapter 11** <br><br> **Case No. 24-12337 (___)** |
| *In re* <br><br> **TV HOLDCO II, L.L.C.,** <br><br> **Debtor.** <br><br> **Fed. Tax Id. No. 82-4822272** | **Chapter 11** <br><br> **Case No. 24-12338 (___)** |
| *In re* <br><br> **TV TSLC, L.L.C.,** <br><br> **Debtor.** <br><br> **Fed. Tax Id. No. 82-5227025** | **Chapter 11** <br><br> **Case No. 24-12339 (___)** |
| *In re* <br><br> **TV GPMC, L.L.C.,** <br><br> **Debtor.** <br><br> **Fed. Tax Id. No. 82-5228136** | **Chapter 11** <br><br> **Case No. 24-12340 (___)** |
| *In re* <br><br> **TRUE VALUE RETAIL, L.L.C.,** <br><br> **Debtor.** <br><br> **Fed. Tax Id. No. 27-1377946** | **Chapter 11** <br><br> **Case No. 24-12341 (___)** |

| | |
|---|---|
| *In re*<br><br>**TRUEVALUE.COM COMPANY, L.L.C.,**<br><br>Debtor.<br><br>**Fed. Tax Id. No. 36-4346386** | **Chapter 11**<br><br>**Case No. 24-12342 (\_\_\_)** |
| *In re*<br><br>**TRUE VALUE VIRGINIA, L.L.C.,**<br><br>Debtor.<br><br>**Fed. Tax Id. No. 88-4409197** | **Chapter 11**<br><br>**Case No. 24-12343 (\_\_\_)** |
| *In re*<br><br>**DISTRIBUTORS HARDWARE, L.L.C.,**<br><br>Debtor.<br><br>**Fed. Tax Id. No. 01-0868106** | **Chapter 11**<br><br>**Case No. 24-12344 (\_\_\_)** |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES; (II) WAIVING THE REQUIREMENTS OF BANKRUPTCY RULES 1005 AND 2002(N); AND (III) GRANTING RELATED RELIEF**

True Value Company, L.L.C. and certain of its affiliates (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company") in the above-captioned cases (the "Chapter 11 Cases"), hereby move (the "Motion") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support of the Motion, the Debtors rely upon and incorporate by reference the contemporaneously filed *Declaration of Kunal S. Kamlani in Support of Chapter 11 Petitions and First Day Papers* (the "First Day Declaration")[1] and further represent as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

**RELIEF REQUESTED**

1.  The Debtors respectfully request entry of an order (a) directing joint administration of the Chapter 11 Cases for procedural purposes only, (b) waiving the requirements of Bankruptcy Rules (as defined below) 1005 and 2002(n), and (c) granting related relief.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.  The legal predicates for the relief requested herein are sections 105(a) and 342(c)(1) of chapter 11 of the United States Code (the "Bankruptcy Code"), Rules 1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

4.  Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors confirm their consent to the entry of a final judgment or order by this Court in connection with the Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

5.  On the date hereof (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 the Bankruptcy Code.

6.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. To date, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

8. The Company is one of the world's leading hardlines wholesalers, serving approximately 4,500 stores worldwide. A globally recognized retail brand, the Company provides customers in over 55 countries an expansive product set across key categories such as Hardware Lumber & Building, Outdoor Living & Tools, and Plumbing & Heating. The Company's business operations, corporate and capital structure, and the events leading up to the filing of the Chapter 11 Cases are described in greater detail in the First Day Declaration.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

9. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are all "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

10. Additionally, Local Rule 1015-1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

11. As set forth in the First Day Declaration, joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for this Court and all parties in interest. Further, joint administration will not adversely affect the Debtors' respective

4

constituencies because the Motion seeks only administrative combination, and not substantive consolidation of the Debtors' estates. Thus, the Debtors submit that joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors, and all parties in interest.

12. Moreover, the joint administration of the Chapter 11 Cases will promote efficiency by permitting the Clerk of this Court to use a single, general docket for the Debtors' Chapter 11 Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration will therefore ease the burden on the U.S. Trustee in supervising the Chapter 11 Cases.

13. No party will be prejudiced by the relief requested in the Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

14. The Debtors respectfully request that this Court modify the caption of these Chapter 11 Cases to reflect joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | **Case No. 24-12337 (___)** |
| **Debtors.**[1] | **(Jointly Administered)** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

15. The Debtors further request this Court's direction that a notation substantially similar to the following be entered on the docket in each Debtors' Chapter 11 Case (other than the Chapter 11 Case of True Value Company, L.L.C.) to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: True Value Company, L.L.C., Case No. 24-12337 (___); TV Holdco II, L.L.C., Case No. 24-12338 (___); TV TSLC, L.L.C., Case No. 24-12339 (___); TV GPMC, L.L.C., Case No. 24-12340 (___); True Value Retail, L.L.C., Case No. 24-12341 (___); TrueValue.com Company, L.L.C., Case No. 24-12342 (___); True Value Virginia, L.L.C., Case No. 24-12343 (___); and Distributors Hardware, L.L.C., Case No. 24-12344 (___). The docket for True Value Company, L.L.C., Case No. 24-12337 (___), should be consulted for all matters affecting these cases.

16. Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g.*, *In re Coach USA, Inc.*, No. 24-11258 (MFW) (Bankr. D. Del. June 13, 2024); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. Apr. 23, 2024); *In re Number Holdings, Inc.*, No. 24-10719 (JKS) (Bankr. D. Del. Apr. 9, 2024); *In re Joann Inc.*, No. 24-10418 (CTG) (Bankr. D. Del. Mar. 19, 2024); *In re MVK FarmCo LLC,* No. 23-11721 (LSS) (Bankr. D. Del. Oct. 17, 2023); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. June 6, 2023); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023); *In re Kabbage, Inc. d/b/a/ KServicing*, No. 22-10951 (CTG) (Bankr. D. Del. Oct. 4, 2022); *In re Armstrong Flooring, Inc.*, No. 22-10426 (MFW) (Bankr. D. Del. May 11, 2022).[2]

---

[2] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion, but are available on request.

17. Based on the foregoing, the relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these Chapter 11 Cases. Accordingly, this Court should authorize the relief requested herein.

## RESERVATION OF RIGHTS

18. Nothing in the Motion should be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party beneficiary status or bestowing any additional rights on any third party; (e) being otherwise enforceable by any third party; or (f) prejudicial to the Debtors' rights to contest any amounts owed to any third party. Nothing contained in the Proposed Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

## NOTICE

19. Notice of the Motion will be given to: (a) the U.S. Trustee, (b) counsel to the prepetition Lenders, (c) the parties included on the Debtors' consolidated list of their 30 largest unsecured creditors, (d) the Internal Revenue Service, (e) the Office of the United States Attorney for the District of Delaware, (f) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (g) all parties entitled to notice pursuant to Local Bankruptcy Rules 2002-1(b) and 9013-1(m). The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

20. No previous request for the relief sought herein has been made to this Court or any other court.

**CONCLUSION**

The Debtors respectfully request that this Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: October 14, 2024
       Wilmington, Delaware

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Joseph O. Larkin*
Joseph O. Larkin
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Joseph.Larkin@skadden.com

- and -

Ron E. Meisler (*pro hac vice* admission pending)
Jennifer Madden (*pro hac vice* admission pending)
320 South Canal Street
Chicago, Illinois 60606-5707
Telephone: (312) 407-0705
Ron.Meisler@skadden.com
Jennifer.Madden@skadden.com

- and –

Robert D. Drain (*pro hac vice* admission pending)
Evan A. Hill (*pro hac vice* admission pending)
Moshe S. Jacob (*pro hac vice* admission pending)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Robert.Drain@skadden.com
Evan.Hill@skadden.com
Moshe.Jacob@skadden.com

*Proposed Counsel to Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* <br><br> **TRUE VALUE COMPANY, L.L.C.,** <br><br> **Debtor.** <br><br> Fed. Tax Id. No. 36-2099896 | Chapter 11 <br><br> Case No. 24-12337 (___) |
| *In re* <br><br> **TV HOLDCO II, L.L.C.,** <br><br> **Debtor.** <br><br> Fed. Tax Id. No. 82-4822272 | Chapter 11 <br><br> Case No. 24-12338 (___) |
| *In re* <br><br> **TV TSLC, L.L.C.,** <br><br> **Debtor.** <br><br> Fed. Tax Id. No. 82-5227025 | Chapter 11 <br><br> Case No. 24-12339 (___) |
| *In re* <br><br> **TV GPMC, L.L.C.,** <br><br> **Debtor.** <br><br> Fed. Tax Id. No. 82-5228136 | Chapter 11 <br><br> Case No. 24-12340 (___) |
| *In re* <br><br> **TRUE VALUE RETAIL, L.L.C.,** <br><br> **Debtor.** <br><br> Fed. Tax Id. No. 27-1377946 | Chapter 11 <br><br> Case No. 24-12341 (___) |

| | |
|---|---|
| *In re* <br><br> **TRUEVALUE.COM COMPANY, L.L.C.,** <br><br> **Debtor.** <br><br> **Fed. Tax Id. No. 36-4346386** | **Chapter 11** <br><br> **Case No. 24-12342 (\_\_\_)** |
| *In re* <br><br> **TRUE VALUE VIRGINIA, L.L.C.,** <br><br> **Debtor.** <br><br> **Fed. Tax Id. No. 88-4409197** | **Chapter 11** <br><br> **Case No. 24-12343 (\_\_\_)** |
| *In re* <br><br> **DISTRIBUTORS HARDWARE, L.L.C.,** <br><br> **Debtor.** <br><br> **Fed. Tax Id. No. 01-0868106** | **Chapter 11** <br><br> **Case No. 24-12344 (\_\_\_)** |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES; (II) WAIVING THE REQUIREMENTS OF BANKRUPTCY RULES 1005 AND 2002(N); AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors for an order (this "Order") (i) directing joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, (ii) waiving the requirements of Bankruptcy Rules 1005 and 2002(n), and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

§ 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and the record of the Hearing; and all objections to the relief requested in the Motion, if any, having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  Each of the above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 24-12337 (___). Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting any substantive consolidation of any of the Chapter 11 Cases.

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | **Case No. 24-12337 (\_\_\_)** |
| **Debtors.**[1] | **(Jointly Administered)** |

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

4. Each motion, application, and notice shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of True Value Company, L.L.C., Case No. 24-12337 (\_\_\_).

5. A docket entry shall be made in each of the Chapter 11 Cases (other than the Chapter 11 Case of True Value Company, L.L.C.) substantially as follows:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: True Value Company, L.L.C., Case No. 24-12337 (\_\_\_); TV Holdco II, L.L.C., Case No. 24-12338 (\_\_\_); TV TSLC, L.L.C., Case No. 24-12339 (\_\_\_); TV GPMC, L.L.C., Case No. 24-12340 (\_\_\_); True Value Retail, L.L.C., Case No. 24-12341 (\_\_\_); TrueValue.com Company, L.L.C., Case No. 24-12342 (\_\_\_); True Value Virginia, L.L.C., Case No. 24-12343 (\_\_\_); and Distributors Hardware, L.L.C., Case No. 24-12344 (\_\_\_). The docket for True Value Company, L.L.C., Case No. 24-12337 (\_\_\_), should be consulted for all matters affecting these cases.

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of this Court with the assistance of the notice and claims agent retained by the Debtors in these Chapter 11 Cases.

7. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

9. This Order shall apply to any future filing of any affiliate of the Debtors; *provided, however*, the Debtors shall file notice with this Court identifying the cases of such affiliates and stating that this Order shall apply to such cases.