**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | Related Docket No. 7 |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO PAY CERTAIN PREPETITION
CLAIMS OF (A) CRITICAL VENDORS, (B) FOREIGN VENDORS,
AND (C) LIEN CLAIMANTS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for an interim order (this "Interim Order") and a final order (i) authorizing, but not directing, the Debtors to pay the fixed, liquidated, and undisputed prepetition claims of Critical Vendors, Foreign Vendors, and Lien Claimants and (ii) granting related relief; all as more fully described in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED on an interim basis as set forth herein.

1. The Debtors are hereby authorized, but not required, to pay, in their sole discretion, without further order of this Court, the Critical Vendor Claims, the Foreign Vendor Claims, and the Lien Claims in amounts not to exceed $18.5 million in the aggregate absent further order of the Court.

2. The form of Trade Agreement attached as Exhibit C to the Motion is hereby approved. The Debtors are authorized, but not directed, to enter into Trade Agreements. No Trade Agreement will (a) effect a novation of any existing agreements between the Critical Vendor and the Debtors, (b) modify any of the conditions, covenants, representations and warranties, or other terms of any such existing agreements, other than as agreed between the Debtors and the Critical Vendor, (c) constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement, or (d) change the nature or priority of the underlying Critical Vendor Claims or entitle the Critical Vendor to treatment of its claim as an Administrative Expense Claim.

3. Any Critical Vendor that accepts payment pursuant to the authority granted in this Order agrees to supply goods and/or services to the Debtors postpetition on Customary Trade Terms or on such other trade terms as mutually agreed to by the Debtors and such Critical Vendor; *provided, however*, that the Debtors' inability to agree on Customary Trade Terms shall not

preclude them from paying a Critical Vendor Claim if the Debtors determine, in the reasonable exercise of their business judgment, that such payment is necessary to the Debtors' operations.

4. If a Critical Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms, or on such other trade terms as mutually agreed to by the Debtors and such Critical Vendor, following receipt of any payment on account of its Critical Vendor Claim, then the Debtors may, in their sole discretion with notice to the affected Critical Vendor, declare any payments made to such Critical Vendor on account of its Critical Vendor Claim to have been on account of any 503(b)(9) Claim, Priority Claim, or Administrative Expense Claim, without giving effect to any rights of setoff or reclamation. Nothing herein shall constitute a waiver of the Debtors' rights to seek damages or other appropriate remedies against any breaching Critical Vendor.

5. All Banks are (a) authorized and directed to receive, process, honor and pay any and all prepetition and postpetition checks, drafts, electronic transfers and other forms of payment used by the Debtors to satisfy their Critical Vendor Claims, Foreign Vendor Claims, and Lien Claims, whether presented before, on, or after the Petition Date; *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments, and (b) prohibited from placing any holds on, or attempting to reverse, any automatic transfers on account of Critical Vendor Claims, Foreign Vendor Claims and Lien Claims. The Banks shall rely on the directions and representations of the Debtors as to which checks and fund transfers should be honored and paid pursuant to this Interim Order, and no such Bank shall have any liability to any party for relying on such directions and representations by the Debtors as provided for in this Interim Order.

6. To the extent the Debtors have not yet sought to remit payment on account of the Critical Vendor Claims, Foreign Vendor Claims, and Lien Claims, the Debtors are authorized, but

not directed, to issue checks or provide for other means of payment of the Critical Vendor Claims, Foreign Vendor Claims and Lien Claims.

7. Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Interim Order.

8. Nothing in the Motion or this Interim Order or the relief granted (including any actions taken or payments made by the Debtors pursuant thereto) shall be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party-beneficiary status or bestowing any additional rights on any third party; or (e) being otherwise enforceable by any third party.

9. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

10. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

11. All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

13. The final hearing on the Motion shall be held on November 4, 2024 at 10:00 a.m., prevailing Eastern Time. Any objections or responses to the entry of a final order on the Motion

shall be filed on or before 4:00 p.m., prevailing Eastern Time, on October 28, 2024, and shall be served on: (a) True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) proposed counsel for the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, Delaware 19801 (Attn: Joe Larkin (joe.larkin@skadden.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Benjamin A. Hackman, Esq. (Benjamin.A.Hackman@usdoj.gov)); (d) counsel to the prepetition Lenders (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)); and (e) counsel to any statutory committee appointed in the Chapter 11 Cases. If no objections or responses are filed and served, this Court may enter a final order without further notice or hearing.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**Dated: October 17th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**