**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Joint Administration Pending) |

**INTERIM ORDER (I)(A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS; (C) MODIFYING THE AUTOMATIC STAY; AND (D) SCHEDULING A FURTHER INTERIM HEARING AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for an interim order (this "Interim Order") and a Final Order under sections 105(a), 361, 362, 363, 503, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 9014, and Local Bankruptcy Rules 2002-1, 4001-2, 9006-1 and 9013-1 (i)(a) authorizing the Debtors to use Cash Collateral; (b) granting Adequate Protection, solely to the extent provided in this Interim Order, to the Prepetition Secured Parties; (c) modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms of this Interim Order and the Final Order; and (d) scheduling the Final Hearing to consider approval of the Motion on a final basis, and (ii) granting related relief; and upon consideration of the interim relief requested in the Motion, the Cash Collateral Declarations and the evidence submitted and arguments made at the interim hearing held on October 16, 2024 (the "Interim Hearing"); and notice of the Interim Hearing having been given in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

32257154.3

accordance with Bankruptcy Rules 2002, 4001 and 9014 and all applicable local rules; and it appearing that no other or further notice is necessary; and the Interim Hearing having been held and concluded; and all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved, overruled on the merits by this Court or, with respect to the Cash Collateral Objection (as defined below), addressed by this Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending the Further Interim Hearing (as defined below), and otherwise fair and reasonable and in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; **BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[3]

    *A.*    *Petition Date.* On October 13, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court, commencing these chapter 11 cases (the "Chapter 11 Cases").

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

32257154.3

B. **_Debtors in Possession_**. The Debtors continue to manage and operate their businesses and properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in any of the Chapter 11 Cases.

C. **_Jurisdiction and Venue_**. This Court has jurisdiction over the Chapter 11 Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. § 1334 and the _Amended Standing Order of Reference_ from the United States District Court for the District of Delaware, dated February 29, 2012. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for the Chapter 11 Cases and the proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D. **_Committee Formation_**. As of the date hereof, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code (any such committee, the "Committee").

E. **_Notice_**. Notice of the Motion and the Interim Hearing complies with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 4001(b) and 9014, and the Local Bankruptcy Rules, and no other or further notice of the Motion with respect to the relief requested at the Interim Hearing or the entry of this Interim Order shall be required.

F. **_Cash Collateral_**. The Prepetition Secured Parties have an interest in cash, cash equivalents, negotiable instruments, investment property, and securities, including cash and other amounts on deposit or maintained in any account or accounts of the Prepetition Secured Parties, existing as of the Petition Date, and any amounts generated by the collection of accounts receivable or other disposition of the Collateral (as defined below) and the proceeds of any of the foregoing

is cash collateral within the meaning of section 363(a) of the Bankruptcy Code (as more fully set forth in, and subject to, the Prepetition Loan Documents, the "Cash Collateral").

### G. Existing Debt Facilities and Their Terms.

#### i. Prepetition Credit Facility

(a) Prepetition Credit Agreement. Pursuant to that certain Credit Agreement, dated as of April 20, 2018 (as amended by Amendment No. 1 to Credit Agreement, dated as of September 16, 2021, as further amended by Amendment No. 2 to Credit Agreement, dated as of November 2, 2022, as further amended by Amendment No. 3 to Credit Agreement, dated as of January 24, 2023, as further amended by Amendment No. 4 ("Amendment No. 4" as defined in the Motion), dated as of August 26, 2024, and as further amended by Amendment No. 5 ("Amendment No. 5" as defined in the Motion), dated as of September 9, 2024, the "Prepetition Credit Agreement" and, collectively with any other agreements and documents executed or delivered in connection therewith, each as it may be amended, restated, amended and restated, supplemented, waived, or otherwise modified from time to time, the "Prepetition Loan Documents") by and among Debtor True Value Company, L.L.C. ("TVC"), as a borrower, and each of Distributors Hardware, L.L.C., TV GPMC, L.L.C., True Value Retail, L.L.C., TrueValue.com Company, L.L.C., TV TSLC, L.L.C., and True Value Virginia L.L.C., as additional borrowers (together with TVC, the "Borrowers"), TV Holdco II L.L.C., as guarantor (the "Guarantor" and, together with the Borrowers, the "Prepetition Loan Parties"), PNC Bank, National Association, as administrative agent ("PNC" and, in such capacity, the "Prepetition Administrative Agent"), and the lenders and issuing banks party thereto (the "Prepetition Lenders" and, together with the Prepetition Administrative Agent, the "Prepetition Secured Parties"), the

Prepetition Lenders provided term loans, revolving loan commitments, and other financial accommodations to the Prepetition Loan Parties (the "Prepetition Credit Facility").

(b) Prepetition Secured Debt. As of the Petition Date, the Debtors had outstanding obligations to the Prepetition Loan Parties in the aggregate principal amount of not less than $238,200,000, consisting of approximately $219,456,000 in revolving loan borrowings and approximately $18,750,000 in outstanding term loans, in each case pursuant to, and in accordance with the terms of, the Prepetition Loan Documents, plus accrued and unpaid interest, fees, expenses, disbursements (including attorneys' fees and financial advisors' fees and related expenses and disbursements), indemnification obligations, and other charges, amounts, and costs of whatever nature owing, whether or not contingent, whenever arising, accrued, accruing, due, owing, chargeable, or reimbursable under the Prepetition Loan Documents incurred in connection therewith as provided in the Prepetition Loan Documents (collectively, the "Prepetition Secured Debt"), which Prepetition Secured Debt has been guaranteed on a joint and several basis by each of the Prepetition Loan Parties.

(c) Prepetition Liens. As more fully set forth in the Prepetition Loan Documents, prior to the Petition Date, the Prepetition Loan Parties each granted to the Prepetition Secured Parties a first-priority security interest in, and continuing lien (the "Prepetition Liens") on substantially all assets and properties of the Debtors (as more fully set forth in, and subject to, the Prepetition Loan Documents), and all proceeds, products, accessions, rents, and profits thereof, in each case whether then owned or existing or thereafter acquired or arising, subject to certain exclusions (the "Prepetition Collateral").

    *ii.*  *Cash Collateral*

    (a)  The Debtors continue to collect cash, rents, income, offspring, products, proceeds, and profits generated from the Prepetition Collateral and acquire equipment, inventory, and other personal property, all of which (subject to any exceptions, exclusions, or limitations provided for in the applicable Prepetition Loan Documents) constitute Prepetition Collateral under the Prepetition Loan Documents (as applicable) that is subject to the applicable Prepetition Secured Parties' valid and perfected security interests.

    (b)  The Debtors desire to use a portion of such cash, rents, income, offspring, products, proceeds, and profits in their business operations that constitute Cash Collateral of the Prepetition Secured Parties under section 363(a) of the Bankruptcy Code. Certain prepetition rents, income, offspring, products, proceeds, and profits, in existence as of the Petition Date, including balances of funds in certain of the Debtors' prepetition and postpetition operating bank accounts, also constitute Cash Collateral that is subject to the applicable Prepetition Secured Parties' valid and perfected security interests.

    *iii.*  The rights of all parties in interest to challenge any of the findings in Paragraph F and this Paragraph G are expressly reserved.

    **H.**  ***Necessity of Relief Requested.***  Good cause has been shown for the entry of this Interim Order. The Debtors have an immediate need to use cash on hand and cash flow from their operations, including Cash Collateral, to avoid immediate and irreparable harm to the Debtors, their estates and creditors. In the absence of access to and the ability to use Cash Collateral during such time, the continued operation of the Debtors' business would not be possible, and serious and irreparable harm to the Debtors, their estates, and their creditors would occur.

I. **Terms of Cash Collateral Use.** The terms for the Debtors' use of Cash Collateral and the adequate protection arrangements provided pursuant to this Interim Order are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, constitute reasonably equivalent value and fair consideration, and are essential for the preservation of the Debtors' assets and properties. The use of Cash Collateral in accordance with this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors, their estates and creditors.

J. **Cash Collateral Objection.** Prepetition Administrative Agent filed its preliminary objection to the Motion [Dkt. No. 68] (the "Cash Collateral Objection"). The Prepetition Administrative Agent and the other Prepetition Secured Parties reserve all rights to challenge all findings in this Interim Order at the Further Interim Hearing or in connection with any other hearing to consider the relief requested in the Motion or otherwise. The Debtors reserve all rights to object to and contest any and all aspects of the Cash Collateral Objection at the Further Interim Hearing or in connection with any hearing to consider the relief requested in the Motion or otherwise.

K. **Need for Immediate Entry of this Interim Order.** The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2). The permission granted herein to use Cash Collateral (and provide adequate protection therefor) is necessary, essential, and appropriate to avoid immediate and irreparable harm to the Debtors and their estates and creditors.

**NOW THEREFORE**, based on the foregoing findings and conclusions, the Motion, the Cash Collateral Declarations and the record before this Court, including the Interim Hearing, and after due consideration, and good and sufficient cause appearing therefor,

32257154.3

**IT IS HEREBY ORDERED THAT:**

1. *Motion Approved.*  The Motion is granted as and solely to the extent set forth in this Interim Order.

2. *Authorization to Use Cash Collateral*.  The Debtors are authorized to use Cash Collateral on an interim basis as set forth in the budget attached hereto as **Exhibit 1** solely as shown in Week #1 and Week #2 (the "Interim Budget") from and after the Petition Date through and including October 28, 2024 (the "Interim Period").

3. *Interim Budget.*  The Debtors are authorized to use Cash Collateral during the Interim Period solely in accordance with the Interim Budget.  Any amounts listed in the Interim Budget in Week #1 that are unused may be carried over and used by the Debtors in Week #2 and any unused amounts within Week #1 or Week #2 may be utilized for any other line item within Week #1 or Week #2, respectively.

4. *Adequate Protection for the Prepetition Senior Secured Parties.*  As adequate protection of the respective interests of the Prepetition Secured Parties in any Collateral solely for and equal in amount to any aggregate postpetition diminution in value of their respective interests in the Collateral resulting from the Debtors' use, sale, lease or other disposition of Collateral, including the use of Cash Collateral and the imposition of the automatic stay (any "Diminution in Value"), each of the Prepetition Administrative Agent, for the benefit of itself and the other Prepetition Secured Parties, is hereby granted the following (collectively, the "Adequate Protection Obligations"), subject to the reservation of rights in Paragraph G(iii) of this Interim Order:

(a) *Adequate Protection Liens.*  Solely for and equal in amount to any Diminution in Value of their respective interests in the Collateral, each of the Prepetition Administrative Agent, for the benefit of itself and the other Prepetition Secured Parties, is hereby

granted replacement security interests in and liens on (all such liens and security interests, the "<u>Adequate Protection Liens</u>") all now owned or hereafter acquired assets, interests, rights, and property of any nature whatsoever in which the Debtors or their estates have an interest, including, without limitation, the Prepetition Collateral, all inventory, accounts receivable, cash, negotiable instruments, documents of title, securities, deposit accounts, cash equivalents of the Debtors and other estate property; *excluding*, *however*, any liens on avoidance actions under Chapter 5 of the Bankruptcy Code and the proceeds thereof, including the Debtors' claims and causes of action under sections 502(d), 506(c), 544, 545, 547, 548, 550 and 553 of the Bankruptcy Code and under any applicable state Uniform Voidable Transactions Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and similar statutes or common law, and any commercial tort claims (collectively, the "<u>Avoidance Actions</u>," which, for the avoidance of doubt, excludes the Debtors' claims or causes of action under section 549 of the Bankruptcy Code or similar state or other applicable law and the proceeds of each of the foregoing) (collectively, the "<u>Adequate Protection Collateral</u>" and, together with the Prepetition Collateral, collectively, the "<u>Collateral</u>"), which Adequate Protection Liens granted to the Prepetition Secured Parties shall be subject and subordinate to any existing third party liens or security interests in the Collateral, in each case, solely to the extent any such liens and security interests were valid, non-avoidable, properly perfected as of the Petition Date (or were in existence immediately prior to the Petition Date and are properly perfected subsequent to the Petition Date as permitted by section 546(b) of the Bankruptcy Code) and, in the case of any Prepetition Collateral, were senior in priority to the Prepetition Secured Parties' respective Prepetition Liens.

      (b)    ***Adequate Protection Superpriority Claims.***  Solely for and equal in amount to any Diminution in Value of the Prepetition Secured Parties' respective interests in the Collateral,

superpriority administrative expense claims, to the extent provided by sections 503(b) and 507(b) of the Bankruptcy Code (the "<u>Adequate Protection Superpriority Claims</u>"), senior to any and all other administrative expenses of the kind specified or ordered pursuant to any provision of the Bankruptcy Code.  Nothing in this Interim Order shall be deemed to grant the Prepetition Secured Parties superpriority administrative expense claims in respect of the proceeds of any Avoidance Actions; *provided* that the Prepetition Secured Parties reserve the right to assert such claims; *provided*, *further*, that the Debtors reserve the right to challenge any assertion of such claims.

(c) ***Reporting Requirements.***  As additional adequate protection to the Prepetition Secured Parties, the Debtors shall provide the Prepetition Secured Parties with reasonable and customary weekly variance reporting with respect to the Interim Budget, including "actual to budget" reporting, collateral reporting and other reporting reasonably requested by the Prepetition Administrative Agent.

(d) Notwithstanding anything herein to the contrary, the Adequate Protection Obligations shall be subject to any future order of this Court, entered on notice to the Prepetition Secured Parties and subject to a hearing, that would, after finding the Prepetition Secured Parties' valid, perfected and enforceable interest in the Collateral (including as granted herein) adequately perfected, approve the grant of adequate protection to another person or entity a lien or claim with equal or higher priority.

5. ***Modification of Automatic Stay.***  The Debtors are authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be reasonably necessary to implement the terms and conditions of this Interim Order and the transactions contemplated hereby.  The stay of section 362 of the Bankruptcy Code is hereby modified to permit the parties to accomplish the transactions contemplated by this Interim Order.

32257154.3

6. ***No Third-Party Rights.*** Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary; *provided*, *however*, that if the Chapter 11 Cases convert to cases under chapter 7 of the Bankruptcy Code, the chapter 7 trustee shall be deemed to be a party-in-interest other than the Debtors and shall not be bound by the findings in Paragraph G or any of the Debtors' stipulations contained herein.

7. ***Binding Effect.*** The terms of this Interim Order shall be valid and binding upon all parties in interest in the Chapter 11 Cases, including, without limitation, the Prepetition Secured Parties, the Debtors, and their respective successors and assigns (including any trustee hereinafter appointed or elected for the estate of any Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtors or with respect to the property of the estate of any of the Debtors) from and after the entry of this Interim Order by this Court.

8. ***Headings.*** The headings in this Interim Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Interim Order.

9. ***Bankruptcy Rules.*** The requirements of Bankruptcy Rules 4001, 6003, and 6004, in each case to the extent applicable, are satisfied by the contents of the Motion, and the relief requested is necessary to avoid immediate and irreparable harm.

10. ***Necessary Action.*** The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Interim Order.

11. ***Retention of Jurisdiction.*** The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

32257154.3

12. ***Further Interim Hearing.*** A further interim hearing on the Motion shall commence on October 28, 2024 at 12:30 p.m., prevailing Eastern Time.

13. *Notice of Entry of Interim Order.* The Debtors shall promptly serve copies of this Interim Order to the parties that have been given notice of the Interim Hearing, to any party that has filed a request for notices with this Court and to any Committee (if appointed).

14. Nothing contained herein shall be deemed or implied as a waiver, consent or admission by any of the Prepetition Secured Parties with respect to or in connection with the use of the Cash Collateral in accordance with this Order.

15. In the event that the Debtors request that this Court shorten notice in connection with a request by the Debtors for relief from this Order based on their reasonable determination that relief from this Order is needed on an emergency basis, then the Prepetition Secured Parties shall not oppose such request for shortened notice.

16. In the event that any of the Prepetition Secured Parties request that this Court shorten notice in connection with a request by any of the Prepetition Secured Parties for relief from this Order based on their reasonable determination that relief from this Order is needed on an emergency basis, then the Debtors shall not oppose such request for shortened notice.

17. Any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**Dated: October 18th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**