IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | Ref. Docket Nos. 19, 72, & 106 |

**CERTIFICATION OF COUNSEL SUBMITTING *PROPOSED* SECOND INTERIM ORDER (I)(A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS; (C) MODIFYING THE AUTOMATIC STAY; AND (D) SCHEDULING A FINAL HEARING AND (II) GRANTING RELATED RELIEF**

On October 15, 2024, the debtors and debtors in possession (collectively, the "Debtors") in the above captioned cases filed the *Motion of Debtors for Entry of Interim and Final Orders (I)(A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders; (C) Modifying the Automatic Stay; and (D) Scheduling a Final Hearing, and (II) Granting Related Relief* [Docket No. 19] (the "Motion"). A proposed form of order approving the Motion on an interim basis was attached to the Motion as Exhibit A.

On October 16, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") held a hearing (the "Hearing") to consider approval of the Motion. Prior to the Hearing, the Debtors received (i) informal comments to the Proposed Interim Order from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and (ii) PNC Bank, National Association ("PNC") filed a formal objection with the Court [Docket No. 68].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

32318102.3

Following discussions with the U.S. Trustee, the Debtors filed a revised form of interim order [Docket No. 72], resolving the U.S. Trustee's informal comments. Subsequent to the Hearing, and in accordance with the Court's comments on the record, the Debtors filed a further revised form of interim order, which the Court entered on October 18, 2024 (the "First Interim Order") [Docket No. 106].

The Debtors, PNC and the prepetition secured parties, and the Official Committee of Unsecured Creditors (collectively, the "Parties") are actively and constructively working towards reaching a consensual resolution with respect to the Debtors' cash collateral motion and the consensual use of cash collateral in support of a Do it Best transaction. In light of the progress achieved to date, the Parties each support an extension of the First Interim Order through October 29, 2024, pursuant to the budget attached thereto. Accordingly, the Court has continued the October 28, 2024 cash collateral hearing to October 29th at 12:30 P.M. to provide the Parties with additional time to reach an agreement. To that end, the Debtors hereby submit a second form of interim order (the "Second Interim Order") attached hereto as **Exhibit A**, extending the First Interim Order through October 29, 2024 with a modified supplemental budget to govern the extended period provided for in the Second Interim Order attached thereto. The Parties each support an extension of the First Interim Order and the U.S. Trustee does not object to entry of the Second Interim Order.

WHEREFORE, as the Debtors, the U.S. Trustee, and the Parties have agreed to the terms of the Second Interim Order, the Debtors respectfully request that the Court enter the Second Interim Order without further notice or hearing at the Court's earliest convenience.

[*Signature Page Follows*]

Dated: October 28, 2024
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Edmon L. Morton*
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
kenos@ysct.com
kmcelroy@ycst.com
tpowell@ycst.com

- and -

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Malak S. Doss (admitted *pro hac vice*)
Michelle C. Perez (admitted *pro hac vice*)
Esther Hong (admitted *pro hac vice*)
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
twelch@glennagre.com
mdoss@glennagre.com
mperez@glennagre.com
ehong@glennagre.com

*Proposed Efficiency Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Second Interim Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* <br><br> **TRUE VALUE COMPANY, L.L.C. *et al.*,** <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 24-12337 (KBO) <br><br> (Jointly Administered) <br><br> Re: Dkt. Nos. 19, 106 |

**SECOND INTERIM ORDER (I)(A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS; (C) MODIFYING THE AUTOMATIC STAY; AND (D) SCHEDULING A FURTHER INTERIM HEARING AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of interim and final orders under sections 105(a), 361, 362, 363, 503, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 9014, and Local Bankruptcy Rules 2002-1, 4001-2, 9006-1 and 9013-1 (i)(a) authorizing the Debtors to use Cash Collateral; (b) granting Adequate Protection, solely to the extent provided in this interim order (this "Second Interim Order"), to the Prepetition Secured Parties; (c) modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms of the Interim Orders (as defined herein) and the Final Order; and (d) scheduling the Final Hearing to consider approval of the Motion on a final basis, and (ii) granting related relief; and upon consideration of the interim relief requested in the Motion, the Cash Collateral Declarations and the evidence submitted and arguments made at the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the First Interim Order, as applicable.

32319573.2

interim hearing held on October 16, 2024; and this Court having previously entered the *Interim Order (I)(A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders; (C) Modifying the Automatic Stay; and (D) Scheduling a Further Interim Hearing and (II) Granting Related Relief* [Dkt. No. 106] (the "First Interim Order" and, collectively with this Second Interim Order, the "Interim Orders") on October 18, 2024; and this Court having granted a continuance of the hearing scheduled for October 28, 2024 on the continued use of Cash Collateral to October 29, 2024; and the Debtors, the Prepetition Secured Parties and the Committee having agreed to the relief set forth in this Second Interim Order,

**IT IS HEREBY ORDERED THAT:**

1. This Second Interim Order is entered as and solely to the extent set forth herein.

2. The Debtors are authorized to use Cash Collateral on an interim basis as set forth in the budget attached hereto as **Exhibit 1** (the "Second Interim Budget") from and after the Petition Date through and including October 29, 2024 (the "Second Interim Period").

3. The First Interim Order shall otherwise remain in full force and effect as if fully set forth herein, except with respect to the relief granted herein as to the Second Interim Period and the Second Interim Budget.

4. Any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Second Interim Order is hereby waived, and the terms and conditions of this Second Interim Order shall be effective and enforceable immediately upon its entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Second Interim Order or the First Interim Order.

## Exhibit 1

**Second Interim Budget**

**True Value**
**8-Week Cash Collateral Budget**

*($ in 000s)*

| Day # <br> FCST: <br> Week Ending: | 1 <br> FCST <br> 10/28/2024 | 2 <br> FCST <br> 10/29/2024 | Total <br> Forecast |
|---|---:|---:|---:|
| **Cash Operating Receipts** | | | |
| Operating Receipts | $2,372 | $2,679 | $5,051 |
| Other Receipts | – | – | – |
| **Total Operating Cash Receipts** | **$2,372** | **$2,679** | **$5,051** |
| **Operating Disbursements** | | | |
| Payroll & Benefits | (268) | (3,612) | (3,880) |
| Rent | – | – | – |
| Other Operating Disbursements | – | – | – |
| **Total Operating Disbursements** | **($268)** | **($3,612)** | **($3,880)** |
| **Operating Cash Flow** | **$2,105** | **($933)** | **$1,172** |
| **Restructuring / Chapter 11 Items** | | | |
| UST Fees | – | – | – |
| Prepetition Taxes | (71) | – | (71) |
| FDM & Restructuring Items | (84) | – | (84) |
| Employee Benefits | – | – | – |
| Other Restructuring Items | – | – | – |
| **Total Restructuring / Chapter 11 Items** | **($155)** | **–** | **($155)** |
| **Total Professional Fees** | **–** | **–** | **–** |
| **Cash Flow Before Financing** | **$1,949** | **($933)** | **$1,016** |
| **Total Financing Obligations** | **–** | **–** | **–** |
| **Net Cash Flow** | **$1,949** | **($933)** | **$1,016** |
| **Bank Cash** | | | |
| BOP Bank Cash Balance | $53,881 | $55,831 | $53,881 |
| Net Cash Flow | 1,949 | (933) | 1,016 |
| Revolver Draw / (Paydown) | – | – | – |
| **EOP Bank Cash Balance** | **$55,831** | **$54,898** | **$54,898** |