# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>**TRUE VALUE COMPANY, L.L.C.,** *et al.*,[1]<br>Debtors. | **Chapter 11**<br>**Case No. 24-12337 (KBO)**<br>**(Jointly Administered)**<br><br>Objection Deadline: October 28, 2024 at 4:00 p.m. ET<br>Hearing Date: November 4, 2024 at 10:00 a.m. ET<br><br>Ref. Docket Nos 19 and 106 |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF PLYMOUTH MWG 1750 SOUTH LINCOLN LLC TO MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I)(A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS; (C) MODIFYING THE AUTOMATIC STAY; AND (D) SCHEDULING A FINAL HEARING AND (II) GRANTING RELATED RELIEF

Plymouth MWG 1750 South Lincoln LLC ("Plymouth"), by its undersigned counsel, hereby submits this limited objection and reservation of rights (this "Limited Objection") to *Motion of Debtors for Entry of Interim and Final Orders (I) (A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders; (C) Modifying the Automatic Stay; and (D) Scheduling a Final Hearing and (II) Granting Related Relief* (the "Motion") [Docket No. 19].[2]

Plymouth objects to the Motion to the extent the Debtors seek to grant Adequate Protection Liens on the Debtors' real property leases in favor of the Prepetition Secured Parties, or any third

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or Interim Order. (defined herein), as applicable.

party, regardless of whether such real property leases permit such liens. In support of this Limited Objection, Plymouth respectfully states:

## BACKGROUND

1. On October 14, 2024 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Plymouth and True Value Company, L.L.C. ("True Value") are parties to that certain lease agreement dated July 20, 2023 (the "Lease") in which True Value leases those certain premises containing approximately 230,400 square feet of space located at 1750 South Lincoln Drive, Freeport, Illinois (the "Leased Premises").

3. On October 15, 2024, the Debtors filed the Motion seeking, among other things, authorization to use the cash collateral of the Prepetition Secured Parties.

4. On October 18, 2024, this Court entered its *Interim Order (I)(A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders; (C) Modifying the Automatic Stay; and (D) Scheduling a Further Interim Hearing and (II) Granting Related Relief* [Docket No. 106] (the "Interim Order") approving, among other things, the use of Cash Collateral on an interim basis solely in accordance with the Interim Budget. Under the Interim Order, the Prepetition Secured Parties were granted Adequate Protection Liens, to the extent of any Diminution in Value of their interest in the Collateral, on "all now owned or hereafter acquired assets, interest, rights, and property of any nature whatsoever in which the Debtors or

their estates have an interest . . ." *See* Interim Order, ¶ 4(a). The Interim Order does not carve out from the Adequate Protection Liens the Debtors' real property leases, including the Lease. *Id.*

5. On November 4, 2024 at 10:00 a.m. ET, this Court will hold (i) a final hearing to consider entry of the Final Order. Objections are due by October 28, 2024 at 4:00 p.m. ET.

6. Plymouth contacted the Debtors, through counsel, regarding its concerns with the Motion and Interim Order and is hopeful a consensual resolution can be reached in advance of the Final Hearing. Since Plymouth has not heard back from the Debtors or reviewed the proposed Final Order, Plymouth files this Limited Objection out of an abundance of caution to preserve its rights.

## LIMITED OBJECTION

7. Plymouth files this Limited Objection to preserve its rights under the Lease, the Bankruptcy Code and applicable law. As of the date of this Limited Objection, the Debtors have not responded to Plymouth's concerns or filed the proposed Final Order, as a result, it is unclear if the Debtors intend to grant Adequate Protection Liens on the Debtors' real property leases in favor of Prepetition Secured Parties, or any third party where the real property leases do not expressly permit the granting of such liens. Plymouth objects to any attempt by the Debtors to grant liens on the Lease to the Prepetition Secured Parties, or any third party since Lease does not expressly permit the mortgaging or encumbering of such interest. Any purported grant is not permitted by the Bankruptcy Code or relevant authority, and would materially increase the risk imposed on Plymouth and its interests in the Leased Premises.

8. The Debtors' proposed treatment of the Lease, where there is no provision expressly permitting the mortgaging or encumbering of True Value's leasehold interest, represents an

impermissible attempt to unilaterally modify the terms of the Lease and should not be approved by this Court. *See City of Covington v. Covington landing L.P.*, 71 F.3d 1221, 1226 (6th Cir. 1995) ("Neither the debtor nor the bankruptcy court may excise material obligations owing to the non-debtor contracting party."); *In re Air Vectors Assocs.*, 53 B.R. 668, 687 (Bankr. S.D.N.Y. 1985) (The bankruptcy court does not have authority to rewrite the terms of a lease.).

9. Notwithstanding the fact that Lease does not expressly permit True Value to mortgage its leasehold interest, the Debtors may potentially do just that by granting to the Prepetition Secured Parties Adequate Protection Liens on the Lease. The Debtors cite no authority to support this blatant and willful violation of the Lease and the Debtors' proposed treatment of the Lease disregards section 365(d)(3) of the Bankruptcy Code which requires the Debtors to comply with the terms of the Lease and perform all obligations until such Lease is assumed or rejected. 11 U.S.C. § 365(d)(3).

10. The Bankruptcy Code does not permit the Debtors or the Prepetition Secured Parties to override the terms of the Lease or grant the Debtors an independent postpetition right to pledge True Value's interest in the Lease as adequate protection of the respective interests of the Prepetition Secured Parties. *See In re EES Lambert Assocs.*, 62 B.R. 328, 336 (Bankr. N.D. Ill. 1986) ("However expansive the bankruptcy court's power may be to protect the property interests of debtors-in-possession, it does not extend to enlarging the rights of a debtor under a contract or rewriting its terms."); *Matter of Lauderdale Motorcar Corp.*, 35 B.R. 544, 548–49 (Bankr. S.D. Fla. 1983) ("However great this Court's powers are to preserve a debtor's property interest, this Court cannot enlarge or increase the Debtor's property or rewrite the terms of a contract.").

11. Bankruptcy Courts are required to uphold state law rights of creditors, including

enforcement of contractual provisions governing those rights. *Butner v. United States*, 440 U.S. 48, 55 (1979). As the Supreme Court recognized in *Butner*, "[p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id.* Only certain contractual provisions not applicable in this case, such as sections 365(e) and 365(f), are unenforceable under the Bankruptcy Code. *In re Kopel*, 232 B.R. 57, 64 (Bankr. E.D.N.Y. 1999); s*ee Matter of Vill. Rathskeller, Inc.*, 147 B.R. 665, 671-72 (Bankr. S.D.N.Y. 1992) (Citing sections 108(b), 365(e)(1), and 365(f)(1), the Court acknowledged the Bankruptcy Code "alters certain [contractual] rights of the parties."); *Ramco-Gershenson Properties, L.P. v. Serv. Merch. Co.*, 293 B.R. 169, 174 (M.D. Tenn. 2003) ("Pursuant to § 365(f)(1), courts may temporarily render anti-assignment clauses unenforceable so that a debtor's assignment is not blocked."); *In re W.R. Grace & Co.*, 475 B.R. 34, 152 (D. Del. 2012), *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013), and *aff'd*, 532 F. App'x 264 (3d Cir. 2013), and *aff'd,* 729 F.3d 311 (3d Cir. 2013), and *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013) ("[I]t is well-established that *ipso facto* clauses are unenforceable as a matter of law under the Bankruptcy Code.").

12. The Lease represents a valid and enforceable contract under applicable state law and its terms must be enforced by this Court. *See Butner*, 440 U.S. at 55. As a result, this Court should deny any attempt by the Debtors to grant the Adequate Protection Liens on the Lease to the Prepetition Secured Parties, or any third party, in direct contravention of the Lease and the Bankruptcy Code where in this case the Lease does not expressly permit the granting of such liens.

## **RESERVATION OF RIGHTS**

13. Plymouth reserves any and all rights to supplement and/or amend this Limited Objection and expressly reserves the right to assert any further objections with respect to the Motion as it deems necessary or appropriate.

## **JOINDER**

14. Plymouth joins in any objections to the Motion filed by the Debtors' other landlords, to the extent that such objections are not inconsistent with this Limited Objection.

**WHEREFORE**, Plymouth respectfully requests that this Court: (a) sustain this Limited Objection; (b) modify the relief granted as to the Motion as requested herein; and (c) grant Plymouth such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature page follows*]

Dated: October 28, 2024  
Wilmington, Delaware

Respectfully submitted,

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 N. Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420
Email: skaufman@skaufmanlaw.com

***Counsel for Plymouth MWG 1750 South Lincoln LLC***