## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | Related Docket Nos. 19, 68, 106 & 199 |

### MOTION FOR AN ORDER GRANTING THE DEBTORS LEAVE AND PERMISSION TO FILE DEBTORS' REPLY (I) IN SUPPORT OF DEBTORS' CASH COLLATERAL MOTION AND (II) IN RESPONSE TO RELATED OBJECTION OF PNC BANK, NATIONAL ASSOCIATION

True Value Company, L.L.C. and certain of its affiliates (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company") in the above-captioned cases, hereby move (this "Motion") the United States Bankruptcy Court for the District of Delaware (the "Court") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below.  In support of this Motion, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

1.      The Debtors respectfully request that the Court grant the Debtors leave and permission to file the *Debtors Reply (I) in Support of Debtors' Cash Collateral Motion and (II) in Response to Related Objection of PNC Bank, National Association* [Docket No. 199] (the "Reply") in support of the *Motion of Debtors for Entry of Interim and Final Orders (I)(A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders;*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

*(C) Modifying the Automatic Stay; and (D) Scheduling a Final Hearing; and (II) Granting Related Relief* [Docket No. 19] (the "Cash Collateral Motion"),[2] and in response to the objection thereto [Docket No. 68] (the "Objection") filed by PNC Bank, National Association (the "PNC"), as administrative agent for the Lenders (as defined in the Objection).

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rule 9006-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

4.      Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors confirm their consent to the entry of a final judgment or order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

5.      On October 14, 2024 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 the Bankruptcy Code. The Debtors continue to operate their

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Cash Collateral Motion.

businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On October 15, 2024, the Debtors filed the Cash Collateral Motion, and on October 16, 2024, PNC filed the Objection.

7.      On October 18, 2024, the Court entered the *Interim Order (I)(A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders; (C) Modifying the Automatic Stay; and (D) Scheduling a Further Interim Hearing; and (II) Granting Related Relief* [Docket No. 106] (the "First Interim Cash Collateral Order").  The Interim Cash Collateral Order set a further interim hearing for October 28, 2024 at 12:30 p.m. (prevailing Eastern Time) (the "Further Interim Hearing").

8.      On October 23, 2024, the Office of the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors [Docket No. 144] in these Chapter 11 Cases.

9.      On October 28, 2024, the Court entered the *Second Interim Order (I)(A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders; (C) Modifying the Automatic Stay; and (D) Scheduling a Further Interim Hearing; and (II) Granting Related Relief* [Docket No. 175] (the "Second Interim Cash Collateral Order").  The Second Interim Cash Collateral Order continued the Further Interim Hearing to October 29, 2024 at 12:30 p.m. (prevailing Eastern Time).

**LEAVE TO FILE LATE REPLY**

10.      Pursuant to Local Bankruptcy Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. (prevailing Eastern Time) the day prior to the deadline for filing the agenda."  The Debtors were required to file the agenda for the Hearing on or before October 24, 2024 at

3

12:00 p.m. (prevailing Eastern Time). Accordingly, the deadline to file a reply to the Objection was October 23, 2024 at 4:00 p.m. (ET) (the "Reply Deadline").

11. Since the entry of the Interim Cash Collateral Order, the Debtors' professionals have spent a significant amount of time and resources preparing for the Further Interim Hearing. This preparation has included issuing discovery requests to PNC, responding to discovery requests issued by PNC, and preparing for and conducting depositions that were occurring as recently as October 25, 2024. The parties have also been engaging in settlement discussions regarding the Cash Collateral Motion and the Objection and the Debtors have withheld filing the Reply in order to facilitate continuing settlement discussions. Unfortunately, however, the parties have not been able to resolve the issues raised in the Objection. The Debtors' professionals requested interrogatories from PNC to better understand its position on cash collateral, and, in particular, its position on the need for adequate protection. PNC in response advised the Debtors to wait until its deposition for that information. Given the importance of hearing the deposition testimony from a PNC representative on October 25 pursuant to the Debtors' and PNC's agreed deposition schedule, and the significant attention and resources that the Debtors and their advisors have devoted towards preparing for the Further Interim Hearing during this compressed timeline, the Debtors were unable to prepare and file a response prior to the Reply Deadline.

12. By this Motion, the Debtors respectfully request that the Court enter the Proposed Order granting the Debtors leave and permission to file the Reply beyond the Reply Deadline. The Reply is being filed in support of the Cash Collateral Motion and to respond to the various factual and legal arguments asserted in the Objection. As such, the Reply, among other things, sets forth the reasons why the arguments raised in the Objection should be overruled and the relief sought in the Cash Collateral Motion granted. Accordingly, the Debtors believe that the Reply will assist

the Court in its consideration of the Cash Collateral Motion and resolving the Objection, and will provide additional background and support for the relief requested in the Cash Collateral Motion.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

The Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: October 29, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Edmon L. Morton
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
      kenos@ysct.com
      kmcelroy@ycst.com
      tpowell@ycst.com

- and -

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Malak S. Doss (admitted *pro hac vice*)
Michelle C. Perez (admitted *pro hac vice*)
Esther Hong (admitted *pro hac vice*)
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
      twelch@glennagre.com
      mdoss@glennagre.com
      mperez@glennagre.com
      ehong@glennagre.com

*Proposed Efficiency Counsel to the Debtors and Debtors in Possession*