## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | Related Docket Nos. 19, 68, 106, & 199 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL DEBTORS' REPLY (I) IN SUPPORT OF DEBTORS' CASH COLLATERAL MOTION AND (II) IN RESPONSE TO RELATED OBJECTION OF PNC BANK, NATIONAL ASSOCIATION**

True Value Company, L.L.C. and certain of its affiliates (collectively, the "<u>Debtors</u>" and, together with their non-Debtor affiliates, the "<u>Company</u>") in the above-captioned cases, hereby move (this "<u>Motion</u>") the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), granting the relief requested below. In support of this Motion, the Debtors respectfully represent as follows:

### RELIEF REQUESTED

The Debtors respectfully request entry of the Proposed Order authorizing the Debtors to file under seal certain portions (the "<u>Confidential Information</u>") of the *Debtors' Reply (I) in Support of Debtors' Cash Collateral Motion and (II) in Response to Related Objection of PNC*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); https://url.us.m.mimecastprotect.com/s/xskDCW68rOhxA9Jps6f1FoUqUb?domain=truevalue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

*Bank, National Association* [Sealed at Docket No. 199] (the "Reply").[2]  In addition, the Debtors request that the Confidential Information not be made available to anyone other than the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Prepetition Secured Parties (as defined in the Cash Collateral Motion), and the Official Committee of Unsecured Creditors (the "Committee"), except as ordered by the Court or agreed to by the Debtors.[3]

### JURISDICTION AND VENUE

1.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of the Chapter 11 Cases (as defined below) and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1(d) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

3.     Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors confirm their consent to the entry of a final judgment or order by the Court in connection with this Motion if it is later

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Reply.

[3]    For the avoidance of doubt, the Debtors are not seeking relief by this Motion that would provide for the sealing of the courtroom for a hearing on this Motion, if any, or the transcript thereof.

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On October 14, 2024 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On October 23, 2024, the U.S. Trustee appointed the Committee [Docket No. 144]. No request has been made for the appointment of a trustee or an examiner.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

6.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)      protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2)      protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).  In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

7.      Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect

the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." Fed. R. Bankr. P. 9018.

8.        Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal* (*In re Phar-Mor, Inc.*), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party)." (emphasis added)).  A party seeking the protection of section 107(b) of the Bankruptcy Code need only demonstrate that the information is "confidential" and "commercial" in nature.  *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

9.        Significantly, commercial information need not rise to the level of a trade secret to be entitled to protection.  *Altegrity*, 2015 WL 10963572, at *3; *see also Orion*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) of the Bankruptcy Code "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former").  Nor is the term "commercial information" limited to information that will give an entity's competitors an unfair advantage.  *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011).  Indeed, "the term includes situations where a

bankruptcy court may reasonably determine that allowing [] disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of [d]ebtors." *Id* (internal quotation marks).

10.     The Confidential Information includes certain highly confidential and commercially sensitive information regarding the Company and the value of the Debtors' assets, the public disclosure of which would negatively impact the Debtors and the Debtors' ability to maximize value during the Chapter 11 Cases.  As such, it is imperative that the Confidential Information remain confidential.

11.     For the reasons set forth above, the Debtors submit that the Confidential Information falls within section 107(b)(1) of the Bankruptcy Code, good cause exists for the Court to grant the relief requested herein, and approval of this Motion is appropriate.

### COMPLIANCE WITH LOCAL BANKRUPTCY RULE 9018-1(d)

12.     Counsel for the Debtors hereby certifies that to the best of its knowledge, information, and belief, the Confidential Information does not contain information subject to the confidentiality rights of another person or entity.  Additionally, counsel for the Debtors has conferred in good faith with the U.S. Trustee concerning the Confidential Information, but the U.S. Trustee had not responded prior to the filing of this Motion.

### NOTICE

13.     Notice of this Motion has been given to:  (a) the U.S. Trustee, (b) counsel to Prepetition Secured Parties, (c) proposed counsel to the Committee, (d) the Internal Revenue Service, (e) the Office of the United States Attorney for the District of Delaware, (f) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (g) all parties entitled to notice pursuant to Local Bankruptcy Rules 2002-1(b) and 9013-1(m).  The Debtors submit that no other or further notice is required.

32316232.3

## CONCLUSION

The Debtors respectfully request that the Court enter the Proposed Order, in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: October 29, 2024
   Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Edmon L. Morton*
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email:  emorton@ycst.com
         kenos@ysct.com
         kmcelroy@ycst.com
         tpowell@ycst.com

- and -

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn (*pro hac vice* admission pending)
Trevor J. Welch (*pro hac vice* admission pending)
Malak S. Doss (*pro hac vice* admission pending)
Michelle C. Perez (*pro hac vice* admission pending)
Esther Hong (*pro hac vice* admission pending)
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email:  aglenn@glennagre.com
         twelch@glennagre.com
         mdoss@glennagre.com
         mperez@glennagre.com
         ehong@glennagre.com

*Proposed Efficiency Counsel to the Debtors and Debtors in Possession*