## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **TRUE VALUE COMPANY, L.L.C.** *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 24-12337 (KBO) <br><br> (Jointly Administered) <br><br> Re: Dkt. Nos. 19, 106 & 175 |

**THIRD INTERIM ORDER (I)(A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS; (C) MODIFYING THE AUTOMATIC STAY; AND (D) SCHEDULING A FURTHER INTERIM HEARING AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of interim and final orders under sections 105(a), 361, 362, 363, 503, 507 and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 9014, and Local Bankruptcy Rules 2002-1, 4001-2, 9006-1 and 9013-1 (i)(a) authorizing the Debtors to use Cash Collateral; (b) granting Adequate Protection, solely to the extent provided in this interim order (this "Third Interim Order"), to the Prepetition Secured Parties; (c) modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms of the Interim Orders (as defined herein) and the Final Order; and (d) scheduling the Final Hearing to consider approval of the Motion on a final basis, and (ii) granting related relief; and upon consideration of the interim relief requested in the Motion, the Cash Collateral Declarations and the evidence submitted and arguments made at the interim

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the First Interim Order, as applicable.

32330102.1

hearing held on October 16, 2024; and this Court having previously entered the *Interim Order (I)(A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders; (C) Modifying the Automatic Stay; and (D) Scheduling a Further Interim Hearing and (II) Granting Related Relief* [Dkt. No. 106] (the "First Interim Order") and the *Second Interim Order (I)(A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders; (C) Modifying the Automatic Stay; and (D) Scheduling a Further Interim Hearing and (II) Granting Related Relief* [Dkt. No. 175] (the "Second Interim Order" and, collectively with the First Interim Order and this Third Interim Order, the "Interim Orders") on October 18, 2024 and October 28, 2024, respectively; and this Court having granted a continuance of the hearing scheduled for October 28, 2024 on the continued use of Cash Collateral to October 29, 2024 and having adjourned the hearing to October 30, 2024; and the Debtors, the Prepetition Secured Parties and the Committee (collectively, the "Parties") having agreed to the relief set forth in this Third Interim Order,

**IT IS HEREBY ORDERED THAT:**

1. This Third Interim Order is entered as and solely to the extent set forth herein.

2. The Debtors are authorized to use Cash Collateral on an interim basis as set forth in the budget attached hereto as **Exhibit 1** (the "Third Interim Budget") from and after the Petition Date through and including October 30, 2024 (the "Third Interim Period"); *provided*, *however*, that the Third Interim Period may be extended with the prior written consent of each of the Parties without further order of this Court; *provided*, *further*, that if the Third Interim Period is extended in accordance with this Paragraph 2, the Debtors shall file a notice of such extension on the docket of these Chapter 11 Cases with a corresponding extended Third Interim Budget.

32330102.1

3. The prior Interim Orders shall otherwise remain in full force and effect as if fully set forth herein, except with respect to the relief granted herein as to the Third Interim Period and the Third Interim Budget.

4. Any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Third Interim Order is hereby waived, and the terms and conditions of this Third Interim Order shall be effective and enforceable immediately upon its entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Third Interim Order or either of the previous Interim Orders.

**Dated: October 30th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

32330102.1