# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRUE VALUE COMPANY, L.L.C., *et al.*,[1] | : | Case No. 24-12337 (KBO) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: D.I. #19, 106, 175, 224** |
| | : | |
| | : | **Hearing: Nov. 4, 2024, at 10:00 A.M. ET** |

## LIMITED OBJECTION TO THE ENTRY OF A FINAL ORDER (II)(A) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION TO THE PREPETITION LENDERS, (C) MODIFYING THE AUTOMATIC STAY, (D) SCHEDULING A HEARING, AND (II) GRANTING RELATED RELIEF

**COMES NOW**, Somerset Leasing XXV, LLC, Somerset Leasing Corp XXII, and Somerset Leasing Corp 27 (together, the "Objecting Parties"), by and through their attorneys, McCarter & English, LLP, to file this limited objection to the entry of a final order (I)(A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Prepetition Lenders, (C) Modifying the Automatic Stay, (D) Scheduling a Hearing, and (II) Granting Related Relief [D.I. #19, 106, 175, 224] and in support hereof state as follows:

1. The Objecting Parties are parties to certain leases with Debtors True Value Company, L.L.C. ("TVC") and TV GPMC, LLC ("TVGPMC"; together with TVC, collectively, the "Debtor"), pursuant to which the Objecting Parties lease various items of point of sale,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, are True Value Company, LLC (9896), TV Holdco II, LLC (2272), TV TSLC, LLC (7025), TV GPMC, LLC (8136), True Value Retail, LLC (7946), True Value.com Company, LLC (6386), True Value Virginia LLC (9197), and Distributors Hardware LLC (8106).

ME1 50846489v.1

packaging, conveyer, battery, palletizer and other equipment (collectively, the "Equipment") to the Debtor.[2]

2. On or about October 14, 2024 (the "Petition Date"), the Debtor, along with a number of affiliated entities, each filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court"). As of the Petition Date, the Debtor was indebted to the Objecting Parties in an aggregate amount not less than $135,614.60.

3. Following the Petition Date, the Debtor has continued to utilize the Equipment in its operations for which payments and charges continue to accrue pursuant to the Agreements.

4. On October 18, 2024, this Court entered an Interim Order (I)(A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Prepetition Lenders, (C) Modifying the Automatic Stay, (D) Scheduling a Hearing, and (II) Granting Related Relief [D.I. #106] (the "First Interim Order"), in which the First Interim Order set forth the terms and conditions for the Debtors' consensual use of cash collateral.

5. On October 28, 2024, this Court entered the Second Interim Order (I)(A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Prepetition Lenders, (C) Modifying the Automatic Stay, (D) Scheduling a Hearing, and (II) Granting Related Relief [D.I. #175] (the "Second Interim Order"), in which the Second Interim Order set forth the terms and conditions for the Debtor's consensual use of cash collateral.

---

[2] The governing lease documents are that certain Master Equipment Lease Agreement #107 dated November 23, 2020 (the "Master Lease"), as incorporated in and together with certain Equipment Schedule Nos. 2, 3, 4, 7, and 9 by and between the Debtor and ARC Equipment Finance LLC (collectively, the "Schedules"), and certain Assignment, Assumption and Indemnity Agreements (collectively, the "Assignments", and together with the Master Lease and Schedules, the "Agreements"), pursuant to which the aforesaid Schedules have been assigned to the Objecting Parties.

6. On October 30, 2024, this Court entered the Third Interim Order (I)(A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Prepetition Lenders, (C) Modifying the Automatic Stay, (D) Scheduling a Hearing, and (II) Granting Related Relief [D.I. #224] (the "Third Interim Order," along with the First Interim Order and the Second Interim Order, collectively, the "Interim Orders"), in which the Third Interim Order set forth the terms and conditions for the Debtors' consensual use of cash collateral

7. It is unclear whether the Interim Orders provide for payments to be made to the Objecting Parties.

8. Despite its continued retention and use of the Equipment postpetition, the Debtor has failed to remit payment in material breach of the Agreements.

9. As of the filing of this Objection, the Debtors have not assumed the Agreements nor remitted payment. Nevertheless, the above-captioned jointly-administered Debtors, including the Debtor, seek this Court's entry of an order, on a final basis, authorizing their use of cash collateral and granting adequate protection payments to certain prepetition lenders without allocating sufficient funds for the Objecting Parties. While the Debtors may intend to cover the payments due and owing under the Agreements, the record is not specific enough to support such a determination.

10. While the Objecting Parties understand the Debtors' need to use cash collateral to fund their post-petition operations, the Objecting Parties cannot be expected to fund the Debtors' bankruptcy case. Section 363(e) of the Bankruptcy Code authorizes this Court to "condition" the Debtors' use, sale, or lease of property "as is necessary to provide adequate protection of [a non-debtor entity's] interest." 11 U.S.C. § 363(e). Unless the Debtors' proposed use of the cash

collateral specifically provides for sufficient payments to the Objecting Parties in accordance with the Agreements, the Objecting Parties are not adequately protected for their contribution to the continued operation of the Debtors' business during the course of the bankruptcy case. *See generally* 11 U.S.C. §§ 361, 363(e), 503(b). The Court must condition its grant of relief upon the Debtors' satisfaction of these post-petition expenses to prevent further injustice.

**WHEREFORE**, the Objecting Parties respectfully request that this Honorable Court sustain their limited objection to the entry of a final order the entry of a final order (I)(A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to the Prepetition Lenders, (C) Modifying the Automatic Stay, (D) Scheduling a Hearing, and (II) Granting Related Relief; and grant such other relief as this Court deems fair and just.

Respectfully submitted,

Dated: October 30, 2024  **McCARTER & ENGLISH, LLP**
Wilmington, Delaware

/s/ *Matthew J. Rifino*
Matthew J. Rifino (DE# 4749)
Renaissance Centre
405 North King Street, Suite 800
Wilmington, Delaware 19801
(T) 302.984.6300
(F) 302.984.6399
Mrifino@mccarter.com

*Counsel for* Somerset Leasing XXV, LLC, Somerset Leasing Corp. XXII, and Somerset Leasing Corp. 27

ME1 50846489v.1