## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C. et al., | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 12** |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF FERRELLGAS, L.P. TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

Ferrellgas L.P. d/b/a Blue Rhino, ("**Blue Rhino**") hereby files this limited objection and reservation of rights (the "**Limited Objection**") in connection with  the Debtors' *Motion for Entry of an Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Approving the Sale of Substantially All of the Debtors' Assets, and (III) Granting Related Relief* [Docket No. 12] (the "**Sale Motion**")[2], and in support thereof, states as follows:

### BACKGROUND

1.      On October 14, 2024 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion.

2.      Blue Rhino, the Debtors, and the Debtors' retailers or Co-Op members are parties to multiple Co-op Propane Tank Exchange Agreements (the "**TEAs**") pursuant to which Blue Rhino supplies propane tanks and displays (the "**Blue Rhino Assets**") to retailers of the Debtors. A true and correct copy of one of the relevant TEAs is attached hereto as Exhibit A. The Debtors are administrative pay agents for obligations due under the TEAs.

3.      On October 14, 2024, the Debtors filed the Sale Motion. On November 4, 2024, the Court entered its *Order (I) Approving the Bid Protections; (II) Approving the Assumption and Assignment Procedures; (III) Authorizing and Approving the Form of Notice of the Sale of Substantially All of the Assets of the Debtors; (IV) Authorizing and Scheduling the Sale Hearing and Setting Other Related Dates and Deadlines; and (V) Granting Related Relief* [Docket No. 297].

## LIMITED OBJECTION

4.      Under Bankruptcy Code section 363, a debtor or trustee can only sell property that is part of the bankruptcy estate. 11 U.S.C. 363(b)(1) "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, *property of the estate* …" (emphasis added). Accordingly, the estate must have an interest in the property for the sale to be valid." *Cinicola v. Scharffenberger,* 248 F.3d 110, 121 (3d Cir. 2001) (noting that, before the trustee could sell estate property under section 363(b)(1), the estate was required to have an interest in that property); *In re Atlantic Gulf Communities Corp.*, 326 B.R. 294, 299 (Bankr. D. Del. 2005) (same); *see also In re DVI, Inc.*, 324 B.R. 548, 551 (Bankr. D. Del. 2005) (noting that the bankruptcy court must determine whether the debtor has an interest in the property before approving its sale).

5.      Furthermore, according to the Stalking Horse Agreement, "Inventory" is included in the definition of Transferred Assets in connection with the sale. *See* Stalking Horse Agreement

at section 2.1. However, the Stalking Horse Agreement, in turn, defines "Inventory" as "all inventory, raw materials, works-in-progress, finished goods, supplies, parts, packaging materials and other inventories *owned by Sellers*." *See id.* at section 1.1 (emphasis added).

6.  Upon information and belief, the Blue Rhino Assets remain in the possession and control of the non-debtor retailers and Co-Op Members directly, but not the Debtors.

7.  Under the TEAs, as is customary in the propane tank industry and as directly stated in the TEAs, the Blue Rhino Assets are the sole property of Blue Rhino, as the ultimate users of the propane tanks use and return the tanks. The Debtors have acquired no equity interest in the Blue Rhino Assets.

8.  Blue Rhino contacted the Debtors, through counsel, regarding its concerns with the Sale Motion and is hopeful a consensual resolution can be reached in advance of the hearing on the Sale Motion. Since Blue Rhino and the Debtors have not finalized that resolution, Blue Rhino files this Limited Objection out of an abundance of caution to preserve its rights under the TEAs.

9.  Furthermore, on November 6, 2024, the Debtors filed their *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [Docket No. 339] (the "**Cure Notice**").

10.  The Cure Notice references certain Blue Rhino contracts at page 10 (ID Nos. 403-405); however, the Debtors currently list Blue Rhino as having a Cure Amount of $0 in connection with all contracts listed in the Cure Notice. Blue Rhino disputes this Cure Amount and hereby reserves all rights with respect to the proposed Cure Amount.

## RELIEF REQUESTED

11.  Blue Rhino does not generally object to the relief requested in the Sale Motion. However, Blue Rhino cannot determine from the Sale Motion or the Debtors' other related court

99879766.2

filings whether the Blue Rhino Assets are to be included in the sale. Accordingly, Blue Rhino hereby objects to the entry of any order that purports to sell the Blue Rhino Assets.

12.     To the extent the Debtors seek to assume and assign the remaining payment obligations for the Blue Rhino Assets under the TEAs, any order approving the sale should condition the assumption and assignment on Blue Rhino receiving adequate assurance of future performance by the successful purchaser as required by Bankruptcy Code section 365(f)(2)(B).

13.     In the event the ultimate purchaser of the Debtors' assets does not assume the remaining payment obligations under the TEAs, then the Debtors should be prohibited from transferring the Blue Rhino Assets to the successful purchaser of the Debtors' assets, and should keep the Blue Rhino Assets secure and safe pending their prompt return to Blue Rhino.

14.     Blue Rhino hereby expressly reserves all rights to amend, supplement, modify, or withdraw this Limited Objection in whole or in part at any time. Blue Rhino does not waive any rights it may have under the TEAs and applicable law by filing this Limited Objection, including, without limitation, all rights to assert any additional amounts due and owing under the TEAs, any rights relating to guarantees of outstanding amounts due and owing under the TEAs by retailers of the Debtors, and/or any rights to assert any further objection related to the proposed assumption and/or assignment of the TEAs.

*[signature page follows]*

99879766.2

Dated: November 8, 2024
Wilmington, Delaware

**POLSINELLI PC**

*/s/ Michael V. DiPietro*
Michael V. DiPietro (Del. Bar No. 6781)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
mdipietro@polsinelli.com

-and-

Andrew J. Nazar
900 West 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
anazar@polsinelli.com

*Counsel for Ferrellgas, L.P.*

99879766.2

## **Exhibit A**

Sample TEA



PO Box 11467
Winston-Salem, NC 27116

800.258.7466

## CO-OP PROPANE TANK
## EXCHANGE AGREEMENT

This Propane Tank Exchange Agreement is entered into as of the date set forth below between Ferrellgas d/b/a Blue Rhino ("Blue Rhino") and

~~Belaire Hardware~~ *Atwood Hardware* ("Retailer").

## DELIVERY INFORMATION

REASON FOR NEW ACCOUNT

~~Belaire Hardware~~ *Atwood Hardware — Bellaire Hardware LLC*

| | |
|---|---|
| RETAILER NAME ~~Belaire Hardware~~ *Atwood Hardware and Lumber* | CO-OP NUMBER *#F23465* |

ADDRESS
STREET *10179 US-31*     CITY *Ellsworth*     STATE *MI*     ZIP *49729*     COUNTY *Antrim*

PHONE NUMBER
*(231)599-2551*

FAX NUMBER

RETAILER CONTACT NAME
*Mike Losee*

RETAILER E-MAIL ADDRESS
*mikeL@clhandlumber.com*

## BILLING INFORMATION

BUSINESS NAME
True Value Hardware Corporate (1000094)

ADDRESS
STREET *308 Division St*     CITY *Harvard*     STATE *IL*     ZIP *60033*     COUNTY *McHenry*

PHONE NUMBER
*(815)943-7951*

FAX NUMBER

E-MAIL ADDRESS
*brian.paanwee@truevalue.com — Sales Rep*

ENTITY: SELECT ONE          CLASS OF TRADE: Hardware

## PROGRAM PRICING (prices subject to change)

| | PRICE | MSRP |
|---|---|---|
| NEW INVENTORY PRICE................................................. | $ 13.00 | |
| EXCHANGE (empty tank for ready-to-grill tank)........................... | $ 13.00 | |
| SPARE (ready-to-grill tank)............................................ | $ 50.00 | |

## NOTICES

- For Change of ownership, a new tank exchange agreement must be submitted.
- This Agreement is NOT TRANSFERABLE by the Retailer.
- Displays are the property of Blue Rhino, and not transferable.
- Tanks are the property of Blue Rhino, and not transferable.
- Prices are subject to change without any prior notification due to increases in material or component prices, production costs, shipping costs or otherwise.
- This agreement precludes any prior program signed agreements.
- Sales tax is not included.
- If tax exempt, copy of exemption certificate is required prior to account creation.
- The terms and conditions of this contract will not apply to any retail location(s) that are found to have regulatory or site format restraints that impede on Blue Rhino's ability to safely install a tank exchange program.

PAGE 1 OF 3

**IMPORTANT – To be processed, this agreement must be legible and completed in its entirety.**

REV. 02.22

BR-40271-TEA-CoOp_CB-F7



**CO-OP PROPANE TANK
EXCHANGE AGREEMENT**

## AGREEMENT DURATION

- This service agreement for exclusivity in all areas serviced by Blue Rhino from

  04/24/2023   thru  04/24/2025   ("Initial Term").
- Thereafter, this Agreement shall automatically renew for successive 1 year terms, unless either party sends written notice of its intent to terminate at least 30 days prior to the end of the Initial Term or the then current Renewal Term, as applicable.
- If either party breaches its obligations under this Agreement, the non-breaching party shall give the breaching party written notice identifying the breach. If the breach remains uncured for thirty (30) days after such notice, the non-defaulting party may terminate the Agreement.
- Retailer shall pay Blue Rhino a $450 de-installation charge per location if the customer terminates the agreement during the Initial Term or any Renewal Term of this Agreement. Notwithstanding this provision, if Retailer and Blue Rhino mutually agree that de-installation is necessary for reasons other than Retailer's early termination of the agreement, then Blue Rhino, at its sole discretion, may agree to share 50% of the $450 de-installation charge with Retailer or waive the charge altogether, depending on the circumstances.

## PAYMENT METHOD  CENTRAL BILLED

- Fill out the Credit Application.
- If Credit Card or Bank Draft is selected, please complete the Credit Card/Bank Draft Authorization Form.
- COD is not a method of payment.
- Delivery Drivers cannot accept ANY payments at time of delivery.

## NOTES

## AGREEMENT AUTHORIZATION AND GUARANTY

Blue Rhino shall invoice CO-OP for payment of all services and products provided to Retailer under the terms of this Agreement. APPLICANT certifies that in the event that CO-OP fails to make timely payment to Blue Rhino, Blue Rhino shall provide written notification to APPLICANT of the outstanding balance and APPLICANT shall pay such balance directly to Blue Rhino.

### BLUE RHINO

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| Emily M. Brant  Digitally signed by Emily M. Brant Date: 2023.04.24 13:43:14 -05'00' | Emily Brant | 04/17/2023 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (336) 331-6913 | |

E-MAIL ADDRESS

ebrant@bluerhino.com

## RETAILER AUTHORIZATION

APPLICANT certifies he/she understands and agrees with all conditions of this agreement including those listed on page 3 of this document. The signature of the owner(s), partner(s), authorized office or buyer are required below.

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| *[signature]* | Jake Ryan | 4-25-23 |

IMPORTANT – To be processed, this agreement must be legible and completed in its entirety.

REV. 02.22                                                                                      BR-40271-TEA-CoOp_08-F7

Michigan Department of Treasury
3372 (Rev. 09-18)

# Michigan Sales and Use Tax Certificate of Exemption

**INSTRUCTIONS: DO NOT send to the Department of Treasury. Certificate must be retained in the seller's records.** This certificate is invalid unless all four sections are completed by the purchaser.

## SECTION 1: TYPE OF PURCHASE

- [ ] A. One-Time Purchase
  Order or Invoice Number: _____
- [x] B. Blanket Certificate. Recurring Business Relationship
- [ ] C. Blanket Certificate
  Expiration Date (maximum of four years): _____

The purchaser hereby claims exemption on the purchase of tangible personal property and selected services made from the vendor listed below. This certifies that this claim is based upon the purchaser's proposed use of the items or services, OR the status of the purchaser.

Vendor's Name and Address
**Ferrellgas, LP DBA Blue Rhino    One Liberty Plaza, Liberty, MO 64068**

## SECTION 2: ITEMS COVERED BY THIS CERTIFICATE
Check one of the following:
1. [x] All items purchased.
2. [ ] Limited to the following items: _____

## SECTION 3: BASIS FOR EXEMPTION CLAIM
Check one of the following:
1. [ ] For Lease. Enter Use Tax Registration Number: _____
2. [x] For Resale at Retail. Enter Sales Tax License Number: _82-1967561_

The following exemptions DO NOT require the purchaser to provide a number:
3. [ ] Agricultural Production. Enter percentage: _____%
4. [ ] Church, Government Entity, Nonprofit School, or Nonprofit Hospital (Circle type of organization).
5. [ ] Contractor (must provide *Michigan Sales and Use Tax Contractor Eligibility Statement* (Form 3520)).
6. [ ] For Resale at Wholesale.
7. [ ] Industrial Processing. Enter percentage: _____%
8. [ ] Nonprofit Internal Revenue Code Section 501(c)(3) or 501(c)(4) Exempt Organization.
9. [ ] Nonprofit Organization with an authorized letter issued by the Michigan Department of Treasury prior to June 1994.
10. [ ] Rolling Stock purchased by an Interstate Motor Carrier.
11. [ ] Qualified Data Center
12. [ ] Direct Pay - Authorized to pay use tax on qualified transactions directly to the State of Michigan under Account Number _____
13. [ ] Other (explain): _____

## SECTION 4: CERTIFICATION
*I declare, under penalty of perjury, that the information on this certificate is true, that I have consulted the statutes, administrative rules and other sources of law applicable to my exemption, and that I have exercised reasonable care in assuring that my claim of exemption is valid under Michigan law. In the event this claim is disallowed, I accept full responsibility for the payment of tax, penalty and any accrued interest, including, if necessary, reimbursement to the vendor for tax and accrued interest.*

| | |
|---|---|
| Business Name **Atwood Hardware and Lumber** | Type of Business (see codes on page 2) **07** |
| Business Address **10179 US-31** | City, State, ZIP Code **Ellsworth, MI 49729** |
| Business Telephone Number (include area code) **(231)599-2551** | Name (Print or Type) **Jake Ryan** |
| Signature and Title **_____, Manager** | Date Signed **4-25-23** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2024, a true and correct copy of the foregoing was caused to be served via the Court's CM/ECF system on all parties authorized to receive e-notice in this case and upon the parties listed below via electronic mail.

**<u>The Debtors</u>**
True Value Company, L.L.C.,
8600 West Bryn Mawr Ave.,
Chicago, IL, 60631
Susan Radde, Esq.
susan.radde@truevalue.com

**<u>Skadden, Arps, Slate, Meagher & Flom LLP</u>**
320 South Canal St.,
Chicago, IL 60606
Ron Meisler, Esq.
Jennifer Madden, Esq.
ron.meisler@skadden.com
jennifer.madden@skadden.com

-and-

One Manhattan West,
395 9th Ave., New York, NY 10001
Evan Hill, Esq.
Moshe Jacob, Esq.
evan.hill@skadden.com
moshe.jacob@skadden.com

-and-

920 North King Street,
Wilmington, Delaware 19801
Joseph Larkin
joseph.larkin@skadden.com

**<u>Counsel to the Stalking Horse Bidder</u>**

Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500,
Indianapolis, IN 46204
Zachary E. Klutz, Esq.
W. Timothy Miller, Esq.
zklutz@taftlaw.com
miller@taftlaw.com

**Counsel to PNC Bank, National Association**

Daniel Fiorillo, Esq.
dfiorillo@otterbourg.com

-and-

Regina Stango Kelbon, Esq.
regina.kelbon@blankrome.com

**Proposed Counsel to the Official Committee of Unsecured Creditors**

Pachulski Stang Ziehl & Jones, LLP
780 3rd Avenue, New York, NY 10017
Bradford J. Sandler
Robert J. Feinstein
Paul J. Labov
bsandler@pszjlaw.com
rfeinstein@pszjlaw.com
plabov@pszjlaw.com

*/s/ Michael V. DiPietro*
Michael V. DiPietro (Del. Bar No. 6781)