# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | |
| : | Chapter 11 |
| TRUE VALUE COMPANY, LLC, et al., : | |
| : | Case No. 24-12337 (KBO) |
| Debtors : | |
| : | (*Jointly Administered*) |
| : | |
| : | Objection Deadline: November 8, 2024 at 4:00 pm |
| : | Hearing Date:       November 12, 2024 at 10:00 am |
| : | |
| : | Docket Nos. 12, 297, 299 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF FIRST AMERICAN COMMERCIAL BANCORP, INC.
TO DEBTORS' MOTION TO APPROVE SALE AND NOTICE OF
POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS AND
POSSIBLE ASSIGNMENT TO ANY SUCCESSFUL BIDDER**

First American Commercial Bancorp, Inc., ("***First American***") an existing equipment lease counterparty of the Debtors[1], and a creditor and party-in-interest herein, presents this limited objection and reservation of rights to the relief sought under the Debtors' existing Motion seeking to authorize and approve the sale of certain assets and the incumbent potential assumption and assignment of certain presently undetermined executory contracts to a successful bidder or bidders [Doc. No. 12] ("***Sale Motion***") and in conjunction with the Debtors' related *Notice of Sale Hearing, Bid Deadline and Auction Hearing* [Docket No. 299] ("***Notice***"), and for such other relief as sought in the Sale Motion, Notice, and any Supplemental Notice, and in support thereof, represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

1

1. The Debtors commenced their bankruptcy proceedings on October 14, 2024.

2. On October 14, 2024 the Debtors requested this Court granting joint administration of the several Debtors. [Doc. No. 2]. It is believed the Court has granted this relief.

3. Prior to the filing of the bankruptcy petitions, the Debtor True Value Company, LLC and First American entered into a master lease agreement and multiple schedules thereto for personal property and/or equipment. Prior to the bankruptcy filings, First American assigned certain of the equipment lease schedules to unrelated entities but retained one of the equipment lease schedule (No. 20230301-01) for twelve (12) Van Semi-Trailers which, upon information and belief, continue to be used by the Debtor.

4. The outstanding lease and required cure amounts pertaining to the First American's lease schedule and equipment is as follows:

True Value Lease No. 20230301-01        Next Payment- 11/1/2024      Due: $17,470.83

5. Certain Debtors continue to use the equipment currently leased by First American in the continued operation of Debtors' business.

6. First American presents this limited objection since the definition of "Transferred Assets" in the sale documents is opaque at best. At this juncture First American has no knowledge whether the proposed sale will purport to include property subject to its remaining lease agreement with the Debtors.

7. As set out in the Notice (filed with this Court in the last 48 hours) the deadline for the filing of objections to assumptions of executory contracts and cure amounts as filed as set out in the Notice does not disclose with certainty who will be the actual purchaser and as to the proposed potential assignment of such existing equipment lease agreements to an unspecified

party. Accordingly, First American is without knowledge as to who and which or whether any of the subject leases or property it owns will be assumed.  As a consequence, First American presents this limited objection and reservation of rights to the relief being sought under the sale motion to the extent it in any way impairs First American's rights under the Bankruptcy Code. First American may not object to the ultimate assumption and assignment of its existing and active equipment lease agreements assuming the Debtors and their proposed successful purchaser meets the requirements of 11 U.S.C.§365.

8. Pursuant to 11 U.S.C.§365(b)(1), if a debtor wants to assume and unexpired lease, the debtor must (A) cure any existing default; (b) compensate, or provide adequate assurance it will promptly compensate, the non-debtor party for any actual pecuniary loss resulting from the debtor's default; and (C) provide adequate assurance of future performance under the lease. *In re: DBSA, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009).  The purpose of §365(b)(1) is "to restore the 'debtor-creditor relationship … to pre-default conditions,' bringing the [parties] back into compliance with its terms." *DBSA, id., citing to In re U.S. Wireless Data, Inc.*, 547 F. 3d 484,489 (2d Cir. 2008) (*quoting In re Taddeo*, 685 F. 2d 24, 26-7 (2d Cir. 1982) and 3 *Collier on Bankruptcy* §365.05[3],365-54 (15th Ed. rev.2008)).

9. The Bankruptcy Code does not provide a definition of adequate assurance. *See In re Fleming Cos.*, 499 F. 3d 300, 305 (3d Cir. 2007); *Cinicola v. Scharffenberger*, 248 F. 3d 110,120, n.10 (3d Cir. 2001).  Based on legislative history, courts have turned to the Uniform Commercial Code for guidance as to the meaning of adequate assurance. *DSBI, Id. at* 708, *citing to Cinicola*, 248 F. 3d at 120 n. 10; *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d 1303, 1309-10 (5th Cir. 1985).  The Uniform Commercial Code considers the adequacy of assurance to be based on commercial reasonableness; as such, courts have held that the term "adequate

assurance" was intended to be given a practical, pragmatic construction. *See Cinicola*, 248 F. 3d n.10; *Richmond Leasing*, 762 F. 2d at 1309-10; *In re Carlisle Homes, Inc*., 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("The phrase 'adequate assurance of future performance,' … is to be given practical, pragmatic construction based upon the facts and circumstances of each case.").

10. To the extent necessary, First American reserves the right to renew and present Objection to any proposed assignment of the subject equipment leases to any successful bidder to allow it to confirm the requisite adequate assurance of future performance under 11 U.S.C.§365(f)(2)(B).

WHEREFORE, First American Commercial Bancorp, Inc. requests this Honorable Court prohibit any relief sought by the Debtor to the extent it in any manner impairs its legal property interests in and rights to payments for the subject lease equipment owned by First American Commercial Bancorp, Inc. under the existing and former interests in the subject personal property executory contracts and for such other relief as is just and proper.

Dated: November 8, 2024
Wilmington, Delaware

Respectfully submitted,

**OFFIT KURMAN, P.A.**

**By: */S/ Brian J. McLaughlin*** 
BRIAN J. MCLAUGHLIN
(DE Bar Id. No. 2462)
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
Telephone: (302) 351-0916
E-mail: brian.mclaughlin@offitkurman.com

By: */s/ P.J. Winterhalter*
PAUL J. WINTERHALTER
*(Pro Hac Vice pending)*
401 Plymouth Road, Suite 100
Plymouth Meeting, PA 19462
Telephone: (267) 338-1370
Facsimile: (267) 338-1335
E-mail: pwinterhalter@offitkurman.com