IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>**TRUE VALUE COMPANY, L.L.C.** *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12337 (KBO)<br><br>(Jointly Administered)<br><br>Related Docket Nos. 12, 297, 299, 366, 367 & 382 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS
TO FILE UNDER SEAL CERTAIN PORTIONS OF THE DECLARATION
OF NICK WEBER IN SUPPORT OF ENTRY OF THE SALE ORDER**

True Value Company, L.L.C. and certain of its affiliates (collectively, the "Debtors" and, together with their non-Debtor affiliates, the "Company") in the above-captioned cases, hereby move (this "Motion") the United States Bankruptcy Court for the District of Delaware (the "Court") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief requested below. In support of this Motion, the Debtors respectfully represent as follows:

**RELIEF REQUESTED**

The Debtors respectfully request entry of the Proposed Order authorizing the Debtors to file under seal certain portions (the "Confidential Information") of the *Declaration of Nick Weber in Support of Entry of the Sale Order* [Sealed at Docket No. 366, and Redacted at Docket No. 367]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

32373291.2

(the "Weber Declaration")[2] filed in support of the Debtors' request that the Court enter the *Order (A) Approving Sale of Substantially All of Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (B) Authorizing Debtors to Enter Into and Perform Under Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts, and (D) Granting Related Relief* (the "Sale Order"), which is attached as Exhibit A to the *Notice of Revised Proposed Sale Order* [Docket No. 382]. In addition, the Debtors request that the Confidential Information not be made available to anyone other than the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Prepetition Lenders (as defined in the Cash Collateral Final Order [Docket No. 296]), and the official committee of unsecured creditors (the "Committee"), except as ordered by the Court or agreed to by the Debtor.[3]

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the Chapter 11 Cases (as defined below) and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9018-1(d) of the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Weber Declaration or the Sale Order (as defined herein), as applicable.

[3] For the avoidance of doubt, the Debtors are not seeking relief by this Motion that would provide for the sealing of the courtroom for a hearing on this Motion, if any, or the transcript thereof.

Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

3. Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors confirm their consent to the entry of a final judgment or order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4. On October 14, 2024 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases (the "Chapter 11 Cases") are being jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On October 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed, pursuant to section 1102 of the Bankruptcy Code, the Committee [Docket No. 144]. No other trustee or examiner has been appointed in the Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

7. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential or commercial information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

  (2)  protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

  8.  Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." Fed. R. Bankr. P. 9018.

  9.  Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal* (*In re Phar-Mor, Inc.*), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party)." (emphasis added)). A party seeking the protection of section 107(b) of the Bankruptcy Code need only demonstrate that the information is "confidential" and "commercial" in nature. *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

10. Significantly, commercial information need not rise to the level of a trade secret to be entitled to protection. *Altegrity*, 2015 WL 10963572, at *3; *see also Orion*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) of the Bankruptcy Code "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Nor is the term "commercial information" limited to information that will give an entity's competitors an unfair advantage. *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Indeed, "the term includes situations where a bankruptcy court may reasonably determine that allowing [] disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors." *Id* (internal quotation marks).

11. The Confidential Information includes certain confidential and commercially sensitive information regarding the operations of the Company since the Petition Date, the public disclosure of which would potentially negatively impact the Debtors and the Debtors' ability to maximize value during the Chapter 11 Cases. As such, it is imperative that the Confidential Information remain confidential.

12. For the reasons set forth above, the Debtors submit that the Confidential Information falls within section 107(b)(1) of the Bankruptcy Code, good cause exists for the Court to grant the relief requested herein, and approval of this Motion is appropriate.

**COMPLIANCE WITH LOCAL BANKRUPTCY RULE 9018-1(d)**

13. Counsel for the Debtors hereby certifies that to the best of its knowledge, information, and belief, the Confidential Information does not contain information subject to the confidentiality rights of another person or entity. Additionally, counsel for the Debtors has conferred in good faith with the U.S. Trustee and counsel to the Committee, on a professional

eyes-only basis, concerning the Confidential Information, and the U.S. Trustee and counsel to the Committee support the filing of this Motion.

## NOTICE

14. Notice of this Motion has been given to: (a) the U.S. Trustee, (b) counsel to Prepetition Lenders, (c) counsel to the Committee, (d) the Internal Revenue Service, (e) the Office of the United States Attorney for the District of Delaware, (f) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (g) all parties entitled to notice pursuant to Local Bankruptcy Rules 2002-1(b). The Debtors submit that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

The Debtors respectfully request that the Court enter the Proposed Order, in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: November 12, 2024

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| /s/ Timothy R. Powell | Joseph O. Larkin |
| Edmon L. Morton (Del. Bar No. 3856) | One Rodney Square |
| Kenneth J. Enos (Del. Bar No. 4544) | 920 N. King Street |
| Kristin L. McElroy (Del. Bar No. 6871) | Wilmington, Delaware 19801 |
| Timothy R. Powell (Del. Bar No. 6894) | Telephone: (302) 651-3000 |
| One Rodney Square | Email: Joseph.Larkin@skadden.com |
| 1000 North King Street | |
| Wilmington, Delaware 19801 | - and - |
| Telephone: (302) 571-6600 | |
| Email: emorton@ycst.com | Ron E. Meisler (admitted *pro hac vice*) |
|         kenos@ysct.com | Jennifer Madden (admitted *pro hac vice*) |
|         kmcelroy@ycst.com | 320 South Canal Street |
|         tpowell@ycst.com | Chicago, Illinois 60606-5707 |
| | Telephone: (312) 407-0705 |
| *Proposed Efficiency Counsel to the Debtors and Debtors in Possession* | Email: Ron.Meisler@skadden.com |
| |         Jennifer.Madden@skadden.com |
| | - and - |
| | Robert D. Drain (admitted *pro hac vice*) |
| | Evan A. Hill (admitted *pro hac vice*) |
| | Moshe S. Jacob (admitted *pro hac vice*) |
| | One Manhattan West |
| | New York, New York 10001 |
| | Telephone: (212) 735-3000 |
| | Email: Robert.Drain@skadden.com |
| |         Evan.Hill@skadden.com |
| |         Moshe.Jacob@skadden.com |
| | *Proposed Counsel to Debtors and Debtors in Possession* |