**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TRUE VALUE COMPANY, L.L.C., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12337 (KBO)<br><br>**(Jointly Administered)**<br><br>Re: D.I. 339 |

**OBJECTION OF STNL II (HARVARD), LLC TO
NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS**

STNL II (Harvard), LLC, the landlord with respect to the distribution center at 308 South Division Street, Harvard, Illinois 60033 (the "Landlord"), by and through its undersigned counsel, file this *Objection* (this "Objection") *of STNL II (Harvard), LLC to Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [Docket No. 339] (the "Cure Notice"). In support of this Objection, the Landlord respectfully states as follows:

**I.     Background**

1.     The Landlord is the successor-in-interest lessor to the Original Lessor (as defined below) with respect to that certain Amended and Restated Lease Agreement, dated February 28, 2018, as amended by (i) that certain First Amendment to Amended and Restated Lease Agreement, dated November 19, 2018, (ii) that certain Memorandum of Understanding, dated March 12, 2018, and (iii) that certain Second Amendment to Amended

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

and Restated Lease Agreement, dated April 22, 2019 (as amended, the "Lease"), with initial lessor Harvard Division, LLC (the "Original Lessor") and lessee and debtor True Value Company, L.L.C. (the "Debtor") for the lease of certain real property and improvements located at 308 South Division Street, Harvard, Illinois 60033 (the "Leased Property").[2]

2. On November 4, 2024, this Court entered an Order, *inter alia*, (I) Authorizing and Approving the Form of Notice of the Sale of Substantially All of the Debtors' Assets; and (II) Authorizing and Scheduling the Sale Hearing and Setting Other Related Dates and Deadlines [Docket No. 297] (the "Bid Procedures Order").

3. Pursuant to the terms of the Bid Procedures Order, on November 6, 2024, the Debtors filed their Notice of Proposed Assumption and Assignment of Certain Executory Contracts (the "Cure Notice") with a schedule listing the names of the counterparties, estimated cure amounts, and summaries of contracts/descriptions (the "Cure Schedule").

4. The Cure Schedule incorrectly states the name of the counterparty to the Lease, incorrectly identifies the Lease, and lists an estimated cure amount with a blank sum. This misinformation appears on page 76 of 88 of the Cure Schedule with an ID number of 3215. In fact, as noted above, the Lease is comprised of several amendments, the correct name of the Landlord is STNL II (Harvard), LLC, and the cure amount should reflect the amounts set forth in this Objection.

---

[2] True and correct copies of the Lease will be provided by email to the Debtors and any parties requesting copies of same from the undersigned Landlord's counsel.

## II. Objection

5. The Landlord does not object to the Debtors' request for authority to sell their assets and the process that has otherwise been established and is more fully set forth in the Orders entered by this Court in recent days. But there are certain components of the proposed assignment of the Lease that require clarification and correction.

6. First, the Landlord objects to the Cure Schedule because it is incorrect. As of October 14, 2024, the Debtor owes the Landlord "Additional Rent" in the amount $265,591.04, on account of the Debtor's liability for the cost for the replacement of the roof at the Leased Property. Pursuant to Section 5.1 of the Lease, a part of the "Common Expenses" payable by the Debtor to the Landlord under the triple net lease is the replacement cost of the roof. However, pursuant to Section 5.1.B, such amount is payable in monthly amounts pursuant to the calculations set forth therein which takes into account the useful life of the roof and the remaining term of the Lease. Consequently, the Debtor is liable to the Landlord for additional monthly rent of $5,107.52, or $61,290.25 in annualized Additional Rent, at the rate of 8% per annum over the remaining 52-month term (the "Landlord Cure Cost").

7. In addition to the above amounts, the Debtor is responsible for payment of all base rent, common area maintenance, real estate taxes, utility charges, improvements, and other charges that will become due and owing pursuant to the Lease from and after an unclear as yet lease assumption and assignment date that were not paid and must be paid by the Debtor, or any assignee, when due or paid in connection with any assumption and assignment of the Lease. All of such obligations that become due pursuant to the Lease from

and after such assumption and assignment date must be paid in accordance with the terms of the Lease.

8. As set forth in the Lease, Landlord asserts its right to be reimbursed as a part of the cure payment for all of its actual pecuniary losses including, but not limited to attorneys' fees, costs, and expenses expended with regard to enforcing its rights under the Lease in connection with the Debtors' bankruptcy proceedings. In addition, the Landlord objects to the extent that all cure amounts are not immediately paid in full upon any assumption and assignment of the Lease, including, all of its attorneys' fees, costs, and expenses with regard to enforcing its rights under the Lease as a part of these proceedings. Assuming these matters can be resolved quickly, the Landlord estimates that such sum is in the approximate amount of $22,500.

9. The Lease provides that the Debtor must indemnify and hold Landlord harmless with regard to any and all claims suffered by the Landlord and arising from the Debtor's use or occupancy of the Leased Property. The Debtor and any assignee of the Lease must assume all indemnification liabilities set forth in the Lease. The Landlord objects to any assumption or assignment of the Lease to the extent that the order approving assumption and assignment does not obligate the Debtor or any assignee of the Lease to be responsible for all such indemnification liabilities.

10. As of the filing of this Objection, the Debtor still has not provided adequate assurance information for the Landlord to assess whether the Debtor has satisfied its requirements under the Bankruptcy Code with respect to providing adequate assurance of performance of the Lease by the buyer/assignee. The Landlord reserves its rights to object to same as of the date of this Objection.

11.     The Cure Schedule also does not take into account other components of the Landlord's claim, which should include current outstanding amounts, accruing charges under the Lease that are subject to adjustment and reconciliation that have not yet been billed under the Lease. To the extent these and any additional obligations under the Lease are prepetition, the Landlord asserts them in this Objection.

12.     To the extent these and any additional obligations under the Lease are outstanding or subject to being cured, the Landlord asserts them in this Objection. Likewise, the Cure Costs may increase prior to any actual date of assumption and assignment of the Lease, given that it is wholly unclear from the Debtors' pleadings when the Debtors will actually effect the assumption and assignment of the Lease to the buyer.  It is possible that the liabilities owed to the Landlord may increase during this time.  Given the foregoing, any assumption and assignment of the Lease must be pursuant to its terms, including the continuation of all obligations such as those related to payment, indemnification, and costs and fees, regardless of when they arose and whether they have accrued but may not yet have been billed. *See* 11 U.S.C. § 365(b).

### III.    Joinder

13.     The Landlord joins in the objections to the Debtors' requested relief in relation to the Cure Notice and Cure Schedule filed by other landlords and parties-in- interest to the extent they are not inconsistent with this Objection.

### IV.     Reservation of Rights

14. Nothing in this Objection is intended to be, or should be construed as, a waiver by the Landlord of any of its rights or remedies under the Lease, the Bankruptcy Code, or applicable law. The Landlord expressly reserves all such rights, including, without limitation, the right to: (i) supplement and/or amend this Objection and to assert additional objections; (ii) amend the cure amounts; (iii) assert additional non-monetary defaults under the Lease; (iv) assert any rights for indemnification against the Debtor arising under the Lease; and (v) assert any further objections as it may deem necessary or appropriate.

WHEREFORE, the Landlord respectfully requests that this Court enter an order: (i) sustaining this Objection; and (ii) granting the Landlord such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: November 14, 2024

**K&L GATES LLP**

*/s/ Matthew B. Goeller*
Matthew B. Goeller (No. 6283)
600 N. King St., Suite 901
Wilmington, Delaware 19801
Phone: (302) 416-7082
Email: matthew.goeller@klgates.com

-and-

David Weitman, Esq.
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, TX  75201
Phone: (214) 939-5500
Email:  david.weitman@klgates.com

*Attorneys for STNL II (Harvard), LLC*