**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRUE VALUE COMPANY, LLC, *et al.*, | ) Case No. 24-12337 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket Nos. 12, 339** |

**LIMITED OBJECTION AND RESERVATION
OF RIGHTS OF GREAT SOUTHERN WOOD PRESERVING,
INC. TO DEBTORS' SALE MOTION AND NOTICE OF PROPOSED
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

Great Southern Wood Preserving, Inc. ("Great Southern"), by its undersigned attorneys, hereby submits this limited objection and reservation of rights (the "Limited Objection") to the *Motion of Debtors for Entry of an Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Approving the Sale of Substantially All of the Debtors' Assets, and (III) Granting Related Relief* [Docket No. 12] (the "Motion") and the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [Docket No. 339] (the "Notice")[1], and in support thereof, states as follows:

### BACKGROUND

1. On October 14, 2024, (the "Petition Date") the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors filed the Notice on November 6, 2024. The Notices attaches a

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Notice.

Contract Cure Schedule, wherein Great Southern is listed as a counterparty to one or more MSC Program Agreements with an estimated cure amount of "$ - ". *See* Notice, Page 41, Item 1464. The Debtors have not provided a copy of the MSC Program Agreement.

3. Great Southern is in the business of purchasing dimensional lumber, treating such lumber, and selling the treated lumber to its customers. Great Southern also sells untreated lumber, composite or non-lumber decking products, and various other building products (such as fasteners and fascia board, among various other building products). For several years, Great Southern has sold treated lumber, as well as other building products, to or through the Debtors, including various recent sales. Great Southern believes the sales have been conducted through the MSC Program Agreements, along with transaction-specific orders and invoices.

4. Great Southern estimates that the outstanding amount owed is approximately $581,304.79.

## ARGUMENT

5. Great Southern files this Limited Objection in order to reserve all rights with respect to any assumption and assignment of the MSC Program Agreements. Great Southern may not object to the ultimate assumption and assignment of the MSC Program Agreement assuming the Debtors and the purchaser meet the requirements of section 365 of the Bankruptcy Code. Great Southern, however does object to the assumption and assignment without payment of any proper cure amount, which Great Southern estimates to be approximately $581,304.79.

6. Pursuant to section 365(b)(1) of the Bankruptcy Code, a debtor that wishes to assume an executory contract must (A) cure any existing default; (b) compensate, or provide adequate assurance that it will promptly compensate, the non-debtor party for any actual pecuniary loss resulting from the debtor's default; and (C) provide adequate assurance of future performance

under the contract. *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009). The purpose of section 365(b)(1) is "to restore the 'debtor-creditor relationship… to pre-default conditions, bringing the [parties] back into compliance with its terms." *Id*. (citing *In re U.S. Wireless Data, Inc.*, 547 F.3d 484, 489 (2d Cir. 2008)).

7. The Bankruptcy Code does not provide a definition of adequate assurance. *See In re Fleming Cos., Inc.*, 499 F.3d 300, 305 (3d Cir. 2007); *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 n. 10 (3d Cir. 2001). Based on the legislative history, courts have turned to the Uniform Commercial Code for guidance as to the meaning of adequate assurance. *DBSI*, 405 B.R. at 708 (citing *Cinicola*, 248 F.3d at 120 n. 10; *Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309–10 (5th Cir. 1985)). The Uniform Commercial Code considers the adequacy of assurance to be based on commercial reasonableness, as such, courts have held that the term "adequate assurance" was intended to be given a practical pragmatic construction. *See Cinicola*, 248 F.3d at 120 n. 10; *Richmond Leasing*, 762 F.2d at 1309-10; *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("The phrase 'adequate assurance of future performance,'… is to be given practical, pragmatic construction based upon the facts and circumstances of each case.").

8. To the extent necessary, Great Southern reserves the right to renew and present an objection to any proposed assignment of the MSC Program Agreements to any purchaser to allow Great Southern to confirm the requisite adequate assurance of future performance under section 365(f)(2)(B) of the Bankruptcy Code.

[R*emainder of page intentionally left blank.*]

WHEREFORE, Great Southern requests that the Bankruptcy Court prohibit any relief sought by the Debtors to the extent it in any manner impairs Great Southern's legal property interests in and rights to payments under the MSC Program Agreements and for such other relief as is just and proper.

Dated: November 18, 2024

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

 /s/   *Jennifer R. Hoover*
Jennifer R. Hoover, Esq. (No. 5111)
Kevin M. Capuzzi (No. 5462)
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email:  jhoover@beneschlaw.com
          kcapuzzi@beneschlaw.com

-and-

Lauren M. Macksoud
**DENTONS US LLP**
1221 Avenue of the Americas
25th Floor
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com