**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C., *et al.* | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: D.I. 297, 299, 339** |

**OBJECTION AND RESERVATION OF RIGHTS OF THE HUNTINGTON NATIONAL BANK TO PROPOSED CURE AMOUNTS SET FORTH IN THE DEBTORS' NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

The Huntington National Bank ("Huntington"), through its undersigned counsel, hereby submits this objection and reservation of rights (the "Objection") to the proposed cure amount set forth in the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* (D.I. 339) (the "Cure Notice"). In support of this Objection, Huntington respectfully states:

**BACKGROUND**

**A.      The HTF Lease Agreement**

1.      Huntington Technology Finance, Inc.[2] is the successor in interest to that certain *Master Lease Agreement* dated March 29, 2006 (the "HTF Master Agreement") between True Value Company as lessee ("True Value" or the "Debtor") and CIT Technologies Corporation

---

[1]    The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    Huntington Technology Finance, Inc. is now a division of The Huntington National Bank.

as lessor.  On March 8, 2016, the HTF Master Agreement was assigned by the lessor to Huntington, effective as of January 1, 2008.

2.      Under the HTF Master Agreement, Huntington leases equipment to the Debtor pursuant to various "Lease Orders."  To date, the parties have executed over twenty Lease Orders for various equipment, several of which have subsequently been extended and renewed (such agreements the "Extension and Renewal Agreements" and collectively with the Lease Orders and HTF Master Agreement, the "HTF Lease Agreement").

3.      As of the date of this filing, the Debtor owes Huntington not less than $410,491.00 on account of unpaid obligations arising under the HTF Lease Agreement.  A schedule identifying the extant Lease Orders and Extension and Renewal Agreements and the amounts owed is attached hereto as **Exhibit A**.

B.      **The First American Lease Agreement**

4.      On August 25, 2023, First American Commercial Bancorp, Inc. ("First American") assigned all of its right, title, and interest in and to the *Master Lease Agreement No. 20230301* dated March 2, 2023, and that certain Equipment Schedule No. 4, by and between True Value and First American (the "First American Schedule 4") to Huntington.  Pursuant to that assignment, True Value is obligated to pay all amounts due under the First American Lease directly to Huntington.

5.      As of the date of this filing, the Debtor owes Huntington not less than $4,879.54 on account of unpaid obligations arising under the First American Schedule 4.

**C.      The Chapter 11 Cases**

6.      On October 14, 2024 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7.      On November 4, 2024, the Court entered the *Order (I) Approving the Bid Protections; (II) Approving the Assumption and Assignment Procedures; (III) Authorizing and Approving the Form of Notice of the Sale of Substantially All of the Assets of the Debtors; (IV) Authorizing and Scheduling the Sale Hearing and Setting Other Related Dates and Deadlines; and (V) Granting Related Relief* (the "Bidding Procedures Order")[3] which set forth, among other things, the Assumption and Assignment Procedures.

8.      Pursuant to the Assumption and Assignment Procedures, on November 6, 2024, the Debtors filed the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* (the "Cure Notice").  The Cure Notice provides a proposed cure amount of $269,993.88 for the HTF Master Agreement.[4]  D.I. 339 at 22.  The Cure Notice further provides a proposed cure amount of $76,235.36 for the "First American Master Lease Agreement" and various related agreements to which First American is listed as the counterparty (collectively, the "First American Leases"), including the First American Lease Schedule 4.  D.I. 339 at 35.  As discussed above, Huntington is entitled to all amounts owing under the First American Schedule 4.

9.      On November 13, 2024, the Court entered the *Order (A) Approving Sale of Substantially all of Debtors' Assets Free and Clear of all Claims, Liens, Rights, Interests, and*

---

[3]     Capitalized terms used but not defined herein are used as defined in the Bidding Procedures Order.

[4]     The Cure Notice separately lists a proposed cure amount of zero dollars for a "Lease Agreement (Equipment Lease)" with CIT Bank.  It is unclear from the Cure Notice if this reference is to the HTF Master Agreement.  If so, this Objection equally applies to such agreement and proposed cure amount.

*Encumbrances, (B) Authorizing Debtors to Enter Into and Perform Under the Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts, and (D) Granting Related Relief* (D.I. 411), authorizing the sale of the Debtors' assets to Do it Best Corp. (the "Purchaser") pursuant to that certain *Amended and Restated Asset Purchase Agreement* dated November 10, 2024 (the "APA"). The Sale Order and APA contemplate the assumption and assignment of certain of the Debtors' executory contracts and unexpired leases to the Purchaser in connection with the sale.

## OBJECTION

10.     Huntington does not object to the proposed assumption and assignment of the HTF Lease Agreement or the First American Schedule 4 to the Purchaser.  Rather, Huntington files this Objection because the proposed cure amount of $269,993.88 for the HTS Master Agreement does not reflect the defaults existing under the agreements that must be cured in connection with its assumption and assignment.[5]  Further, although the Cure Notice includes a proposed cure amount of $76,235.36 for the First American Leases, it is unclear what portion of that amount is attributable to First American Schedule 4.  As detailed above, the amount necessary to cure monetary defaults under the agreements is not less than $410,491.00 for the HTF Lease Agreement and $4,879.54 for the First American Schedule 4.  Accordingly, the proposed cure amount for the HTF Lease Agreement is grossly understated.  Moreover, to the extent the proposed

---

[5]     The agreements and invoices relating to the HTS Master Agreement and the First American Schedule 4 are voluminous and should be in the possession of the Debtors. Accordingly, Huntington has not attached them hereto, but will make them available upon reasonable request.

cure amount for the First American Leases does not include amounts owed to Huntington under the First American Lease, Huntington objects.

11.     Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default[.]" 11 U.S.C. § 365(b)(1).  As a result, section 365(b)(1) makes clear that defaults must be cured as of the assumption. Therefore, the Debtors must satisfy the correct cure amounts identified herein in full in order to assume and assign the HTF Lease Agreement and the First American Schedule 4 to the Purchaser.

12.     Further, Huntington objects to the extent the Debtors intend to assume and assign only certain of the portions of the HTF Lease Agreement.  The Cure Notice only includes one entry for a "Lease Agreement (Equipment Lease)," and omits all the Lease Orders and Extension and Renewal Agreements.  It is impermissible for the Debtors to pick and choose the Lease Orders and Extension and Renewal Agreements for assumption and assignment because they form a single, integrated agreement. Specifically, the Lease Orders and Extension and Renewal Agreements are ineffectual without the HTF Master Agreement, and the HTF Master Agreement has no practical effect without the Lease Orders and Extension and Renewal Agreements.  An executory contract must be assumed in its entirety and "[c]orrespondingly, all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract." *In re Taylor-Wharton Int'l LLC*, 2010 WL 4862723, at *3 (Bankr. D. Del. Nov. 23, 2010) (citing *In re Exide Tech.*, 340 B.R. 222, 228 (Bankr. D. Del. 2006)).

13.     Moreover, for the avoidance of doubt, the Purchaser must assume all obligations arising under the HTF Lease Agreement and the First American Lease, including indemnification, maintenance, and all other obligations that will accrue in the future or that might have accrued but are not yet known or due to Huntington.  *See In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1089-92 (3d. Cir. 1990) (Third Circuit strictly limits bankruptcy court's discretion to waive contractual provisions in the context of a debtor's assumption and assignment of a lease because "modification of a contracting party's rights is not to be taken lightly."); *Texaco, Inc. v. Bd. Of Comm'rs (In re Texaco, Inc.)*, 254 B.R. 536, 550 (Bankr. S.D.N.Y. 2000) ("The law is clear that a debtor who assumes a lease or other executory contract assumes the contract *cum onere*, without any diminution in its obligations or impairment of the rights of the lessor in the present or the future").

## RESERVATION OF RIGHTS

14.     Nothing contained herein shall constitute a waiver or limitation of Huntington's rights and remedies under the HTF Lease Agreement, the First American Schedule 4, or any other contract or agreement with the Debtors, including any right to payment for any amounts that are due thereunder.  Huntington reserves all rights under such agreements with respect to administrative expense claims and other adjustments and charges due in accordance with their terms, regardless of their accrual or billing date.  Huntington reserves the right to amend or otherwise modify this Objection and any cure amounts set forth herein, including to assert additional cure amounts arising after the filing of this Objection.

Dated: November 18, 2024

Respectfully Submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Sophie Rogers Churchill*
Derek C. Abbott (No. 3376)
Matthew O. Talmo (No. 6333)
Sophie Rogers Churchill (No. 6905)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
mtalmo@morrisnichols.com
srchurchill@morrisnichols.com

- and –

MCDONALD HOPKINS LLC
Scott N. Opincar
600 Superior Avenue, East, Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Email:  sopincar@mcdonaldhopkins.com

- and –

MCDONALD HOPKINS LLC
Jory Berg
300 N. LaSalle Street, Suite 1400
Chicago, Illinois 60654
Telephone: (312) 280-0111
Email:  jberg@mcdonaldhopkins.com

*Counsel for The Huntington National Bank*