IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>**TRUE VALUE COMPANY, L.L.C. *et al.*,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12337 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline:**<br>November 27, 2024 at 4:00 p.m. (ET)<br><br>**Hearing Date:**<br>December 4, 2024 at 9:30 a.m. (ET) |

### SUPPLEMENT TO THE DEBTORS' BIDDING PROCEDURES AND SALE MOTION [D.I. 12] REQUESTING ENTRY OF AN ORDER APPROVING TSA CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby file this supplement (this "Supplement") to the *Motion of Debtors for Entry of an Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Approving the Sale of Substantially All of the Debtors' Assets, and (III) Granting Related Relief* [Docket No. 12] (the "Bidding Procedures and Sale Motion"),[2] as required by the *Order (A) Approving Sale of Substantially All of Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (B) Authorizing Debtors to Enter Into and Perform Under Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion or Sale Order, as applicable.

32387599.3

*and (D) Granting Related Relief* [Docket No. 411] (the "Sale Order"), requesting entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), approving certain procedures with respect to the assumption and assignment of Contracts (as that term is defined in the TSA Term Sheet) (the "TSA Contracts") as designated by the Buyer as Transferred Contracts post-closing pursuant to Section 2.5(e) of the Asset Purchase Agreement (the "TSA Contract Assumption and Assignment Procedures"). In support of this Supplement, the Debtors represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28. U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Supplement to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested in this Supplement are sections 105, 363, and 365 of the Bankruptcy Code.

## BACKGROUND

**I.     General**

4.     On October 14, 2024 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On October 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 144] (the "Committee").  No other trustee or examiner has been appointed in these Chapter 11 Cases.

6.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the First Day Declaration.

**II.    The Bidding Procedures Motion**

7.     On the Petition Date, the Debtors filed the Bidding Procedures and Sale Motion. On November 4, 2024, the Court entered an order [Docket No. 297] (the "Bid Procedures Order"), by which the Court approved, among other things, the marketing and auction process for the sale (the "Sale") of substantially all of the Debtors' assets, and the Debtors' proposed Assumption and Assignment Procedures.

8.     On November 12, 2024, the Court held a hearing (the "Sale Hearing") to consider approval of the Sale to Do it Best Corp. (the "Buyer"), and on November 13, 2024, the Court entered an order [Docket No. 411] (the "Sale Order") approving the Sale.  Pursuant to the Sale Order, the Debtors were required to seek Court approval of a process for the assumption and

assignment of Contracts (as that term is defined in the TSA Term Sheet) (the "TSA Contracts") as designated by the Buyer as Transferred Contracts post-closing pursuant to Section 2.5(e) of the Asset Purchase Agreement. *See* Sale Order, ¶ 45.

### **TSA CONTRACT ASSUMPTION AND ASSIGNMENT PROCEDURES**

9.  Pursuant to and in accordance with the Sale Order, the Debtors hereby submit the following procedures for the assumption and assignment of TSA Contracts:

   (a) **Effects of Prior Deadlines**: The Prior Cure Objection Deadline of November 18, 2024 at 4:00 p.m. (ET) and any Supplemental Cure Objection Deadline as provided under any Supplemental Cure Notice in relation to the proposed assumption or assignment of any executory contract or unexpired lease (each an "Assigned Contract"), including TSA Contracts, established prior to the entry of the Proposed Order, including any Cure Amounts and prior resolutions or adjudication of such Cure Amounts, will not be altered or modified by entry of the Proposed Order. To the extent the Debtors have agreed to extend any objection deadline or adjourn a hearing on any such Assigned Contract or TSA Contract, such extensions or adjournments shall continue to apply.

   (b) **Cure Notice**: The Debtors shall provide notice, substantially in the form attached as either Exhibit I (the "TSA Contract Notice") or Exhibit II (the "Supplemental TSA Contract Notice") to the Proposed Order, to the TSA Contract counterparties of the proposed assumption and assignment of their TSA Contract as of a date certain, including the Cure Amounts associated with such TSA Contract, and to the extent the Buyer is designating an affiliate as the assignee, the notice shall identify such assignee.

   (c) **Objections**:

   (i) With respect to TSA Contracts that were not included in any prior Cure Notice, or not otherwise subject to any prior Cure Objection Deadline or Supplemental Cure Objection Deadline, counterparties to such TSA Contracts shall have fourteen (14) days from the date of service of the TSA Contract Notice (the "Assignment Effective Date Objection Deadline") to interpose a Cure Objection and/or an adequate assurance objection; or

   (ii) With respect to TSA Contracts that were included in a prior Cure Notice, or otherwise subject to a prior Cure Objection Deadline or Supplemental Cure Objection Deadline, counterparties to such TSA

           Contracts shall have until fourteen (14) days from the date of service of the Supplemental TSA Contract Notice to: (1) interpose an adequate assurance objection to the extent that the Debtors are proposing that a TSA Contract be assigned to an assignee other than the Buyer, solely if the Buyer is not also liable for the obligations under the Assigned Contract, and (2) interpose an objection related to curing a postpetition default on the Assigned Contract, which default has arisen following any prior Cure Objection Deadline or Supplemental Cure Objection Deadline applicable to such TSA Contract.

    (d)    **Supplemental Assumption/Assignment/Cure Hearing**: Any hearing conducted by the Court with respect to any objections to the proposed assumption and assignment of any TSA Contract (the "Supplemental Assumption/Assignment/Cure Hearing"), shall, subject to the availability of the Court, be held within ten (10) days of the expiration of the applicable Assignment Effective Date Objection Deadline, unless otherwise agreed to by the Debtors and the TSA Contract counterparty, in consultation with the Buyer.

10.    The Debtors submit that the aforementioned TSA Contract Assumption and Assignment Procedures are in accordance with the Sale Order and the Court's statements on the record at the Sale Hearing and respectfully request entry of an order substantially in the form of the Proposed Order.

## **NOTICE**

11.    The Debtors will provide notice of this Supplement to: (a) the U.S. Trustee; (b) counsel to the Prepetition Lenders; (c) counsel to the Committee; (d) counsel to the Buyer; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit A** and grant such other and further relief as may be just and proper.

Dated: November 20, 2024

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | GLENN AGRE BERGMAN & FUENTES LLP |
| | Andrew K. Glenn (admitted pro hac vice) |
| /s/ *Edmon L. Morton* | Trevor J. Welch (admitted pro hac vice) |
| Edmon L. Morton (Del. Bar No. 3856) | Malak S. Doss (admitted pro hac vice) |
| Kenneth J. Enos (Del. Bar No. 4544) | Michelle C. Perez (admitted pro hac vice) |
| Kristin L. McElroy (Del. Bar No. 6871) | Esther Hong (admitted pro hac vice) |
| Timothy R. Powell (Del. Bar No. 6894) | 1185 Avenue of the Americas |
| One Rodney Square | 22nd Floor |
| 1000 North King Street | New York, New York 10036 |
| Wilmington, Delaware 19801 | Telephone: (212) 970-1600 |
| Telephone: (302) 571-6600 | Email: aglenn@glennagre.com |
| Email: emorton@ycst.com | twelch@glennagre.com |
| kenos@ysct.com | mdoss@glennagre.com |
| kmcelroy@ycst.com | mperez@glennagre.com |
| tpowell@ycst.com | ehong@glennagre.com |

*Counsel to Debtors and Debtors in Possession*