## **EXHIBIT A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | Related Docket Nos. 12 & __ |

## ORDER APPROVING TSA CONTRACT
## ASSUMPTION AND ASSIGNMENT PROCEDURES

Upon the supplement (the "Supplement")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order"), approving certain procedures with respect to the assumption and assignment of TSA Contracts (the "TSA Contract Assumption and Assignment Procedures"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Supplement is in the best interests of the Debtors' estates, their creditors,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Supplement.

and other parties in interest; and this Court having found that the Debtors' notice of the Supplement

and opportunity for a hearing on the Supplement were appropriate and no other notice need be

provided; and this Court having determined that the legal and factual bases set forth in the

Supplement establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Supplement is GRANTED as set forth herein.

2.      The TSA Contract Assumption and Assignment Procedures are reasonably

calculated to provide counterparties to the TSA Contracts with proper notice of the intended

assumption and assignment their TSA Contract, and the TSA Contract Assumption and Assignment

Procedures are appropriate.

3.      The following TSA Contract Assumption and Assignment Procedures are

approved:

      (a)      **Effects of Prior Deadlines**: The Prior Cure Objection Deadline of
November 18, 2024 at 4:00 p.m. (ET) and any Supplemental Cure Objection
Deadline as provided under any Supplemental Cure Notice in relation to the
proposed assumption or assignment of any executory contract or unexpired
lease (each an "<u>Assigned Contract</u>"), including TSA Contracts, established
prior to the entry of the Proposed Order, including any Cure Amounts and
prior resolutions or adjudication of such Cure Amounts, will not be altered
or modified by entry of the Proposed Order.  To the extent the Debtors have
agreed to extend any objection deadline or adjourn a hearing on any such
Assigned Contract or TSA Contract, such extensions or adjournments shall
continue to apply.

      (a)      **Cure Notice**: The Debtors shall provide notice, substantially in the form
attached hereto as either <u>Exhibit I</u> (the "<u>TSA Contract Notice</u>") or <u>Exhibit
II</u> (the "<u>Supplemental TSA Contract Notice</u>"), to the TSA Contract
counterparties of the proposed assumption and assignment of their TSA
Contract as of a date certain, including the Cure Amounts associated with
such TSA Contract, and to the extent the Buyer is designating an affiliate as
the assignee, the notice shall identify such assignee.

2

    (b)    **Objections**:

        (i)    With respect to TSA Contracts that were not included in any prior Cure Notice, or not otherwise subject to any prior Cure Objection Deadline or Supplemental Cure Objection Deadline, counterparties to such TSA Contracts shall have fourteen (14) days from the date of service of the TSA Contract Notice (the "<u>Assignment Effective Date Objection Deadline</u>") to interpose a Cure Objection and/or an adequate assurance objection; or

        (ii)    With respect to TSA Contracts that were included in a prior Cure Notice, or otherwise subject to a prior Cure Objection Deadline or Supplemental Cure Objection Deadline, counterparties to such TSA Contracts shall have until fourteen (14) days from the date of service of the Supplemental TSA Contract Notice to: (1) interpose an adequate assurance objection to the extent that the Debtors are proposing that a TSA Contract be assigned to an assignee other than the Buyer, solely if the Buyer is not also liable for the obligations under the Assigned Contract, and (2) interpose an objection related to curing a postpetition default on the Assigned Contract, which default has arisen following any prior Cure Objection Deadline or Supplemental Cure Objection Deadline applicable to such TSA Contract.

    (c)    **Supplemental Assumption/Assignment/Cure Hearing**: Any hearing conducted by the Court with respect to any objections to the proposed assumption and assignment of any TSA Contract (the "<u>Supplemental Assumption/Assignment/Cure Hearing</u>"), shall be held, subject to the availability of the Court, within ten (10) days of the expiration of the applicable Assignment Effective Date Objection Deadline, unless otherwise agreed to by the Debtors and the TSA Contract counterparty, in consultation with the Buyer.

4.    The forms of TSA Contract Notice and Supplemental TSA Contract Notice attached hereto as **Exhibits I** and **II** are approved.

5.    The Debtors' right to assert that any provisions in any TSA Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the TSA Contract to an assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

6.    Any counterparty to a TSA Contract that fails to timely file an objection to the proposed assumption and assignment of their TSA Contract listed on the Cure Notice by the

Assignment Effective Date Objection Deadline is deemed to have consented to (a) such Cure Amount, (b) the assumption and assignment of such TSA Contract (including the adequate assurance of future performance), and (c) the related relief requested in the Supplement.  Such party shall be forever barred and estopped from objecting to (i) the Cure Amounts, (ii) the assumption and assignment of the TSA Contract, (iii) adequate assurance of future performance, or (iv) any of the relief requested in the Supplement.

7.      If a Cure Objection or adequate assurance objection, as applicable, filed by the Assignment Effective Date Objection Deadline cannot otherwise be resolved by the parties, such objections and all issues regarding the Cure Amount to be paid, the assignability, or the adequate assurance of future performance, as applicable, will be determined by this Court at the Supplemental Assumption/Assignment/Cure Hearing, or at a later hearing as otherwise agreed to by the Debtors and the applicable TSA Contract counterparty, in consultation with the Buyer.

8.      Approval of the Supplemental Procedures and entry of this Order will not prevent the Debtors from seeking to assume or assign a TSA Contract by separate motion.

9.      Nothing in this Order or in the Supplement shall limit the Debtors' ability to subsequently assert that any particular Assigned Contract or TSA Contract is terminated and no longer an executory contract or unexpired lease, as applicable.

10.      Any objections to the entry of this Order and the relief granted herein that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

11.      The Debtors, after consultation with the Buyer, are authorized to make non-substantive changes to the Supplemental Procedures and any related documents without further

order of this Court, including, without limitation, changes to correct typographical and grammatical errors.

12.     Notice of the Supplement satisfies the requirements set forth in Bankruptcy Rule 6004(a).

13.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

14.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

32387599.3

**EXHIBIT I**

**TSA CONTRACT NOTICE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C. *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.[1]** | **(Jointly Administered)** |

**NOTICE OF PROPOSED ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

---

**PLEASE TAKE NOTE OF THE FOLLOWING DEADLINE:**

**OBJECTION DEADLINE: ON OR BEFORE [●], 2024 AT [●], PREVAILING**
**EASTERN TIME**

---

1.     On November 13, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 411] (the "Sale Order")[2] approving the sale of substantially all of the above-captioned debtors' (the "Debtors") assets to the Do It Best Corp. (the "Buyer").

2.     The Sale Order included, among other things, a provision that required the Debtors to implement a process (the "TSA Contract Assumption and Assignment Procedures") for the assumption and assignment of "Contracts" (as that term is defined in the TSA Term Sheet) (the "TSA Contracts") that the Buyer designates as Transferred Contracts post-Closing pursuant to Section 2.5(e) of the Asset Purchase Agreement.

3.     On December [], 2024, the Court entered an order (the "TSA Contract Procedures Order") establishing the following TSA Contract Assumption and Assignment Procedures. **You are receiving this Notice because you are a counterparty to the following TSA Contract or Lease (a "Counterparty") that is proposed to be assumed and assigned to the [Buyer].**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]  All terms not otherwise defined herein shall be given the meanings ascribed to them in the Sale Order.

32387599.3

| Counterparty Name | Summary of Contracts / Descriptions | Proposed Cure Amount |
|---|---|---|
| | | |

4.      Objections (each, a "<u>TSA Contract Objection</u>"), if any, to the proposed assumption and assignment or the Cure Amount proposed with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon:  (a) counsel for the Debtors, (i) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, New York 10036 (Attn:  Andrew K. Glenn (aglenn@glennagre.com) and Malak S. Doss (mdoss@glennagre.com) and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Kenneth J. Enos (kenos@ycst.com) and Kristin L. McElroy (kmcelroy@ycst.com); and (b) counsel to the Buyer , Taft Stettinius & Hollister LLP, One Indiana Square, Suite 3500, Indianapolis, IN 46204 (Attn: Zachary E. Klutz (zklutz@taftlaw.com) and W. Timothy Miller (miller@taftlaw.com)) by **[•], 20[•] at 4:00 p.m. (ET) (the "TSA Contract Objection Deadline").**

5.      Any party that fails to timely file an objection to the proposed Cure Amount or the proposed assumption and assignment of their TSA Contract is deemed to have consented to (a) such Cure Amount, (b) the assumption and assignment of such TSA Contract (including the adequate assurance of future payment), and (c) the related relief authorized in the Sale Order. Such party shall be forever barred and estopped from objecting to (i) the Cure Amounts, (ii) the assumption and assignment of the TSA Contract, (iii) adequate assurance of future performance, or (iv) any of the relief authorized in the Sale Order (whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Buyer for purposes of Bankruptcy Code section 365(c)(1)). Such party shall also be forever barred and estopped from asserting any additional cure or other amounts against the Debtors and the Buyer, with respect to such party's TSA Contract.

6.      If a TSA Contract Objection, filed by the TSA Contract Objection Deadline, cannot otherwise be resolved by the parties, such objection and all issues regarding the Cure Amount to be paid, shall be considered, subject to the availability of the Court, within ten (10) days of the expiration of the TSA Contract Objection Deadline, unless otherwise agreed to by the Debtors and the TSA Contract counterparty, in consultation with the Buyer.

7.      Service of this notice does not constitute an admission that any TSA Contract is an Executory Contract or that the stated Cure Amount related to any TSA Contract constitutes a claim against the Debtors or a right against the Buyer (all rights with respect thereto being expressly reserved). Further, the inclusion of a TSA Contract on this notice is not a guarantee that such TSA Contract will ultimately be assumed and assigned.

32387599.3

8.     Unless otherwise provided in the Sale Order, the Debtors will have no liability or obligation with respect to defaults relating to the TSA Contract arising, accruing, or relating to a period on or after the effective date of assignment.

9.     Copies of the Sale Order and the TSA Contract Procedures Order may be obtained free of charge at the website dedicated to the Debtors' Chapter 11 Cases maintained by their claims and noticing agent and administrative advisor, Omni Agent Solutions, at https://omniagentsolutions.com/TrueValue.

<table>
<tr><td>

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/
_____
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
kenos@ycst.com
kmcelroy@ycst.com
tpowell@ycst.com

</td><td>

GLENN AGRE BERGMAN & FUENTES LLP
Andrew K. Glenn (admitted pro hac vice)
Trevor J. Welch (admitted pro hac vice)
Malak S. Doss (admitted pro hac vice)
Michelle C. Perez (admitted pro hac vice)
Esther Hong (admitted pro hac vice)
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
twelch@glennagre.com
mdoss@glennagre.com
mperez@glennagre.com
ehong@glennagre.com

</td></tr>
</table>

*Counsel to Debtors and Debtors in Possession*

3

32387599.3

**EXHIBIT II**

**SUPPLEMENTAL TSA CONTRACT NOTICE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |

### SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS

> **PLEASE TAKE NOTE OF THE FOLLOWING DEADLINES:**
>
> **OBJECTION DEADLINE SOLELY WITH RESPECT TO (A) ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY THE PROPOSED ASSIGNEE; OR (B) THE POST CURE OBJECTION DEADLINE CURE AMOUNTS: ON OR BEFORE [●], 2024 AT [●], PREVAILING EASTERN TIME**

1.      On November 4, 2024, the Court, entered its *Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Approving the Sale of Substantially All of the Debtors' Assets, and (III) Granting Related Relief* [Docket No. 297], pursuant to the which, the above-captioned debtors (the "Debtors") were, among other things, authorized to provide notice (each, a "Cure Notice") that they were seeking to assume and assign to Do It Best Corp. (the "Buyer"), certain Contracts or Leases listed on Exhibit A attached thereto (each, an "Assigned Contract"). Pursuant to the Cure Notice, the Cure Objection Deadline was November 18, 2024, at 4:00 p.m. (ET). **You were previously served with a Cure Notice.**

2.      On November 13, 2024, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 411] (the "Sale Order")[2] approving the sale of substantially all of the Debtors' assets to the Buyer.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]  All terms not otherwise defined herein shall be given the meanings ascribed to them in the Sale Order.

32387599.3

3.       The Sale Order included, among other things, a provision that required the Debtors to implement a process (the "TSA Contract Assumption and Assignment Procedures") for the assumption and assignment of "Contracts" (as that term is defined in the TSA Term Sheet) (the "TSA Contracts") that the Buyer designates as Transferred Contracts post-Closing pursuant to Section 2.5(e) of the Asset Purchase Agreement.

4.       On December [•], 2024, the Court entered an order (the "TSA Contract Procedures Order") establishing the following TSA Contract Assumption and Assignment Procedures.  **You are receiving this Notice because you are a counterparty to the following TSA Contract or Lease (a "Counterparty") that is proposed to be assumed and assigned to [•], [an affiliate of the Buyer] (the "Proposed Assignee").**

| Counterparty Name | Summary of Contracts / Descriptions | Post-Cure Objection Deadline Cure Amount |
|---|---|---|
|  |  |  |

5.       Objections (each, a "TSA Contract Objection"), if any, solely as to: (a) adequate assurance of future performance by the Proposed Assignee; or (b) additional cure amounts owing as a result of a postpetition default on the TSA Contract, which default has arisen following any prior Cure Objection Deadline (the "Post-Cure Objection Deadline Cure Amount"), must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed amount of the Cure Amount, the correct cure amount alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon:  (a) counsel for the Debtors, (i) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, New York 10036 (Attn: Andrew K. Glenn (aglenn@glennagre.com) and Malak S. Doss (mdoss@glennagre.com) and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Kenneth J. Enos (kenos@ycst.com) and Kristin L. McElroy (kmcelroy@ycst.com); and (b) counsel to the Buyer , Taft Stettinius & Hollister LLP, One Indiana Square, Suite 3500, Indianapolis, IN 46204 (Attn: Zachary E. Klutz (zklutz@taftlaw.com) and W. Timothy Miller (miller@taftlaw.com)) by **[•], 20[•] at 4:00 p.m. (ET) (the "TSA Contract Objection Deadline").  ALL OTHER OBJECTIONS TO THE ASSUMPTION AND ASSIGNMENT OF THE TSA CONTRACT WERE REQUIRED TO BE FILED BY THE CURE OBJECTION DEADLINE AND CAN NO LONGER BE ASSERTED.**

6.       Any party that fails to timely file an objection as set forth herein is deemed to have consented to, among other things, (a) the Post-Cure Objection Deadline Cure Amount and (b) the assumption and assignment of the TSA Contract to the Proposed Assignee (including the adequate assurance of future payment).  Such party shall be forever barred and estopped from objecting to (i) the Post-Cure Objection Deadline Cure Amount, (ii) the assumption and assignment of the TSA Contract, (iii) adequate assurance of future performance, or (iv) any of the relief authorized in the Sale Order (whether applicable law excuses such counterparty from accepting performance by, or rendering performance to, the Buyer for purposes of Bankruptcy Code section 365(c)(1)). Such party shall also be forever barred and estopped from asserting any

additional cure or other amounts against the Debtors and the Buyer, with respect to such party's TSA Contract.

7.      If a TSA Contract Objection, filed by the TSA Contract Objection Deadline, cannot otherwise be resolved by the parties, such objection and all issues regarding the Cure Amount to be paid, shall be considered, subject to the availability of the Court, within ten (10) days of the expiration of the TSA Contract Objection Deadline, unless otherwise agreed to by the Debtors and the TSA Contract counterparty, in consultation with the Buyer.

8.      Service of this notice does not constitute an admission that any TSA Contract is an Executory Contract or that the stated Post-Cure Objection Deadline Cure Amount related to any TSA Contract constitutes a claim against the Debtors or a right against the Buyer (all rights with respect thereto being expressly reserved). Further, the inclusion of a TSA Contract on this notice is not a guarantee that such TSA Contract, will ultimately be assumed and assigned.

9.      Unless otherwise provided in the Sale Order, the Debtors will have no liability or obligation with respect to defaults relating to the TSA Contract arising, accruing, or relating to a period on or after the effective date of assignment.

10.      Copies of the Sale Order and the TSA Contract Procedures Order may be obtained free of charge at the website dedicated to the Debtors' Chapter 11 Cases maintained by their claims and noticing agent and administrative advisor, Omni Agent Solutions, at https://omniagentsolutions.com/TrueValue.

32387599.3

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/_____
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
kenos@ysct.com
kmcelroy@ycst.com
tpowell@ycst.com

GLENN AGRE BERGMAN & FUENTES
LLP
Andrew K. Glenn (admitted pro hac vice)
Trevor J. Welch (admitted pro hac vice)
Malak S. Doss (admitted pro hac vice)
Michelle C. Perez (admitted pro hac vice)
Esther Hong (admitted pro hac vice)
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
twelch@glennagre.com
mdoss@glennagre.com
mperez@glennagre.com
ehong@glennagre.com

*Counsel to Debtors and Debtors in Possession*

32387599.3