## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | Ref. Docket No.  116 |

### CERTIFICATION OF COUNSEL SUBMITTING *PROPOSED* ORDER AUTHORIZING AND DIRECTING THE U.S. TRUSTEE TO APPOINT AN OFFICIAL COMMITTEE OF RETIRED EMPLOYEES

On October 21, 2024, the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") filed the *Motion of Debtors for Entry of an Order Authorizing and Directing the U.S. Trustee to Appoint an Official Committee of Retired Employees* [Docket No. 116] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court").  A proposed form of order approving the Motion was attached to the Motion as Exhibit A (the "Proposed Order").  The deadline to file objections or otherwise respond to the Proposed Order was established as October 28, 2024 at 4:00 p.m. (ET), as extended for certain parties (the "Objection Deadline").

Prior to the Objection Deadline, Official Committee of Unsecured Creditors (the "Committee") filed the *Reservation of Rights of the Official Committee of Unsecured Creditors to Motion of Debtors for Entry of an Order Authorizing and Directing the U.S. Trustee to Appoint an Official Committee of Retired Employees* [Sealed Docket No. 538, Redacted Docket

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

No. 648].  Additionally, the Debtors received informal comments to the Proposed Order prior to the Objection Deadline from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee," and together with the Committee, the "Parties").  The Debtors and the Parties agreed to adjourn the Motion to the hearing scheduled for December 4, 2024 at 9:30 a.m. (ET).

Attached hereto as **Exhibit A** is a form of revised Proposed Order (the "Revised Proposed Order") which reflects the changes requested by the Parties.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.

The Debtors have circulated the Revised Proposed Order to the Parties, and the Parties do not object to the entry of the Revised Proposed Order.  Additionally, the Debtors submit that the Revised Proposed Order is appropriate and consistent with the relief requested in the Motion.  Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order at its earliest convenience without further notice or hearing.

*[Remainder of Page Intentionally Left Blank]*

32464200.1

Dated: December 3, 2024

<div style="display:flex">
<div>

**YOUNG CONAWAY STARGATT
& TAYLOR, LLP**

*/s/ Timothy R. Powell*
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
       kenos@ysct.com
       kmcelroy@ycst.com
       tpowell@ycst.com

*Efficiency Counsel to the
Debtors and Debtors in Possession*

</div>
<div>

**SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP**

Joseph O. Larkin
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Email: Joseph.Larkin@skadden.com

- and -

Ron E. Meisler (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606-5707
Telephone: (312) 407-0705
Email: Ron.Meisler@skadden.com
       Jennifer.Madden@skadden.com

- and -

Robert D. Drain (admitted *pro hac vice*)
Evan A. Hill (admitted *pro hac vice*)
Moshe S. Jacob (admitted *pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Email: Robert.Drain@skadden.com
       Evan.Hill@skadden.com
       Moshe.Jacob@skadden.com

*Counsel to Debtors and
Debtors in Possession*

</div>
</div>

## **EXHIBIT A**

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.[1]** | **(Jointly Administered)** |
| | Related Docket No. 116 |

### ORDER AUTHORIZING AND DIRECTING THE U.S. TRUSTEE
### TO APPOINT AN OFFICIAL COMMITTEE OF RETIRED EMPLOYEES

Upon the motion (the "Motion")[2] of the Debtors for an order (this "Order") authorizing and directing the U.S. Trustee to appoint a Retiree Committee comprising retirees who are: (a) currently receiving retiree benefits under the Retiree Plans and (b) willing to serve on the Retiree Committee as the authorized representative for the Retiree Parties, all as more fully set forth in the Motion; and upon consideration of the First-Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      The U.S. Trustee is hereby authorized and directed to appoint a Retiree Committee consisting of Retiree Parties who are currently receiving benefits under the Retiree Plans.

3.      Notice of the appointment of the Retiree Committee shall be filed on the docket and served upon the attorneys for the Debtors, counsel to any other statutory committee appointed in these Chapter 11 Cases, and all other parties entitled to notice pursuant to Local Bankruptcy Rules 2002-1(b).

4.      The Retiree Committee shall be the authorized representative for the Retiree Parties.

5.      The Retiree Committee shall have the rights, powers, and duties conferred upon it by Bankruptcy Code section 1114(b)(2). The Retiree Committee shall have no other rights, powers, or duties.  The Debtors will revise their existing budget to provide for $100,000 for any professionals retained by the Retiree Committee, if and when formed; *provided however*, that nothing in this Order shall impair the rights of counsel to the Retiree Committee to request that the Debtors or this Court increase such budget amount based upon the anticipated scope of services to be provided.

6.      Nothing in the Motion or this Order or the relief granted shall be construed as (a) authority to assume or reject or terminate any plan or agreement providing for retiree benefits (as such term is defined in Bankruptcy Code section 1114(a)), or as a request for the same; or

(b) an admission as to the validity, priority, or character of any claim for any retiree benefits or whether any retiree benefits are considered "vested" or "unvested" under the terms of the applicable plan or agreement, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law.

7.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# EXHIBIT B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | Related Docket No[s]. ___. 116 |

### ORDER AUTHORIZING AND DIRECTING THE U.S. TRUSTEE
### TO APPOINT AN OFFICIAL COMMITTEE OF RETIRED EMPLOYEES

Upon the motion (the "Motion")[2] of the Debtors for an order (this "Order")
authorizing and directing the U.S. Trustee to appoint a Retiree Committee comprising retirees
who are: (a) currently receiving retiree benefits under the Retiree Plans and (b) willing to serve
on the Retiree Committee as the authorized representative for the Retiree Parties, all as more
fully set forth in the Motion; and upon consideration of the First-Day Declaration; and this Court
having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended
Standing Order of Reference* from the United States District Court for the District of Delaware,
dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to
28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of
the United States Constitution; and this Court having found that venue of this proceeding and the
Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient
notice of the Motion having been given under the particular circumstances; and it appearing that

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification
numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C.
(7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386);
True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors'
corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED as set forth herein.

2.      The U.S. Trustee is hereby authorized and directed to appoint a Retiree Committee consisting of Retiree Parties who are currently receiving benefits under the Retiree Plans.

3.      Notice of the appointment of the Retiree Committee shall be filed on the docket and served upon the attorneys for the Debtors, counsel to any other statutory committee appointed in these Chapter 11 Cases, and all other parties entitled to notice pursuant to Local Bankruptcy Rules 2002-1(b).

4.      The Retiree Committee shall be the authorized representative for the Retiree Parties.

5.      The Retiree Committee shall have the rights, powers, and duties conferred upon it by Bankruptcy Code section 1114(b)(2). The Retiree Committee shall have no other rights, powers, or duties. The Debtors will revise their existing budget to provide for $100,000 for any professionals retained by the Retiree Committee, if and when formed; *provided however*, that nothing in this Order shall impair the rights of counsel to the Retiree Committee to request that the Debtors or this Court increase such budget amount based upon the anticipated scope of services to be provided.

6.      Nothing in the Motion or this Order or the relief granted shall be construed as (a) authority to assume or reject or terminate any plan or agreement providing for retiree benefits

(as such term is defined in Bankruptcy Code section 1114(a)), or as a request for the same; or (b) an admission as to the validity, priority, or character of any claim for any retiree benefits or whether any retiree benefits are considered "vested" or "unvested" under the terms of the applicable plan or agreement, or a waiver or other limitation on the Debtors' or any other party in interest's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law.

7.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.