# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | Related Docket Nos. 12 & 556 |

## ORDER APPROVING TSA CONTRACT
## ASSUMPTION AND ASSIGNMENT PROCEDURES

Upon the supplement (the "Supplement")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order"), approving certain procedures with respect to the assumption and assignment of TSA Contracts (the "TSA Contract Assumption and Assignment Procedures"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Supplement in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Supplement.

relief requested in the Supplement is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Supplement and opportunity for a hearing on the Supplement were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Supplement establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Supplement is GRANTED as set forth herein.

2. The TSA Contract Assumption and Assignment Procedures are reasonably calculated to provide counterparties to the TSA Contracts with proper notice of the intended assumption and assignment of their TSA Contract, and the TSA Contract Assumption and Assignment Procedures are appropriate.

3. The following TSA Contract Assumption and Assignment Procedures are approved:

    (a) **Effects of Prior Deadlines**: The Prior Cure Objection Deadline of November 18, 2024 at 4:00 p.m. (ET) and any Supplemental Cure Objection Deadline as provided under any Supplemental Cure Notice, including the *First Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [Docket No. 416], in relation to the proposed assumption or assignment of any executory contract or unexpired lease (each an "Assigned Contract"), including TSA Contracts, established prior to the entry of this Order, including any Cure Amounts and prior resolutions or adjudication of such Cure Amounts, will not be altered or modified by entry of this Order. To the extent the Debtors have agreed to extend any objection deadline or adjourn a hearing on any such Assigned Contract or TSA Contract, such extensions or adjournments shall continue to apply.

    (b) **Cure Notice**: The Debtors shall (i) provide notice, substantially in the form attached hereto as either Exhibit I (the "TSA Contract Notice") or Exhibit II (the "Supplemental TSA Contract Notice"), to the TSA Contract counterparties of the proposed assumption and assignment of their TSA Contract as of a date certain, including the Cure Amounts associated with

2

such TSA Contract, and to the extent the Buyer is designating an affiliate as the assignee, the notice shall identify such assignee and (ii) file such notice on the docket. Where available, the Debtors shall provide notice to the party designated to receive notice in the applicable TSA Contract.

(c) **Objections**:

    (i) With respect to TSA Contracts that were not included in any prior Cure Notice, or not otherwise subject to any prior Cure Objection Deadline or Supplemental Cure Objection Deadline, counterparties to such TSA Contracts shall have fourteen (14) days from the date of service of the TSA Contract Notice (the "Assignment Effective Date Objection Deadline") to interpose a Cure Objection and/or an adequate assurance objection; and

    (ii) With respect to TSA Contracts that were included in a prior Cure Notice, or otherwise subject to a prior Cure Objection Deadline or Supplemental Cure Objection Deadline, counterparties to such TSA Contracts shall have until fourteen (14) days from the date of service of the Supplemental TSA Contract Notice to: (1) interpose an adequate assurance objection to the extent that the Debtors are proposing that a TSA Contract be assigned to an assignee other than the Buyer; provided that the counterparties shall not be entitled to interpose an adequate assurance objection with respect to the Buyer, and (2) interpose an objection related to curing a postpetition default on the Assigned Contract, which default has arisen following any prior Cure Objection Deadline or Supplemental Cure Objection Deadline applicable to such TSA Contract.

(d) **Supplemental Assumption/Assignment/Cure Hearing**: Any hearing conducted by the Court with respect to any objections to the proposed assumption and assignment of any TSA Contract (the "Supplemental Assumption/Assignment/Cure Hearing"), shall be held, subject to the availability of the Court, within ten (10) days of the expiration of the applicable Assignment Effective Date Objection Deadline, unless otherwise agreed to by the Debtors and the TSA Contract counterparty, in consultation with the Buyer.

4. The forms of TSA Contract Notice and Supplemental TSA Contract Notice attached hereto as **Exhibits I** and **II** are approved.

5.  The Debtors' right to assert that any provisions in any TSA Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the TSA Contract to an assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

6.  Any counterparty to a TSA Contract that fails to timely file an objection to the proposed assumption and assignment of their TSA Contract listed on the Cure Notice by the Assignment Effective Date Objection Deadline is deemed to have consented to (a) such Cure Amount, (b) the assumption and assignment of such TSA Contract (including the adequate assurance of future performance), and (c) the related relief requested in the Supplement. Such party shall be forever barred and estopped from objecting to (i) the Cure Amounts, (ii) the assumption and assignment of the TSA Contract, (iii) adequate assurance of future performance, or (iv) any of the relief requested in the Supplement.

7.  If a Cure Objection or adequate assurance objection, as applicable, filed by the Assignment Effective Date Objection Deadline cannot otherwise be resolved by the parties, such objections and all issues regarding the Cure Amount to be paid, the assignability, or the adequate assurance of future performance, as applicable, will be determined by this Court at the Supplemental Assumption/Assignment/Cure Hearing, or at a later hearing as otherwise agreed to by the Debtors and the applicable TSA Contract counterparty, in consultation with the Buyer.

8.  Any TSA Contract assumed by the Debtors and assigned to the Buyer pursuant to and in accordance with the terms of this Order shall be a "Transferred Asset" (as defined in the Sale Order) for all purposes under the Sale Order as of the effective date of such assignment and, subject to payment of any Cure Amount owing in respect of such TSA Contract, Buyer shall be entitled to all rights, privileges and protections afforded a "Closing Date Assigned Contract" (as defined in

32438820.2

the Sale Order) under the Sale Order with respect to such assumed and assigned TSA Contract as if such TSA Contract were a Closing Date Assigned Contract.

9. Approval of the Supplemental Procedures and entry of this Order will not prevent the Debtors from seeking to assume or assign a TSA Contract by separate motion.

10. Other than with respect to any contract set forth on a TSA Contract Notice and/or Supplemental TSA Contract Notice, nothing in this Order or in the Supplement shall limit the Debtors' ability to subsequently assert that any particular Assigned Contract or TSA Contract is terminated and no longer an executory contract or unexpired lease, as applicable.

11. Any objections to the entry of this Order and the relief granted herein that have not been withdrawn, waived, resolved, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

12. The Debtors, after consultation with the Buyer and the Committee, are authorized to make non-substantive changes to the Supplemental Procedures and any related documents without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors.

13. Notice of the Supplement satisfies the requirements set forth in Bankruptcy Rule 6004(a).

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

15. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: December 11th, 2024
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

6

32438820.2