IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **TRUE VALUE COMPANY, L.L.C.** *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 24-12337 (KBO) <br><br> (Jointly Administered) <br><br> Ref. Docket Nos. 408, 579, & 617 |

**CERTIFICATION OF COUNSEL REGARDING ORDER AUTHORIZING
THE DEBTORS TO REJECT CERTAIN EXECUTORY
CONTRACTS AND/OR UNEXPIRED LEASES**

On November 12, 2024, the debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 408] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court").

On November 22, 2024, the Court entered the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 579] (the "Rejection Procedures Order").

In accordance with the Rejection Procedures Order, on November 25, 2024, the Debtors filed the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 617] (the "Rejection Notice"). A proposed order (the "Proposed Order") authorizing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

32500143.1

the rejection of the lease set forth in the Rejection Notice was attached to the Rejection Notice as Exhibit B.

The undersigned certifies that, as of the date hereof, she has received no objection or responsive pleading to the Rejection Notice. She further certifies that, as of the date hereto, she has reviewed the Court's docket and no objection or other responsive pleading to the Rejection Notice appears thereon. Objections to the Rejection Notice were to be filed and served by December 10, 2024 at 4:00 p.m. (ET).

As no responses to the Rejection Notice have been received, the Debtors respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit A** at the earliest convenience of the Court without further notice or hearing.

*[Signature Page Follows]*

Dated: December 11, 2024

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| */s/ Kristin L. McElroy* <br> Edmon L. Morton (Del. Bar No. 3856) <br> Kenneth J. Enos (Del. Bar No. 4544) <br> Kristin L. McElroy (Del. Bar No. 6871) <br> Timothy R. Powell (Del. Bar No. 6894) <br> One Rodney Square <br> 1000 North King Street <br> Wilmington, Delaware 19801 <br> Telephone: (302) 571-6600 <br> Email: emorton@ycst.com <br>         kenos@ysct.com <br>         kmcelroy@ycst.com <br>         tpowell@ycst.com <br><br> *Efficiency Counsel to the* <br> *Debtors and Debtors in Possession* | Joseph O. Larkin <br> One Rodney Square <br> 920 N. King Street <br> Wilmington, Delaware 19801 <br> Telephone: (302) 651-3000 <br> Email: Joseph.Larkin@skadden.com <br><br> - and - <br><br> Ron E. Meisler (admitted *pro hac vice*) <br> Jennifer Madden (admitted *pro hac vice*) <br> 320 South Canal Street <br> Chicago, Illinois 60606-5707 <br> Telephone: (312) 407-0705 <br> Email: Ron.Meisler@skadden.com <br>        Jennifer.Madden@skadden.com <br><br> - and - <br><br> Robert D. Drain (admitted *pro hac vice*) <br> Evan A. Hill (admitted *pro hac vice*) <br> Moshe S. Jacob (admitted *pro hac vice*) <br> One Manhattan West <br> New York, New York 10001 <br> Telephone: (212) 735-3000 <br> Email: Robert.Drain@skadden.com <br>        Evan.Hill@skadden.com <br>        Moshe.Jacob@skadden.com <br><br> *Counsel to Debtors and* <br> *Debtors in Possession* |

# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **TRUE VALUE COMPANY, L.L.C.** *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 24-12337 (KBO) <br><br> (Jointly Administered) <br><br> Related Docket Nos. 579 & 617 |

### ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 579] (the "Rejection Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 617] (the "Rejection Notice") satisfies the requirements set forth in the Rejection Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Rejection Notice in this district is proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Rejection Procedures Order.

32500163.1

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Contract set forth in **Exhibit 1** attached hereto is hereby rejected as of the Rejection Date established in the Rejection Notice; *provided* that the effective date of a rejection of a nonresidential real property lease shall not occur until the later of (i) the date the Debtors file and serve a Rejection Notice for such lease, (ii) the Rejection Date set forth in the Rejection Notice, and (iii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord.

2. Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, effective as of the Rejection Date; *provided,* the Debtors shall not be permitted to abandon and shall have removed from the leased premises, prior to the applicable Rejection Date, any and all (i) personal identifying information, (ii) business, financial or other records of the Debtors, and (iii) hazardous materials to the extent they are required to do so under applicable law. The applicable Contract counterparty or counterparties

may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property and without notice or liability to the Debtors or consenting third parties; *provided* that, to the extent requested by Contract counterparty, the Debtors shall be permitted to abandon the Abandoned Property to such Contract counterparty to facilitate such party's use or disposal of such Abandoned Property.

3. If any affected Rejection Counterparty to a Contract asserts a claim against the Debtors arising from the rejection of the Contract, the Counterparty must file a proof of claim on or before the later of (i) the applicable deadline for filing proofs of claim established in the chapter 11 cases, (ii) thirty (30) days after the entry of an order of this Court approving the rejection, and (iii) thirty (30) days after the applicable Rejection Date. If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in connection with the Chapter 11 Cases.

4. Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Rejection Notice or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on

property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

6. Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## Rejected Contracts

| Counterparty | Debtor Counterparty | Description of Contract[1] | Abandoned Personal Property, if Applicable | Rejection Date |
|---|---|---|---|---|
| G&I X Harvey LLC c/o Kane Management Group LLC 210 Commerce Way, Suite 300 Portsmouth, New Hampshire 03801 | True Value Company, L.L.C. | Lease Agreement for property located at 333 Harvey Road, Manchester, New Hampshire 03103 | N/A | 11/30/2024 |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

32500163.1