IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRUE VALUE COMPANY, L.L.C., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12337-KBO<br><br>(Jointly Administered)<br><br>**Related Dkt. No. 587** |

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT
OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
EFFECTIVE AS OF OCTOBER 25, 2024**

This matter came before the Court on the *Application for Entry of an Order Authorizing and Approving the Employment of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of October 25, 2024* (the "Application")[2] and the *Declaration of Sanjuro Kietlinski* filed in support of the Application (the "Kietlinski Declaration") both filed by the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession, pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an order authorizing and approving the retention and employment of Province, LLC ("Province") as financial advisor for the Committee in these chapter 11 cases; and the Court having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective tax identification numbers are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. The address of the Debtors' headquarters is 8600 W. Bryn Mawr Ave., Chicago, IL 60631.

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

4857-7661-9257.1 85202.00002

jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and it appearing to the Court that the said Application should be approved, it is, therefore, ORDERED that:

1. The Application is granted as set forth herein.

2. Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain Province as financial advisor to the Committee effective as of October 25, 2024.

3. Province shall apply for compensation for professional services rendered and reimbursement of expenses reasonably and actually incurred in connection with the Debtors' cases as set forth in the Application and in compliance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Rules, and any other applicable procedures and orders of this Court.

4. Notwithstanding anything to the contrary in the Application or the Kietlinski Declaration, Province shall not seek reimbursement of any fees or costs arising from the defense of any of Province's fee applications in these chapter 11 cases.

5. Notwithstanding anything in the Application to the contrary, Province shall (i) to the extent that it uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Province pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the

Contractors are subject to the same conflicts checks as required for Province; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

6. Province shall provide ten (10) business days' notice of any rate increases to the Committee, the United States Trustee, and the Debtors before any increases in the rates set forth in the Application are implemented, and shall file a supplemental declaration setting forth any such increases. The Committee, the Debtors, the United States Trustee, and all parties in interest retain all rights to object to any rate increase on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. The Committee and Province are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: December 12th, 2024  
Wilmington, Delaware

**KAREN B. OWENS**  
**UNITED STATES BANKRUPTCY JUDGE**

4857-7661-9257.1 85202.00002                                                    3