UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRUE VALUE COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12337 (KBO)<br><br>(Jointly Administered)<br><br>Ref Docket No. 339<br><br>Hearing date: January 16, 2025 at 1 p.m. |

**NEW MEDIA RETAILER'S OBJECTION TO NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

New Media Retailer, by and through undersigned counsel, hereby files this Objection (the "Objection") to the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* (ECF No. 339) (the "Cure Notice"), and in support thereof states as follows:

**BACKGROUND**

1.     New Media Retailer, as a vendor for the above captioned debtors (the "Debtors"), provides web hosting and marketing services to individually-branded True Value stores. Pursuant to contracts with the stores, the Debtors agreed with New Media Retailer to pay the invoices on behalf of the stores (the "Agreement").

2.     On October 14, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Avenue, Chicago, IL 60631.

1

3.      On October 14, 2024, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Approving the Sale of Substantially All of the Debtors' Assets, and (III) Granting Related Relief* (the "Bidding Procedures Motion") (Docket No. 12). The Bidding Procedures Motion was approved by the Court on November 4, 2024 (the "Bidding Procedures Order") (Docket No. 297), which directed the Debtors to file the Cure Notice.

4.      On November 6, 2024, the Debtors filed the Cure Notice and listed an "MSC Program Agreement" as a potentially assumed contract with a cure amount of $0.00. *See Cure Notice*, Exhibit A at p. 62. (Docket No. 339). Overall, the Cure Notice contains 3,764 proposed contracts to be assumed and assigned. It is notable that for the overwhelming majority of these executory contracts, the Debtors propose a $0.00 cure. The Cure Notice only contemplates a cure amount other than $0.00 for less than 150 contracts.

5.      New Media Retailer was not properly served with the Cure Notice. New Media Retailer was not included on either the original or supplemental Affidavits of Service submitted in connection with that notice. *See* (Docket Nos. 431, 432). After the deadline provided by the Cure Notice was discovered, New Media Retailer conducted a search and discovered a mailing was received by the company.  However, the envelope did not include a postmark to enable New Media Retailer to determine the date of mailing, nor was the mailing addressed to an officer or registered agent of the entity. As a result, New Media Retailer was unable to file an earlier objection by the deadline. After promptly making several attempts to engage with the Debtors' counsel, this Objection was filed.

6.      On November 13, 2024, the Court entered the *Order (A) Approving Sale of Substantially All of Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests, and*

2

*Encumbrances, (B) Authorizing Debtors to Enter Into and Perform Under Asset Purchase Agreement, (C) Approving Assumption and Assignment of Certain Executory Contracts, and (D) Granting Related Relief* (Docket No. 411) (the "Sale Order"), approving the sale of substantially all of the Debtors' assets to Do It Best Corp. The Sale Order further provided that any objections to the Cure Notice would be resolved at the hearing set for December 4, 2024 (the "Cure Hearing"), which was subsequently adjourned to January 16, 2025.

7.  As explained below, the assumption of the Agreement cannot be approved because the proposed cure amount is not the correct amount required to cure pre-petition defaults under the Agreement. The amount owed to New Media Retailer as of the Petition Date was $269,462.26.

**OBJECTION**

A.  **Proposed Cure Amount is Incorrect**

8.  New Media Retailer does not object to the assumption and assignment of the Agreement with the Debtors so long as an appropriate cure payment is made as required by the Bankruptcy Code. The proposed $0.00 cure amount buried on page 62 of the list of assumed contracts in the Cure Notice is incorrect.

9.  In the Bidding Procedures Motion, the Debtors state that the proposed cure amounts were based on "the Debtors' good faith estimates." *See Bidding Procedures Order* at ¶ 27(b) (Docket No. 12). It is not clear what this means, or if cure estimates reflect information in the Debtors' books or records. What the Debtors do not state is the proposed cure amounts will result in all unpaid amounts due under the Agreements to be paid, which the Bankruptcy Code requires. Instead, the Cure Notice provides the Debtors seek to pay nothing, like to the overwhelming majority of other contract counterparties.

10. On November 7, 2024, New Media Retailer filed proof of claim no. 891 (the "Proof of Claim"), reflecting that the Debtors owed New Media Retailer $269,462.26 under pre-petition invoices for services performed. A list of these invoices is attached to the Proof of Claim.

11. The Debtors are required to cure defaults regarding the Agreement, including pre-petition defaults under the Bankruptcy Code. Section 365(b) states:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default[,] and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b).

12. The Debtors neither propose to cure their default or provide any adequate assurance that the default will be promptly cured or New Media Retailer will be compensated. New Media Retailer objects to the assumption and assignment of the Agreement unless the Debtors fully comply with § 365.

13. To comply with the statute, the Debtor must pay the full cure amount of $269,462.26 to New Media Retailer. *See In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005) ("[W]hen a contract is assumed under section 365, all unpaid amounts due under the agreement must be paid.").

**B.     The Objection Period Should Be Extended Due to Lack of Notice**

14. New Media Retailer was not properly served with notice of the deadline to object to the proposed cure. Accordingly, the deadline to respond to the Cure Notice should be extended.

15. On November 14, 2024, the Debtors filed an *Affidavit of Service* (the "Affidavit of Service") (Docket No. 431) regarding the Cure Notice that referenced the Master Service List and

a Service List. New Media Retailer was not listed on either. *See* Ex. A, B (Docket No. 431). While it is noted above that New Media has discovered a copy of the Cure Notice in a mailed envelope without a postmark, there is no other proof on this Court's docket that the Debtor properly and timely served New Media Retailer by mailing a copy of the pleading to an officer of the company, or otherwise complied with Bankruptcy Rule 7004. *See* Fed. R. Bankr. P. 9014(b); Fed. R. Bankr. P. 7004(b)(3).

16. Also, on November 14, 2024, an *Affidavit of Supplemental Service* (the "Supplemental Affidavit") (Docket No. 432) was filed. The service list attached thereto failed to include New Media Retailer. *See* Ex. A (Docket No. 432). Nor was service made on any officer. *See* Fed. R. Bankr. P. 9014(b); Fed. R. Bankr. P. 7004(b)(3).

17. Under the Cure Notice, the deadline to object to proposed cure amounts was November 18, 2024. *See Bidding Procedures Order* at ¶20(d)(1) (Docket No. 297). However, the Debtor did have actual notice of the appropriate cure amount prior to November 18, 2024 as a consequence of New Media Retailer filing its Proof of Claim. Such claim is *prima facie* evidence $269,462.26 was past due for services performed.

18. Under these circumstances, the Proof of Claim served to put the Debtors on notice of the cure amount required to assume the Agreement. As such, the filing of this Objection should be deemed timely. There is no prejudice to the Debtors as the hearing on the Cure Notice has been continued to January 16, 2025. (Docket No. 657).

**RESERVATION OF RIGHTS**

19. New Media Retailer reserves all rights with respect to the Debtors and other parties, including the right to seek relief from this Court (i) to compel assumption or rejection of New Media Retailer's contracts, (ii) to seek allowance and payment of its pre-petition or post-petition

administrative expenses, or (iii) to seek recovery of the amounts it is owed under the assumed contract from the buyer, Do It Best Corp. Nothing herein shall be considered a waiver or release of any rights, claims or defenses that New Media Retailer has against anyone, including but not limited to the Debtors.

Date: December 13, 2024

**STINSON LLP**

*/s/ Jeffrey M. Schlerf*
Jeffrey M. Schlerf (No. 3047)
1007 N. Orange St.
3rd Floor #127
Wilmington, DE 19801
Telephone: (302) 509-4634
Email: jeffrey.schlerf@stinson.com

*Counsel to New Media Retailer*

CORE/3532379.0002/194740496.2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 13, 2024, a true and correct copy of the foregoing *New Media Retailer's Objection to Notice of Proposed Assumption and Assignment of Certain Executory Contracts* was duly served via the Court's Electronic Case Filing system on all parties registered to receive electronic notices in these cases, and via mail and email on the following parties:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>320 South Canal St., Chicago, IL 60606<br>Attn: Ron Meisler and Jennifer Madden<br>ron.meisler@skadden.com<br>jennifer.madden@skadden.com | Taft Stettinius & Hollister LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204<br>Attn: Zachary E. Klutz and W. Timothy Miller<br>zklutz@taftlaw.com miller@taftlaw.com |
| Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West, 395 9th Ave.<br>New York, NY 10001<br>Attn: Evan Hill. and Moshe Jacob<br>evan.hill@skadden.com<br>moshe.jacob@skadden.com | Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Attn: Edmon L. Morton and Kenneth J. Enos<br>Email: emorton@ycst.com<br>Email: kenos@ycst.com |
| Skadden, Arps, Slate, Meagher & Flom LLP<br>920 North King Street<br>Wilmington, Delaware 19801<br>Attn: Joseph Larkin<br>joseph.larkin@skadden.com | Glenn Agre Bergman & Fuentes LLP<br>1185 Avenue of the Americas, 22nd Floor<br>New York, New York 10036<br>Attn: Andrew K. Glenn, Esq., Trevor J. Welch, Esq. and Malak S. Doss, Esq.<br>Email: aglenn@glennagre.com<br>Email: twelch@gennagre.com<br>Email: mdoss@glennagre.com |

Date: December 13, 2024

**STINSON LLP**

*/s/ Jeffrey M. Schlerf*
Jeffrey M. Schlerf
1007 N. Orange St.
3rd Floor #127
Wilmington, DE 19801
Telephone: (302) 509-4634
Email: jeffrey.schlerf@stinson.com

**Counsel to New Media Retailer**

7