IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **TRUE VALUE COMPANY, L.L.C.,** *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 24-12337 (KBO) <br><br> (Jointly Administered) <br><br> <u>Objection Deadline:</u> <br> January 21, 2025 at 4:00 p.m. (ET) <br><br> <u>Hearing Date:</u> <br> February 11, 2025 at 10:30 a.m. (ET) |

**DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS
(NON-SUBSTANTIVE)**

**(Late Filed Claims)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN CLAIMS. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE SCHEDULE ATTACHED TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS.**

True Value Company, L.L.C. and certain of its affiliates (collectively, the "<u>Debtors</u>," and together with their non-Debtor affiliates, the "<u>Company</u>") in the above-captioned cases, respectfully state as follows in support of this objection (this "<u>Objection</u>"):

**RELIEF REQUESTED**

1. By this Objection, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), disallowing and expunging

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

certain late-filed claims (the "Late Filed Claims" or "Disputed Claims"), which are listed on Schedule 1 to the Proposed Order. In support of this Objection, the Debtors rely on the *Declaration of Nick Weber in Support of Debtors' First Omnibus Objection to Claims (Non-Substantive)* (the "Weber Declaration"), which is attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4. Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the entry of a final judgment or order by the Court in connection with this Objection if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

**A.    General Background**

5. On October 14, 2024 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' cases (the "Chapter 11 Cases") are being jointly administered.

6. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On October 23, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors (the "Committee") [Docket No. 144]. No other trustee or examiner has been appointed in the Chapter 11 Cases.

8. The Company is one of the world's leading hardlines wholesalers, serving approximately 4,500 stores worldwide. A globally recognized retail brand, the Company provides customers in over 55 countries an expansive product set across key categories such as Hardware Lumber & Building, Outdoor Living & Tools, and Plumbing & Heating. The Company's business operations, corporate and capital structure, and the events leading up to the filing of the Chapter 11 Cases are described in greater detail in the *Declaration of Kunal S. Kamlani in Support of Chapter 11 Petitions and First Day Papers* [Docket No. 18] (the "First Day Declaration").

**B.    Specific Background**

9. On October 14, 2024, the Debtors filed a motion [Docket No. 12] (the "Bidding Procedures Motion") seeking entry of an order (the "Bidding Procedures Order"), among other things, authorizing and approving the proposed bidding procedures, and authorizing and approving that certain *Asset Purchase Agreement* (the "Stalking Horse Purchase Agreement") attached to the Bidding Procedures Order as Exhibit 2.

10. On October 15, 2024, the Debtors filed the *Motion of Debtors for Entry of Interim and Final Orders (I)(A) Authorizing Debtors to Use Cash Collateral; (B) Granting Adequate Protection to Prepetition Lenders; (C) Modifying the Automatic Stay; and (D) Scheduling a Final Hearing and (II) Granting Related Relief* [Docket No. 19] (the "Cash Collateral Motion") seeking

3

entry of interim and final orders authorizing, among other things, the Debtors to use the cash collateral of the Prepetition Secured Parties (as defined in the Cash Collateral Motion).

11. On October 18, 2024, October 28, 2024, and October 30, 2024, the Court entered separate orders granting the Cash Collateral Motion on an interim basis while the Debtors and various other parties in interest, including, but not limited to, the Prepetition Secured Parties, negotiated a resolution to the relief requested in the Cash Collateral Motion. *See* Docket Nos. 106, 175 & 224.

12. On November 4, 2024, the Court entered the Bidding Procedures Order [Docket No. 297] and entered an order [Docket No. 296] (the "Final Cash Collateral Order")[2] approving the Cash Collateral Motion on a final basis.

13. As set forth in the term sheet attached as Exhibit 1 to the Final Cash Collateral Order (the "Cash Collateral Resolution Term Sheet"), the Debtors, the Committee, and the Prepetition Secured Parties agreed, among other things, that a certain portion of the Debtors' cash will be retained by the Debtors' estates following the closing of their proposed Sale to Do it Best Corp., or other successful bidder, in a segregated account for a period of 90 days (the "Retained Funds"), during which time the Debtors will use such Retained Funds to reconcile certain Administrative Expense Claims. Upon the conclusion of this reconciliation, Retained Funds that were not used, or forecasted to be used, by the Debtors' estates to pay Administrative Expense Claims will be paid to the Prepetition Secured Parties. Similarly, under the Stalking Horse Purchase Agreement with Do it Best Corp., Do it Best Corp. has agreed to assume certain Administrative Expense Claims.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Final Cash Collateral Order.

4

14. The Sale to Do it Best Corp. closed on November 22, 2024.

## BAR DATES

**A.   General Bar Date Order**

15. On November 1, 2024, the Court entered an order [Docket No. 262] (the "General Bar Date Order") providing that (a) all requests for payment under section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim") must be filed so that they are actually received by or before 11:59 p.m. (prevailing Eastern Time) on November 27, 2024 (the "503(b)(9) Claims Bar Date"); (b) all entities, other than governmental units holding prepetition claims, must file proofs of claim, other than 503(b)(9) Claims, so that such proofs of claim are actually received by or before 11:59 p.m. (prevailing Eastern Time) on December 5, 2024 (the "General Bar Date"), unless such entity's claim falls within one of the exceptions set forth in the General Bar Date Order, and (c) all governmental units holding claim against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose before the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party, must file proofs of claim so that they are actually received by or before 11:59 p.m. (prevailing Eastern Time) on April 14, 2025 (the "Governmental Bar Date").

16. The General Bar Date Order also provides that if the Debtors amend or supplement the Schedules (as defined below) to reduce the undisputed, noncontingent, and unliquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m. (prevailing Eastern Time) on the date

that is 21 days from the date on which the Debtors provide written notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

17. The General Bar Date Order further provides that, in the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a proof of claim based on the Debtors' rejection of such contract or lease shall be the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 11:59 p.m. (prevailing Eastern Time) on the date that is 30 days after the later of (i) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (ii) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date").

**B.    Administrative Expense Bar Date Order**

18. On November 22, 2024, the Court entered an order [Docket No. 577] (the "Administrative Expense Bar Date Order") providing that each entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and government units) that holds or wishes to assert a claim against a Debtor that is or may be an administrative expense pursuant to section 503(b) of the Bankruptcy Code (each, an "Administrative Expense Claim"), other than a 503(b)(9) Claim, which such Administrative Expense Claim arose during the period from the Petition Date through and including November 22, 2024, must file a request for allowance of such Administrative Expense Claim by or before 11:59 p.m. (prevailing Eastern Time) on December 23, 2024 (the "Administrative Expense Bar Date," and collectively with the 503(b)(9) Claims Bar Date, General Bar Date, Governmental Bar Date, Amended Schedules Bar Date, and Rejection Damages Bar Date, the "Bar Dates"), unless such entity's Administrative Expense Claim falls within one of the exceptions set forth in the Administrative Expense Bar Date Order.

**SCHEDULES, PROOFS OF CLAIM, AND CLAIMS RECONCILIATION**

19.     On November 5, 2025, each Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs [Sealed Docket Nos. 301–316 & 620–622; Redacted Docket Nos. 317–332 & 623–625] (collectively, the "Schedules"), as may have been amended from time to time.

20.     The Debtors' register of claims (the "Claims Register"), maintained by Omni Agent Solutions, Inc. ("Omni"), indicates that, as of the date of this Objection, approximately 663 503(b)(9) Claims, 428 Administrative Expense Claims, 2,928 prepetition proofs of claim, other than 503(b)(9) Claims (the "Prepetition Claims"), and 5,963 claims scheduled by the Debtors on their Schedules (the "Scheduled Claims," and collectively with the 503(b)(9) Claims, Administrative Expense Claims, Prepetition Claims, and Scheduled Claims, the "Claims") have been filed or scheduled in the Chapter 11 Cases.

21.     In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors.  The Debtors and their professionals continue to review, compare, and reconcile the Claims (including any supporting documentation) with the Schedules and Books and Records.  This reconciliation process includes identifying particular categories of Claims that may be subject to objection.  While this analysis and reconciliation is ongoing, the Debtors have determined that the Disputed Claims should be disallowed and expunged for one or more reasons described below.

**A.     Late Filed Claims**

22.     The Debtors have determined that the Late Filed Claims identified on Schedule 1 to the Proposed Order were filed after the applicable Bar Date.  Therefore, pursuant to the terms of the Bar Date Order, the Late Filed Claims should be disallowed and expunged in their entirety.

7

Any failure to disallow and expunge the Late Filed Claims will result in the applicable claimant potentially receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors in the Chapter 11 Cases.

23.   Accordingly, the Debtors object to the Late Filed Claims and request entry of the Proposed Order disallowing and expunging the Late Filed Claims in their entirety.

**BASIS FOR RELIEF REQUESTED**

24.   Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  *See* 11 U.S.C. § 502(b).

25.   Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party rebuts a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant.  *See id*. at 174. Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "[do] not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance."  Fed. R. Bankr. P. 3007(d)(6).

26.   Section 503 of the Bankruptcy Code provides that administrative expense priority may be allowed for "actual, necessary costs and expenses of preserving the estate."  11 U.S.C.

§ 503(b)(1)(A). "Section 503(b)(9) of the Bankruptcy Code accords administrative expense priority to a claim equal to the value of any goods sold to the debtor in the ordinary course of the debtor's businesses and received by the debtor within twenty days before the petition date." *In re SRC Liquidation, LLC*, 573 B.R. 537, 540 (Bankr. D. Del. 2017) (citing 11 U.S.C. § 503(b)(9)). "Administrative expenses listed in section 503(b) are 'discrete exceptions to the general equality principle] . . . [and] must be strictly construed and be 'clearly authorized by Congress.'" *SRC Liquidation*, 573 B.R. at 540 (citations omitted).

27. The Court has recognized that, to succeed in establishing a valid administrative expense claim under section 503(b)(9), a claimant must demonstrate that: "(1) the vendor sold 'goods' to the debtor; (2) the goods were received by the debtor within twenty days prior to filing; and (3) the goods were sold to the debtor in the ordinary course of business." *In re Goody's Fam. Clothing Inc.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009) (citation omitted). For a claim to be afforded administrative expense priority under section 503(b)(9) of the Bankruptcy Code, the claimant would have to establish, among other things, that the Debtors or their agent physically received goods during the period from September 24, 2024 through the Petition Date. Claimants bear the ultimate burden of proof in establishing a valid administrative expense claim. *See SRC Liquidation*, 573 B.R. at 540 (citation omitted).

28. The Disputed Claims are unenforceable against the Debtors for the reasons set forth above. Therefore, pursuant to sections 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein.

## RESPONSES TO OBJECTION

29. <u>Filing and Service of Responses</u>: To contest this Objection, a claimant must file and serve a written response to this Objection (a "<u>Response</u>") so that it is actually received by the

Clerk of the Court and the parties in the following paragraph no later than 4:00 p.m. (ET) on January 21, 2025 (the "Response Deadline").  Claimants should locate their names and Claims on Schedule 1 to the Proposed Order, and carefully review this Objection.  A Response must address each ground upon which the Debtors object to a particular Disputed Claim.  A hearing to consider this Objection will be held on February 11, 2025, at 10:30 a.m. (ET), before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801 (the "Hearing").

30. Each Response must be filed and served upon the following entities at the following addresses:  (a) the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; and (b) Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Wilmington, Delaware 19801, Attn:  Timothy R. Powell.

31. Content of Responses:  Every Response to this Objection must contain, at a minimum, the following:

  a. a caption setting forth the name of the Court, the above-referenced case number, and the title of this Objection to which the Response is directed;

  b. the name of the claimant and description of the basis for the amount of the Disputed Claim;

  c. a concise statement setting forth the reasons why a particular Disputed Claim should not be disallowed for the reasons set forth in this Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing this Objection at the Hearing;

  d. all documentation or other evidence of the Disputed Claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing this Objection at the Hearing;

  e. the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed Claim on behalf of the claimant; and

        f.        the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Debtors should serve any reply to the Response.

32. <u>Timely Response Required; Hearing; Replies</u>:  If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant.  If no consensual resolution is reached, the Court will conduct the Hearing with respect to this Objection and the Response(s) on February 11, 2025 at 10:30 a.m. (ET), or such other date and time as parties filing Responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by the Court at any such Hearing.

33. <u>Adjournment of Hearing</u>:  The Debtors reserve the right to adjourn the Hearing on any Disputed Claim included in this Objection.  In the event that the Debtors so adjourn the Hearing, they will state that the Hearing on that particular Disputed Claim has been adjourned on the agenda for the Hearing on this Objection, which agenda will be served on the person designated by the claimant in its Response.

34. If a claimant whose Disputed Claim is subject to this Objection, and who is served with this Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Plan Administrator will present to the Court an appropriate order disallowing the Disputed Claim without further notice to the claimant.

35. <u>Separate Contested Matter</u>:  Each of the Disputed Claims and the Debtors' objection(s) thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Disputed Claim.

11

## RESERVATION OF RIGHTS

36. The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any other Claims (filed or not) that may be asserted against the Debtors and their estates. Should one or more of the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Disputed Claims or any other Claims on any other grounds that the Debtors discover or elect to pursue.

37. Notwithstanding anything contained in this Objection, or the exhibits and schedule attached to the Proposed Order, nothing herein will be construed as a waiver of any rights that the Debtors or any successor to the Debtors, may have to enforce rights of setoff against the claimants.

38. Nothing in this Objection will be deemed or construed: (a) as an admission as to the validity of any claim or interest against the Debtors; (b) as a waiver of the Debtors' rights to dispute or otherwise object to any claim or proof of interest on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

## COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

39. The undersigned representative of the Debtors has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with that Local Rule. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

**FURTHER INFORMATION**

40.     Questions about or requests for additional information about the proposed disposition of the Disputed Claims hereunder should be directed to the Debtors' counsel in writing at the following address: Young Conaway Stargatt & Taylor, LLP, 1000 N. King St., Wilmington, DE 19801, Attn: Timothy R. Powell (email: tpowell@ycst.com).

**NOTICE**

41.     Notice of this Objection has been provided to: (a) the U.S. Trustee; (b) counsel to the Prepetition Lender; (c) counsel to the Committee; (d) the holders of the Disputed Claims or their counsel, if known; (e) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (f) all parties entitled to notice pursuant to Local Rule 2002-1(b). The Debtors submit that no other or further notice is required.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

The Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in this Objection and such other and further relief as may be just and proper.

Dated: January 7, 2025

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |
| /s/ Timothy R. Powell | Joseph O. Larkin |
| Edmon L. Morton (Del. Bar No. 3856) | One Rodney Square |
| Kenneth J. Enos (Del. Bar No. 4544) | 920 N. King Street |
| Kristin L. McElroy (Del. Bar No. 6871) | Wilmington, Delaware 19801 |
| Timothy R. Powell (Del. Bar No. 6894) | Telephone: (302) 651-3000 |
| One Rodney Square | Email: Joseph.Larkin@skadden.com |
| 1000 North King Street | |
| Wilmington, Delaware 19801 | - and - |
| Telephone: (302) 571-6600 | |
| Email: emorton@ycst.com | Ron E. Meisler (admitted *pro hac vice*) |
| kenos@ysct.com | Jennifer Madden (admitted *pro hac vice*) |
| kmcelroy@ycst.com | 320 South Canal Street |
| tpowell@ycst.com | Chicago, Illinois 60606-5707 |
| | Telephone: (312) 407-0705 |
| *Efficiency Counsel to the* | Email: Ron.Meisler@skadden.com |
| *Debtors and Debtors in Possession* | Jennifer.Madden@skadden.com |
| | |
| | - and - |
| | |
| | Robert D. Drain (admitted *pro hac vice*) |
| | Evan A. Hill (admitted *pro hac vice*) |
| | Moshe S. Jacob (admitted *pro hac vice*) |
| | One Manhattan West |
| | New York, New York 10001 |
| | Telephone: (212) 735-3000 |
| | Email: Robert.Drain@skadden.com |
| | Evan.Hill@skadden.com |
| | Moshe.Jacob@skadden.com |
| | |
| | *Counsel to Debtors and* |
| | *Debtors in Possession* |