# **EXHIBIT B**

**Weber Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |

### DECLARATION OF NICK WEBER IN SUPPORT OF DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Pursuant to 28 U.S.C. § 1746, I, Nick Weber, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am a Managing Director of M3 Advisory Partners, LP ("M3"), restructuring advisor to the Debtors in the Chapter 11 Cases. I have worked directly alongside Kunal Kamlani, the Debtors' Chief Transformation Officer, advising the Debtors since M3 was retained on July 29, 2024. As a result of my position, I am familiar with the Debtors' day-to-day business operations and affairs, the Books and Records, and the Debtors' chapter 11 efforts.

2. I submit this declaration (this "Declaration") in support of the *Debtors' Second Omnibus Objection to Claims (Substantive)* (the "Objection").[2]

3. I have reviewed the Objection and am directly, or by and through other personnel or representatives of the Debtors, reasonably familiar with the information contained therein, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] All capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection.

32601906.2

Proposed Order, and the schedules attached to the Proposed Order. I am executing this Declaration on behalf of the Debtors.

4. Considerable resources and time have been expanded in reviewing and reconciling the Claims filed against, or scheduled by, the Debtors and their estates in the Chapter 11 Cases.

5. In preparing this Declaration, I reviewed the Claims Register maintained by Omni, which contains the record of all Claims scheduled by, or filed against, the Debtors in connection with the Chapter 11 Cases. Additionally, I or other representatives of the Debtors (a) reviewed (i) the Claims Register, by which we identified various Claims that should be objected to, and (ii) the Books and Records with respect to the Claims described in the Objection, (b) conferred with the Debtors' representatives and outside counsel having knowledge relevant to understanding the validity of the Claims, (c) approved the inclusion of the Claims in the Objection, and (d) reviewed the Objection and the Proposed Order. Accordingly, I am familiar with the information contained therein and in Schedule 1, Schedule 2, and Schedule 3 to the Proposed Order.

6. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge of the Debtors' operations, finances, and Books and Records, my review of the Claims and Claims Register, or information received from other members of the Debtors, or the Debtors' other advisors. If called upon to testify, I would testify competently to the facts set forth herein.

**A.    Reduce and Allow Claims**

7. I, along with other employees of M3, reviewed each of the Reduce and Allow Claims listed on Schedule 1 to the Proposed Order to determine the basis upon which liability was asserted against the Debtors. This process included a review of each of the Claims filed and any supporting documentation.

32601906.2

8. Based upon this review, I believe that each of the Reduce and Allow Claims should be reduced and allowed in the amounts listed on Schedule 1 to the Proposed Order. The new amounts listed for each Reduce and Allow Claim represents the fair, accurate, and reasonable value of the Reduce and Allow Claims as reflected in the Books and Records.

**B.    Multiple Debtor Claims**

9. I, along with other representatives of the Debtors, have reviewed the Books and Records and determined that the Debtors and their estates are not liable on account of the Multiple Debtor Claims listed on Schedule 2 to the Proposed Order because they are identical to the Remaining Claims. Accordingly, to prevent the claimants from potentially receiving unwarranted recoveries, to the detriment of creditors in the Chapter 11 Cases, the Debtors seek to disallow and expunge the Multiple Debtor Claims in their entirety.

**C.    No Liability Claim**

10. I, along with other representatives of the Debtors, have reviewed the Books and Records and determined that the Debtors and their estates are not liable on account of the No Liability Claim. Accordingly, to prevent the claimant from potentially receiving an unwarranted recovery, to the detriment of creditors in the Chapter 11 Cases, I seek to disallow and expunge the No Liability Claim in its entirety for the reasons set forth on Schedule 3 to the Proposed Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on January 7, 2025

                                            */s/ Nick Weber*
                                            Nick Weber
                                            M3 Advisory Partners, LP