## EXHIBIT B

**Weber Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION OF NICK WEBER IN SUPPORT OF DEBTORS' THIRD OMNIBUS OBJECTION TO CLAIMS <u>(NON-SUBSTANTIVE)</u>

Pursuant to 28 U.S.C. § 1746, I, Nick Weber, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am a Managing Director of M3 Advisory Partners, LP ("<u>M3</u>"), restructuring advisor to the Debtors in the Chapter 11 Cases. I have worked directly alongside Kunal Kamlani, the Debtors' Chief Transformation Officer, advising the Debtors since M3 was retained on July 29, 2024. As a result of my position, I am familiar with the Debtors' day-to-day business operations and affairs, the Books and Records, and the Debtors' chapter 11 efforts.

2. I submit this declaration (this "<u>Declaration</u>") in support of the *Debtors' Third Omnibus Objection to Claims (Non-Substantive)* (the "<u>Objection</u>").[2]

3. I have reviewed the Objection and am directly, or by and through other personnel or representatives of the Debtors, reasonably familiar with the information contained therein, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] All capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection.

32651816.1

Proposed Order, and the schedules attached to the Proposed Order. I am executing this Declaration on behalf of the Debtors.

4. Considerable resources and time have been expanded in reviewing and reconciling the Claims filed against, or scheduled by, the Debtors and their estates in the Chapter 11 Cases.

5. In preparing this Declaration, I reviewed the Claims Register maintained by Omni, which contains the record of all Claims scheduled by, or filed against, the Debtors in connection with the Chapter 11 Cases. Additionally, I or other representatives of the Debtors (a) reviewed (i) the Claims Register, by which we identified various Claims that should be objected to, and (ii) the Books and Records with respect to the Claims described in the Objection, (b) conferred with the Debtors' representatives and outside counsel having knowledge relevant to understanding the validity of the Claims, (c) approved the inclusion of the Claims in the Objection, and (d) reviewed the Objection and the Proposed Order. Accordingly, I am familiar with the information contained therein and in Schedule 1, Schedule 2, and Schedule 3 to the Proposed Order.

6. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge of the Debtors' operations, finances, and Books and Records, my review of the Claims and Claims Register, or information received from other members of the Debtors, or the Debtors' other advisors. If called upon to testify, I would testify competently to the facts set forth herein.

**A.    Late Filed Claims**

7. I, along with other representatives of the Debtors, reviewed the Late Filed Claims listed on Schedule 1 to the Proposed Order to determine whether such claims were timely filed. This process included a review of each of the Late Filed Claims and comparing the applicable Bar Date against the date each Late Filed Claim was received by Omni.

32651816.1

2

8.  Based on this review, I have determined that the Late Filed Claims were filed after the applicable Bar Date.  Accordingly, I believe that the Late Filed Claims should be disallowed and expunged in their entirety.

**B.  Duplicate Claims**

9.  I understand that the Duplicate Claims are duplicative of another claim filed by the same claimant against the same Debtor.  I do not believe that it was the intention of the claimant asserting these multiple identical claims to seek a double recovery against the same Debtor.  Regardless of the claimant's intention, any failure to disallow and expunge the Duplicate Claims will result in the applicable claimant potentially receiving an unwarranted double recovery against the Debtors' estates, to the detriment of other creditors in the Chapter 11 Cases.  Accordingly, I seek to disallow and expunge the Duplicate Claims in their entirety.

**C.  Amended Claims**

10.  I, along with other representatives of the Debtors, reviewed the Amended Claims to determine the basis upon which liability was asserted against the Debtors.  This process included a review of the Claims, and any supporting documentation, for the Amended Claims.

11.  Based on this review, I have determined that the Amended Claims have been amended and superseded by a subsequently filed claim.  Accordingly, I believe that the Amended Claims should be disallowed and expunged in their entirety.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on January 7, 2025

> */s/ Nick Weber*
> Nick Weber
> M3 Advisory Partners, LP

32651816.1