

RECEIVED

2025 JAN 17  AM 10: 37

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

January 15, 2025

**Clerk of the Court**
United States Bankruptcy Court
District of Delaware
3rd Floor
824 North Market Street
Wilmington, Delaware 19801

      Re:  **Response to Debtors' First Omnibus Objection to Claims**
           Case No. **24-12337 (KBO)**
           Claimant: **C & L Supply, Inc.**
           Claim No: **C337-2205**
           Claim Amount: **$10,719**

Dear Sir/Madam,

Please find enclosed the **Response to Debtors' First Omnibus Objection to Claims** in the above-referenced bankruptcy case. This response is filed by **C & L Supply, Inc.**, in opposition to the objection to our claim, Claim No. **C337-2205**, in the amount of **$10,719**, which arises from unpaid invoices for products sold and delivered to the Debtors in the 20 days preceding the filing of the voluntary petition.

We respectfully request that the court allow our claim to be heard on its merits and that the objection be overruled.

Please find the full response enclosed. Should the Court require any further information, please do not hesitate to contact me at the number or email listed below.

Thank you for your attention to this matter.

Sincerely,

*Mark Kidd*

Mark Kidd
CEO

PO Box 578 • 335 S. Wilson • Vinita, OK 74301
918-256-0510 p • 918-256-0598 f • mkidd@clsupplyinc.com

**United States Bankruptcy Court for the District of Delaware**
Case No. 24-12337 (KBO)

**Response to Debtors' First Omnibus Objection to Claims**
Claimant: C & L Supply, Inc.
Claim No: C337-2205
Claim Amount: $10,719

**Response:**

1. **Caption:** This response is directed to the Objection filed by True Value Company, L.L.C., et al. in the above-captioned case number, titled *Debtors' First Omnibus Objection to Claims*.

2. **Claimant and Basis for Disputed Claim:** The claimant is C & L Supply, Inc., and the claim arises from unpaid invoices for products sold and delivered to the Debtors within the 20 days prior to Debtors' voluntary petition filed on October 14,2024. The total amount of the Disputed Claim is $10,719.

3. **Reasons for Opposing the Objection:** The Disputed Claim should not be disallowed for the following reasons:
    - **Factual Basis:** The claimant's failure to file the 503(b)(9) claim by the bar date was primarily due to financial constraints related to the size of the claim. Given the relatively modest amount of the claim, the claimant reasonably believed that the legal fees required to engage counsel would outweigh the value of the claim. As a result, the claimant attempted to navigate the claims process without formal legal representation, which unfortunately led to the failure to file timely. This delay was inadvertent and made in good faith, and there is no indication that the delay prejudiced the debtor or other creditors. Therefore, the claimant respectfully requests that the Court find that this constitutes excusable neglect and allow the claim to be heard on its merits.

    - **Legal Basis:** The claimant respectfully asserts that the delay in filing the 503(b)(9) claim was the result of excusable neglect, and, therefore, the claim should not be disallowed. The United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), set forth the standard for excusable neglect, providing that a court may excuse a party's failure to comply with a filing deadline if the party demonstrates that the delay was due to circumstances beyond their control or that the failure was the result of inadvertence, mistake, or miscommunication. The *Pioneer* decision emphasized that courts should apply a flexible test that takes into account the surrounding circumstances, including the reason for the delay, the length of the delay, the potential impact on judicial proceedings, and whether the party acted in good faith.

    In *Pioneer*, the Supreme Court held that excusable neglect could apply to a missed deadline if the party's failure to comply with the deadline was not due to willful neglect, but rather was caused by factors such as misunderstanding or inadvertence. Courts are encouraged to take a holistic view of the circumstances surrounding a missed deadline and, in doing so, may allow the claim to proceed if it is meritorious and the failure to file was due to excusable neglect.

    In addition, the bankruptcy court's decision in *In re ENRON Corp.*, 2004 WL 1354463 (Bankr. S.D.N.Y. 2004), further supports the principle that excusable neglect should be applied where a party has made a good faith attempt to comply with the deadline but was hindered by circumstances beyond their control, such as financial constraints, lack of legal

United States Bankruptcy Court for the District of Delaware / Case No. 24-12337 (KBO)
Response to Debtors' First Omnibus Objection to Claims
Claimant: C & L Supply, Inc. / Claim No: C337-2205

Page 2

resources, or inadvertent error. In *ENRON*, the court permitted late claims to be filed under the excusable neglect standard, emphasizing that the claimants acted in good faith and that allowing the claims would not unduly prejudice the debtor or other creditors.

These cases reflect the understanding that bankruptcy courts should generally favor allowing claims to be heard on their merits, particularly when the failure to comply with a procedural deadline results from understandable circumstances, such as financial limitations or lack of legal representation, and not from willful neglect or bad faith.

In light of the facts surrounding the claimant's delay in filing, which were due to financial constraints and the lack of counsel due to the size of the claim, the claimant respectfully requests that the Court exercise its discretion and find that excusable neglect applies to the late filing. The claimant further asserts that allowing the claim to be heard on its merits will not unduly disrupt the bankruptcy proceedings or prejudice the debtor or other parties.

Documentation and Evidence: The claimant previously filed and submitted the invoices in support of the claim amount, which were included with the original proof of claim filed on December 3, 2024. These invoices reflect the amounts owed and are attached as **Exhibit A** to the original claim. The claimant reaffirms that these documents are valid and sufficient to support the claim. As such, no additional documentation is being submitted at this time.

4. **Contact Information for Reconciliation:** The person possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed Claim on behalf of the claimant is:
   Name: Mark Kidd
   Address: 335 S. Wilson St., Vinita OK 74301
   Telephone Number: 918-256-0510
   Fax Number: 918-256-0598
   Email: mkidd@clsupplyinc.com

5. **Contact Information for Service of Reply:** The person to whom the Debtors should serve any reply to this Response is:
   Name: Mark Kidd
   Address: 335 S. Wilson St., Vinita OK 74301
   Telephone Number: 918-256-0510
   Fax Number: 918-256-0598
   Email: mkidd@clsupplyinc.com

Thank you for your attention to this matter.

Sincerely,

*[signature: Mark Kidd]*

Mark Kidd, CEO
C & L Supply, Inc.