IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re : Chapter 11

TRUE VALUE COMPANY, L.L.C., *et al.*, : Case No. 24-12337 (KBO)

Debtors.[1] : Jointly Administered

: Objection Deadline:
: January 21, 2025 at 4:00 p.m. (ET)

: Hearing Date:
: February 11, 2025 at 10:30 a.m. (ET)

: Re: D.I. 754

---

## DECLARATION OF R. SCOTT DEXHEIMER
## IN SUPPORT OF RESPONSE OF UNITED STATES GYPSUM CO.
## ~~TO DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS~~
## (SUBSTANTIVE)

I, R. Scott Dexheimer, make oath upon my personal knowledge as follows:

At all material times, I was Senior Manager Accounts Receivable for United States Gypsum Co. ("USG").

1. USG has enjoyed a long relationship with True Value, LLC ("True Value") pursuant to which USG has manufactured, sold and delivered goods to True Value in the ordinary course of business and at True Value's special instance and request.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, LLC (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 West Bryn Mawr Avenue, Chicago, IL 60631.

1

2.	On November 27, 2024, USG filed a claim pursuant to 11 U.S.C. § 503(b)(9) asserting an administrative claim in the amount of $369,085.18 ("USG's 503(b)(9) Claim"), a copy of which is incorporated herein by this reference.

3.	Debtors' Second Omnibus Objection to Claims (Substantive) lists USG's 503(b)(9) Claim as Claim No. C337-1848

4.	A summary of the claim is attached to USG's 503(b)(9) Claim and states in pertinent part as follows:

> Prior to the commencement of Debtor's chapter 11 case on October 14, 2024 (the "Petition Date"), Claimant had a long-standing relationship with Debtor pursuant to which Claimant sold and delivered large quantities of goods to and for the use and benefit of Claimant. Within twenty (20) days prior to the Petition Date, Claimant delivered and Debtor received goods in the amount of $369,085.18 (the "503(b)(9) Amount") which Claimant sold to Debtor in the ordinary course of Debtor's business and for which Claimant was not paid. The 503(b)(9) Amount is comprised of thirty-one separate deliveries. The 31 invoices and 31 bills of lading evidencing the amounts and dates of delivery of the goods comprising the 503(b)(9) Amount are voluminous, and copies of same are available upon request.

5.	Attached to the claim summary of USG's 503(b)(9) Claim is a detailed statement of account listing, *inter alia*, the amount of each invoice, the date payment is due, the payment terms, the date on which the goods were delivered, the date of the corresponding purchase order, and the purchase order number (the "503(b)(9) Claim Statement of Account").

6.	The 503(b)(9) Claim Statement of Account correctly lists all purchase orders and invoices, as well as related pertinent information, pertaining to the 31 purchase orders, invoices and deliveries referenced in the claim summary discussed in paragraph 3 above. Each of the listed purchase orders was issued by True Value to USG, and each of the listed invoices was issued by USG to True Value. All of the listed purchase orders and invoices were issued in the

ordinary course of both USG's and True Value's businesses and consistent with the parties' practices over many years.

7. All goods requested by True Value in the 31 purchase orders were delivered by USG within 20 days of the commencement of True Value's bankruptcy case on October 14, 2024.

8. None of the 31 invoices listed in the 503(b)(9) Claim Statement of Account have been paid.

9. As set forth in USG's 503(b)(9) Claim, the amount of $369,085.18 is owed by True Value to USG for goods delivered within the 20-day period.

Executed on January __21__, 2025

R. Scott Dexheimer

## **CERTIFICATE OF SERVICE**

I, Charles S. Stahl, Jr., an attorney, certify that I caused a copy of the foregoing Declaration to be served on January 21, 2025, via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the District of Delaware and via electronic mail on all persons listed on the attached Service List.

/s/ *Charles S. Stahl, Jr.*
Charles S. Stahl, Jr.

Charles S. Stahl, Jr. (IL I.D. 2699915)
Swanson, Martin & Bell, LLP
2525 Cabot Drive, Suite 204
Lisle, IL 60532
T: 630-780-8472
F: 630-799-6901
cstahl@smbtrials.com

## SERVICE LIST

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Edmond L. Morton, Esq.
Kenneth J. Enos, Esq.
Kristin L. McElroy, Esq.
Timothy R. Powell, Esq.
One Rodney Square
1000 North King Street
Wilmington, DE 19801
emorton@ycst.com
kenos@ysct.com
kmcelroy@ycst.com
tpowell@ycst.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Joseph O. Larkin, Esq.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Joseph.Larkin@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Ron E. Meisler, Esq.
Jennifer Madden, Esq.
320 South Canal Street
Chicago, IL 60606
Ron.Meisler@skadden.com
Jennifer.Madden@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Robert D. Drain, Esq.
Evan A. Hill, Esq.
Moshe S. Jacob, Esq.
One Manhattan West
New York, NY 10001
Robert.Drain@skadden.com
Evan.Hill@skadden.com
Moshe.Jacob@skadden.com

Benjamin A. Hackman, Esq.
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801
benjamin.a.hackman@usdoj.gov