## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
|  | <u>Objection Deadline:</u> **February 4, 2025 at 4:00 p.m. (ET)** |
|  | <u>Hearing Date:</u> **February 11, 2025 at 10:30 a.m. (ET)** |
|  | **Related Docket Nos. 795, 796, & 797** |

## NOTICE OF SUPPLEMENT TO
## <u>DEBTORS' PROPOSED SOLICITATION PROCEDURES</u>

**PLEASE TAKE NOTICE** that, on January 21, 2025, True Value Company, L.L.C. and certain of its affiliates, as the debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") filed: (i) the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. 796] (the "<u>Plan</u>"); (ii) the related *Disclosure Statement for the Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. 797] (the "<u>Disclosure Statement</u>"); and (iii) the *Debtors' Motion for Entry of an Order (A) Approving the Disclosure Statement on an Interim Basis; (B) Establishing Solicitation and Tabulation Procedures; (C) Approving the Form of Ballot and Solicitation Materials; (D) Establishing the Voting Record Date; (E) Fixing the Date, Time, and Place for the Combined Confirmation Hearing and the Deadline for Filing Objections Thereto; and (F) Granting Related Relief* [Docket No. 795] (the "<u>Motion</u>")[2] with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

**PLEASE TAKE FURTHER NOTICE** that attached to the Motion as Exhibit A is a proposed form of order (the "<u>Proposed Order</u>") providing for, among other things, approval of the Debtors' proposed solicitation procedures and interim approval of the Disclosure Statement for solicitation purposes only. Attached to the Proposed Order as Exhibit 3 is a Notice of Non-Voting Status.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Proposed Order and Notice of Non-Voting Status failed to accurately reflect the opportunity for Holders of Claims or Interests in the Non-Voting Classes to affirmatively "opt in" to the Releasing Party Releases under the proposed Plan.  Accordingly, the Debtors are filing updated versions of the Proposed Order and Notice of Non-Voting Status, and a proposed Release Opt-In Election Form to address the inconsistency with the Plan.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a revised Proposed Order (the "Revised Proposed Order"). A changed-pages only blackline comparing the Revised Proposed Order to the Proposed Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit C** is a revised Notice of Non-Voting Status (the "Revised Notice of Non-Voting Status"). A blackline comparing the Revised Notice of Non-Voting Status to the Notice of Non-Voting Status is attached hereto as **Exhibit D**.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit E** is proposed Release Opt-In Election Form

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve all rights to further amend or supplement the Motion, including the revised documents contained herein, and any of the documents filed therewith.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 27, 2025

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ *Carol E. Thompson*
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
Carol E. Thompson (Del. Bar No. 6936)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
kenos@ycst.com
kmcelroy@ycst.com
tpowell@ycst.com
cthompson@ycst.com

GLENN AGRE BERGMAN & FUENTES
LLP
Andrew K. Glenn (admitted pro hac vice)
Trevor J. Welch (admitted pro hac vice)
Malak S. Doss (admitted pro hac vice)
Michelle C. Perez (admitted pro hac vice)
Esther Hong (admitted pro hac vice)
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
twelch@glennagre.com
mdoss@glennagre.com
mperez@glennagre.com
ehong@glennagre.com

*Counsel to Debtors and Debtors in Possession*

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
|  | **Related Docket No. _____** |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM
BASIS; (B) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS;
(D) ESTABLISHING THE VOTING RECORD DATE; (E) FIXING THE DATE,
TIME, AND PLACE FOR THE COMBINED CONFIRMATION HEARING AND
THE DEADLINE FOR FILING OBJECTIONS THERETO;
AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order:

(a) approving the Disclosure Statement on an interim basis for solicitation purposes only;

(b) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan;

(c) approving the form of ballot and solicitation materials; (d) establishing a voting record date;

(e) fixing the date, time, and place for the Combined Confirmation Hearing and establishing the

deadline for filing objections related thereto; and (f) granting related relief; and after due

deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

**THIS COURT HEREBY FINDS AS FOLLOWS:**

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated as of February 29, 2012.

B.      Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      This Court may, consistent with Article III of the United States Constitution, issue a final order in connection with the Motion.

D.      Venue of the proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      The relief requested in the Motion is in the best interests of the Debtors' estates, its creditors, and other parties in interest.

F.      The notice of the Motion was served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

G.      The form of ballot attached hereto as **Exhibit 1** (the "Ballot"): (i) is consistent with Official Form No. 314; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for the Voting Classes; and (iv) complies with Bankruptcy Rule 3017(d).

H.      The Ballot need not be provided to Holders of Claims or Interests in the Non-Voting Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or (ii) impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 1 | Other Priority Claims | Unimpaired | Presumed to Accept Plan |
| 2 | Other Secured Claims | Unimpaired | Presumed to Accept Plan |
| 3 | Prepetition Lender Claims | Impaired | Entitled to Vote on Plan |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote on Plan |
| 5 | Intercompany Claims | Impaired/ Unimpaired | Deemed to Reject Plan/ Presumed to Accept Plan |
| 6 | Intercompany Interests | Impaired/ Unimpaired | Deemed to Reject Plan/ Presumed to Accept Plan |
| 7 | Subordinated Claims | Impaired | Deemed to Reject |
| 8 | Existing Equity Interests | Impaired | Deemed to Reject |

I.      The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for the Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

J.      The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K.      The contents of the Solicitation Package and the procedures for providing notice of the Combined Confirmation Hearing and the other matters set forth in the Combined Confirmation

Hearing Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The relief requested in the Motion is granted as set forth herein.

**<u>CONDITIONAL APPROVAL OF THE DISCLOSURE STATEMENT</u>**

2.     The Disclosure Statement is approved on an interim basis as containing adequate information for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

**<u>APPROVAL OF THE CONFIRMATION TIMELINE</u>**

3.     This Court shall conduct the Combined Confirmation Hearing for (a) final approval of the Disclosure Statement as containing adequate information and (b) confirmation of the Plan. The Combined Confirmation Hearing is hereby scheduled for **March 27, 2025 at 10:30 a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than by (a) announcing any adjourned date at the Combined Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of the Chapter 11 Cases.

4.     The following dates and deadlines, are hereby approved:

| Event | Date |
|---|---|
| Voting Record Date | February 10, 2025 |
| Date by which Solicitation will be Mailed | Within two business days after entry of the Proposed Solicitation Procedures Order |
| Deadline to File Rule 3018 Motions | February 28, 2025 at 4:00 p.m. (ET) |
| Deadline for Debtors to File Objections to Rule 3018 Motions | March 5, 2025 |
| Deadline to File Plan Supplement | March 7, 2025 |

| Event | Date |
|---|---|
| Voting Deadline | March 14, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | March 14, 2025 at 4:00 p.m. (ET) |
| Deadline to File Brief, Replies, and Declarations in Support of the Plan and the Proposed Confirmation Order | March 19, 2025 at noon (ET) (or prior to noon two business days prior to any adjourned Combined Confirmation Hearing) |
| Combined Confirmation Hearing | March 27, 2025 at 10:30 a.m. (ET) |

## APPROVAL OF THE SOLICITATION PROCEDURES

5.      The Ballot, in substantially the form attached hereto as **Exhibit 1**, is approved.

6.      The Combined Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 2**, is approved.

7.      The Notice of Non-Voting status, in substantially the form attached hereto as **Exhibit 3**, is approved.

8.      The Opt-In Release Form, in substantially the form attached hereto as **Exhibit 4**, is approved.

9.      The Publication Notice, in substantially the form attached hereto as **Exhibit 5**, is approved.

10.     Pursuant to Bankruptcy Rule 3017(d), **February 10, 2025 at 4:00 p.m. (prevailing Eastern Time)** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Package and vote on the Plan (the "Record Date").

11.     With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the

transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

12.     On or prior to the date that is two (2) business days following entry of this Order (the "Service Date"), the Notice and Claims Agent shall mail the Solicitation Package to Holders of Claims in the Voting Classes containing copies of: (a) the Combined Confirmation Hearing Notice; (b) instructions, including a QR code, for accessing the Disclosure Statement, the Plan, and the Solicitation Procedures Order; (c) the Ballot; and (d) a pre-paid, pre-addressed return envelope.  The Debtors shall be excused from distributing Solicitation Package to those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Debtors receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date.  The Debtors and the Notice and Claims Agent are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Combined Confirmation Hearing Notice.

13.     On or prior to the Service Date, the Notice and Claims Agent shall mail the Combined Confirmation Hearing Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package or a Notice of Non-Voting Status and Release Opt-In: (a) all persons or entities that have filed or are deemed to have filed a proof of claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) all entities known by the

Debtors to hold or assert a lien or other interest in the Debtors' property; and (g) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

14.     On or prior to the Service Date, the Notice and Claims Agent shall mail the Notice of Non-Voting Status and Opt-In Release Form to the Holders of Claims or Interests in the Non-Voting Classes.  All Opt-In Release Forms shall be accompanied by pre-addressed, postage prepaid return envelopes addressed to the Claims and Balloting Agent.

15.     The Debtors are authorized, but not directed, to publish the Publication Notice, substantially in the form attached hereto as **Exhibit 5**, in the national edition of *USA Today* or a similar publication at least twenty-eight (28) days prior to the Combined Confirmation Hearing.

16.     To be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed, and delivered to the Notice and Claims Agent in accordance with the instructions on the Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on March 14, 2025** (the "Voting Deadline").

17.     The Debtors propose that the following procedures in the subsequent paragraph be utilized in tabulating the votes to accept or reject the Plan (the "Tabulation Procedures").  Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of the Debtors and its estate in any other context, the Debtors propose that each Claim within the Voting Class vote in an amount determined by the following procedures:

**Class 3 (Prepetition Lender Claims) and Class 4 (General Unsecured Claims)**

- If a Claim is deemed allowed under the Plan, an order of this Court, or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

- If a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the

supporting documentation by the Notice and Claims Agent), and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

- If a Claim for which a proof of claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim for which a proof of claim was timely filed and is liquidated and non-contingent, or was listed in the Debtors' schedules of assets and liabilities (the "Schedules") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Schedules;

- If a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, such Claim is temporarily allowed in the amount so estimated or allowed by this Court for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim is listed on the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by this Court, or (ii) deemed timely filed by an order of this Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

- Proofs of claim filed for $0.00 are not entitled to vote;

- If the Debtors or other party in interest has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by this Court before the Voting Deadline;

- For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one (1) Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

- Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class, regardless of whether the Debtors has objected to such duplicate Claims; and

- If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending proof of claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed proof of claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended proof of claim.  Except as otherwise ordered by this Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

**<u>Voting Rules</u>**

- Except as otherwise ordered by this Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors, in their discretion;

- Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

- Any Ballot cast by a person or entity that does not hold a Claim in the Voting Classes as of the Voting Record Date will not be counted;

- Any unsigned Ballot will not be counted, provided that Ballots validly submitted through the Balloting Portal will be deemed signed;

- Except in the Debtors' discretion, any Ballot transmitted to the Notice and Claims Agent by facsimile or other electronic means (other than through the Balloting Portal) will not be counted;

- Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted;

- Whenever a claimant casts more than one (1) Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

- If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

- Subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

- Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Plan, and any votes that are split will not be counted; and

- Subject to any contrary order of this Court, the Debtors further reserve the right to waive any defects, irregularities, or conditions of delivery as to any particular Ballot.

18.     Upon completion of the balloting, the Notice and Claims Agent shall certify the amount and number of allowed claims of the Voting Classes accepting or rejecting the Plan, including all votes not counted and the reason for not counting such votes. The Debtors shall cause such certification to be filed with this Court prior to the Combined Confirmation Hearing.

19.     If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") no later than **February 28, 2025 at 4:00 p.m. (prevailing Eastern Time)** and serve the Rule 3018 Motion on the Debtors. The Debtors (and, with respect to filing a response, any other party in interest) shall then (a) have until March 5, 2025 to file and serve any responses to such Rule 3018 Motions, and (b) coordinate with this Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Confirmation Hearing. Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or interest is temporarily allowed by this Court for voting purposes in a different amount, after notice and a hearing.

20.     Objections to confirmation of the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement, if any, must (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) comply with the Bankruptcy Rules and the Local Rules; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following:  (a)  the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjaman A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); and (f) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919

North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)), so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on March 14, 2025** (the "Confirmation Objection Deadline").

21.     The Debtors shall, if it deems necessary in its discretion, and any other party in interest may, file a reply to any such objections or brief in support of confirmation of the Plan, or final approval of the Disclosure Statement, by no later than **4:00 p.m. (prevailing Eastern Time) on March 19, 2025** (or two (2) business days prior to the date of any adjourned Combined Confirmation Hearing).

22.     The Debtors are authorized to make non-substantive and ministerial changes to the Disclosure Statement, the Plan, the Combined Confirmation Hearing Notice, Ballot, Publication Notice, and related documents without further approval of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to any materials included in the Solicitation Package prior to their distribution.

23.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

24.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25.     This Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

# EXHIBIT B

**Changed-Pages Only Blackline**

| Event | Date |
|---|---|
| Deadline to File Rule 3018 Motions | February 28, 2025 at 4:00 p.m. (ET) |
| Deadline for Debtors to File Objections to Rule 3018 Motions | March 5, 2025 |
| Deadline to File Plan Supplement | March 7, 2025 |
| Voting Deadline | March 14, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | March 14, 2025 at 4:00 p.m. (ET) |
| Deadline to File Brief, Replies, and Declarations in Support of the Plan and the Proposed Confirmation Order | March 19, 2025 at noon (ET) (or prior to noon two business days prior to any adjourned Combined Confirmation Hearing) |
| Combined Confirmation Hearing | March 27, 2025 at 10:30 a.m. (ET) |

## **APPROVAL OF THE SOLICITATION PROCEDURES**

5. The Ballot, in substantially the form attached hereto as **Exhibit 1**, is approved.

6. The Combined Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 2**, is approved.

7. The Notice of Non-Voting status, in substantially the form attached hereto as **Exhibit 3**, is approved.

8. The Opt-In Release Form, in substantially the form attached hereto as **Exhibit 4**, is approved.

9. The Publication Notice, in substantially the form attached hereto as **Exhibit 5**, is approved.

10. 8. Pursuant to Bankruptcy Rule 3017(d), **February 10, 2025 at 4:00 p.m. (prevailing Eastern Time)** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Package and vote on the Plan (the "Record Date").

13.    ~~11.~~ On or prior to the Service Date, the Notice and Claims Agent shall mail the Combined Confirmation Hearing Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package or a Notice of Non-Voting Status and Release Opt-In: (a) all persons or entities that have filed or are deemed to have filed a proof of claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) all entities known by the Debtors to hold or assert a lien or other interest in the Debtors' property; and (g) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

14.    ~~12.~~ On or prior to the Service Date, the Notice and Claims Agent shall mail the Notice of Non-Voting Status and Opt-In Release Form to the Holders of Claims or Interests in the Non-Voting Classes.  All Opt-In Release Forms shall be accompanied by pre-addressed, postage prepaid return envelopes addressed to the Claims and Balloting Agent.

15.    ~~13.~~ The Debtors are authorized, but not directed, to publish the Publication Notice, substantially in the form attached hereto as **Exhibit ~~3~~5**, in the national edition of *USA Today* or a similar publication at least twenty-eight (28) days prior to the Combined Confirmation Hearing.

16.    ~~14.~~ To be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed, and delivered to the Notice and Claims Agent in accordance with the instructions on the Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on March 14, 2025** (the "Voting Deadline").

(moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjaman A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); and (f) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)), so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on March 14, 2025** (the "Confirmation Objection Deadline").

21.    ~~19.~~ The Debtors shall, if it deems necessary in its discretion, and any other party in interest may, file a reply to any such objections or brief in support of confirmation of the Plan, or final approval of the Disclosure Statement, by no later than **4:00 p.m. (prevailing Eastern Time) on March 19, 2025** (or two (2) business days prior to the date of any adjourned Combined Confirmation Hearing).

22.    ~~20.~~ The Debtors are authorized to make non-substantive and ministerial changes to the Disclosure Statement, the Plan, the Combined Confirmation Hearing Notice, Ballot, Publication Notice, and related documents without further approval of

## EXHIBIT C

**Revised Notice of Non-Voting Status**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## NOTICE OF NON-VOTING STATUS

**TO: ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS OR INTERESTS IN CLASSES 1, 2, 5, 6, 7 AND 8**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On October 14, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      On February __, 2025, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved the *Disclosure Statement for Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (the "Disclosure Statement"), which was filed by the Debtors in the Debtors' chapter 11 cases (the "Chapter 11 Cases"), on an interim basis for solicitation purposes only.

3.      **Combined Confirmation Hearing**.  A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, the "Plan")[2] will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #3, 824 North Market Street, Wilmington, Delaware 19801, on **March 27, 2025 at 10:30 a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

## ENTITLEMENT TO VOTE ON THE PLAN

4.      In accordance with the terms of the Plan and the Bankruptcy Code, General Administrative Claims, Professional Fee Claims, and Priority Tax Claims (collectively, the "Unclassified Claims") are unclassified and are not entitled to vote on the Plan. Also, Holders of Claims and Interests in Classes 1 (Other Priority Claims), 2 (Other Secured Claims), 5 (Intercompany Claims), 6 (Intercompany Interests), 7 (Subordinated Claims) and 8 (Existing Equity Interests) under the Plan (collectively, the "Non-Voting Classes") are (a) conclusively presumed to have accepted the Plan or deemed to reject the Plan, as applicable, and (b) not entitled to vote to accept or reject the Plan, as further described below. You are receiving this notice because you are either (i) a Holder of an Unclassified Claim and, therefore, not entitled to vote on the Plan; or (ii) a Holder of a Claim or Interest in a Class that is conclusively presumed to accept or deemed to reject the Plan and, therefore, not entitled to vote on the Plan.

5.      **Optional Release Election**.  As of the Effective Date of the Plan, certain release, injunction, exculpation and discharge provisions set forth in Article VIII of the Plan will become effective. These provisions are described below. As part of the Non-Voting Classes, you may choose to opt into the Third-Party Release set forth in Article VIII of the Plan by following the instructions set forth in the Opt-In Release Form. The Opt-In Release Form must be actually received, regardless of the method of submission, by the Notice and Claims Agent on or before the Voting Deadline of **March 14, 2025 at 4:00 p.m. (prevailing Eastern Time) (the "Release Opt-In Deadline")**. If the Opt-In Release Form is received after the Release Opt-In Deadline, it will not be counted by the Notice and Claims Agent, and you will be deemed **NOT** to have consented to the Releases set forth in Article VIII of the Plan.

6.      Your rights are described more fully in the Disclosure Statement and Plan. Copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://omniagentsolutions.com/TrueValue-Ballots, or upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (i) telephone at +1 (866) 771-0561 (U.S. toll free/Domestic)   OR   +1   (818)   356-8633   (International)   or   (ii) email   at TrueValueInquiries@omniagnt.com.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

7.      The Plan proposes to modify the rights of certain creditors of the Debtors.  The classification of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Prepetition Lender Claims | Impaired | Entitled to Vote |

| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Intercompany Claims | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Reject/ Presumed to Accept) |
| 6 | Intercompany Interests | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Reject/ Presumed to Accept) |
| 7 | Subordinated Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

### DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

8.      **Objections to Confirmation**.  Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must:  (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the basis and nature of such objection; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 14, 2025**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**Debtor Release.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely,**

---

[3]    The Notice Parties are: (a) the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); (f) counsel to the Creditors Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)).

unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, , the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order, or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan; provided that, nothing in this Section 8.3 shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Entity under the Plan, the Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Releasing Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Releasing Party Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, (b) a good-faith settlement and compromise of claims released by the Releasing Party Release; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Releasing Party Release.

"Released Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Post-Effective Date Debtors; (c) the Prepetition Secured Parties; (d) the Creditors' Committee and each of its current and former members; and (e) the Related Parties of each of the Entities in clauses (a) through (d).

"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating that

they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).

**Exculpation**. Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Releasing Party Release, and notwithstanding anything herein to the contrary, each Exculpated Party is hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any postpetition action taken or omitted to be taken during the period commencing on the Petition Date through and including the Effective Date in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, or implementing the Plan, or consummating the Plan, the Disclosure Statement, the Cash Collateral Order, the Asset Purchase Agreement, the Chapter 11 Cases, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; *provided* that, nothing in this Section 8.4 shall be construed to release the Exculpated Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order. Each Exculpated Party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not release any post-Effective Date obligation or liability of any Entity under the Plan, Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

"**Exculpated Party**" or "**Exculpated Parties**" means, each of the following in their respective capacities as such: (a) the Debtors; (b) the Estates; (c) the Creditors' Committee and each of its current and former members; and (d) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Estates at any time between the Petition Date and the Effective Date of this Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan by the Debtors, the

**Liquidating Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.**

**By accepting distributions pursuant to the Plan, each Holder of any Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in Article VIII of the Plan.**

Please be advised that parties not entitled to vote on the Plan, *i.e.* Holders of Unimpaired Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) and Holders of Impaired Claims in Class 5 (Intercompany Claims), and Class 7 (Subordinated Claims) and Interests in Class 6 (Intercompany Interests) and Class 8 (Existing Equity Interests) have not granted the releases set forth in Article VIII of the Plan unless that party separately agrees to provide such releases by following the instructions and returning the Opt-In Release Form by the Release Opt-In Deadline.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII THEREOF.**

Dated: [ ], 2025

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |

*/s/ DRAFT*                          

Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
       kenos@ycst.com
       kmcelroy@ycst.com
       tpowell@ycst.com

*Efficiency Counsel to the*
*Debtors and Debtors in Possession*

Joseph O. Larkin
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Email: Joseph.Larkin@skadden.com

- and –

Ron E. Meisler (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606-5707
Telephone: (312) 407-0705
Email: Ron.Meisler@skadden.com
       Jennifer.Madden@skadden.com

- and –

Robert D. Drain (admitted *pro hac vice*)
Evan A. Hill (admitted *pro hac vice*)
Moshe S. Jacob (admitted *pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Email: Robert.Drain@skadden.com
       Evan.Hill@skadden.com
       Moshe.Jacob@skadden.com

*Counsel to Debtors and*
*Debtors in Possession*

# EXHIBIT D

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.**, *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |

## NOTICE OF NON-VOTING STATUS

**TO: ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS OR INTERESTS IN CLASSES 1, 2, 5, 6, 7 AND 8**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On October 14, 2024 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") filed voluntary petitions for relief under title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

2.      On February __, 2025, the Court entered an order (the "<u>Solicitation Procedures Order</u>"), which, among other things, approved the *Disclosure Statement for Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (the "<u>Disclosure Statement</u>"), which was filed by the Debtors in the Debtors' chapter 11 cases (the "<u>Chapter 11 Cases</u>"), on an interim basis for solicitation purposes only.

3.      **Combined Confirmation Hearing**.  A hearing (the "<u>Combined Confirmation Hearing</u>") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, the "<u>Plan</u>")[2] will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #3, 824 North Market Street, Wilmington, Delaware 19801, on **March 27, 2025 at 10:30 a.m. (prevailing Eastern Time)**. The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

## ENTITLEMENT TO VOTE ON THE PLAN

4.      In accordance with the terms of the Plan and the Bankruptcy Code, General Administrative Claims, Professional Fee Claims, and Priority Tax Claims (collectively, the "Unclassified Claims") are unclassified and are not entitled to vote on the Plan. Also, Holders of Claims and Interests in Classes 1 (Other Priority Claims), 2 (Other Secured Claims), 5 (Intercompany Claims), 6 (Intercompany Interests), 7 (Subordinated Claims) and 8 (Existing Equity Interests) under the Plan (collectively, the "Non-Voting Classes") are (a) conclusively presumed to have accepted the Plan or deemed to reject the Plan, as applicable, and (b) not entitled to vote to accept or reject the Plan, as further described below. You are receiving this notice because you are either (i) a Holder of an Unclassified Claim and, therefore, not entitled to vote on the Plan; or (ii) a Holder of a Claim or Interest in a Class that is conclusively presumed to accept or deemed to reject the Plan and, therefore, not entitled to vote on the Plan.

5.      **Optional Release Election**. As of the Effective Date of the Plan, certain release, injunction, exculpation and discharge provisions set forth in Article VIII of the Plan will become effective. These provisions are described below. As part of the Non-Voting Classes, you may choose to opt into the Third-Party Release set forth in Article VIII of the Plan by following the instructions set forth in the Opt-In Release Form. The Opt-In Release Form must be actually received, regardless of the method of submission, by the Notice and Claims Agent on or before the Voting Deadline of **March 14, 2025 at 4:00 p.m. (prevailing Eastern Time) (the "Release Opt-In Deadline")**. If the Opt-In Release Form is received after the Release Opt-In Deadline, it will not be counted by the Notice and Claims Agent, and you will be deemed **NOT** to have consented to the Releases set forth in Article VIII of the Plan.

6.      Your rights are described more fully in the Disclosure Statement and Plan. Copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://omniagentsolutions.com/TrueValue-Ballots, or upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (i) telephone at +1 (866) 771-0561 (U.S. toll free/Domestic)   OR   +1   (818)   356-8633   (International)   or   (ii) email   at TrueValueInquiries@omniagnt.com.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

7.      The Plan proposes to modify the rights of certain creditors of the Debtors.  The classification of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Prepetition Lender Claims | Impaired | Entitled to Vote |

| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Intercompany Claims | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Reject/ Presumed to Accept) |
| 6 | Intercompany Interests | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Reject/ Presumed to Accept) |
| 7 | Subordinated Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

**DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN**

8. 7.**Objections to Confirmation**.  Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must:  (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the basis and nature of such objection; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 14, 2025**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**Debtor Release.    As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively,**

---

[3]    The Notice Parties are: (a) the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjaman A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); (f) counsel to the Creditors Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)).

absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, , the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order, or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan; provided that, nothing in this Section 8.3 shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Entity under the Plan, the Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Releasing Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Releasing Party Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, (b) a good-faith settlement and compromise of claims released by the Releasing Party Release; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Releasing Party Release.

"Released Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Post-Effective Date Debtors; (c) the Prepetition Secured Parties; (d) the Creditors' Committee and each of its current and former members; and (e) the Related Parties of each of the Entities in clauses (a) through (d).

"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating

that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).

<u>Exculpation</u>. Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Releasing Party Release, and notwithstanding anything herein to the contrary, each Exculpated Party is hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any postpetition action taken or omitted to be taken during the period commencing on the Petition Date through and including the Effective Date in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, or implementing the Plan, or consummating the Plan, the Disclosure Statement, the Cash Collateral Order, the Asset Purchase Agreement, the Chapter 11 Cases, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; *provided* that, nothing in this Section 8.4 shall be construed to release the Exculpated Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order. Each Exculpated Party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not release any post-Effective Date obligation or liability of any Entity under the Plan, Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

"<u>Exculpated Party</u>" or "<u>Exculpated Parties</u>" means, each of the following in their respective capacities as such: (a) the Debtors; (b) the Estates; (c) the Creditors' Committee and each of its current and former members; and (d) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Estates at any time between the Petition Date and the Effective Date of this Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any

**actions to interfere with the implementation or consummation of the Plan by the Debtors, the Liquidating Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.**

**By accepting distributions pursuant to the Plan, each Holder of any Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in Article VIII of the Plan.**

Please be advised that parties not entitled to vote on the Plan, *i.e.* Holders of Unimpaired Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) and Holders of Impaired Claims in Class 5 (Intercompany Claims), and Class 7 (Subordinated Claims) and Interests in Class 6 (Intercompany Interests) and Class 8 (Existing Equity Interests) have not granted the releases set forth in Article VIII of the Plan unless that party separately agrees to provide such releases by following the instructions and returning the Opt-In Release Form by the Release Opt-In Deadline.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII THEREOF.**

Dated: [ ], 2025

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP** |

*/s/ DRAFT*_____

Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
      kenos@ycst.com
      kmcelroy@ycst.com
      tpowell@ycst.com

*Efficiency Counsel to the*
*Debtors and Debtors in Possession*

Joseph O. Larkin
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Email: Joseph.Larkin@skadden.com

- and –

Ron E. Meisler (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606-5707
Telephone: (312) 407-0705
Email: Ron.Meisler@skadden.com
      Jennifer.Madden@skadden.com

- and –

Robert D. Drain (admitted *pro hac vice*)
Evan A. Hill (admitted *pro hac vice*)
Moshe S. Jacob (admitted *pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Email: Robert.Drain@skadden.com
      Evan.Hill@skadden.com
      Moshe.Jacob@skadden.com

*Counsel to Debtors and*
*Debtors in Possession*

## **EXHIBIT E**

**Release Opt-In Election Form**

**Opt-In Release Form**

You are receiving this opt-in election form (the "Opt-In Release Form") because you are or may be a Holder of a Claim in Class 1, 2, 5, 6, 7, or 8 under the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. 796] (as may be amended from time to time, the "Plan").[1] Holders in Classes 1 and 2 hold Claims that are Unimpaired under the Plan are therefore presumed to accept the Plan. Holders in Classes 5, 6, 7, and 8 are not entitled to any recovery under the Plan and are therefore deemed to reject the Plan. Therefore, you will not be receiving a ballot to vote on the Plan.

As of the Effective Date of the Plan, certain release, injunction, exculpation and discharge provisions set forth in Article VIII of the Plan will become effective. **These provisions are attached as <u>Schedule A</u> to this form.** You may choose to opt into the Third-Party Release set forth in Article VIII of the Plan by following the instructions set forth in this Opt-In Release Form.

**IF YOU WISH TO OPT INTO THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII OF THE PLAN:**

**(1) PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN RELEASE FORM AND RETURN IT TO OMNI AGENT SOLUTIONS, INC. IN THE PREPAID, PRE-ADDRESSED BUSINESS REPLY ENVELOPE PROVIDED OR BY FIRST-CLASS MAIL, OVERNIGHT OR HAND DELIVERY TO:**

<div style="border:1px solid black; text-align:center;">

**True Value Company, L.L.C., Ballot Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 Soto Ave., Suite 100**
**Woodland Hills, CA 91367**

</div>

**<u>OR</u>**

**(2) SUBMIT YOUR CUSTOMIZED, ELECTRONIC OPT-IN RELEASE FORM VIA THE NOTICE AND CLAIMS AGENT'S ONLINE PORTAL AS FOLLOWS:**

**Please visit the Debtors' website at https://omniagentsolutions.com/TrueValue-Ballots. Click on the "Submit E-Ballot" section of the website and follow the directions to submit the electronic version of your Opt-In Release Form. If you choose to submit your Opt-In Release Form via the Notice and Claims Agent's online E-Ballot portal, you should <u>not</u> also return a hard copy of your Opt-In Release Form.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit the customized electronic version of your Opt-In Release Form:**

**Unique E-Ballot ID#: _____**

---

[1] All capitalized terms not described herein shall have the meaning ascribed to them in the Plan.

**The online E-Ballot portal is the sole manner in which your Opt-In Release Form will be accepted via electronic or online transmission. Opt-In Release Forms submitted by facsimile or email will not be counted.**

**THIS OPT-IN RELEASE FORM MUST BE ACTUALLY RECEIVED, REGARDLESS OF THE METHOD OF SUBMISSION, BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE THE VOTING DEADLINE OF MARCH 14, 2025 AT 4:00 P.M. (PREVALING EASTERN TIME) (THE "<u>RELEASE OPT-IN DEADLINE</u>"). IF THIS OPT-IN RELEASE FORM IS RECEIVED AFTER THE RELEASE OPT-IN DEADLINE, IT WILL NOT BE COUNTED BY THE NOTICE AND CLAIMS AGENT AND YOU WILL BE DEEMED <u>NOT</u> TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII OF THE PLAN.**

[*Remainder of Page Intentionally Left Blank*]

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Claim or Interest.**  The undersigned certifies that the undersigned (check all that apply):

☐ Holds a **Class 1 – Other Priority Claim** against one or more of the Debtors

☐ Holds a **Class 2 – Other Secured Claim** against one or more of the Debtors

☐ Holds a **Class 5 – Intercompany Claim** against one or more of the Debtors

☐ Holds a **Class 6 – Intercompany Interest** against one or more of the Debtors

☐ Holds a **Class 7– Subordinated Claim** against one or more of the Debtors

☐ Holds a **Class 8 – Existing Equity Interest** against one or more of the Debtors

**Item 2.  Opt-In for Third-Party Release.**  By checking this box, the undersigned Holder identified in Item 1 above:

☐ **Elects to grant (and therefore OPTS INTO) the Third-Party Release contained in Article VIII of the Plan (which is copied on Schedule A hereto).**

**PLEASE BE ADVISED THAT BY CHECKING THE BOX ABOVE YOU ELECT TO GRANT THE THIRD-PARTY RELEASE AGAINST EACH PARTY THAT IS A "RELEASED PARTY" AS THAT TERM IS DEFINED IN THE PLAN.  <u>YOU MUST AFFIRMATIVELY CHECK THE BOX ABOVE IN ORDER TO OPT INTO THE THIRD-PARTY RELEASE.</u>**

PLEASE ALSO BE ADVISED THAT THE DEBTOR RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN IS SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE.  IF YOU OBJECT TO THE DEBTOR RELEASE, YOU MUST FILE A SEPARATE OBJECTION WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE PROCEDURES DESCRIBED IN THE DISCLOSURE STATEMENT ORDER.

**Item 3.  Certifications.**  By signing this Opt-In Release Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a. the undersigned is either (i) the Holder of Claims or Interests set forth in Item 1 or (ii) an authorized signatory for an entity that is the Holder of the Claims or Interests set forth in Item 1;

b. the undersigned has submitted the same election concerning the releases with respect to all Claims or Interests in a single Class set forth in Item 1; and

c. no other Opt-In Release Form with respect to the Holder's Claims or Interests identified in Item 1 has been completed or, if any other Opt-In

4

Release Forms have been submitted with respect to such Claims, then any such Opt-In Release Forms are hereby revoked.

**YOUR RECEIPT OF THIS OPT-IN RELEASE FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.**

_____

Name of Holder

_____

Signature

_____

Name of Signatory and Title

_____

Name of Institution (if different than Holder)

_____

Street Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Email Address

_____

Date Completed

## SCHEDULE A

## PLAN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY IMPACT YOUR RIGHTS, INCLUDING THE FOLLOWING:

Article VIII of the Plan contains the following release provision:

**Releases by Releasing Parties.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, , the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order, or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan; provided that, nothing in this Section 8.3 shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Entity under the Plan, the Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Releasing Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Releasing Party Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, (b) a good-faith settlement and compromise of claims released by the Releasing Party Release; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Releasing Party Release.**

As defined in Article I.A.109 of the Plan:

**"Released Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Post-Effective Date Debtors; (c) the Prepetition Secured Parties; (d) the Creditors' Committee and each of its current and former members, but solely in their capacities as such; and (e) the Related Parties of each of the Entities in clauses (a) through (d).**

As defined in Article I.A.110 of the Plan:

**"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out"**

of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).

Article VIII of the Plan contains the following exculpation provision:

**Exculpation:  Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Releasing Party Release, and notwithstanding anything herein to the contrary, each Exculpated Party is hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any postpetition action taken or omitted to be taken during the period commencing on the Petition Date through and including the Effective Date in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, or implementing the Plan, or consummating the Plan, the Disclosure Statement, the Cash Collateral Order, the Asset Purchase Agreement, the Chapter 11 Cases, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided that, nothing in this Section 8.4 shall be construed to release the Exculpated Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order.  Each Exculpated Party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not release any post-Effective Date obligation or liability of any Entity under the Plan, Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

As defined in Article I.A.59 of the Plan:

**"Exculpated Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Estates; (c) the Creditors' Committee and each of its current and former members; and (d) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Estates at any time between the Petition Date and the Effective Date of this Plan.**

Article VIII of the Plan contains the following injunction:

**Injunction.  The satisfaction, release, discharge, and exculpation pursuant to this Article VIII of the Plan shall also act as a permanent injunction against any Entity bound by such provision against commencing or continuing any action, employment of process or act to collect, offset, or recover any Claim or Cause of Action satisfied, released, discharged, or exculpated under the plan or the confirmation order to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by Sections 524 and 1141 thereof.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED IF YOU CHOOSE TO OPT IN USING THIS ELECTION.**