IN THE UNITES STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

RECEIVED
2025 JAN 29 AM 10: 13
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re*: | ) | Chapter 11 |
| | ) | |
| **True Value Company, L.L.C.,** *et al.*, | ) | Case No. 24-12337 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## RESPONSE TO DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS

GREENLEAF NURSERY CO., ("Claimant"), by and through the undersigned, hereby responds to the objection to the late filing of Claimant's administrative expense claim under the U.S. Bankruptcy Code. In support of this response, Claimant states as follows:

## 1. Background

1. Between October 14, 2024 and November 22, 2024, Claimant supplied goods to the Debtor in the ordinary course of business, valued at $55,026.21.
2. Pursuant to notice received in this case, Claimant filed an administrative expense claim for these goods on 12-5-2024.
3. Debtor has objected to the claim on the grounds that it was filed after the deadline for 503(b)(9) administrative claims.

## 2. Legal Standard

Courts have discretion under Bankruptcy Rule 9006(b)(1) to allow late-filed claims where the delay was the result of "excusable neglect." The determination of excusable neglect considers four factors:

- The danger of prejudice to the debtor;
- The length of the delay and its potential impact on judicial proceedings;
- The reason for the delay, including whether it was within the control of the movant; and
- Whether the movant acted in good faith. *(Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993))*

### 4. Argument
#### 1. The Delay Was the Result of Excusable Neglect

1. **Minimal Prejudice to the Debtor**
   Allowing Claimant's late filing will not prejudice the Debtor or its estate because the

claim arises from goods delivered in the ordinary course of business and entitled to priority under the code. Payment of this claim was anticipated as part of the bankruptcy process.

2. **Length of Delay and Impact on Proceedings**
   The delay in filing the claim was minimal and has not disrupted the proceedings. No distributions have been made, and the claim can be addressed without undue burden on the estate.

3. **Reason for Delay**
   The delay was caused by miscommunication regarding the claim filing deadline as Claimant received Document 585: Notice of Deadline for Filing of Administrative Expense Claims with a bar date for Administrative Expenses of December 23, 2024 at 11:59 p.m. (prevailing Eastern Time). Claimant filed the claims subject to this objection on December 5, 2024.

4. **Good Faith**
   Claimant has acted in good faith in asserting its rights under the Bankruptcy Code. There is no evidence of dilatory or improper motive in the late filing. If Claimant's claim was wrongly classified and filed, Claimant respectfully requests the Court to reclassify the claim correctly.

## B. Administrative Expense Claims Serve Critical Bankruptcy Policies

The Bankruptcy Code was designed to protect vendors who provide goods to distressed companies immediately before and after a bankruptcy filing. Denying the claim solely on procedural grounds undermines this purpose and unjustly enriches the estate by failing to compensate the Claimant for its delivery of goods.

## 4. In the Alternative, Amendment of Proof of Claim Is Appropriate

If this Court determines that Claimant's administrative expense claim cannot be allowed as late-filed, Claimant respectfully requests permission to amend its previously filed proof of claim to include the disputed amount.

1. **The Bankruptcy Code Favors Allowance of Amendments**
   Courts generally permit amendments to timely-filed proofs of claim to account for additional amounts, provided the amendment is based on the same transaction or occurrence underlying the original claim. *(See In re Unioil, 962 F.2d 988 (10th Cir. 1992))*.

2. **The Disputed Amount Arises from the Same Underlying Transaction**
   The goods delivered to the Debtor, which form the basis for Claimant's §503(b)(9) claim, were already referenced in Claimant's timely-filed proof of claim. Allowing the amendment ensures the Claimant is fairly compensated for goods delivered without creating undue burden or disruption.

3. **Amendment Will Not Prejudice the Debtor or Other Creditors**
   The amendment merely clarifies Claimant's entitlement to amounts already owed and does not constitute a new claim. Furthermore, allowing this amendment serves the equitable purpose of ensuring the Debtor's estate reflects valid claims owed to creditors.

## 5. Conclusion

For the foregoing reasons, Claimant respectfully requests that this Court:

1. Overrule the objection and allow Claimant's administrative expense claim in the amount of $55,026.21; or, in the alternative,
2. Re-classify Claimant's administrative expense claim correctly; or
3. Permit Claimant to amend its proof of claim to include the disputed amount.

Dated: January 21, 2025

*Bobby Garcia*

Bobby Garcia, Vice President
Human Resources, Purchasing, License Management
Greenleaf Nursery Company
28406 Hwy 82
Park Hill, OK 74451
Phone: 918-457-2268
Fax: 918-457/2204
bobby_garcia@greenleafnursery.com