## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | **Obj. Deadline:** **February 13, 2025 at 4:00 p.m. (ET)** |
| | **Related Docket No. 579** |

## NOTICE OF REJECTION OF CERTAIN EXECUTORY
## CONTRACTS OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON <u>EXHIBIT A</u> ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on November 22, 2024, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") entered an order on the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession (the "<u>Debtors</u>"), approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. 579] (the "<u>Procedures Order</u>").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "<u>Rejection Notice</u>"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit A** attached hereto is hereby rejected effective as of the date set forth in **Exhibit A** (the "<u>Rejection</u>

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Date"), or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

PLEASE TAKE FURTHER NOTICE that, with respect to any personal property that is leased to the Debtors by a third party or owned by a third party, the Debtors shall cause such third party to be served with any Rejection Notice in which such personal property is located at the leased premises the Debtors seek to reject and such third party shall contact the Debtors and remove or cause to be removed such personal property from the leased premises prior to the Rejection Date; *provided*, the Debtors and the landlord of the leased premises will provide reasonable access to the leased premises to facilitate the removal of such personal property prior to the Rejection Date.  If any such personal property remains on the leased premises after the Rejection Date, the applicable Contract counterparty may dispose of any and all such property as set forth in the Procedures Order.

PLEASE TAKE FURTHER NOTICE that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' Chapter 11 Cases and is *actually received* by the following parties no later than fourteen (14) calendar days after the date that the Debtors served this Notice:  (a) True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, Illinois, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) efficiency counsel for the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, (Attn.: Edmon L. Morton, Esq. (emorton@ycst.com), Kenneth J. Enos, Esq. (kenos@ycst.com), and Kristin L. McElroy, Esq. (kmcelroy@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Benjamin A. Hackman, Esq.

32754565.1

2

(benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, Otterburg P.C., 230 Park Avenue New York, New York 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)), and Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: (regina.kelbon@blankrome.com)); (e) with respect to any nonresidential real property leases, any known third party having an interest in personal property located on the leased premises; and (f) counsel to the Committee Pachulski Stang Ziehl & Jones, LLP, 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein, Esq. (rfeinstein@pszjlaw.com) and Paul J. Labov, Esq. (plabov@pszjlaw.com), and 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware (Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com).   Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the Debtors shall seek entry of the proposed form of order attached hereto as **Exhibit B**, and the rejection of each Contract shall become effective on the Rejection Date set forth in **Exhibit A,**[3] or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[4]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.

---

[3]   *Provided* that the effective date of a rejection of a nonresidential real property lease shall not occur until the later of (i) the date the Debtors file and serve a Rejection Notice for such lease, (ii) the Rejection Date set forth in the Rejection Notice, and (iii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord.

[4]   An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Procedures Order.

If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in **Exhibit A** or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Exhibit A** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the applicable deadline for filing proofs of claim established in the Chapter 11 Cases, (b) thirty (30) days after the entry of an order of the Court approving the rejection, and (c) thirty (30) days after the applicable Rejection Date.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated: January 30, 2025

**YOUNG CONAWAY STARGATT**
**& TAYLOR, LLP**

*/s/ Kristin L. McElroy*
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
          kenos@ysct.com
          kmcelroy@ycst.com
          tpowell@ycst.com

*Efficiency Counsel to the*
*Debtors and Debtors in Possession*

**SKADDEN, ARPS, SLATE, MEAGHER**
**& FLOM LLP**

Joseph O. Larkin
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Email: Joseph.Larkin@skadden.com

- and -

Ron E. Meisler (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606-5707
Telephone: (312) 407-0705
Email: Ron.Meisler@skadden.com
          Jennifer.Madden@skadden.com

- and -

Robert D. Drain (admitted *pro hac vice*)
Evan A. Hill (admitted *pro hac vice*)
Moshe S. Jacob (admitted *pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Email: Robert.Drain@skadden.com
          Evan.Hill@skadden.com
          Moshe.Jacob@skadden.com

*Counsel to Debtors and*
*Debtors in Possession*

**EXHIBIT A**

**Rejected Contracts**

| Counterparty | Debtor Counterparty | Description of Contract[1] | Abandoned Personal Property, if Applicable | Rejection Date |
|---|---|---|---|---|
| Plymouth MWG 1750 South Lincoln LLC c/o Plymouth Industrial REIT, Inc. 20 Custom House Street, 11th Floor Boston, MA 02110 | True Value Company, L.L.C. | Lease Agreement for property located at 1750 South Lincoln Drive, Freeport, Illinois, 61032 | Office furniture, miscellaneous appliances, warehouse racking, two (2) air compressors, miscellaneous cleaning supplies, fire extinguishers, sweeping compound, garbage cans | 1/31/2025 |

---

[1]    The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

**<u>EXHIBIT B</u>**

**Proposed Contract Rejection Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | **Related Docket Nos. 579 & __** |

## ORDER AUTHORIZING THE DEBTORS TO REJECT
## CERTAIN EXECUTORY CONTRACTS OR UNEXPIRED LEASES

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 579] (the "Rejection Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Notice of Rejection of Certain Executory Contracts or Unexpired Leases* [Docket No. [●]] (the "Rejection Notice") satisfies the requirements set forth in the Rejection Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Rejection Notice in this district is proper

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Rejection Procedures Order.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Contract set forth in **Exhibit 1** attached hereto is hereby rejected as of the Rejection Date established in the Rejection Notice; *provided* that the effective date of a rejection of a nonresidential real property lease shall not occur until the later of (i) the date the Debtors file and serve a Rejection Notice for such lease, (ii) the Rejection Date set forth in the Rejection Notice, and (iii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and turning over keys, key codes, and security codes, if any, to the affected landlord.

2.    Any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, effective as of the Rejection Date; *provided,* the Debtors shall not be permitted to abandon and shall have removed from the leased premises, prior to the applicable Rejection Date, any and all (i) personal identifying information, (ii) business, financial or other records of the Debtors, and (iii) hazardous materials to the extent they are required to do so under applicable law.  The applicable Contract counterparty or counterparties

may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property and without notice or liability to the Debtors or consenting third parties; *provided* that, to the extent requested by Contract counterparty, the Debtors shall be permitted to abandon the Abandoned Property to such Contract counterparty to facilitate such party's use or disposal of such Abandoned Property.

3.      If any affected Rejection Counterparty to a Contract asserts a claim against the Debtors arising from the rejection of the Contract, the Counterparty must file a proof of claim on or before the later of (i) the applicable deadline for filing proofs of claim established in the chapter 11 cases, (ii) thirty (30) days after the entry of an order of this Court approving the rejection, and (iii) thirty (30) days after the applicable Rejection Date.  If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution in connection with the Chapter 11 Cases.

4.      Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Rejection Notice or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on

32754565.1                                              3

property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

6.      Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT 1

### Rejected Contracts

| Counterparty | Debtor Counterparty | Description of Contract[1] | Abandoned Personal Property, if Applicable | Rejection Date |
|---|---|---|---|---|
| Plymouth MWG 1750 South Lincoln LLC c/o Plymouth Industrial REIT, Inc. 20 Custom House Street, 11th Floor Boston, MA 02110 | True Value Company, L.L.C. | Lease Agreement for property located at 1750 South Lincoln Drive, Freeport, Illinois, 61032 | Office furniture, miscellaneous appliances, warehouse racking, two (2) air compressors, miscellaneous cleaning supplies, fire extinguishers, sweeping compound, garbage cans | 1/31/2025 |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

32754565.1