**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*: | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.** *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
FIFTH THIRD BANK, N.A. TO THE SECOND SUPPLEMENTAL
NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS**

Fifth Third Bank, N.A. ("Fifth Third"), by and through its undersigned counsel, files this limited objection (the "Limited Objection") in connection with the Debtors' *Second Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [D.I. 822] (the "Second Assumption Notice"),[2] and in support thereof respectfully states as follows:

**BACKGROUND**

1.  Fifth Third, as lessor, and Debtor True Value Company, L.L.C. ("True Value"), as lessee, are parties to that certain *Master Lease Agreement No. 100537* (the "MLA") dated January 27, 2017, together with four (4) corresponding equipment schedules: (i) *Equipment Schedule No. 001* dated January 27, 2017 ("Schedule 1"); (ii) *Equipment Schedule No. 005* dated January 27, 2017 ("Schedule 5"); (iii) *Equipment Schedule No. 007* dated June 28, 2023 ("Schedule 7"); and (iv) *Equipment Schedule No. 008* dated September 21, 2023 ("Schedule 8";

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Motion of Debtors for Entry of an Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Approving the Sale of Substantially All of the Debtors Assets, and (III) Granting Related Relief* [D.I. 12] (the "Sale Motion").

together with Schedule 1, Schedule 5, and Schedule 7, the "Schedules" and collectively with the MLA, the "Equipment Lease Agreement").

2. On October 14, 2024 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing these chapter 11 cases. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors also filed the Sale Motion on the Petition Date, and on November 4, 2024, the Court entered an Order approving, *inter alia*, the Debtors' proposed Assumption and Assignment Procedures [D.I. 297].

4. On November 6, 2024, the Debtors filed the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [D.I. 339] (the "First Assumption Notice" and, together with the Second Assumption Notice, the "Assumption Notices"). With respect to Fifth Third, the First Assumption Notice lists the (i) "Equipment Lease Agreement (Fifth Third Bank MLA)," (ii) "Lease Agreement (Equipment Lease)," (iii) "Lease Agreement (IT Equipment Lease)," and (iv) "Lease Agreement (Trailer Equipment Lease)" as contracts to be assumed and assigned to the Successful Bidder (the "Summary of Contracts/Descriptions") and sets forth an estimated cure amount of $47,795.56 (the "Proposed Cure Amount"). *See* D.I. 339, Contract Cure Schedule at 29 (ID No. 1236).

5. On November 9, 2024, the Debtors designated Do It Best Corp. ("Do it Best") as the Successful Bidder and, on November 13, 2024, the Court entered an Order approving the sale of substantially all of the Debtors' assets to Do It Best. *See* D.I. 362, 411.

6. On November 22, 2024, Fifth Third filed its *Limited Objection and Reservation of Rights to the First Assumption Notice* (the "First Limited Objection") [D.I. 580] to correct the proposed cure amount due as of November 15, 2024, and to provide the prospective amounts to come due through December 15, 2024.  By the First Limited Objection, Fifth Third also reserved all rights to further object to the proposed assumption assignment of the Equipment Lease Agreement and any Schedules to Do It Best.

7. On January 24, 2025, the Debtors filed the Second Assumption Notice.  With respect to Fifth Third, the Second Assumption Notice lists the same Summary of Contracts/Descriptions and Proposed Cure Amount.  *See* D.I. 822, Contract Cure Schedule (Amended), at 27.  The Debtors confirmed the Second Assumption Notice intends to provide that all Schedules are to be assumed and assigned.  The Second Assumption Notice requests objections solely to amounts owed by the Debtors prior to the Petition Date.

8. Thereafter, on or about January 31, 2025, counsel to Do It Best advised counsel to Fifth Third that Do It Best does not intend to make payments on certain of the Schedules following closing of the contemplated Sale because, in the sole view of Do It Best, such Schedules are loans and not leases.  Do It Best's stated anticipated breach demonstrates that there is no adequate protection of future performance of the Equipment Lease Agreement.

9. At no point have the Debtors asserted—formally or informally—that the Schedules are not leases or otherwise not subject to assumption and assignment.  Indeed, the Debtors have *always* asserted the Schedules are executory contracts—as evidenced by the Schedules' inclusion the Assumption Notices and in correspondence between Fifth Third and the Debtors concerning post-petition rental payments.

**LIMITED OBJECTION**

10.     In filing this Limited Objection, Fifth Third objects to the Proposed Cure Amount, as rental payments remain due to Fifth Third post-petition, as well as to the assumption and assignment of the Equipment Lease Agreement or any Schedule given Do It Best's statement that it will not perform under certain Schedules following the Sale closing.

11.     To assume and assign an unexpired lease or executory contract, a debtor must (a) cure (or provide adequate assurance that it will promptly cure) all defaults; (b) compensate (or provide adequate assurance that it will promptly compensate) the counterparty for actual pecuniary losses resulting from any defaults, and (c) provide adequate assurance of future performance under the agreement.  *See* 11 U.S.C. § 365(b)(1).

12.     The Debtors are current under the Equipment Lease Agreement as of the Petition Date.  However, the Debtors' Proposed Cure Amount of $47,795.56 does not capture the outstanding post-petition rental payments due to Fifth Third.  As of the filing of this Limited Objection, True Value owes Fifth Third outstanding post-petition rental payments in the amount of no less than $115,740.55, together with recoverable attorney's fees of no less than $10,000.00, for a total cure amount of $125,740.55, *plus* any further and additional amounts allowed (and which continue to accrue) under the Equipment Lease Agreement.  The outstanding post-petition rental payments due to Fifth Third are summarized below:

| POST-PETITION AMOUNTS DUE AS OF FEBRUARY 1, 2025 | | | | |
|---|---|---|---|---|
| **Payment Due** | **Schedule 1** | **Schedule 5** | **Schedule 7** | **Schedule 8** |
| 01/01/25 | $0.00 | $0.00 | $1,085.74 (taxes) | $4,096.83 |
| 01/15/25 | $47,795.56 | $0.00 | $0.00 | $0.00 |
| 02/01/25 | $0.00 | $2,993.38 | $55,672.21 | $4,096.83 |
| *Subtotals:* | *$47,795.56* | *$2,993.38* | *$56,757.95* | *$8,193.66* |
| **GRAND TOTAL:  $115,740.55** | | | | |

13. Further, an additional $47,795.56 will become due under the Equipment Lease Agreement after the filing of this Limited Objection (through February 15, 2025):

| PROSPECTIVE AMOUNTS OWED THROUGH FEBRUARY 15, 2025 | | | | |
|---|---|---|---|---|
| **Payment Due** | **Schedule 1** | **Schedule 5** | **Schedule 7** | **Schedule 8** |
| 02/15/25 | $47,795.56 | $0.00 | $0.00 | $0.00 |
| **GRAND TOTAL:  $47,795.56** | | | | |

14. Pursuant to section 365(b)(1) of the Bankruptcy Code, the Debtors may not assume and assign the Equipment Lease Agreement to Do It Best unless they cure any monetary default or provide adequate assurance that cure of any monetary default will be promptly made. Accordingly, Fifth Third requests that the Court establish the total amount to cure defaults under the Equipment Lease Agreement as not less than $125,740.55, *plus* any further and additional amounts allowed (and which continue to accrue) under the Equipment Lease Agreement.

## RESERVATION OF RIGHTS

15. Fifth Third expressly reserves all rights to amend, supplement, modify, or withdraw this Limited Objection in whole or in part at any time.  Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by Fifth Third of any of its rights under the Equipment Lease Agreement, the Bankruptcy Code, or applicable law, including, without limitation, all rights to assert any additional amounts due and owing under the Equipment Lease Agreement and/or any further objections related to the proposed assumption and assignment of the Equipment Lease Agreement to Do It Best as Fifth Third deems necessary or appropriate and as the evidence may allow at any hearing thereon.

## CONCLUSION

WHEREFORE, Fifth Third respectfully requests that the Court (i) sustain this Limited Objection; (ii) establish the total amount necessary to cure the defaults under the Equipment Lease

Agreement as not less than $125,740.55, *plus* any further and additional amounts allowed (and which continue to accrue) under the Equipment Lease Agreement; (iii) deny the proposed assumption and assignment of any Schedule without adequate assurance of future performance by Do It Best; and (iv) grant Fifth Third such other relief as is appropriate.

| | |
|---|---|
| Dated: February 4, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**REED SMITH LLP**<br><br>By: */s/ Jason D. Angelo*<br>Jason D. Angelo (No. 6009)<br>1201 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 778.7500<br>Facsimile: (302) 778.7575<br>Email: jangelo@reedsmith.com<br><br>*Counsel to Fifth Third Bank, N.A.* |