**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:<br><br>TRUE VALUE COMPANY, L.L.C., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-12337 (KBO)<br><br>**(Jointly Administered)**<br><br>Objection Deadline: Feb. 4, 2025 at 4:00pm<br>Hearing Date:  Feb. 11, 2025 at 10:30am<br>Re:  D.I. 822 |

**OBJECTION BY HUBER ENGINEERED WOODS LLC**
**TO SECOND SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTON AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

Huber Engineered Woods LLC ("Huber"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Second Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [Docket No. 822] (the "Second Supplemental Notice") filed by True Value Company, L.L.C. and certain of its affiliates, as the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). In support of this Objection, Huber respectfully states as follows:

**BACKGROUND**

1.  On October 14, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 23, 2024, the Office of the United States Trustee appointed the Committee of Unsecured Creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 144]. No trustee or examiner has been appointed in these chapter 11 cases.

3. On November 4, 2024, the Court entered the *Assumption and Assignment Procedures and Bid Protections Order* (as defined in the Second Supplemental Notice).

4. On November 6, 2024, the Debtors filed their Notice of Proposed Assumption and Assignment of Certain Executory Contracts [Docket No. 339] (the "Original Notice"), which set forth the proposed cure amounts in connection with executory contracts the Debtors may assume and assign to the successful bidder(s) for the Debtors' assets in connection with the Sale (as defined in the Bidding Procedures Motion (which itself is defined in the Second Supplemental Notice)).

5. On November 18, 2024, Huber filed the *Objection by Huber Engineered Woods LLC to Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [Docket No. 459] (the "Original Huber Objection").

**OBJECTION**

6. Huber stands on the Original Huber Objection in all respects, including without limitation the position the cure amount due under the Huber Contracts (as defined in the Original Huber Objection) as of the Petition Date was $289,466.20. Huber hereby incorporates the Original Huber Objection in its entirety by this reference as if fully set forth herein.

7. Additionally, the Huber Contracts included the 2024 Residential Products Purchase Contract Buying Group Customers (the "Huber Purchase Contract"). To Huber's knowledge, the Huber Purchase Contract has neither been assumed by the Debtors nor assigned to Do it Best (as

2

defined in the Second Supplemental Notice). The MSC Program Agreement(s) referenced at line 1636 on page 43 of the Second Supplemental Notice are also included within the scope of the Huber Contracts, expressly reference the Huber Purchase Contract and are integrated with the Huber Purchase Contract. Accordingly, the MSC Program Agreement(s) cannot be assumed by the Debtors and assigned to Do it Best without the contemporaneous assumption and assignment of the Huber Purchase Contract. It is well established that a contract cannot be assumed in part or rejected in part. Rather, a debtor is required under Section 365 of the Bankruptcy Code to either reject the contract in full or assume the contract in full, which includes the benefits and burdens. AGV Productions, Inc. v. Metro-Goldwyn-Mayer, Inc., 115 F.Supp.2d. 378, 391 (S.D.N.Y. 2000) (debtor cannot assume executory contract in part and reject it in part); see also In re Leslie Fay Cos., Inc. 166 B.R. 802, 808 (S.D.N.Y. 1994) (same); In re Atlantic Computer Sys., Inc., 173 B.R. 844, 849 (S.D.N.Y. 1994) (same); see also In re Plum Run Serv. Corp., 159 B.R. 496, 498 (Bankr. S.D. Ohio 1993) (noting that executory contract must be assumed or rejected by debtor in its entirety and cannot be dealt with in piecemeal fashion); In re Plitt Amusement Co. of Washington, Inc., 233 B.R. 837, 840 (Bankr. C.D. Cal. 1999) (holding that trustee must assume or reject executory contract as whole, and cannot retain beneficial aspects of such contract while rejecting its burdens).

8.     To be clear, Huber does not object to the assumption and assignment of all the Huber Contracts, so long as Huber receives payment of the cure amount set forth in the Original Huber Objection in accordance with 11 U.S.C. § 365(b) and (f).

## **RESERVATION OF RIGHTS**

9.     Huber expressly reserves all its rights to supplement, modify or amend this Objection and make such other and further objections to the Second Supplemental Notice or the

assumption and assignment of any of the Huber Contracts, including without limitation whether the MSC Program Agreement(s) are executory contracts within the meaning of 11 U.S.C. § 365. Nothing set forth herein shall constitute a waiver, discharge or disallowance of any and all (a) rights, claims, causes of action and defenses Huber has asserted, or may assert, with respect to any proofs of claim against the Debtors and (b) claims having administrative expense priority Huber may have against the Debtors. Huber reserves the right to supplement its cure amount set forth in the Original Huber Objection and/or to seek allowance and payment of administrative expense priority claims with respect to any amounts that are due and owing to Huber from the Debtors as may be permitted under the Bankruptcy Code.

## **CONCLUSION**

WHEREFORE, Huber respectfully requests that this Court enter an order consistent with the foregoing Objection and such other and further relief as may be just and proper under the circumstances.

*[Remainder of Page Left Blank Intentionally]*

This 4th day of February, 2025.

        **FAEGRE DRINKER BIDDLE & REATH LLP**

        */s/ Brett D. Fallon*
        Brett D. Fallon
        DE Bar No. 2480
        222 Delaware Ave., Suite 1410
        Wilmington, DE 19801
        Phone: (302) 467-4200
        brett.fallon@faegredrinker.com

        and

        **ROBINSON BRADSHAW & HINSON, P.A.**

        */s/ David M. Schilli*
        David M. Schilli
        N.C. Bar No. 17989
        *(Admitted Pro Hac Vice)*
        101 North Tryon Street, Suite 1900
        Charlotte, North Carolina 28246
        Telephone:    704.377.2536
        dschilli@robinsonbradshaw.com

        *Attorneys for Huber Engineered Woods LLC*

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 4, 2025, the foregoing was served upon counsel for the parties that have appeared in this case by means of the Electronic Filing System of the United States Bankruptcy Court for the District of Delaware and upon the following counsel by electronic mail by the undersigned:

Young Conaway Stargatt & Taylor, LLP
Attn:  Edmond L. Morton, Esq.
        Kenneth J. Enos, Esq.
        Kristin L. McElroy, Esq.
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
emorton@ycst.com
kenos@ycst.com
kmcelroy@ycst.com

Glenn Agre Bergman & Fuentes LLP
Attn:  Andrew K. Glenn, Esq.
        Trevor J. Welch, Esq.
        Malak S. Doss, Esq.
1185 Avenue of the Americas
22nd Floor
New York, NY 10036
aglenn@glennagre.com
twelch@glennagre.com
mdoss@glennagre.com

Taft Stettinius & Hollister LLP
Attn:  Zachary E. Klutz, Esq.
        W. Timothy Miller, Esq.
One Indiana Square, Suite 3500
Indianapolis, IN 46204
zklutz@taftlaw.com
miller@taftlaw.com

Benjamin A. Hackman, Esq.
Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
benjamin.a.hackman@usdoj.gov

This 4th day of February, 2025.

                                                */s/ David M. Schilli*
                                                David M. Schilli