IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| TRUE VALUE COMPANY, LLC, et al., | : |
| | : Case No. 24-12337 (KBO) |
| Debtors | : |
| | : (*Jointly Administered*) |
| | : |
| | : Objection Deadline: February 4, 2025 at 4:00 pm |
| | : Hearing Date:       February 11, 2025 at 10:30 am |
| | : |
| | : Docket Nos. 12, 297, 822 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF FIRST AMERICAN COMMERCIAL BANCORP, INC.
TO DEBTORS' SECOND SUPPLEMENTAL NOTICE OF
POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS AND
POSSIBLE ASSIGNMENT TO DO IT BEST**

First American Commercial Bancorp, Inc., ("***First American***") an existing equipment lease counterparty of the Debtors[1], and a creditor and party-in-interest herein, presents this limited objection and reservation of rights to the relief sought under the Debtors' most recent *Second Supplemental Notice of Proposed Assumption and Assignment of Certain Executor Contracts* [Docket No. 822] seeking to authorize and approve the potential assumption and assignment of certain executory contracts to a successful bidder on the prior sale motion [Doc. No. 12] ("***Sale Motion***") and the Order approving the sale of certain assets to Do It Best [Docket No. 297], and for such other relief as sought in the Sale Order and the Second Supplemental Notice, and in support thereof, represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

1

1. The Debtors commenced their bankruptcy proceedings on October 14, 2024.

2. On October 14, 2024 the Debtors requested this Court granting joint administration of the several Debtors. [Doc. No. 2]. It is believed the Court has granted this relief.

3. Prior to the filing of the bankruptcy petitions, the Debtor True Value Company, LLC and First American entered into a master lease agreement and multiple schedules thereto for personal property and/or equipment. Prior to the bankruptcy filings, First American assigned most of the equipment lease schedules to unrelated entities but retained one of the equipment lease schedule (No. 20230301-01) for twelve (12) Van Semi-Trailers which, upon information and belief, continue to be used by the Debtor. The detailed list of the lease schedules and the assignee are identified as follows:

| | |
|---|---|
| **20230301-01** | **First American Equipment Finance (12 titled vehicles)** |
| 20230301-02 | Flagstar Financial & Leasing, LLC |
| 20230301-03 | Ameris Bank d/b/a Balboa Capital |
| 20230301-04 | "The Huntington National Bank" |
| 20230301-05 | Hanmi Bank |
| 20230301-06 | Sumitomo Mitsui Finance and Leasing Company |
| 20230301-07 | BMO Bank N.A. |
| 20230301-08 | Sumitomo Mitsui Finance and Leasing Company |
| 20230301-09 | M2 Equipment Finance LLC |
| 20230301-10 | Mitsubishi HC Capital America, Inc. |

4. Under the First American's Lease No. 20230301-01 with the Debtor there is no cure amount due for a pre-petition payment deficiency for the subject trailers and post-petition payments are presently current.

5. First American is aware Certain Debtors use the equipment currently leased by First American in the continued operation of Debtors' business.

6. The several leases originally provided through First American are listed at line item 1251 of the Exhibit "A" to the Second Supplemental Notice. Unfortunately, the Notice fails to expressly reflect proper information regarding the whether the Debtor intends to assume all of the leases and which leases may have any outstanding cure amount. First American cannot answer and does not have legal authority to speak on behalf of each of the other 9 leases which are included in this line item and have been assigned to other counterparties. These independent counterparties may have provided their own response to this Second Supplemental Notice.

7. As a consequence, First American presents this limited objection and reservation of rights to the relief being sought under the Second Supplemental Notice to the extent it in any way impairs First American's rights under the Bankruptcy Code or potentially impairs any lease which has been assigned to a separate counterparty. **First American does not object to the ultimate assumption and assignment of its existing and active equipment lease agreement for the trailers covered under Lease Number 20230301-01** to Do It Best provided the Court approved purchaser commits and agrees to abide by all terms of the existing equipment lease agreement assumed and assigned. This must include Do It Best provide First American with adequate proof that it can adequately perform under the remaining term of the executory contract.

8. Pursuant to 11 U.S.C.§365(b)(1), if a debtor wants to assume and unexpired lease, the debtor must (A) cure any existing default; (b) compensate, or provide adequate assurance it will promptly compensate, the non-debtor party for any actual pecuniary loss resulting from the debtor's default; and (C) provide adequate assurance of future performance under the lease. *In re: DBSA, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009). The purpose of §365(b)(1) is "to restore the 'debtor-creditor relationship … to pre-default conditions,' bringing the [parties] back

into compliance with its terms." *DBSA, id., citing to In re U.S. Wireless Data, Inc.*, 547 F. 3d 484,489 (2d Cir. 2008) (*quoting In re Taddeo*, 685 F. 2d 24, 26-7 (2d Cir. 1982) and 3 *Collier on Bankruptcy* §365.05[3],365-54 (15th Ed. rev.2008)).

9.   The Bankruptcy Code does not provide a definition of adequate assurance. *See In re Fleming Cos.*, 499 F. 3d 300, 305 (3d Cir. 2007); *Cinicola v. Scharffenberger*, 248 F. 3d 110,120, n.10 (3d Cir. 2001). Based on legislative history, courts have turned to the Uniform Commercial Code for guidance as to the meaning of adequate assurance. *DSBI, Id.* at 708, *citing to Cinicola*, 248 F. 3d at 120 n. 10; *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d 1303, 1309-10 (5th Cir. 1985). The Uniform Commercial Code considers the adequacy of assurance to be based on commercial reasonableness; as such, courts have held that the term "adequate assurance" was intended to be given a practical, pragmatic construction. *See Cinicola*, 248 F. 3d n.10; *Richmond Leasing*, 762 F. 2d at 1309-10; *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("The phrase 'adequate assurance of future performance,' … is to be given practical, pragmatic construction based upon the facts and circumstances of each case.").

10.   To the extent necessary, First American reserves the right to allow it to confirm the requisite adequate assurance of future performance under 11 U.S.C.§365(f)(2)(B).

WHEREFORE, First American Commercial Bancorp, Inc. requests this Honorable Court prohibit any relief sought by the Debtor to the extent it in any manner impairs First American's legal property interests in and rights to payments for the single subject lease for equipment owned by First American Commercial Bancorp, Inc.; require the Debtors and Do it Best to provide adequate assurance of Do It Best's ability to perform under the remaining term of the

4

existing lease, and to directly contact and negotiate with the nine other counterparties who are assignees to the other leases listed or included in line item 1251, and for such other relief as is just and proper.

|  |  |
|---|---|
| Dated: February 4, 2025<br>Wilmington, Delaware | Respectfully submitted,<br><br>**OFFIT KURMAN, P.A.**<br><br>**By: _/S/ Brian J. McLaughlin_**<br>BRIAN J. MCLAUGHLIN<br>(DE Bar Id. No. 2462)<br>OFFIT KURMAN, P.A.<br>222 Delaware Avenue, Suite 1105<br>Wilmington, DE 19801<br>Telephone: (302) 351-0916<br>E-mail: brian.mclaughlin@offitkurman.com<br><br>By: _/s/ P.J. Winterhalter_<br>PAUL J. WINTERHALTER<br>*(Admitted Pro Hac Vice)*<br>401 Plymouth Road, Suite 100<br>Plymouth Meeting, PA 19462<br>Telephone: (267) 338-1370<br>Facsimile: (267) 338-1335<br>E-mail: pwinterhalter@offitkurman.com |