**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRUE VALUE COMPANY LLC, *et al.*,[1] | Case No. 24-12337 (KBO) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
LESLIE KILLIAN AND GARY KILLIAN WITH RESPECT TO THE SECOND
SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS**

Leslie Killian and Gary Killian, by and through their undersigned counsel, hereby file this limited objection and reservation of rights with respect to the Debtors' *Second Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts* (the "Assignment Notice") [D.I. 822].[2] In support thereof, the Plaintiffs respectfully state as follows:

**BACKGROUND**

1. Mr. and Mrs. Killian (the "Plaintiffs") are the plaintiffs in a civil suit currently pending in Graves Circuit Court, Graves County, Kentucky, styled Case No. 23-CI-00272 (the "Civil Action"). The Complaint in the Civil Action, filed on September 21, 2023, asserts among other things a product defect claim against Debtor True Value Company, LLC ("True Value"), together with several non-debtor co-defendants, arising from the Plaintiff's purchase from a True Value store a defective and unreasonably dangerous air conditioner, including claims for failure to warn, breach of warranty, and the failure to advise the Killians to stop all use of the defective

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used herein without definition have the meanings assigned in the Assignment Notice.

air unit, all of which resulted in a fire on October 5, 2022 that destroyed the family home and caused serious personal injuries to Leslie Killian. In addition to damages arising from Mrs. Killian's injuries and the damages to the Plaintiffs' home, Mr. Killian has asserted claims for lost earnings and loss of consortium.

2. On October 14, 2024, True Value, together with its affiliated debtors and debtors in possession, collectively, the "Debtors"), commenced these cases by filing petitions under Chapter 11 of the Bankruptcy Code before this Court.

3. On or about October 31, 2024, True Value's counsel in the Civil Action filed a Suggestion of Bankruptcy in that case.[3]

4. On November 1, 2024, this Court entered an order [D.I. 262] setting December 5, 2024 as the deadline for filing proofs of claim in the Debtors' cases.

5. On November 27, 2024, the Plaintiffs each filed a proof of claim (the "Proofs of Claim") against True Value. Mrs. Killian's proof of claim (claim number 1865) seeks damages of not less than $22,625,021.92, and Mr. Killian's proof of claim (claim number 1871) seeks damages of not less than $16,170,665.00.[4]

6. Upon information and belief, the Debtors are named insureds under a program of personal liability insurance, which provides coverage for personal injury and property damage events such as those described in the Complaint. Upon further information and belief, the relevant policies include the following (collectively, the "Policies"):

---

[3] Notwithstanding the Suggestion of Bankruptcy, the Debtors' schedules and statements of financial affairs do not appear to reflect the Civil Action or otherwise set forth the Killian's claims. The Killians did not receive notice of the bar date in these cases, nor any other pleadings, prior to their counsel's appearance in these Chapter 11 cases.

[4] While the Debtors' claims agent's website reflects only the electronic Form 410 with respect to each of the Proofs of Claim, each Proof of Claim, as filed, includes a completed Form 410, an addendum setting forth the bases of the Plaintiffs' claims, a copy of the Complaint in the Civil Action, and certain other supporting data. Upon information and belief, full copies are available from the Debtors' claims agent upon email request. Counsel to the Plaintiffs also has complete copies.

| Policy Number | Insurer | Policy Period |
|---|---|---|
| GL2039272 | National Union Fire Company (AIG) | 1/1/2022-1/1/2023 |
| WC065886002 | AIG | 1/1/2022-1/1/2023 |
| 66323472 | Illinois National Insurance Co./AIG | 1/1/2022-1/1/2023 |
| AEC252925601 | Steadfast Insurance Company /Zurich | 1/1/2022-1/1/2023 |
| EXC4137905 | Great American Assurance Company | 1/1/2022-1/1/2023 |
| XS1125722 | Certain Underwriters at Lloyd's London | 1/1/2022-1/1/2023 |
| USL013866225 | Fireman's Fund Insurance Company/Allianz | 1/1/2022-1/1/2023 |
| 1000026866-18 | Liberty Mutual/Ironshore | 1/1/2022-1/1/2023 |

7. Plaintiffs' counsel and Debtors' counsel have been in discussions regarding a potential lift of the automatic stay with respect to the Policies for the purpose of prosecuting and liquidating the claims in the Civil Action (including any appeals), and enforcing any disposition of the Civil Action against available proceeds under the Policies. The Plaintiffs anticipate seeking such relief from this Court in short order.

8. At least one of the Policies is included among those contracts subject to potential assignment in the Assignment Notice. *See Assignment Notice*, Exhibit A. As of the date hereof, the Plaintiffs understand that there has not yet been a decision reached with respect to the potential assignment of the relevant Policies. While the Plaintiffs do not take a position with respect to the assignability of the Policies, such an assignment, if any, should have no effect on the Plaintiffs' rights thereunder. Without limitation, no assignment of any Policy should, or should be deemed to, impair, modify, limit, or prejudice any of the rights of Mr. and Mrs. Killian under any of the Policies, including with respect to the proceeds thereof, nor should any assignment release, limit, or excuse any of the obligations of, nor expand any of the rights of, any insurers thereunder.[5]

---

[5] As set forth in the Assumption Notice, "Notwithstanding anything to the contrary herein, the proposed assumption and assignment of each of the Assigned Contracts listed on Exhibit A hereto . . . will not be an admission as to

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

9. Accordingly, the Plaintiffs object to the assignment of the Policies to the extent any such assignment would or could be deemed to impair, modify, limit, or prejudice any of their rights under any of the Policies as a result of any such assignment, or to release, limit, or excuse any of the obligations of, or expand any of the rights of, any insurers thereunder. The Plaintiffs similarly object with respect to any other applicable insurance policies that are not expressly set forth herein.

10. The Plaintiffs reserve all rights to amend, supplement, and/or modify this Limited Objection and Reservation of Rights, and/or to join other objections as may be appropriate, prior to and at the hearing on the Assignment Notice.

| | |
|---|---|
| Dated: February 4, 2025<br>Wilmington, Delaware | **ROBINSON & COLE LLP**<br><br> */s/ Katherine S. Dute*<br>Katherine S. Dute (No. 6788)<br>**ROBINSON & COLE LLP**<br>1201 N. Market Street, Suite 1406<br>Wilmington, Delaware 19801<br>Tel: (302) 516-1700<br>Fax: (302) 516-1699<br>Email: kdute@rc.com<br><br>-and-<br><br>Rachel Jaffe Mauceri (admitted *pro hac vice*)<br>**ROBINSON & COLE LLP**<br>1650 Market Street, Suite 3030<br>Philadelphia, Pennsylvania 19103<br>Tel: (215) 398-0556<br>Fax: (215) 827-5982<br>Email: rmauceri@rc.com<br><br>-and- |

---

whether any such Assigned Contract was executory or unexpired as of the Petition Date or remains executory or unexpired postpetition within the meaning of Bankruptcy Code section 365." *Assignment Notice* at 2. The Plaintiffs further reserve all rights with respect to any provision of the Debtors' proposed plan of reorganization that would assign or deem a legal conclusion as to the executory nature of any of the Policies and/or any other applicable policies. *See, e.g., Joint Chapter 11 Plan of True Value Company, L.L.C. and its Debtor Affiliates* [D.I. 796], § 5.7.

32521134.2

>Douglas H. Morris (admitted *pro hac vice*)
**MORRIS & PLAYER PLLC**
1211 Herr Lane, Ste 205
Louisville, Kentucky 40222
Tel: (502) 426-3430
Fax: (502) 426-3633
Email: DHM@morrisplayer.com
>
>*Attorneys for Leslie and Gary Killian*