UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| True Value Company, L.L.C., *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket No. 339 |

SUPPLEMENTAL
OBJECTION OF STIHL INCORPORATED
AND CERTAIN OF ITS INDEPENDENT DISTRIBUTORS
TO THE DEBTORS' NOTICE OF PROPOSED ASSUMPTION
AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS

STIHL Incorporated ("**STIHL Inc.**"), Blue Mountain Equipment, Inc. ("**Blue Mountain**"); Bryan Equipment Sales, Inc. ("**Bryan**"); Crader Distributing Company ("**Crader**"); and STIHL Southeast, Inc. ("**Southeast**", and together with the foregoing, "**STIHL**"), by and through undersigned counsel, pursuant to section 365 of title 11 of the United States Code and Federal Rules of Bankruptcy Procedure 6006 and 9014, hereby files this supplement (the "**Supplemental Objection**") to the *Objection of STIHL Incorporated and Certain of Its Independent Distributors to the Debtors' Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [ECF No. 511] (the "**Objection**").[2] In support of the Objection, STIHL respectfully states as follows:

---

[1] The debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106) (collectively, the "**Debtors**"). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

RLF1 32361700v.1

**BACKGROUND**

1. On November 6, 2024, the Debtor filed the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [ECF No. 339] (the "**Notice**"). The Notice states that the Debtors seek, *inter alia*, to assume two alleged executory contracts to which STIHL, Inc. is a counterparty. More specifically, ID 3214 lists "Stihl Inc" as the counterparty to "MSC Program Agreement(s)" and "Vendor Buying Agreement".[3] ECF No. 339 at 82. The proposed cure amount associated with ID 3214 is blank. *Id.*

2. On November 18, STIHL filed the Objection in response to the Notice.

3. On January 24, 2025, the Debtor filed the *Second Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [ECF No. 822]. The Notice states that the Debtors seek, *inter alia*, to assume two alleged executory contracts to which STIHL, Inc. is a counterparty. More specifically, ID 3214 lists "Stihl Inc" as the counterparty to "MSC Program Agreement(s)" and "Vendor Buying Agreement."[4] ECF No. 882 at 76. The proposed cure amount associated with ID 3214 is blank. *Id.*

**OBJECTION**

4. STIHL objects to the Second Supplemental Objection for the reasons set forth in the Objection. The Objection is incorporated by reference as if fully set forth herein.

---

[3] STIHL has reviewed its books and records in an effort to determine which contracts it has with the Debtors, if any, are listed in the Notice and subject to proposed assumption or assumption and assignment by the Debtors. Based upon this review, STIHL assumes the Debtors seek to assume the STIHL Agreements. However, because the Debtors' description of the contract to be assumed or assume and assigned as set forth in the Notice is vague and ambiguous, STIHL reserves all rights to the extent the Notice refers to an alleged executory contract that is not a STIHL Agreement as defined herein.

[4] STIHL has reviewed its books and records in an effort to determine which contracts it has with the Debtors, if any, are listed in the Notice and subject to proposed assumption or assumption and assignment by the Debtors. Based upon this review, STIHL assumes the Debtors seek to assume the STIHL Agreements. However, because the Debtors' description of the contract to be assumed or assume and assigned as set forth in the Notice is vague and ambiguous, STIHL reserves all rights to the extent the Notice refers to an alleged executory contract that is not a STIHL Agreement as defined herein.

**Reservation of Rights**

5.      STIHL reserves all rights to amend or supplement the Objection and this Supplemental Objection, and any present or future defaults associated with the assumption, or assumption and assignment, of any contract(s) to which STIHL is a party.  STIHL requests that any order that is entered approving assumption or assumption and assignment of any contract(s) to which STIHL is a party accurately and specifically identify the contract(s) being assumed or assumed and assigned.  To the extent the Notice or Second Supplemental Notice refers to an alleged executory contract that is not one of the STIHL Agreements, STIHL reserves all rights to supplement or amend this objection in relation thereto.  Furthermore, STIHL requests that any order that is entered approving assumption or assumption and assignment of any contract(s) to which STIHL is a party provide that the Debtors promptly cure any and all defaults that are present on the effective date of assumption or assumption and assignment, and pay all amounts associated with services performed and goods sold up to and on the effective date of assumption or assumption and assignment.

6.      Nothing in this Supplemental Objection is intended to be, or should be construed as, a waiver by STIHL of any of its rights under any contract(s) to which it is a party, the Bankruptcy Code, or applicable law.  STIHL expressly reserves all such rights, including, without limitation, the right to:  (a) supplement and/or amend the Objection or this Supplemental Objection and assert any additional objections with respect to the Debtors' proposed cure amount, including the ability of the Debtors to satisfy the cure amount or provide adequate assurance of future performance as required by the Bankruptcy Code; (b) supplement and/or amend the Objection or this Supplemental Objection and to assert any additional objections with respect to any specific contract(s) to which STIHL is a party and which the Debtors seek to assume or assume and assign;

(c) assert any nonmonetary defaults under any contract to which STIHL is a party; (d) file a request for payment of any amounts due under any agreements including the STIHL Agreements as an administrative expense under 11 U.S.C. § 503; (e) assert any rights for indemnification or contribution against the Debtors arising under any contract(s) to which STIHL is a party; and (f) assert any further objections as it deems necessary or appropriate.

## CONCLUSION

For the foregoing reasons, STIHL: (A) objects to the assumption or assumption and assignment of any contract to which STIHL is a party to the extent the Debtors seek to assume or assume and assign such contract without curing any and all defaults in full, including, but not limited to, the amounts due under the STIHL Agreements; and (B) requests such further and other relief as the Court may deem proper and just under the circumstances.

[Remainder of Page Intentionally Left Blank]

Dated: February 4, 2024

Respectfully submitted,

/s/ *Zachary J. Javorsky*
Amanda R. Steele (No. 5530)
Zachary J. Javorsky (No. 7069)
**Richards, Layton & Finger, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
steele@rlf.com
javorsky@rlf.com

-and-

Dion W. Hayes (VSB No. 34304)
K. Elizabeth Sieg (VSB No. 77314)
Connor W. Symons (VSB No. 98418)
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
dhayes@mcguirewoods.com
bsieg@mcguirewoods.com
csymons@mcguirewoods.com

*Counsel to STIHL Incorporated, Blue Mountain Equipment, Inc., Bryan Equipment Sales, Inc., Crader Distributing Company, and STIHL Southeast, Inc.*

-5-