**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C., *et al.*,[1] | Case No. 24-12337 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: February 11, 2025, at 10:30 a.m. (ET)**<br>**Objection Deadline: February 4, 2025, at 4:00 p.m. (ET)** |
| | **Re: D.I. 822** |

**NIAGARA BOTTLING, LLC'S RESERVATION OF RIGHTS CONCERNING DEBTORS' SECOND SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

Niagara Bottling LLC ("Niagara Bottling") by its undersigned attorneys, hereby submits this *Reservation of Rights* (this "Reservation of Rights") concerning the Debtors' *Second Supplemental Notice of Proposed Assumption and Assignment of Executory Contracts* [D.I. 822] (the "Second Cure Notice"). In support of this Objection, Niagara Bottling respectfully represents as follows:

## BACKGROUND

1. October 14, 2024, (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, Niagara Bottling entered into an agreement (the "Niagara Agreement") with Debtor True Value Company, LLC ("True Value").

---

[1] The Debtors in these Chapter 11 cases are as follows: True Value Company, L.L.C., TV Holdco II, L.L.C., TV TSLC, L.L.C., TV GPMC, L.L.C., True Value Retail L.L.C., TrueValue.com Company, L.L.C., True Value Virginia, L.L.C., and Distributors Hardware, L.L.C.

A.   **Assumption and Assignment Procedures**

3.   On October 14, 2024, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Approving the Sale of Substantially All of the Debtors' Assets, and (III) Granting Related Relief* [Docket No. 12] (the "Bidding Procedures Motion").

4.   On November 2, 2024, the Court entered the *Order (I) Approving the Bid Protections; (II) Approving the Assumption and Assignment Procedures; (III) Authorizing and Approving the Form of Notice of the Sale of Substantially All of the Assets of the Debtors; (IV) Authorizing and Scheduling the Sale Hearing and Setting Other Related Dates and Deadlines; and (V) Granting Related Relief* [D.I. 297], pursuant to which the Court, granted the Bid Procedures Motion as set forth therein and, among other things, established procedures for the assignment and assumption of contracts in connection with the Debtors' sale of substantially all of their assets (the "Assignment Procedures Order").

B.   **The First Cure Notice and Niagara's Objection**

5.   On November 6, 2024, pursuant to the Assignment Procedures Order, the Debtors filed the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [D.I. 339] (the "First Cure Notice").  In the Cure Notice, the Debtors listed the Niagara Agreement as one of the executory contracts that they propose to assume and assign to the Stalking Horse Bidder or Successful Bidder.  The Debtors allege in the First Cure Notice that there is no cure amount due in connection with their assumption and assignment of the Niagara Agreement.  *See* Cure Notice at p. 56, identified as No. 2376, showing a zero-dollar cure amount indicated by a hyphen (the "Proposed Cure Amount").

6.  As of the Petition Date, True Value owed Niagara Bottling not less than $520,459.52 under the Niagara Agreement. Thus, on November 15, 2024, Niagara filed its *Objection to Debtors' Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [D.I. 445] (Niagara's "First Cure Notice Objection").

### C.  The Second Cure Notice

7.  On January 24, 2025, the Debtors filed the Second Cure Notice. Exhibit A to the Second Cure Notice is entitled "Contract Cure Schedule (Amended)" (the "Amended Cure Schedule"). On page 52 of the Amended Cure Schedule, the Debtors state "Reserved" next to ID 2376 and do not otherwise identify Niagara, an estimated cure amount or a summary/description of any related contract(s). Through conversation with the Debtors (through counsel), Niagara understands that "Reserved" means that there is no change to the status of the Niagara Agreement stated in the First Cure Notice. Nevertheless, given the use of the term "Reserved", Niagara files this Reservation of Rights to preserve its rights in the event that there is any present or future effect on the Niagara Agreement stemming from the term "Reserved."

### RESERVATION OF RIGHTS

8.  Niagara reserves and preserves all its rights and waives none in connection with the Second Cure Notice and the Debtors' statement of "Reserved" in connection with ID 2376 (the Niagara Agreement) stated in the Second Cure Notice. Neither the lack of a formal objection to the Second Cure Notice nor anything express or implied herein or in the First Cure Notice Objection is intended to be, or should be construed as, a waiver by Niagara Bottling of any of its rights under its agreements with the Debtors, the Bankruptcy

Code, or applicable law, including with regard to the First Cure Notice or the Second Cure Notice.

9. Niagara Bottling expressly reserves and preserves all such rights and waives none, including, without limitation, the right to modify, supplement, and/or amend the First Cure Notice Objection and to insert any new, further or additional objections with respect to (i) the Proposed Cure Amount stated in the First Cure Notice, (ii) the Second Cure Notice, or (iii) any proposed assumption of the Niagara Agreement on any and all grounds at or prior to the conclusion of the hearing on this First Cure Notice Objection.

**RAINES FELDMAN LITTRELL LLP**

Dated: February 4, 2025
    Wilmington, Delaware

*/s/ Mark W. Eckard*
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
824 North Market Street, Suite 805
Wilmington, DE 19801
Telephone: (302) 772-5805
Email: tfrancella@raineslaw.com
      meckard@raineslaw.com

*Counsel to Niagara Bottling, LLC*