## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C.., *et al.*,[1] | Case No. 24-12337 (KBO) |
| Debtors. | (Jointly Administered) |

**Obj. Deadline:  February 4, 2025 at 4:00 p.m. (ET)**
**Hrg. Date:  February 11, 2025 at 10:30 a.m. (ET)**
**Related Docket Nos.:  12, 339, 502, 822**

### OBJECTION OF GRANITE (12 TRADEPORT) LLC TO
### SECOND SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTION
### AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS

Granite (12 Tradeport) LLC (the "Landlord"), by and through its attorneys, respectfully submits this objection (the "Objection") to the *Second Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [D.I. 822] (the "Second Supplemental Assumption Notice").  In support of this Objection, the Landlord respectfully states as follows:

#### JURISDICTION

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

#### BACKGROUND

2.    On October 14, 2024 (the "Petition Date"), the Debtors filed voluntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the Court.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106) (collectively, the "Debtors" and each, a "Debtor"). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

3.      Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Landlord and Debtor True Value Company, LLC ("Tenant") are parties to an unexpired lease of nonresidential real property (the "Lease") of the following premises (the "Premises"):

| Landlord | Distribution Center | Location |
|---|---|---|
| Granite (12 Tradeport) LLC | Tradeport 164, Building I | Hanover Township, PA |

5.      On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Approving the Sale of Substantially All of the Debtors Assets, and (III) Granting Related Relief* [D.I. 12] (the "Bid Procedures/Sale Motion").[2]

6.      On November 4, 2024, the Court entered an order granting the bidding procedures aspect of the Bid Procedures/Sale Motion [D.I. 297] (the "Bidding Procedures Order").

7.      On November 6, 2024, the Debtors filed the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [D.I. 339] (the "Assumption Notice").

8.      On November 9, 2024, the Debtors filed the *Notice of Cancellation of Auction and Designation of the Stalking Horse Bidder as the Successful Bidder* [D.I. 362], which declared the stalking horse bid of Do it Best Corp. ("Purchaser") as the successful bid following no other qualified bids having been received and the auction being canceled.

9.      On November 12, 2024, the Court granted the sale aspect of the Bid Procedures/Sale Motion and entered an order on November 13, 2024 [D.I. 411].

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures/Sale Motion.

30654293.1

10.     On November 18, 2024, Landlord filed an objection [D.I. 502] (the "First Objection") to the Assumption Notice on the grounds that (i) the proposed cure amount was incorrect and subject to change, (ii) the proposed cure amount did not include attorneys' fees, (iii) any assumption and assignment must be *cum onere*, and (iv) any assumption and assignment must be supported by adequate assurance of future performance (the "Landlord's Issues").

11.     The Lease was not proposed to be assigned to Purchaser as of the sale closing, but it has now been designated for assumption and assignment through the Second Supplemental Assumption Notice [D.I. 822] filed on January 28, 2025.

12.     Landlord, Purchaser, and the Debtors have been in discussions regarding the terms under which an assumption and assignment of the Lease would be acceptable, but those discussions have not concluded.  Landlord intends to continue working with Purchaser and the Debtors in an effort to reach a consensual resolution of the Landlord's Issues, which are still open at this time.

<u>OBJECTION</u>

*A.     The Proposed Cure Amount Is Not Correct and Is Subject to Change*

13.     As a condition of any assumption and assignment of the Lease, the Landlord is entitled to have all defaults cured.  11 U.S.C. § 365(b)(1)(A).  The Tenant is currently in default under the Lease for failure to pay rent and other charges currently due and owing.

14.     The Landlord objects to the $0.00 cure amount proposed in the Assumption Notice (the "Proposed Cure Amount") to the extent that it does not reflect the correct cure amount for the Lease as of the date of assumption (the "Correct Cure Amount").  The Correct Cure Amount is $42,334.24, <u>exclusive</u> of (i) attorneys' fees and (ii) accrued rent and charges and indemnity

3

obligations. The Correct Cure Amount is accurate as of February 3, 2025 and **Exhibit 1** also includes a detailed statement of the Correct Cure Amount (exclusive of attorneys' fees).

B.    *The Proposed Cure Amount Does Not Include Attorneys' Fees*

15.    The Landlord further objects to the Proposed Cure Amount because it does not include attorneys' fees, which the Landlord is entitled to under the Lease. Therefore, attorneys' fees must be included as part of the Landlord's cure amount as pecuniary losses suffered as a result of the Tenant's defaults, under Section 365(b)(1)(B). *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del. June 24, 2011); *see also In re French*, 131 B.R. 138, 141 (Bankr. E.D. Miss. 1991); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entertainment, Inc.*, 223 B.R. 141, 152-153 (Bankr. N.D. Ill. 1998).

16.    Attorneys' fees have been accruing and will continue to increase through any assumption and assignment of the Lease, and the Landlord may seek to supplement this Objection by the time of any proposed assumption and assignment with the current amount of accrued attorneys' fees.

C.    *Any Assumption and Assignment Must Be Cum Onere, And Any Assignee Must Assume Liability for All Obligations for Accrued, But Unbilled or Not Due Rent and Charges and Indemnity Obligations*

17.    It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.,* 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumptions be *cum onere* applies equally to assignments, as assumption of an unexpired

4

lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)).

18.    Therefore, in the event the Debtors seek to assume and assign the Lease, the Debtors are first obligated to cure all outstanding defaults under the Lease, including the payment of the Correct Cure Amount, plus attorneys' fees that accrued at the time of assumption and assignment.

19.    Further, the Tenant has a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Tenant's proportionate share of certain common area maintenance, real property taxes, maintenance, and insurance premiums which have accrued, or will accrue under the Lease through any assumption and assignment of the Lease and are not yet due.

20.    Additionally, the Proposed Cure Amount does not include contractual obligations to indemnify the Landlord for events occurring prior to any assumption and assignment of the Lease.  The Lease obligates the Tenant to indemnify and hold the Landlord harmless from and against various claims, liabilities and expenses.  Any assignee must assume liability for such obligations.

21.    The Tenant's obligations to pay this additional rent and charges and to satisfy their indemnity obligations are essential to the Landlord's entitlement pursuant to Section 365(b)(1) of the Bankruptcy Code to adequate assurance of future performance, and are assumed by any assignee *cum onere.  See In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014).

22.    Therefore, all of these obligations should be assumed by any assignee as part of any assumption and assignment of the Lease in accordance with the requirement that the Landlord receive adequate assurance of future performance under the Lease.

D.    *Any Assumption and Assignment Must Be Supported by Adequate Assurance of Future Performance*

23.    Before assuming an unexpired lease that is in default such as the Lease, a debtor must provide adequate assurance of future performance to the landlord. 11 U.S.C. § 365(b)(1).[3]

24.    Pursuant to Section 365 of the Bankruptcy Code, assumption and assignment requires adequate assurance that an assignee has the ability to perform under the terms of the Lease and satisfies the requirements of sections 365(b)(1) and 365(l) of the Bankruptcy Code. 11 U.S.C. §§ 365(b)(1), (f)(2) and (l).  Adequate assurance of future performance is determined by the existing factual conditions, and the Court may look to many factors in determining what is necessary to provide adequate assurance of future performance under § 365(b) of the Bankruptcy Code, including, but not limited to, sufficient economic backing, economic conditions, certificates, credit reports, escrow deposits, or other similar forms of security or guarantee.  *In re Tama Beef Packing, Inc.*, 277 B.R. 407, 411-12 (Bankr. N.D. Iowa 2002); *In re Alipat, Inc.*, 36 B.R. 274, 277-78 (Bankr. E.D. Mo. 1984); *In re Lafayette Radio Electronics Corp.*, 9 B.R. 993, 998 (Bankr. E.D.N.Y. 1981).  Courts also look to the operating experience of the proposed assignee.  *In re Casual Male Corp.*, 120 B.R. 256, 265 (Bankr. D. Mass. 1990); *In re Bygaph, Inc.* 56 B.R. 596, 605 (Bankr. S.D.N.Y. 1986); *In re Alipat, Inc.*, 36 B.R. at 277.

25.    The provision of adequate assurance of future performance is an affirmative duty of the Debtors, and the Debtors bear the ultimate burden of proof as to all issues under Section 365. *See In re Rachels Indus., Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *see also Richmond Leasing, Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).  The Debtors

---

[3] Bankruptcy Code section 365(b)(1) provides that "[i]f there has been a default in an … unexpired lease of the debtor, the trustee may not assume such … lease unless, at the time of assumption of such … lease, the trustee - (A) cures, or provides adequate assurance that the trustee will promptly cure such default … (B) compensates, or provides adequate assurance that it will promptly compensate … [the landlord] for any actual pecuniary loss … resulting from such default, and (C) provides adequate assurance of future performance under such … lease." 11 U.S.C. § 365(b)(1).

6

bear the burden of proving the requirements of Section 365(b) as to all issues by a preponderance of the evidence. *See In re PRK Enterprises, Inc.*, 235 B.R. 597, 602 (Bankr. E.D. Tex. 1999); *see also In re Prestige Motorcar Gallery, Inc.*, 456 B.R. 541, 544 (Bankr. N.D. Fla. 2011) ("the threshold requirement and burden of the trustee is to produce credible evidence that his decision to assume or reject would benefit the estate or result in a successful reorganization."); *In re Widmier*, Case No. 00-40244, 2003 Bankr. LEXIS 2220, at *8 (Bankr. D. Idaho Nov. 18, 2003) ("When the Court granted approval of Debtors' request to assume Creditor's lease under § 365(a), a determination was made by the Court that the assumption benefitted the bankruptcy estate … .").

26.    Courts require a specific factual showing through competent evidence to determine whether adequate assurance of future performance has been provided. *See Matter of Haute Cuisine, Inc.*, 58 B.R. 390 (Bankr. M.D. Fla. 1986).

27.    Further, section 365(l) of the Bankruptcy Code provides:

> If an unexpired lease under which the debtor is the lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

28.    The Second Supplemental Assumption Notice states the Debtors "are seeking to assume and assign to Do it Best Corp. *or its designated affiliate* (collectively, "<u>Do it Best</u>") … the Contracts or Leases listed on **<u>Exhibit A</u>** attached hereto … ."  Second Supplemental Assumption Notice [D.I. 822], p. 2 (emphasis added).

29.    To the extent the Lease is proposed to be assumed and assigned to an affiliated entity, the proposed assignee must demonstrate adequate assurance of future performance under the Lease, the Bidding Procedures Order, and Bankruptcy Code section 365, including providing

30654293.1

a guarantee, letter of credit, or other acceptable security for the performance of the obligations under the Lease.

30.     The Debtors have not met their burden with respect to adequate assurance of future performance under the Lease at the time of assumption and assignment as required by the Bankruptcy Code.

### JOINDER AND RESERVATION OF RIGHTS

31.     The Landlord reserves its rights to supplement this Objection and make such other and further objections as it deems necessary or appropriate, including with respect to any amended Proposed Cure Amount, proposed assignee, or proposed adequate assurance of future performance information.

32.     The Landlord hereby joins any other objections filed by the Debtors' landlords to the Second Supplemental Assumption Notice to the extent such objections are not inconsistent with the relief sought herein.

**WHEREFORE**, the Landlord respectfully requests that the Court enter an order consistent with this Objection and grant the Landlord such other and further relief as this Court deems just and proper.

30654293.1

Dated:  February 4, 2025
Wilmington, Delaware

/s/ Laurel D. Roglen
Leslie C. Heilman, Esq. (No. 4716)
Laurel D. Roglen, Esq. (No. 5759)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone:  (302) 252-4428
Facsimile:  (302) 252-4466
Email:  heilmanl@ballardspahr.com
       roglenl@ballardspahr.com

-and-

BARCLAY DAMON LLP
Kevin M. Newman, Esq.
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202-2020
Telephone:  (315) 425-2700
Email:  knewman@barclaydamon.com

Scott L. Fleischer, Esq.
1270 Avenue of the Americas, Suite 501
New York, NY 10020
Telephone:  (212) 784-5810
Facsimile:  (212) 784-5799
Email:  sfleischer@barclaydamon.com

*Attorneys for Granite (12 Tradeport) LLC*

9