# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TRUE VALUE COMPANY, L.L.C., *et al.*, | § | |
| | § | Case No. 24-12337 (KBO) |
| | § | |
| Debtors.[1] | § | |
| | § | (Jointly Administered) |

## LIMITED OBJECTION OF 462 THOMAS FAMILY PROPERTIES, L.P. TO DEBTORS' SECOND SUPPLEMENTAL NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS [DOCKET NO. 822]

462 Thomas Family Properties, L.P. d/b/a Gillis Thomas Company ("**Gillis Thomas**") objects solely to the cure amount proposed by the Debtors for its leases with True Value Company LLC (the "**Debtor**" and collectively with its affiliated debtors in these jointly administered cases, the "**Debtors**") in the Second Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts [Docket No. 882] (the "**Assumption Notice**").[2]

## BACKGROUND

1. On October 14, 2024, the Debtors each filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. Gillis Thomas and the Debtor are parties to two separate lease agreements: a Lease Agreement dated August 19, 2016, covering 50,000 square feet of space located at 10707 E. 40th Avenue, Denver, Colorado (as subsequently amended and modified, the "**10707 Lease**") and a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).

[2] Capitalized terms used in this limited objection have the meanings given to them in the Assumption Notice.

Page 1

Lease Agreement dated December 10, 1993, covering 355,630 square feet of space located at 11275 E. 40th Avenue, Denver, Colorado (as subsequently amended and modified, the "**11275 Lease**" and collectively with the 10707 Lease, the "**Leases**").

3. The Leases have not been assumed or rejected, and they constitute executory contracts under Section 365 of the Bankruptcy Code.

4. On January 24, 2025, the Debtors filed the Assumption Notice. In the Assumption Notice, the Debtor listed the cure amount for the Leases as $162,800.

5. As of date of this limited objection, the Debtor owes Gillis Thomas (a) $68,270.97 in rent for the month of October 2024, (b) $17,762 for insurance charges under the 11275 Lease that were billed prepetition, (c) $162,800 for February 2025 rent, and (d) $374,644.68 for 2024 property taxes owed by the Debtor under the Leases that will be invoiced to the Debtor shortly. The total cure cost as of the date of this objection is $623,477.65.[3]

## OBJECTION

6. Section 365 allows a debtor or trustee to assume an executory contract provided the debtor or trustee "cures, or provides adequate assurance that the trustee will promptly cure, such default. . ." 11 U.S.C. § 365(b)(1)(A).

7. Although Gillis Thomas does not object to the assumption of the Leases or the assignment of the Leases to the Stalking Horse Bidder *per se*, Gillis Thomas does object to any assumption or assignment without curing all monetary defaults. The amount necessary to cure all monetary defaults under the Leases as of the date hereof is currently $623,477.65. Such cure amount, however, may be adjusted should additional amounts become due under the terms of the Leases in advance of the effective date of any assumption / assignment of the Leases. Accordingly,

---

[3] Invoices relating to these insurance charges are appended hereto as Exhibit "A".

Gillis Thomas reserves the right to amend or supplement this objection if further rents or other charges provided for under the Leases are not paid.

8.  Gillis Thomas further reserves the right to require the cure of any non-monetary defaults under the Leases that are discovered prior to any assignment of the Leases to the Stalking Horse Bidder.

9.  Nothing in this objection constitutes a waiver, release or modification of (a) any claims Gillis Thomas may have to allowance and payment of its administrative claims under Section 503(b) if the Leases are not assumed and assigned, (b) any objection by Gillis Thomas to an assumption, or an assumption and assignment, of the Leases that impairs, limits, or modifies Gillis Thomas' rights under the Leases, (c) any rights, claims or objections with respect to adequate assurance of future performance provided in connection with assumption / assignment of the Leases, or (d) Gillis Thomas' rights under the Bankruptcy Code and otherwise applicable law.

## CONCLUSION

WHEREFORE, Gillis Thomas respectfully requests that this Court enter an order conditioning the assumption of the Leases, including the assignment of the Leases, on the cure of all monetary and non-monetary defaults by the Debtor extant on the effective date of any assumption or assumption and assignment of the Leases, and granting such further or alternative relief as the Court deems just and proper.

Dated:  February 4, 2025

                          Respectfully submitted,

                          /s/ *James C. Carignan*
                          Christopher M. Winter (DE 4163)
                          James C. Carignan (DE 4230)
                          DUANE MORRIS LLP
                          1201 N. Market Street, Suite 501
                          Wilmington, DE 19801
                          Telephone: (302) 657-4900
                          Facsimile: (302) 657-4901
                          E-mail:  cmwinter@duanemorris.com
                                     jccarignan@duanemorris.com

                          *Counsel to 462 Thomas Family Properties, L.P.*
                          *d/b/a Gillis Thomas Company*

## CERTIFICATE OF SERVICE

I, James C. Carignan, hereby certify that, on February 4, 2025, I caused to be served the foregoing *Limited Objection of 462 Thomas Family Properties, L.P. to Debtors' Second Supplemental Notice of Proposed Assumption and Assignment of Certain Executory Contracts*, upon the following entities in the manner indicated.

## VIA EMAIL AND FIRST CLASS MAIL

Edmon L. Morton, Esq.
Kenneth J. Enos, Esq.
Kristin L. McElroy, Esq.
Young, Conaway Stargatt & Taylor, LLP
Rodney Square, 1000 N. King Street
Wilmington, DE 19801
Email: emorton@ycst.com
        kenos@ycst.com
        kmcelroy@ycst.com

Andrew K. Glenn, Esq.
Trevor J. Welch, Esq.
Malak S. Doss, Esq.
Glen Agre Bergman & Fuentes LLP
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
Email: aglenn@glennagre.com
        twelch@glennagre.com
        tmdoss@glennagre.com

Zachary E. Klutz, Esq.
W. Timothy Miller, Esq.
Taft Stettinius & Hollister LLP
One Indiana Square, No. 3500
Indianapolis, IN 46204
Email: zklutz@taftlaw.com
        miller@taftlaw.com

## VIA CM/ECF

All entities registered to receive electronic notices in these proceedings.

                                    */s/ James C. Carignan*
                                    James C. Carignan (DE 4230)