## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C. *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
|  | Ref. Docket Nos.  795 & 876 |

**CERTIFICATION OF COUNSEL SUBMITTING *PROPOSED* ORDER (A) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (B) ESTABLISHING SOCILITATION AND TABULATION PROCEDURES; (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (D) ESTABLISHING THE VOTING RECORD DATE; (E) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (F) GRANTING RELATED RELIEF**

On January 21, 2025, the debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above captioned cases filed the *Debtors' Motion for Entry of an Order (A) Approving the Disclosure Statement on an Interim Basis; (B) Establishing Solicitation and Tabulation Procedures; (C) Approving the Form of Ballot and Solicitation Materials; (D) Establishing the Voting Record Date; (E) Fixing the Date, Time, and Place for the Combined Confirmation Hearing and the Deadline for Filing Objections Thereto; and (F) Granting Related Relief* [Docket No. 795] (the "<u>Motion</u>").  A proposed form of order approving the Motion was attached to the Motion as Exhibit A (the "<u>Proposed Order</u>").

On February 11, 2025, the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") held a hearing (the "<u>Hearing</u>") to consider approval of the Motion.  Prior to the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

Hearing, the Debtors received informal comments to the Proposed Order from the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").  Following discussions with the U.S. Trustee, the Debtors filed a revised form of order (the "Revised Proposed Order") [Docket No. 876], resolving the U.S. Trustee's informal comments.  At the Hearing, the Court approved the Motion, in accordance with the Revised Proposed Order, subject to the comments made on the record at the Hearing.

Attached hereto as **Exhibit A** is a proposed form of further revised order (the "Further Revised Proposed Order"), which includes certain revisions to the exhibits attached thereto.  For the convenience of the Court and other interested parties, a blackline comparing the Further Revised Proposed Order against the Revised Proposed Order is attached hereto as **Exhibit B**.

WHEREFORE, the Debtors did not receive any objections or responses other than that as described herein, and the U.S. Trustee does not object to entry of the Further Revised Proposed Order, the Debtors respectfully request entry of the Further Revised Proposed Order, which is attached hereto as **Exhibit A**.

Dated: February 12, 2025
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Carol E. Thompson*
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
       kenos@ysct.com
       kmcelroy@ycst.com
       tpowell@ycst.com

- and -

**GLENN AGRE BERGMAN & FUENTES LLP**
Andrew K. Glenn (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
Malak S. Doss (admitted *pro hac vice*)
Michelle C. Perez (admitted *pro hac vice*)
Esther Hong (admitted *pro hac vice*)
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
       twelch@glennagre.com
       mdoss@glennagre.com
       mperez@glennagre.com
       ehong@glennagre.com

*Efficiency Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Further Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
|  | **Related Docket No. _____** |

## ORDER (A) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (B) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (D) ESTABLISHING THE VOTING RECORD DATE; (E) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (F) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order:

(a) approving the Disclosure Statement on an interim basis for solicitation purposes only;

(b) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan;

(c) approving the form of ballot and solicitation materials; (d) establishing a voting record date;

(e) fixing the date, time, and place for the Combined Confirmation Hearing and establishing the

deadline for filing objections related thereto; and (f) granting related relief; and after due

deliberation and sufficient cause appearing therefor,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

**THIS COURT HEREBY FINDS AS FOLLOWS:**

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated as of February 29, 2012.

B.      Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      This Court may, consistent with Article III of the United States Constitution, issue a final order in connection with the Motion.

D.      Venue of the proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      The relief requested in the Motion is in the best interests of the Debtors' estates, its creditors, and other parties in interest.

F.      The notice of the Motion was served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

G.      The form of ballot attached hereto as **<u>Exhibit 1</u>** (the "<u>Ballot</u>"): (i) is consistent with Official Form No. 314; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for the Voting Classes; and (iv) complies with Bankruptcy Rule 3017(d).

H.      The Ballot need not be provided to Holders of Claims or Interests in the Non-Voting Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or (ii) impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 1 | Other Priority Claims | Unimpaired | Presumed to Accept Plan |
| 2 | Other Secured Claims | Unimpaired | Presumed to Accept Plan |
| 3 | Prepetition Lender Claims | Impaired | Entitled to Vote on Plan |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote on Plan |
| 5 | Intercompany Claims | Impaired/ Unimpaired | Deemed to Reject Plan/ Presumed to Accept Plan |
| 6 | Intercompany Interests | Impaired/ Unimpaired | Deemed to Reject Plan/ Presumed to Accept Plan |
| 7 | Subordinated Claims | Impaired | Deemed to Reject |
| 8 | Existing Equity Interests | Impaired | Deemed to Reject |

I.     The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for the Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

J.     The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K.     The contents of the Solicitation Package and the procedures for providing notice of the Combined Confirmation Hearing and the other matters set forth in the Combined Confirmation

3

Hearing Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Motion is granted as set forth herein.

**CONDITIONAL APPROVAL OF THE DISCLOSURE STATEMENT**

2.      The Disclosure Statement is approved on an interim basis as containing adequate information for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

**APPROVAL OF THE CONFIRMATION TIMELINE**

3.      This Court shall conduct the Combined Confirmation Hearing for (a) final approval of the Disclosure Statement as containing adequate information and (b) confirmation of the Plan. The Combined Confirmation Hearing is hereby scheduled for **March 27, 2025 at 10:30 a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than by (a) announcing any adjourned date at the Combined Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of the Chapter 11 Cases.

4.      The following dates and deadlines, are hereby approved:

| Event | Date |
|---|---|
| Voting Record Date | February 10, 2025 |
| Date by which Solicitation will be Mailed | Within three business days after entry of the Proposed Solicitation Procedures Order |
| Deadline to File Rule 3018 Motions | February 28, 2025 at 4:00 p.m. (ET) |
| Deadline for Debtors to File Objections to Rule 3018 Motions | March 5, 2025 |
| Deadline to File Plan Supplement | March 7, 2025 |

| Event | Date |
|---|---|
| Voting Deadline | March 17, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | March 17, 2025 at 4:00 p.m. (ET) |
| Deadline to File Brief, Replies, and Declarations in Support of the Plan and the Proposed Confirmation Order | March 25, 2025 at noon (ET) (or prior to noon two business days prior to any adjourned Combined Confirmation Hearing) |
| Combined Confirmation Hearing | March 27, 2025 at 10:30 a.m. (ET) |

## <u>APPROVAL OF THE SOLICITATION PROCEDURES</u>

5.      The Ballot, in substantially the form attached hereto as **<u>Exhibit 1</u>**, is approved.

6.      The Combined Confirmation Hearing Notice, in substantially the form attached hereto as **<u>Exhibit 2</u>**, is approved.

7.      The Notice of Non-Voting status, in substantially the form attached hereto as **<u>Exhibit 3</u>**, is approved.

8.      The Opt-In Release Form, in substantially the form attached hereto as **<u>Exhibit 4</u>**, is approved.

9.      The Publication Notice, in substantially the form attached hereto as **<u>Exhibit 5</u>**, is approved.

10.      Pursuant to Bankruptcy Rule 3017(d), **<u>February 10, 2025 at 4:00 p.m. (prevailing Eastern Time)</u>** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Package and vote on the Plan (the "<u>Record Date</u>").

11.      With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the

5

transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

12.     On or prior to the date that is three (3) business days following entry of this Order (the "Service Date"), the Notice and Claims Agent shall mail the Solicitation Package to Holders of Claims in the Voting Classes containing copies of: (a) the Combined Confirmation Hearing Notice; (b) instructions, including a QR code, for accessing the Disclosure Statement, the Plan, and the Solicitation Procedures Order; (c) the Ballot; and (d) a pre-paid, pre-addressed return envelope.  The Debtors shall be excused from distributing Solicitation Package to those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Debtors receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date.  The Debtors and the Notice and Claims Agent are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Combined Confirmation Hearing Notice.

13.     On or prior to the Service Date, the Notice and Claims Agent shall mail the Combined Confirmation Hearing Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package or a Notice of Non-Voting Status and Release Opt-In: (a) all persons or entities that have filed or are deemed to have filed a proof of claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) all entities known by the

Debtors to hold or assert a lien or other interest in the Debtors' property; and (g) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

14.     On or prior to the Service Date, the Notice and Claims Agent shall mail the Notice of Non-Voting Status and Opt-In Release Form to the Holders of Claims or Interests in the Non-Voting Classes.  All Opt-In Release Forms shall be accompanied by pre-addressed, postage prepaid return envelopes addressed to the Claims and Balloting Agent.

15.     The Debtors are authorized, but not directed, to publish the Publication Notice, substantially in the form attached hereto as **Exhibit 5**, in the national edition of *USA Today* or a similar publication at least twenty-eight (28) days prior to the Combined Confirmation Hearing.

16.     To be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed, and delivered to the Notice and Claims Agent in accordance with the instructions on the Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on March 17, 2025** (the "Voting Deadline").

17.     Within one week after the Voting Deadline, the Notice and Claims Agent shall file with the Court a voting report, which shall indicate the Holders of Claims or Interests that opted into or out-of the Release provisions.

18.     The Debtors propose that the following procedures in the subsequent paragraph be utilized in tabulating the votes to accept or reject the Plan (the "Tabulation Procedures").  Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of the Debtors and its estate in any other context, the Debtors propose that each Claim within the Voting Class vote in an amount determined by the following procedures:

**Class 3 (Prepetition Lender Claims) and Class 4 (General Unsecured Claims)**

- If a Claim is deemed allowed under the Plan, an order of this Court, or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

- If a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

- If a Claim for which a proof of claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim for which a proof of claim was timely filed and is liquidated and non-contingent, or was listed in the Debtors' schedules of assets and liabilities (the "Schedules") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Schedules;

- If a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, such Claim is temporarily allowed in the amount so estimated or allowed by this Court for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim is listed on the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by this Court, or (ii) deemed timely filed by an order of this Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

- Proofs of claim filed for $0.00 are not entitled to vote;

- If the Debtors or other party in interest has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by this Court before the Voting Deadline;

- For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one (1) Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

- Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class, regardless of whether the Debtors has objected to such duplicate Claims; and

- If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending proof of claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed proof of claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended proof of claim.  Except as otherwise ordered by this Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

**<u>Voting Rules</u>**

- Except as otherwise ordered by this Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors, in their discretion;

- Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

- Any Ballot cast by a person or entity that does not hold a Claim in the Voting Classes as of the Voting Record Date will not be counted;

- Any unsigned Ballot will not be counted, provided that Ballots validly submitted through the Balloting Portal will be deemed signed;

- Except in the Debtors' discretion, any Ballot transmitted to the Notice and Claims Agent by facsimile or other electronic means (other than through the Balloting Portal) will not be counted;

- Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted;

- Whenever a claimant casts more than one (1) Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely

received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

- If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

- Subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

- Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Plan, and any votes that are split will not be counted; and

- Subject to any contrary order of this Court, the Debtors further reserve the right to waive any defects, irregularities, or conditions of delivery as to any particular Ballot.

19.    Upon completion of the balloting, the Notice and Claims Agent shall certify the amount and number of allowed claims of the Voting Classes accepting or rejecting the Plan, including all votes not counted and the reason for not counting such votes.  The Debtors shall cause such certification to be filed with this Court prior to the Combined Confirmation Hearing.

20.    If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") no later than **February 28, 2025 at 4:00 p.m. (prevailing Eastern Time)** and serve the Rule 3018 Motion on the Debtors. The Debtors (and, with respect to filing a response, any other party in interest) shall then (a) have until March 5, 2025 to file and serve any responses to such Rule 3018 Motions, and (b) coordinate with this Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Confirmation Hearing.  Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or interest is

temporarily allowed by this Court for voting purposes in a different amount, after notice and a hearing.

21.    Objections to confirmation of the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement, if any, must (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) comply with the Bankruptcy Rules and the Local Rules; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following:  (a)  the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjaman A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, (i) Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)) and (ii) Blank Rome LLP, 1201 Market Street, Suite

800, Wilmington, DE 19801 (Attn: Regina S. Kelbon (regina.kelbon@blankrome.com) and Stanley B. Tarr (Stanley.tarr@blankrome.com)), and 130 North 18 th Street, Philadelphia, PA 19103 (Attn: John E. Lucian (john.lucian@blankrome.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); and (f) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)), so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on March 17, 2025** (the "Confirmation Objection Deadline").

22.     The Debtors shall, if it deems necessary in its discretion, and any other party in interest may, file a reply to any such objections or brief in support of confirmation of the Plan, or final approval of the Disclosure Statement, by no later than **4:00 p.m. (prevailing Eastern Time) on March 25, 2025** (or two (2) business days prior to the date of any adjourned Combined Confirmation Hearing).

23.     The Debtors are authorized to make non-substantive and ministerial changes to the Disclosure Statement, the Plan, the Combined Confirmation Hearing Notice, Ballot, Publication Notice, and related documents without further approval of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to any materials included in the Solicitation Package prior to their distribution.

24.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

25.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

26.     This Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**CLASS 3 (PREPETITION LENDER CLAIMS)/ CLASS 4 (GENERAL UNSECURED CLAIMS)
BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF TRUE
VALUE COMPANY, L.L.C. AND ITS DEBTOR AFFILIATES**

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "ELECTRONIC BALLOT" OR "PAPER
BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY RECEIVED</u> BY OMNI AGENT SOLUTIONS,
INC.
BY THE VOTING DEADLINE OF <u>MARCH 17, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME)</u>.**

This ballot (this "<u>Ballot</u>") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. __] filed by the Debtors (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Plan</u>").[2]  A copy of the Plan is enclosed herewith and may also be obtained free of charge on the dedicated webpage of Omni Agent Solutions, Inc. (the "<u>Notice and Claims Agent</u>") at https://omniagentsolutions.com/TrueValue-Ballots or upon request to the Notice and Claims Agent by (a) telephone at +1 (866) 771-0561 (U.S. toll free/Domestic) OR +1 (818) 356-8633 (International) or (b) email at <u>TrueValueInquiries@OmniAgnt.com</u>.[3]

The Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

<u>**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS BALLOT**</u>

1.  For your vote to count, you must:

    a.  Submit your Ballot by <u>either</u>:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

[3]    Copies of the Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

i.  Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") by mail, overnight courier, or hand delivery to the following address: True Value Company, L.L.C., Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; <u>or</u>

ii.  Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Notice and Claims Agent's dedicated, E-Ballot portal (the "<u>Balloting Portal</u>").  To submit your Ballot through the Balloting Portal, visit https://omniagentsolutions.com/TrueValue-Ballots and follow the instructions to submit your E-Ballot.

- The Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

b.  In the boxes provided in Item 2 of this Ballot, indicate **<u>either</u>** acceptance or rejection of the Plan by checking the appropriate box;

c.  Review and sign the acknowledgements in Item 4 of this Ballot.  Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted.  For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid and original signature.  If you are completing this Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot; and

d.  **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *received* by the Notice and Claims Agent on or before the Voting Deadline approved by the Bankruptcy Court, <u>March 17, 2025 at 4:00 p.m. (prevailing Eastern Time)</u>**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion.  If neither the "accept" nor "reject" box is checked in Item 2 or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, such Ballot will not be counted for voting purposes.

2.  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and those Ballots are not voted in the same manner, such Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.  **Further, inconsistent, duplicate Ballots with respect to the same Claim shall not be counted.**

3.  This Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Interest.

4.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

5.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.  PLEASE RETURN YOUR BALLOT PROMPTLY.  THE NOTICE AND CLAIMS AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

7.  IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT BY EMAIL (TRUEVALUEINQUIRIES@OMNIAGNT.COM), OR BY TELEPHONE AT 1 (866) 771-0561 (TOLL FREE).  DO NOT CONTACT THE NOTICE AND CLAIMS AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE NOTICE AND CLAIMS AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

<u>NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE PLAN</u>

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY IMPACT YOUR RIGHTS, INCLUDING THE FOLLOWING:

Class 3 and Class 4 Ballot

Article VIII of the Plan contains the following release provision:

**Releases by Releasing Parties. As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party and each other Releasing Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order, or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan related to the Debtors and the Chapter 11 Cases; *provided* that, nothing in this Section 8.3 shall be construed to release the Released Parties or Releasing Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligation or liability of any Entity under the Plan, the Asset Purchase Agreement, the Sale Order, the Cash Collateral Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (b) any asbestos claims or any personal injury claims, in each case that have been or may be asserted against insurance or non-debtor third parties, unless such non-debtor third parties are Released Parties.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Releasing Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Releasing Party Release is: (a) consensual, (b) in exchange for the good and valuable consideration provided by the Released Parties, (c) a good-faith settlement and compromise of claims released by the Releasing Party Release; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or Releasing Parties or their property, released pursuant to the Releasing Party Release.**

As defined in Article I.A.116 of the Plan:

**"Released Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors' and the Estates' Related Parties; (b) the Prepetition Secured Parties; (c) the Creditors' Committee and each of its current and former members; and (d) the Related Parties of each of the Entities in clauses (b) and (c).**

As defined in Article I.A.117 of the Plan:

**"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and (ii) after receiving notice,**

3

affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).

Article VIII of the Plan contains the following exculpation provision:

**Exculpation:  Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Releasing Party Release, and notwithstanding anything herein to the contrary, each Exculpated Party is hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any action taken or omitted to be taken during the period commencing on the Petition Date through and including the Effective Date in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, or implementing the Plan, or consummating the Plan, the Disclosure Statement, the Cash Collateral Order, the Asset Purchase Agreement, the Chapter 11 Cases, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided that, nothing in this Section 8.4 shall be construed to release the Exculpated Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order.  Each Exculpated Party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not release any post-Effective Date obligation or liability of any Entity under the Plan, Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

As defined in Article I.A.62 of the Plan:

**"Exculpated Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Estates; (c) the Creditors' Committee and each of its current and former members (provided, for the avoidance of doubt, that former members of the Creditors' Committee shall not be exculpated for any act or omission occurring after their tenure on the Creditors' Committee); and (d) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Estates or on behalf of holders of General Unsecured Claims at any time between the Petition Date and the Effective Date of this Plan.**

Article VIII of the Plan contains the following injunction:

**Injunction.  In accordance with Bankruptcy Code Section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code Section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and interests against the Debtors, and Bankruptcy Code Section 1141(a) provides that the Plan, as confirmed, will be binding to the extent provided therein. As such, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.**

**Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; (2) have been released pursuant to the Plan; (3) were purchased and released by the Purchaser in connection with the Sale; (4) are subject to exculpation pursuant to the Plan; or (5) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any claims, interests, Causes of Action, or liabilities that have been**

**compromised or settled against the Debtors or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any discharged, released, settled, compromised, or exculpated claims, interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Litigation Trust, the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff (i.e., a Proof of Claim or motion asserting such rights), and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released, exculpated, or settled pursuant to the Plan.**

**Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan by the Debtors, the Post-Effective Date Debtors, the Litigation Trust, and their respective affiliates, employees, advisors, officers and directors, or agents.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

8. Please be advised that, even if you vote to accept the Plan, you may still choose to opt out of the releases set forth in Article VIII of the Plan by affirmatively checking the opt-out box in Item 3.  If you vote to reject the Plan, you may still choose to grant the releases set forth in Article VIII of the Plan by affirmatively checking the opt-in box in Item 4.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE), AND 4.  IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Voting Amount.**  The undersigned certifies that, as of February 10, 2025, the undersigned was a Holder of a Class 3 Prepetition Lender Claim/ Class 4 General Unsecured Claim in the amount set forth below:

Voting Amount (in U.S. Dollars): $ _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Prepetition Lender Claim identified in Item 1 hereby votes to (check **one** box only):

☐  **Accept** the Plan                                    ☐  **Reject** the Plan

**Item 3. Release Opt-Out Election (ONLY APPLICABLE IF YOU VOTED TO <u>ACCEPT</u> THE PLAN)**
Check this box if you elect **not to grant** the releases contained in Article VIII of the Plan. Election to opt-out is at your option and in your sole discretion. If you vote to accept the plan and do not check the box below, you shall be deemed to have consented to the release provisions set forth in Article VIII of the Plan.

☐    <u>**OPT-OUT**</u>. The undersigned elects not to grant the releases contained in Article VIII of the Plan.

**Item 4. Release Opt-In Election (ONLY APPLICABLE IF YOU VOTED TO <u>REJECT</u> THE PLAN)**
Check this box if you elect **to grant** the releases contained in Article VIII of the Plan. Election to opt-in is at your option and in your sole discretion.  If you submit your Ballot with this box checked, you shall be deemed to consent to the release provisions set forth in Article VIII of the Plan.

☐    <u>**OPT-IN**</u>. The undersigned elects to grant the releases contained in Article VIII of the Plan.

**Item 5. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

_____          _____
Name of Creditor                                                        Telephone Number

_____          _____
Signature                                                                      Email Address

_____
If by Authorized Agent, Name and Title

_____          _____
Name of Institution                                                    Date Completed

_____
Street Address

_____
City, State, Zip Code

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF:**

**(I)    APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS; AND**

**(II)    THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On October 14, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

### I.    APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS

1.    On February __, 2025, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved the *Disclosure Statement for Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (the "Disclosure Statement"), which was filed by the Debtors in the Debtors' chapter 11 cases (the "Chapter 11 Cases"), on an interim basis for solicitation purposes only.

2.    **Copies of the Disclosure Statement, the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, the "Plan"),[2] the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://omniagentsolutions.com/TrueValue-Ballots, or upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (a) telephone at +1 (866) 771-0561 (U.S. toll free/Domestic) OR +1 (818) 356-8633 (International) or (b) email at TrueValueInquiries@omniagnt.com.**

### II.    THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

3.    **Combined Confirmation Hearing**.  A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #3, 824 North Market Street, Wilmington, Delaware 19801, on **March 27, 2025 at 10:30 a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

4.    **Voting Deadline**. Only Holders of Claims in Class 3 (Prepetition Lender Claims) and Class 4 (General Unsecured Claims) are entitled to vote to accept or reject the Plan.  The deadline for the submission of such votes is **March 17, 2025 at 4:00 p.m. (prevailing Eastern Time)**.

5.    **Parties Not Entitled to Vote**.  Holders of Unimpaired Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) are presumed to accept the Plan.  Holders of Impaired Claims or Interests in Class 5 (Intercompany Claims) and Class 6 (Intercompany Interests) are deemed (or may be) to reject the Plan and Holders of Claims or Interests in Class 7 (Subordinated Claims) and Class 8 (Existing Equity Interests) are deemed to reject the Plan and will receive no distribution under the Plan on account of such Claim or Interests.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, Restructuring Expenses, Plan Administration Reserve, and Priority Tax Claims, as described in the Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Plan.  The respective treatment of such unclassified Claims is set forth in Article II of the Plan.

6.    **Objections to Confirmation**.  Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 17, 2025**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

---

[3]    The Notice Parties are: (a) the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); (f) counsel to the Creditors Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)).

**Debtor Release.**  Pursuant to Section 1123(b) of the Bankruptcy Code, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and their Estates, as applicable, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of any of the foregoing Entities, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted or assertable on behalf of the Debtors or their Estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Entity, based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan; *provided* that, nothing in this Section 8.2 shall be construed to release the Released Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Person or Entity under the Plan, the Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, (b) a good-faith settlement and compromise of the claims released by the Debtor Release; (c) given and made after due notice and opportunity for hearing; and (d) a bar to any of the Debtors or the Estates or any other Entities from asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Debtor Release.

"**Released Party**" means, collectively, each of the following in their respective capacities as such: (a) the Debtors' and the Estates' Related Parties; (b) the Prepetition Secured Parties; (c) the Creditors' Committee and each of its current and former members; and (d) the Related Parties of each of the Entities in clauses (b) and (c).

"**Releasing Parties**" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the

Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).

Exculpation. Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Releasing Party Release, and notwithstanding anything herein to the contrary, each Exculpated Party is hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any action taken or omitted to be taken during the period commencing on the Petition Date through and including the Effective Date in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, or implementing the Plan, or consummating the Plan, the Disclosure Statement, the Cash Collateral Order, the Asset Purchase Agreement, the Chapter 11 Cases, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided that, nothing in this Section 8.4 shall be construed to release the Exculpated Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order.  Each Exculpated Party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not release any post-Effective Date obligation or liability of any Entity under the Plan, Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

"Exculpated Party" or "Exculpated Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Estates; (c) the Creditors' Committee and each of its current and former members (provided, for the avoidance of doubt, that former members of the Creditors' Committee shall not be exculpated for any act or omission occurring after their tenure on the Creditors' Committee); and (d) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Estates or on behalf of holders of General Unsecured Claims at any time between the Petition Date and the Effective Date of this Plan.

Injunction.  In accordance with Bankruptcy Code Section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code Section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and interests against the Debtors, and Bankruptcy Code Section 1141(a) provides that the Plan, as confirmed, will be binding to the extent provided therein. As such, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

**Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; (2) have been released pursuant to the Plan; (3) were purchased and released by the Purchaser in connection with the Sale; (4) are subject to exculpation pursuant to the Plan; or (5) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any claims, interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any discharged, released, settled, compromised, or exculpated claims, interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Litigation Trust, the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff (*i.e.*, a Proof of Claim or motion asserting such rights), and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released, exculpated, or settled pursuant to the Plan.**

**Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan by the Debtors, the Post-Effective Date Debtors, the Litigation Trust, and their respective affiliates, employees, advisors, officers and directors, or agents.**

Please be advised that parties not entitled to vote on the Plan, *i.e.* Holders of Unimpaired Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims), Holders of Impaired Claims in Class 5 (Intercompany Claims) and Class 7 (Subordinated Claims), and Interests in Class 6 (Intercompany Interests) and Class 8 (Existing Equity Interests) have not granted the releases set forth in Article VIII of the Plan unless that party separately agrees to provide such releases.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII THEREOF.**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/
_____
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
Carol E. Thompson (Del. Bar No. 6936)
One Rodney Square
1000 North King Street Wilmington,
Delaware 19801
Telephone: (302) 571-6600
Email:emorton@ycst.com
kenos@ycst.com
kmcelroy@ycst.com
tpowell@ycst.com
cthompson@ycst.com

_Efficiency Counsel to the
Debtors and Debtors in Possession_

**GLENN AGRE BERGMAN & FUENTES LLP**

Andrew K. Glenn (admitted pro hac vice)
Trevor J. Welch (admitted pro hac vice)
Malak S. Doss (admitted pro hac vice)
Michelle C. Perez (admitted pro hac vice)
Esther Hong (admitted pro hac vice)

1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email: aglenn@glennagre.com
twelch@glennagre.com
mdoss@glennagre.com
mperez@glennagre.com
ehong@glennagre.com

_Conflicts Counsel to the
Debtors and Debtors in Possession_

# EXHIBIT 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.[1]** | **(Jointly Administered)** |

## NOTICE OF NON-VOTING STATUS

### TO: ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS OR INTERESTS IN CLASSES 1, 2, 5, 6, 7 AND 8

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.  On October 14, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.  On February __, 2025, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved the *Disclosure Statement for Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (the "Disclosure Statement"), which was filed by the Debtors in the Debtors' chapter 11 cases (the "Chapter 11 Cases"), on an interim basis for solicitation purposes only.

3.  **Combined Confirmation Hearing**. A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, the "Plan")[2] will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #3, 824 North Market Street, Wilmington, Delaware 19801, on **March 27, 2025 at 10:30 a.m. (prevailing Eastern Time)**. The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

## ENTITLEMENT TO VOTE ON THE PLAN

4.  In accordance with the terms of the Plan and the Bankruptcy Code, General Administrative Claims, Professional Fee Claims, and Priority Tax Claims (collectively, the "Unclassified Claims") are unclassified and are not entitled to vote on the Plan. Also, Holders of Claims and Interests in Classes 1 (Other Priority Claims), 2 (Other Secured Claims), 5 (Intercompany Claims), 6 (Intercompany Interests), 7

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

(Subordinated Claims) and 8 (Existing Equity Interests) under the Plan (collectively, the "<u>Non-Voting Classes</u>") are (a) conclusively presumed to have accepted the Plan or deemed to reject the Plan, as applicable, and (b) not entitled to vote to accept or reject the Plan, as further described below. You are receiving this notice because you are either (i) a Holder of an Unclassified Claim and, therefore, not entitled to vote on the Plan; or (ii) a Holder of a Claim or Interest in a Class that is conclusively presumed to accept or deemed to reject the Plan and, therefore, not entitled to vote on the Plan.

5.    **Optional Release Election**.  As of the Effective Date of the Plan, certain release, injunction, exculpation and discharge provisions set forth in Article VIII of the Plan will become effective. These provisions are described below. As part of the Non-Voting Classes, you may choose to opt into the Third-Party Release set forth in Article VIII of the Plan by following the instructions set forth in the Opt-In Release Form. The Opt-In Release Form must be actually received, regardless of the method of submission, by the Notice and Claims Agent on or before the Voting Deadline of **March 17, 2025 at 4:00 p.m. (prevailing Eastern Time) (the "Release Opt-In Deadline")**. If the Opt-In Release Form is received after the Release Opt-In Deadline, it will not be counted by the Notice and Claims Agent, and you will be deemed **NOT** to have consented to the Releases set forth in Article VIII of the Plan.

6.    Your rights are described more fully in the Disclosure Statement and Plan. Copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://omniagentsolutions.com/TrueValue-Ballots, or upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (i) telephone at +1 (866) 771-0561 (U.S. toll free/Domestic) OR +1 (818) 356-8633 (International) or (ii) email at TrueValueInquiries@omniagnt.com.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

7.    The Plan proposes to modify the rights of certain creditors of the Debtors.  The classification of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Prepetition Lender Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Intercompany Claims | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Reject/ Presumed to Accept) |
| 6 | Intercompany Interests | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Reject/ Presumed to Accept) |
| 7 | Subordinated Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

**DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN**

8.     **Objections to Confirmation**.  Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must:  (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the basis and nature of such objection; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March 17, 2025**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**Debtor Release.  Pursuant to Section 1123(b) of the Bankruptcy Code, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and their Estates, as applicable, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of any of the foregoing Entities, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted or assertable on behalf of the Debtors or their Estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Entity, based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation**

---

[3]     The Notice Parties are: (a) the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); (f) counsel to the Creditors Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)).

of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan; *provided* that, nothing in this Section 8.2 shall be construed to release the Released Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Person or Entity under the Plan, the Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, (b) a good-faith settlement and compromise of the claims released by the Debtor Release; (c) given and made after due notice and opportunity for hearing; and (d) a bar to any of the Debtors or the Estates or any other Entities from asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Debtor Release.

Releases by Releasing Parties.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party and each other Releasing Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order, or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan related to the Debtors and the Chapter 11 Cases; *provided* that, nothing in this Section 8.3 shall be construed to release the Released Parties or Releasing Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligation or liability of any Entity under the Plan, the Asset Purchase Agreement, the Sale Order, the Cash Collateral Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (b) any asbestos claims or any

4

personal injury claims, in each case that have been or may be asserted against insurance or non-debtor third parties, unless such non-debtor third parties are Released Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Releasing Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Releasing Party Release is: (a) consensual, (b) in exchange for the good and valuable consideration provided by the Released Parties, (c) a good-faith settlement and compromise of claims released by the Releasing Party Release; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or Releasing Parties or their property, released pursuant to the Releasing Party Release.

"**Released Party**" means, collectively, each of the following in their respective capacities as such: (a) the Debtors' and the Estates' Related Parties; (b) the Prepetition Secured Parties; (c) the Creditors' Committee and each of its current and former members; and (d) the Related Parties of each of the Entities in clauses (b) and (c).

"**Releasing Parties**" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).

**Exculpation.** Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Releasing Party Release, and notwithstanding anything herein to the contrary, each Exculpated Party is hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any action taken or omitted to be taken during the period commencing on the Petition Date through and including the Effective Date in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, or implementing the Plan, or consummating the Plan, the Disclosure Statement, the Cash Collateral Order, the Asset Purchase Agreement, the Chapter 11 Cases, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided that, nothing in this Section 8.4 shall be construed to release the Exculpated Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order. Each Exculpated Party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing,

the exculpation set forth above does not release any post-Effective Date obligation or liability of any Entity under the Plan, Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

"Exculpated Party" or "Exculpated Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Estates; (c) the Creditors' Committee and each of its current and former members (provided, for the avoidance of doubt, that former members of the Creditors' Committee shall not be exculpated for any act or omission occurring after their tenure on the Creditors' Committee); and (d) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Estates or on behalf of holders of General Unsecured Claims at any time between the Petition Date and the Effective Date of this Plan.

Injunction. In accordance with Bankruptcy Code Section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code Section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and interests against the Debtors, and Bankruptcy Code Section 1141(a) provides that the Plan, as confirmed, will be binding to the extent provided therein. As such, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; (2) have been released pursuant to the Plan; (3) were purchased and released by the Purchaser in connection with the Sale; (4) are subject to exculpation pursuant to the Plan; or (5) are otherwise satisfied, released, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any claims, interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any discharged, released, settled, compromised, or exculpated claims, interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Litigation Trust, the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff (*i.e.*, a Proof of Claim or motion asserting such rights), and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in

**connection with or with respect to any such claims or interests released, exculpated, or settled pursuant to the Plan.**

**Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan by the Debtors, the Post-Effective Date Debtors, the Litigation Trust, and their respective affiliates, employees, advisors, officers and directors, or agents.**

Please be advised that parties not entitled to vote on the Plan, *i.e.* Holders of Unimpaired Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) and Holders of Impaired Claims in Class 5 (Intercompany Claims), and Class 7 (Subordinated Claims) and Interests in Class 6 (Intercompany Interests) and Class 8 (Existing Equity Interests) have not granted the releases set forth in Article VIII of the Plan unless that party separately agrees to provide such releases by following the instructions and returning the Opt-In Release Form by the Release Opt-In Deadline.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII THEREOF.**

Dated: [ ], 2025

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ _____

Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544) Kristin
L. McElroy (Del. Bar No. 6871) Timothy R.
Powell (Del. Bar No. 6894) Carol E.
Thompson (Del. Bar No. 6936) One Rodney
Square
1000 North King Street Wilmington,
Delaware 19801
Telephone: (302) 571-6600 Email:
emorton@ycst.com
kenos@ycst.com
kmcelroy@ycst.com
tpowell@ycst.com
cthompson@ycst.com

*Efficiency Counsel to the*
*Debtors and Debtors in Possession*

**GLENN AGRE BERGMAN & FUENTES LLP**

Andrew K. Glenn (admitted pro hac vice)
Trevor J. Welch (admitted pro hac vice)
Malak S. Doss (admitted pro hac vice)
Michelle C. Perez (admitted pro hac vice)
Esther Hong (admitted pro hac vice) 1185
Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600 Email:
aglenn@glennagre.com
twelch@glennagre.com
mdoss@glennagre.com
mperez@glennagre.com
ehong@glennagre.com

*Conflicts Counsel to the*
*Debtors and Debtors in Possession*

# EXHIBIT 4

**Opt-In Release Form**

You are receiving this opt-in election form (the "Opt-In Release Form") because you are or may be a Holder of a Claim in Class 1, 2, 5, 6, 7, or 8 under the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. 796] (as may be amended from time to time, the "Plan").[1] Holders in Classes 1 and 2 hold Claims that are Unimpaired under the Plan are therefore presumed to accept the Plan. Holders in Classes 5, 6, 7, and 8 are not entitled to any recovery under the Plan and are therefore deemed to reject the Plan. Therefore, you will not be receiving a ballot to vote on the Plan.

As of the Effective Date of the Plan, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. **These provisions are attached as <u>Schedule A</u> to this form.** You may choose to opt into the Third-Party Release set forth in Article VIII of the Plan by following the instructions set forth in this Opt-In Release Form.

**IF YOU WISH TO OPT INTO THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII OF THE PLAN:**

**(1) PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN RELEASE FORM AND RETURN IT TO OMNI AGENT SOLUTIONS, INC. IN THE PREPAID, PRE-ADDRESSED BUSINESS REPLY ENVELOPE PROVIDED OR BY FIRST-CLASS MAIL, OVERNIGHT OR HAND DELIVERY TO:**

<div style="border:1px solid black; text-align:center;">

**True Value Company, L.L.C., Ballot Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 Soto Ave., Suite 100**
**Woodland Hills, CA 91367**

</div>

<u>**OR**</u>

**(2) SUBMIT YOUR CUSTOMIZED, ELECTRONIC OPT-IN RELEASE FORM VIA THE NOTICE AND CLAIMS AGENT'S ONLINE PORTAL AS FOLLOWS:**

**Please visit the Debtors' website at <u>https://omniagentsolutions.com/TrueValue-Ballots</u>. Click on the "Submit E-Ballot" section of the website and follow the directions to submit the electronic version of your Opt-In Release Form. If you choose to submit your Opt-In Release Form via the Notice and Claims Agent's online E-Ballot portal, you should <u>not</u> also return a hard copy of your Opt-In Release Form.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit the customized electronic version of your Opt-In Release Form:**

**Unique E-Ballot ID#: _____**

---

[1] All capitalized terms not described herein shall have the meaning ascribed to them in the Plan.

**The online E-Ballot portal is the sole manner in which your Opt-In Release Form will be accepted via electronic or online transmission.  Opt-In Release Forms submitted by facsimile or email will not be counted.**

      **THIS OPT-IN RELEASE FORM MUST BE ACTUALLY RECEIVED, REGARDLESS OF THE METHOD OF SUBMISSION, BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE THE VOTING DEADLINE OF MARCH 17, 2025 AT 4:00 P.M. (PREVALING EASTERN TIME) (THE "<u>RELEASE OPT-IN DEADLINE</u>").  IF THIS OPT-IN RELEASE FORM IS RECEIVED AFTER THE RELEASE OPT-IN DEADLINE, IT WILL NOT BE COUNTED BY THE NOTICE AND CLAIMS AGENT AND YOU WILL BE DEEMED <u>NOT</u> TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII OF THE PLAN.**

[*Remainder of Page Intentionally Left Blank*]

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Claim or Interest.**  The undersigned certifies that the undersigned (check all that apply):

□        Holds a **Class 1 – Other Priority Claim** against one or more of the Debtors

□        Holds a **Class 2 – Other Secured Claim** against one or more of the Debtors

□        Holds a **Class 5 – Intercompany Claim** against one or more of the Debtors

□        Holds a **Class 6 – Intercompany Interest** against one or more of the Debtors

□        Holds a **Class 7– Subordinated Claim** against one or more of the Debtors

□        Holds a **Class 8 – Existing Equity Interest** against one or more of the Debtors

**Item 2.  Opt-In for Third-Party Release.**  By checking this box, the undersigned Holder identified in Item 1 above:

□        **Elects to grant (and therefore OPTS INTO) the Third-Party Release contained in Article VIII of the Plan (which is copied on Schedule A hereto).**

**PLEASE BE ADVISED THAT BY CHECKING THE BOX ABOVE YOU ELECT TO GRANT THE THIRD-PARTY RELEASE AGAINST EACH PARTY THAT IS A "RELEASED PARTY" AS THAT TERM IS DEFINED IN THE PLAN.  <u>YOU MUST AFFIRMATIVELY CHECK THE BOX ABOVE IN ORDER TO OPT INTO THE THIRD-PARTY RELEASE.</u>**

PLEASE ALSO BE ADVISED THAT THE DEBTOR RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN IS SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE.  IF YOU OBJECT TO THE DEBTOR RELEASE, YOU MUST FILE A SEPARATE OBJECTION WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE PROCEDURES DESCRIBED IN THE DISCLOSURE STATEMENT ORDER.

**Item 3.  Certifications.**  By signing this Opt-In Release Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a.        the undersigned is either (i) the Holder of Claims or Interests set forth in Item 1 or (ii) an authorized signatory for an entity that is the Holder of the Claims or Interests set forth in Item 1;

b.        the undersigned has submitted the same election concerning the releases with respect to all Claims or Interests in a single Class set forth in Item 1; and

c.        no other Opt-In Release Form with respect to the Holder's Claims or Interests identified in Item 1 has been completed or, if any other Opt-In

3

Release Forms have been submitted with respect to such Claims, then any such Opt-In Release Forms are hereby revoked.

**YOUR RECEIPT OF THIS OPT-IN RELEASE FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.**

 

_____

Name of Holder

_____

Signature

_____

Name of Signatory and Title

_____

Name of Institution (if different than Holder)

_____

Street Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Email Address

_____

Date Completed

## SCHEDULE A

## Releasing Party Release Provision

Article VIII of the Plan contains the following release provision:

**Releases by Releasing Parties**  **As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Releasing Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order, or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan related to the Debtors and the Chapter 11 Cases; *provided* that, nothing in this Section 8.3 shall be construed to release the Released Parties or Releasing Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligation or liability of any Entity under the Plan, the Asset Purchase Agreement, the Sale Order, the Cash Collateral Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (b) any asbestos claims or any personal injury claims, in each case that have been or may be asserted against insurance or non-debtor third parties, unless such non-debtor third parties are Released Parties.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Releasing Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Releasing Party Release is: (a) consensual, (b) in exchange for the good and valuable consideration provided by the Released Parties, (c) a good-faith settlement and compromise of claims released by the Releasing Party Release; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or Releasing Parties or their property, released pursuant to the Releasing Party Release.**

As defined in Article I.A.116 of the Plan:

**"Released Parties"** means, collectively, each of the following in their respective capacities as such: (a) the Debtors' and the Estates' Related Parties; (b) the Prepetition Secured Parties; (c) the Creditors' Committee and each of its current and former members; and (d) the Related Parties of each of the Entities in clauses (b) and (c).

As defined in Article I.A.117 of the Plan:

**"Releasing Parties"** means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan

**and (ii) check the box on the applicable ballot indicating that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).**

# EXHIBIT 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF:**

**(I)    APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS; AND**

**(II)    THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Conditional Approval of Disclosure Statement***.  On January 21, 2025, the above-captioned debtors (collectively, the "Debtors") filed the *Disclosure Statement for Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. __] (as may be amended, modified, or supplemented, the "Disclosure Statement") and the *Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. __] (as may be amended, modified, or supplemented, the "Plan").[2]  On February [13], 2025, the United States Bankruptcy Court for the District of Delaware entered an order approving the Disclosure Statement on a conditional basis (the "Solicitation Procedures Order").

***Combined Confirmation Hearing***.  A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #3, 824 North Market Street, Wilmington, Delaware 19801, on **March 27, 2025 at 10:30a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.  The Plan may be modified, if necessary, prior to, during, or as a result of the Combined Confirmation Hearing.

***Voting Deadline.***  All votes to accept or reject the Plan must be **actually received** by the Debtors' claims and voting agent, Omni Agent Solutions, Inc. (the "Notice and Claims Agent") by no later than **March 17,**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

**2025 at 4:00 p.m. (Prevailing Eastern Time)**.  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

*Releases*.  **Please be advised that the Plan contains various releases, exculpation, and injunction provisions that may affect your rights.**

**A    COPY    OF    THE    PLAN    CAN    BE    FOUND    AT HTTPS://OMNIAGENTSOLUTIONS.COM/TRUEVALUE-BALLOTS.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

*Objections*.  The deadline to object or respond to final approval of the Disclosure Statement and confirmation of the Plan (including objections to the releases, injunctions, and exculpation provisions provided therein) is **March 17, 2025 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

Objections and responses must (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) comply with the Bankruptcy Rules and the Local Rules; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following: (a) the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjaman A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, (i) Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)) and (ii) Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801 (Attn: Regina S. Kelbon (regina.kelbon@blankrome.com) and Stanley B. Tarr (Stanley.tarr@blankrome.com)), and 130 North 18th Street, Philadelphia, PA 19103 (Attn: John E. Lucian (john.lucian@blankrome.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); and (f) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)), so that they are received no later than the Objection Deadline.

**IF OBJECTIONS ARE NOT FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE COMBINED CONFIRMATION HEARING.**

*Additional Information*.  Copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at

https://omniagentsolutions.com/TrueValue-Ballots, or upon request to the Notice and Claims Agent by (i) telephone at (866) 771-0561 (toll free) or (ii) email at TrueValueInquiries@OmniAgnt.com.

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/_____
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544) Kristin L. McElroy (Del. Bar No. 6871) Timothy R. Powell (Del. Bar No. 6894) Carol E. Thompson (Del. Bar No. 6936) One Rodney Square
1000 North King Street Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email:emorton@ycst.com
kenos@ycst.com
kmcelroy@ycst.com
tpowell@ycst.com
cthompson@ycst.com

*Efficiency Counsel to the*
*Debtors and Debtors in Possession*

**GLENN AGRE BERGMAN & FUENTES LLP**

Andrew K. Glenn (admitted pro hac vice)
Trevor J. Welch (admitted pro hac vice)
Malak S. Doss (admitted pro hac vice)
Michelle C. Perez (admitted pro hac vice)
Esther Hong (admitted pro hac vice) 1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email:aglenn@glennagre.com
twelch@glennagre.com
mdoss@glennagre.com
mperez@glennagre.com
ehong@glennagre.com

*Conflicts Counsel to the*
*Debtors and Debtors in Possession*

## EXHIBIT B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.,* | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
|  | **Related Docket No. _____** |

## ORDER (A) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS; (B) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (D) ESTABLISHING THE VOTING RECORD DATE; (E) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (F) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order:

(a) approving the Disclosure Statement on an interim basis for solicitation purposes only;

(b) establishing procedures for the solicitation and tabulation of votes to accept or reject the

Plan; (c) approving the form of ballot and solicitation materials; (d) establishing a voting record

date; (e) fixing the date, time, and place for the Combined Confirmation Hearing and

establishing the deadline for filing objections related thereto; and (f) granting related relief; and

after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

**THIS COURT HEREBY FINDS AS FOLLOWS:**

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated as of February 29, 2012.

B.     Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.     This Court may, consistent with Article III of the United States Constitution, issue a final order in connection with the Motion.

D.     Venue of the proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.     The relief requested in the Motion is in the best interests of the Debtors' estates, its creditors, and other parties in interest.

F.     The notice of the Motion was served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

G.     The form of ballot attached hereto as **Exhibit 1** (the "Ballot"): (i) is consistent with Official Form No. 314; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for the Voting Classes; and (iv) complies with Bankruptcy Rule 3017(d).

H.     The Ballot need not be provided to Holders of Claims or Interests in the Non-Voting Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code

or (ii) impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 1 | Other Priority Claims | Unimpaired | Presumed to Accept Plan |
| 2 | Other Secured Claims | Unimpaired | Presumed to Accept Plan |
| 3 | Prepetition Lender Claims | Impaired | Entitled to Vote on Plan |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote on Plan |
| 5 | Intercompany Claims | Impaired/ Unimpaired | Deemed to Reject Plan/ Presumed to Accept Plan |
| 6 | Intercompany Interests | Impaired/ Unimpaired | Deemed to Reject Plan/ Presumed to Accept Plan |
| 7 | Subordinated Claims | Impaired | Deemed to Reject |
| 8 | Existing Equity Interests | Impaired | Deemed to Reject |

I.      The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for the Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

J.      The Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K.     The contents of the Solicitation Package and the procedures for providing notice of the Combined Confirmation Hearing and the other matters set forth in the Combined Confirmation Hearing Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The relief requested in the Motion is granted as set forth herein.

**CONDITIONAL APPROVAL OF THE DISCLOSURE STATEMENT**

2.     The Disclosure Statement is approved on an interim basis as containing adequate information for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

**APPROVAL OF THE CONFIRMATION TIMELINE**

3.     This Court shall conduct the Combined Confirmation Hearing for (a) final approval of the Disclosure Statement as containing adequate information and (b) confirmation of the Plan.  The Combined Confirmation Hearing is hereby scheduled for **March 27, 2025 at 10:30 a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than by (a) announcing any adjourned date at the Combined Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of the Chapter 11 Cases.

4.     The following dates and deadlines, are hereby approved:

| Event | Date |
|---|---|
| Voting Record Date | February 10, 2025 |
| Date by which Solicitation will be Mailed | Within three business days after entry of the Proposed Solicitation Procedures Order |

4

| Event | Date |
|---|---|
| Deadline to File Rule 3018 Motions | February 28, 2025 at 4:00 p.m. (ET) |
| Deadline for Debtors to File Objections to Rule 3018 Motions | March 5, 2025 |
| Deadline to File Plan Supplement | March 7, 2025 |
| Voting Deadline | March ~~14~~17, 2025 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | March ~~14~~17, 2025 at 4:00 p.m. (ET) |
| Deadline to File Brief, Replies, and Declarations in Support of the Plan and the Proposed Confirmation Order | March ~~19~~25, 2025 at noon (ET) (or prior to noon two business days prior to any adjourned Combined Confirmation Hearing) |
| Combined Confirmation Hearing | March 27, 2025 at 10:30 a.m. (ET) |

## **APPROVAL OF THE SOLICITATION PROCEDURES**

5.     The Ballot, in substantially the form attached hereto as **Exhibit 1**, is approved.

6.     The Combined Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 2**, is approved.

7.     The Notice of Non-Voting status, in substantially the form attached hereto as **Exhibit 3**, is approved.

8.     The Opt-In Release Form, in substantially the form attached hereto as **Exhibit 4**, is approved.

9.     The Publication Notice, in substantially the form attached hereto as **Exhibit 5**, is approved.

10.     Pursuant to Bankruptcy Rule 3017(d), **February 10, 2025 at 4:00 p.m. (prevailing Eastern Time)** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Package and vote on the Plan (the "Record Date").

11.     With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

12.     On or prior to the date that is three (3) business days following entry of this Order (the "Service Date"), the Notice and Claims Agent shall mail the Solicitation Package to Holders of Claims in the Voting Classes containing copies of: (a) the Combined Confirmation Hearing Notice; (b) instructions, including a QR code, for accessing the Disclosure Statement, the Plan, and the Solicitation Procedures Order; (c) the Ballot; and (d) a pre-paid, pre-addressed return envelope.  The Debtors shall be excused from distributing Solicitation Package to those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Debtors receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date.  The Debtors and the Notice and Claims Agent are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Combined Confirmation Hearing Notice.

13.     On or prior to the Service Date, the Notice and Claims Agent shall mail the Combined Confirmation Hearing Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package or a Notice of Non-Voting Status and Release Opt-In: (a) all persons or entities that have filed or are deemed to have filed a proof of claim or request for allowance of Claim as of the Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) all entities known by the Debtors to hold or assert a lien or other interest in the Debtors' property; and (g) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

14.     On or prior to the Service Date, the Notice and Claims Agent shall mail the Notice of Non-Voting Status and Opt-In Release Form to the Holders of Claims or Interests in the Non-Voting Classes.  All Opt-In Release Forms shall be accompanied by pre-addressed, postage prepaid return envelopes addressed to the Claims and Balloting Agent.

15.     The Debtors are authorized, but not directed, to publish the Publication Notice, substantially in the form attached hereto as **Exhibit 5**, in the national edition of *USA Today* or a similar publication at least twenty-eight (28) days prior to the Combined Confirmation Hearing.

16.     To be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed, and delivered to the Notice and Claims Agent in accordance with the instructions on the Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on March ~~14~~17, 2025** (the "Voting Deadline").

17.     Within one week after the Voting Deadline, the Notice and Claims Agent shall file with the Court a voting report, which shall indicate the Holders of Claims or Interests that opted into or out-of the Release provisions.

18.     The Debtors propose that the following procedures in the subsequent paragraph be utilized in tabulating the votes to accept or reject the Plan (the "Tabulation Procedures"). Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of the Debtors and its estate in any other context, the Debtors propose that each Claim within the Voting Class vote in an amount determined by the following procedures:

**Class 3 (Prepetition Lender Claims) and Class 4 (General Unsecured Claims)**

- If a Claim is deemed allowed under the Plan, an order of this Court, or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

- If a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

- If a Claim for which a proof of claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim for which a proof of claim was timely filed and is liquidated and non-contingent, or was listed in the Debtors' schedules of assets and liabilities (the "Schedules") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Schedules;

- If a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, such Claim is temporarily allowed in the amount so estimated or allowed by this Court for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim is listed on the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by this Court, or (ii) deemed timely filed by an order of this Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00;

- Proofs of claim filed for $0.00 are not entitled to vote;

- If the Debtors or other party in interest has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by this Court before the Voting Deadline;

- For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one (1) Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

- Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class, regardless of whether the Debtors has objected to such duplicate Claims; and

- If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending proof of claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed proof of claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended proof of claim.  Except as otherwise ordered by this Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

**Voting Rules**

- Except as otherwise ordered by this Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors, in their discretion;

- Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

- Any Ballot cast by a person or entity that does not hold a Claim in the Voting Classes as of the Voting Record Date will not be counted;

- Any unsigned Ballot will not be counted, provided that Ballots validly submitted through the Balloting Portal will be deemed signed;

- Except in the Debtors' discretion, any Ballot transmitted to the Notice and Claims Agent by facsimile or other electronic means (other than through the Balloting Portal) will not be counted;

- Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted;

- Whenever a claimant casts more than one (1) Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

- If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

- Subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

- Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Plan, and any votes that are split will not be counted; and

- Subject to any contrary order of this Court, the Debtors further reserve the right to waive any defects, irregularities, or conditions of delivery as to any particular Ballot.

19.    Upon completion of the balloting, the Notice and Claims Agent shall certify

the amount and number of allowed claims of the Voting Classes accepting or rejecting

10

the Plan, including all votes not counted and the reason for not counting such votes. The Debtors shall cause such certification to be filed with this Court prior to the Combined Confirmation Hearing.

20.     If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") no later than **February 28, 2025 at 4:00 p.m. (prevailing Eastern Time)** and serve the Rule 3018 Motion on the Debtors. The Debtors (and, with respect to filing a response, any other party in interest) shall then (a) have until March 5, 2025 to file and serve any responses to such Rule 3018 Motions, and (b) coordinate with this Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Confirmation Hearing.  Any Ballot submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or interest is temporarily allowed by this Court for voting purposes in a different amount, after notice and a hearing.

21.     Objections to confirmation of the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement, if any, must (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) comply with the Bankruptcy Rules and the Local Rules; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following:  (a)  the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave.,

Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjaman A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, (i) Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)) and (ii) Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801 (Attn: Regina S. Kelbon (regina.kelbon@blankrome.com) and Stanley B. Tarr (Stanley.tarr@blankrome.com)), and 130 North 18 th Street, Philadelphia, PA 19103 (Attn: John E. Lucian (john.lucian@blankrome.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); and (f) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)), so that they are received no later than **4:00**

**p.m. (prevailing Eastern Time) on March ~~14~~17, 2025** (the "Confirmation Objection Deadline").

22.     The Debtors shall, if it deems necessary in its discretion, and any other party in interest may, file a reply to any such objections or brief in support of confirmation of the Plan, or final approval of the Disclosure Statement, by no later than **4:00 p.m. (prevailing Eastern Time) on March ~~19~~25, 2025** (or two (2) business days prior to the date of any adjourned Combined Confirmation Hearing).

23.     The Debtors are authorized to make non-substantive and ministerial changes to the Disclosure Statement, the Plan, the Combined Confirmation Hearing Notice, Ballot, Publication Notice, and related documents without further approval of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to any materials included in the Solicitation Package prior to their distribution.

24.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

25.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

26.     This Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**CLASS 3 (PREPETITION LENDER CLAIMS)/ CLASS 4 (GENERAL UNSECURED CLAIMS)
BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF TRUE
VALUE COMPANY, L.L.C. AND ITS DEBTOR AFFILIATES**

---

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "ELECTRONIC BALLOT" OR "PAPER
BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY RECEIVED</u> BY OMNI AGENT SOLUTIONS,
INC.
BY THE VOTING DEADLINE OF MARCH <s>14</s>17, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME).**

---

This ballot (this "<u>Ballot</u>") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit your vote to accept or reject the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. __] filed by the Debtors (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Plan</u>").[2]  A copy of the Plan is enclosed herewith and may also be obtained free of charge on the dedicated webpage of Omni Agent Solutions, Inc. (the "<u>Notice and Claims Agent</u>") at https://omniagentsolutions.com/TrueValue-Ballots or upon request to the Notice and Claims Agent by (a) telephone at +1 (866) 771-0561 (U.S. toll free/Domestic) OR +1 (818) 356-8633 (International) or (b) email at TrueValueInquiries@OmniAgnt.com.[3]

The Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**<u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>**

1.  For your vote to count, you must:

    a.  Submit your Ballot by <u>either</u>:

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]  All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

[3]  Copies of the Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

    i.    Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") by mail, overnight courier, or hand delivery to the following address: True Value Company, L.L.C., Ballot Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367; **or**

    ii.    Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Notice and Claims Agent's dedicated, E-Ballot portal (the "<u>Balloting Portal</u>").  To submit your Ballot through the Balloting Portal, visit https://omniagentsolutions.com/TrueValue-Ballots and follow the instructions to submit your E-Ballot.

- The Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

b.    In the boxes provided in Item 2 of this Ballot, indicate **either** acceptance or rejection of the Plan by checking the appropriate box;

c.    Review and sign the acknowledgements in Item 4 of this Ballot.  Please be sure to sign and date your Ballot.  Your signature is required for your vote to be counted.  For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid and original signature.  If you are completing this Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the General Unsecured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot; and

d.    **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *received* by the Notice and Claims Agent on or before the Voting Deadline approved by the Bankruptcy Court, <u>March ~~14~~17, 2025 at 4:00 p.m. (prevailing Eastern Time)</u>**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion.  If neither the "accept" nor "reject" box is checked in Item 2 or if both boxes are checked in an otherwise properly completed, executed, and timely returned Ballot, such Ballot will not be counted for voting purposes.

2.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and those Ballots are not voted in the same manner, such Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted. **Further, inconsistent, duplicate Ballots with respect to the same Claim shall not be counted.**

3.    This Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Interest.

4.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

5.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.    PLEASE RETURN YOUR BALLOT PROMPTLY.  THE NOTICE AND CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

7.    IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT BY EMAIL (TRUEVALUEINQUIRIES@OMNIAGNT.COM), OR BY TELEPHONE AT 1 (866) 771-0561 (TOLL FREE).  DO NOT CONTACT THE NOTICE AND CLAIMS AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE NOTICE AND CLAIMS AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

<u>**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS IN THE PLAN**</u>

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY IMPACT YOUR RIGHTS, INCLUDING THE FOLLOWING:

Class 3 and Class 4 Ballot

Article VIII of the Plan contains the following release provision:

**Releases by Releasing Parties.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party and each other Releasing Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order, or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan related to the Debtors and the Chapter 11 Cases; _provided_ that, nothing in this Section 8.3 shall be construed to release the Released Parties or Releasing Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligation or liability of any Entity under the Plan, the Asset Purchase Agreement, the Sale Order, the Cash Collateral Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (b) any asbestos claims or any personal injury claims, in each case that have been or may be asserted against insurance or non-debtor third parties, unless such non-debtor third parties are Released Parties.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Releasing Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Releasing Party Release is: (a) consensual, (b) in exchange for the good and valuable consideration provided by the Released Parties, (c) a good-faith settlement and compromise of claims released by the Releasing Party Release; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or Releasing Parties or their property, released pursuant to the Releasing Party Release.**

As defined in Article I.A.~~109~~116 of the Plan:

**"Released Parties"** means, collectively, each of the following in their respective capacities as such: (a) the Debtors' and the Estates' Related Parties; (b) the Prepetition Secured Parties; (c) the Creditors' Committee and each of its current and former members; and (d) the Related Parties of each of the Entities in clauses (b) and (c).

As defined in Article I.A.~~110~~117 of the Plan:

**"Releasing Parties"** means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and (ii) after receiving notice,

**affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).**

Article VIII of the Plan contains the following exculpation provision:

**Exculpation:  Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Releasing Party Release, and notwithstanding anything herein to the contrary, each Exculpated Party is hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any action taken or omitted to be taken during the period commencing on the Petition Date through and including the Effective Date in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, or implementing the Plan, or consummating the Plan, the Disclosure Statement, the Cash Collateral Order, the Asset Purchase Agreement, the Chapter 11 Cases, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided that, nothing in this Section 8.4 shall be construed to release the Exculpated Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order.  Each Exculpated Party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not release any post-Effective Date obligation or liability of any Entity under the Plan, Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

As defined in Article I.A.~~59~~62 of the Plan:

**"Exculpated Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Estates; (c) the Creditors' Committee and each of its current and former members (provided, for the avoidance of doubt, that former members of the Creditors' Committee shall not be exculpated for any act or omission occurring after their tenure on the Creditors' Committee); and (d) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Estates or on behalf of holders of General Unsecured Claims at any time between the Petition Date and the Effective Date of this Plan.**

Article VIII of the Plan contains the following injunction:

**Injunction.  In accordance with Bankruptcy Code Section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code Section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and interests against the Debtors, and Bankruptcy Code Section 1141(a) provides that the Plan, as confirmed, will be binding to the extent provided therein. As such, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.**

**Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; (2) have been released pursuant to the Plan; (3) were purchased and released by the Purchaser in connection with the Sale; (4) are**

4

subject to exculpation pursuant to the Plan; or (5) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any claims, interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any discharged, released, settled, compromised, or exculpated claims, interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Litigation Trust, the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff (i.e., a Proof of Claim or motion asserting such rights), and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released, exculpated, or settled pursuant to the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan by the Debtors, the Post-Effective Date Debtors, the Litigation Trust, and their respective affiliates, employees, advisors, officers and directors, or agents.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

8.  Please be advised that, even if you vote to accept the Plan, you may still choose to opt out of the releases set forth in Article VIII of the Plan by affirmatively checking the opt-out box in Item 3.  If you vote to reject the Plan, you may still choose to grant the releases set forth in Article VIII of the Plan by affirmatively checking the opt-in box in Item 4.

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

> PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE), AND 4.  IF THIS BALLOT IS NOT SIGNED ON THE
> APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Voting Amount.**  The undersigned certifies that, as of February 10, 2025, the undersigned was a Holder of a Class 3 Prepetition Lender Claim/ Class 4 General Unsecured Claim in the amount set forth below:

Voting Amount (in U.S. Dollars): $ _____

**Item 2.  Vote on Plan.**  The undersigned Holder of the Prepetition Lender Claim identified in Item 1 hereby votes to (check **one** box only):

☐  **Accept** the Plan                    ☐  **Reject** the Plan

**Item 3. Release Opt-Out Election (ONLY APPLICABLE IF YOU VOTED TO <u>ACCEPT</u> THE PLAN)**
Check this box if you elect **<u>not to grant</u>** the releases contained in Article VIII of the Plan. Election to opt-out is at your option and in your sole discretion. If you vote to accept the plan and do not check the box below, you shall be deemed to have consented to the release provisions set forth in Article VIII of the Plan.

☐  **<u>OPT-OUT</u>**. The undersigned elects not to grant the releases contained in Article VIII of the Plan.

**Item 4. Release Opt-In Election (ONLY APPLICABLE IF YOU VOTED TO <u>REJECT</u> THE PLAN)**
Check this box if you elect **<u>to grant</u>** the releases contained in Article VIII of the Plan. Election to opt-in is at your option and in your sole discretion.  If you submit your Ballot with this box checked, you shall be deemed to consent to the release provisions set forth in Article VIII of the Plan.

☐  **<u>OPT-IN</u>**. The undersigned elects to grant the releases contained in Article VIII of the Plan.

**Item 5. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

_____            _____
Name of Creditor                            Telephone Number

_____            _____
Signature                                   Email Address

_____
If by Authorized Agent, Name and Title

_____            _____
Name of Institution                         Date Completed

_____
Street Address

City, State, Zip Code

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF:**

**(I)      APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS; AND**

**(II)     THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On October 14, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

**I.      APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS**

1.      On February __, 2025, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved the *Disclosure Statement for Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (the "Disclosure Statement"), which was filed by the Debtors in the Debtors' chapter 11 cases (the "Chapter 11 Cases"), on an interim basis for solicitation purposes only.

2.      **Copies of the Disclosure Statement, the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, the "Plan"),[2] the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://omniagentsolutions.com/TrueValue-Ballots, or upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (a) telephone at +1 (866) 771-0561 (U.S. toll free/Domestic) OR +1 (818) 356-8633 (International) or (b) email at TrueValueInquiries@omniagnt.com.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## II.   THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE <u>INFORMATION AND (B) CONFIRMATION OF THE PLAN</u>

3.      **Combined Confirmation Hearing**.  A hearing (the "<u>Combined Confirmation Hearing</u>") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #3, 824 North Market Street, Wilmington, Delaware 19801, on **March 27, 2025 at 10:30 a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

4.      **Voting Deadline**. Only Holders of Claims in Class 3 (Prepetition Lender Claims) and Class 4 (General Unsecured Claims) are entitled to vote to accept or reject the Plan.  The deadline for the submission of such votes is **March ~~14~~17, 2025 at 4:00 p.m. (prevailing Eastern Time)**.

5.      **Parties Not Entitled to Vote**.  Holders of Unimpaired Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) are presumed to accept the Plan.  Holders of Impaired Claims or Interests in Class 5 (Intercompany Claims) and Class 6 (Intercompany Interests) are deemed (or may be) to reject the Plan and Holders of Claims or Interests in Class 7 (Subordinated Claims) and Class 8 (Existing Equity Interests) are deemed to reject the Plan and will receive no distribution under the Plan on account of such Claim or Interests.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, Restructuring Expenses, Plan Administration Reserve, and Priority Tax Claims, as described in the Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Plan.  The respective treatment of such unclassified Claims is set forth in Article II of the Plan.

6.      **Objections to Confirmation**.  Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties[3] so as to

---

[3]     The Notice Parties are: (a) the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjamin A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); (f) counsel to the Creditors Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)).

be received no later than **4:00 p.m. (prevailing Eastern Time) on March ~~14~~17, 2025**.  Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**Debtor Release.  Pursuant to Section 1123(b) of the Bankruptcy Code, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and their Estates, as applicable, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of any of the foregoing Entities, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted or assertable on behalf of the Debtors or their Estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Entity, based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan; *provided* that, nothing in this Section 8.2 shall be construed to release the Released Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Person or Entity under the Plan, the Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, (b) a good-faith settlement and compromise of the claims released by the Debtor Release; (c) given and made after due notice and opportunity for hearing; and (d) a bar to any of the Debtors or the Estates or any other Entities from asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Debtor Release.**

**"Released Party" means, collectively, each of the following in their respective capacities as such: (a) the Debtors' and the Estates' Related Parties; (b) the Prepetition Secured Parties; (c) the**

Creditors' Committee and each of its current and former members; and (d) the Related Parties of each of the Entities in clauses (b) and (c).

"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).

Exculpation. Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Releasing Party Release, and notwithstanding anything herein to the contrary, each Exculpated Party is hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any action taken or omitted to be taken during the period commencing on the Petition Date through and including the Effective Date in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, or implementing the Plan, or consummating the Plan, the Disclosure Statement, the Cash Collateral Order, the Asset Purchase Agreement, the Chapter 11 Cases, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided that, nothing in this Section 8.4 shall be construed to release the Exculpated Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order. Each Exculpated Party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11 Cases, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not release any post-Effective Date obligation or liability of any Entity under the Plan, Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

"Exculpated Party" or "Exculpated Parties" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Estates; (c) the Creditors' Committee and each of its current and former members (provided, for the avoidance of doubt, that former members of the Creditors' Committee shall not be exculpated for any act or omission occurring after their tenure on the Creditors' Committee); and (d) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Estates or on behalf of holders of General Unsecured Claims at any time between the Petition Date and the Effective Date of this Plan.

Injunction. In accordance with Bankruptcy Code Section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code Section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and interests against

the Debtors, and Bankruptcy Code Section 1141(a) provides that the Plan, as confirmed, will be binding to the extent provided therein. As such, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; (2) have been released pursuant to the Plan; (3) were purchased and released by the Purchaser in connection with the Sale; (4) are subject to exculpation pursuant to the Plan; or (5) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any claims, interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any discharged, released, settled, compromised, or exculpated claims, interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Litigation Trust, the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff (*i.e.*, a Proof of Claim or motion asserting such rights), and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released, exculpated, or settled pursuant to the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan by the Debtors, the Post-Effective Date Debtors, the Litigation Trust, and their respective affiliates, employees, advisors, officers and directors, or agents.

Please be advised that parties not entitled to vote on the Plan, *i.e.* Holders of Unimpaired Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims), Holders of Impaired Claims in Class 5 (Intercompany Claims) and Class 7 (Subordinated Claims), and Interests in Class 6 (Intercompany

Interests) and Class 8 (Existing Equity Interests) have not granted the releases set forth in Article VIII of the Plan unless that party separately agrees to provide such releases.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII THEREOF.**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*
_____
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
Carol E. Thompson (Del. Bar No. 6936)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600 ~~Email:~~
~~emorton@ycst.com~~
~~kenos@ycst.com~~
~~kmcelroy@ycst.com~~
~~tpowell@ycst.com~~
~~cthompson@ycst.com~~
Email:emorton@ycst.com
kenos@ycst.com
kmcelroy@ycst.com
tpowell@ycst.com
cthompson@ycst.com

*Efficiency Counsel to the*
*Debtors and Debtors in Possession*

**GLENN AGRE BERGMAN & FUENTES LLP**

Andrew K. Glenn (admitted pro hac vice)
Trevor J. Welch (admitted pro hac vice)
Malak S. Doss (admitted pro hac vice)
Michelle C. Perez (admitted pro hac vice)
Esther Hong (admitted pro hac vice)
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
Email:    aglenn@glennagre.com
~~twelch@glennagre.com~~
twelch@glennagre.com
mdoss@glennagre.com
mperez@glennagre.com
ehong@glennagre.com

*Conflicts Counsel to the*
*Debtors and Debtors in Possession*

# EXHIBIT 3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.[1]** | **(Jointly Administered)** |

## NOTICE OF NON-VOTING STATUS

**TO: ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS OR INTERESTS IN CLASSES 1, 2, 5, 6, 7 AND 8**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On October 14, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      On February __, 2025, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved the *Disclosure Statement for Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (the "Disclosure Statement"), which was filed by the Debtors in the Debtors' chapter 11 cases (the "Chapter 11 Cases"), on an interim basis for solicitation purposes only.

3.      **Combined Confirmation Hearing**.  A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, the "Plan")[2] will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #3, 824 North Market Street, Wilmington, Delaware 19801, on **March 27, 2025 at 10:30 a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

## ENTITLEMENT TO VOTE ON THE PLAN

4.      In accordance with the terms of the Plan and the Bankruptcy Code, General Administrative Claims, Professional Fee Claims, and Priority Tax Claims (collectively, the "Unclassified

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Claims") are unclassified and are not entitled to vote on the Plan. Also, Holders of Claims and Interests in Classes 1 (Other Priority Claims), 2 (Other Secured Claims), 5 (Intercompany Claims), 6 (Intercompany Interests), 7 (Subordinated Claims) and 8 (Existing Equity Interests) under the Plan (collectively, the "Non-Voting Classes") are (a) conclusively presumed to have accepted the Plan or deemed to reject the Plan, as applicable, and (b) not entitled to vote to accept or reject the Plan, as further described below. You are receiving this notice because you are either (i) a Holder of an Unclassified Claim and, therefore, not entitled to vote on the Plan; or (ii) a Holder of a Claim or Interest in a Class that is conclusively presumed to accept or deemed to reject the Plan and, therefore, not entitled to vote on the Plan.

5. **Optional Release Election**. As of the Effective Date of the Plan, certain release, injunction, exculpation and discharge provisions set forth in Article VIII of the Plan will become effective. These provisions are described below. As part of the Non-Voting Classes, you may choose to opt into the Third-Party Release set forth in Article VIII of the Plan by following the instructions set forth in the Opt-In Release Form. The Opt-In Release Form must be actually received, regardless of the method of submission, by the Notice and Claims Agent on or before the Voting Deadline of **March ~~14~~17, 2025 at 4:00 p.m. (prevailing Eastern Time) (the "Release Opt-In Deadline")**. If the Opt-In Release Form is received after the Release Opt-In Deadline, it will not be counted by the Notice and Claims Agent, and you will be deemed **NOT** to have consented to the Releases set forth in Article VIII of the Plan.

6. Your rights are described more fully in the Disclosure Statement and Plan. Copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://omniagentsolutions.com/TrueValue-Ballots, or upon request to the Debtors' claim and voting agent, Omni Agent Solutions, Inc., by (i) telephone at +1 (866) 771-0561 (U.S. toll free/Domestic) OR +1 (818) 356-8633 (International) or (ii) email at TrueValueInquiries@omniagnt.com.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

7. The Plan proposes to modify the rights of certain creditors of the Debtors. The classification of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Prepetition Lender Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Intercompany Claims | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Reject/ Presumed to Accept) |
| 6 | Intercompany Interests | Unimpaired/ Impaired | Not Entitled to Vote (Deemed to Reject/ Presumed to Accept) |
| 7 | Subordinated Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

**DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN**

8.     **Objections to Confirmation**.  Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must:  (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the basis and nature of such objection; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on March ~~14~~17, 2025**. Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE VIII OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**Debtor Release.  Pursuant to Section 1123(b) of the Bankruptcy Code, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and their Estates, as applicable, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of any of the foregoing Entities, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged the Released Parties from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted or assertable on behalf of the Debtors or their Estates, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or any other Entity, based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between**

---

[3]     The Notice Parties are: (a) the Debtors, True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL, 60631 (Attn: Susan Radde, Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjaman A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); (f) counsel to the Creditors Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)).

any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan; *provided* that, nothing in this Section 8.2 shall be construed to release the Released Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Person or Entity under the Plan, the Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, (b) a good-faith settlement and compromise of the claims released by the Debtor Release; (c) given and made after due notice and opportunity for hearing; and (d) a bar to any of the Debtors or the Estates or any other Entities from asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Debtor Release.

<u>Releases by Releasing Parties.</u>  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party **<u>and each other Releasing Party</u>** from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order, or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan related to the Debtors and the Chapter 11 Cases; *provided* that, nothing in this Section 8.3 shall be construed to release the Released Parties **<u>or Releasing</u>**

**Parties** from their gross negligence, willful misconduct, or fraud as determined by a Final Order. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligation or liability of any Entity under the Plan, the Asset Purchase Agreement, **the Sale Order, the Cash Collateral Order,** or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (b) any asbestos claims or any personal injury claims, in each case that have been or may be asserted against insurance or non-debtor third parties, unless such non-debtor third parties are Released Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Releasing Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Releasing Party Release is: (a) consensual, (b) in exchange for the good and valuable consideration provided by the Released Parties, (c) a good-faith settlement and compromise of claims released by the Releasing Party Release; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or **Releasing Parties or** their property, released pursuant to the Releasing Party Release.

"**Released Party**" means, collectively, each of the following in their respective capacities as such: (a) the Debtors' and the Estates' Related Parties; (b) the Prepetition Secured Parties; (c) the Creditors' Committee and each of its current and former members; and (d) the Related Parties of each of the Entities in clauses (b) and (c).

"**Releasing Parties**" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).

Exculpation. Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Releasing Party Release, and notwithstanding anything herein to the contrary, each Exculpated Party is hereby released and exculpated from any claim, obligation, Cause of Action, or liability for any action taken or omitted to be taken during the period commencing on the Petition Date through and including the Effective Date in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, administering, or implementing the Plan, or consummating the Plan, the Disclosure Statement, the Cash Collateral Order, the Asset Purchase Agreement, the Chapter 11 Cases, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors; provided that, nothing in this Section 8.4 shall be construed to release the Exculpated Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order. Each Exculpated Party has, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the restructuring of Claims and Interests in the Chapter 11

Cases, the negotiation, formulation, or preparation of the agreements, instruments, or other documents pursuant to the Plan, and the solicitation and distribution of the Plan and, therefore, is not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not release any post-Effective Date obligation or liability of any Entity under the Plan, Asset Purchase Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

"<u>Exculpated Party</u>" or "<u>Exculpated Parties</u>" means, collectively, each of the following in their respective capacities as such: (a) the Debtors; (b) the Estates; (c) the Creditors' Committee and each of its current and former members (provided, for the avoidance of doubt, that former members of the Creditors' Committee shall not be exculpated for any act or omission occurring after their tenure on the Creditors' Committee); and (d) each of the preceding parties' respective Related Parties, in each case, who served as a fiduciary of the Estates or on behalf of holders of General Unsecured Claims at any time between the Petition Date and the Effective Date of this Plan.

<u>Injunction</u>.  In accordance with Bankruptcy Code Section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code Section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and interests against the Debtors, and Bankruptcy Code Section 1141(a) provides that the Plan, as confirmed, will be binding to the extent provided therein. As such, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; (2) have been released pursuant to the Plan; (3) were purchased and released by the Purchaser in connection with the Sale; (4) are subject to exculpation pursuant to the Plan; or (5) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after the Effective Date, from commencing or continuing in any manner, any action or other proceeding, including on account of any claims, interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any discharged, released, settled, compromised, or exculpated claims, interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Post-Effective Date Debtors, the Litigation Trust, the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on

6

**account of or in connection with or with respect to any such claims or interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Entity has timely asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff (*i.e.*, a Proof of Claim or motion asserting such rights), and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released, exculpated, or settled pursuant to the Plan.**

**Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan by the Debtors, the Post-Effective Date Debtors, the Litigation Trust, and their respective affiliates, employees, advisors, officers and directors, or agents.**

Please be advised that parties not entitled to vote on the Plan, *i.e.* Holders of Unimpaired Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) and Holders of Impaired Claims in Class 5 (Intercompany Claims), and Class 7 (Subordinated Claims) and Interests in Class 6 (Intercompany Interests) and Class 8 (Existing Equity Interests) have not granted the releases set forth in Article VIII of the Plan unless that party separately agrees to provide such releases by following the instructions and returning the Opt-In Release Form by the Release Opt-In Deadline.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE VIII THEREOF.**

Dated: [ ], 2025

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_/s/_ _____
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
Carol E. Thompson (Del. Bar No. 6936)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600 Email:
emorton@ycst.com
kenos@ycst.com
kmcelroy@ycst.com
tpowell@ycst.com
cthompson@ycst.com

_Efficiency Counsel to the_
_Debtors and Debtors in Possession_

**GLENN AGRE BERGMAN & FUENTES LLP**

Andrew K. Glenn (admitted pro hac vice)
Trevor J. Welch (admitted pro hac vice)
Malak S. Doss (admitted pro hac vice)
Michelle C. Perez (admitted pro hac vice)
Esther Hong (admitted pro hac vice) 1185
Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600 Email:
aglenn@glennagre.com
twelch@glennagre.com
mdoss@glennagre.com
mperez@glennagre.com
ehong@glennagre.com

_Conflicts Counsel to the_
_Debtors and Debtors in Possession_

# EXHIBIT 4

**Opt-In Release Form**

You are receiving this opt-in election form (the "Opt-In Release Form") because you are or may be a Holder of a Claim in Class 1, 2, 5, 6, 7, or 8 under the *Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. 796] (as may be amended from time to time, the "Plan").[1] Holders in Classes 1 and 2 hold Claims that are Unimpaired under the Plan are therefore presumed to accept the Plan. Holders in Classes 5, 6, 7, and 8 are not entitled to any recovery under the Plan and are therefore deemed to reject the Plan. Therefore, you will not be receiving a ballot to vote on the Plan.

As of the Effective Date of the Plan, certain release, injunction, and exculpation discharge provisions set forth in Article VIII of the Plan will become effective. **These provisions are attached as Schedule A to this form.** You may choose to opt into the Third-Party Release set forth in Article VIII of the Plan by following the instructions set forth in this Opt-In Release Form.

**IF YOU WISH TO OPT INTO THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII OF THE PLAN:**

**(1) PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN RELEASE FORM AND RETURN IT TO OMNI AGENT SOLUTIONS, INC. IN THE PREPAID, PRE-ADDRESSED BUSINESS REPLY ENVELOPE PROVIDED OR BY FIRST-CLASS MAIL, OVERNIGHT OR HAND DELIVERY TO:**

---

**True Value Company, L.L.C., Ballot Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 Soto Ave., Suite 100**
**Woodland Hills, CA 91367**

---

**OR**

**(2) SUBMIT YOUR CUSTOMIZED, ELECTRONIC OPT-IN RELEASE FORM VIA THE NOTICE AND CLAIMS AGENT'S ONLINE PORTAL AS FOLLOWS:**

**Please visit the Debtors' website at https://omniagentsolutions.com/TrueValue-Ballots. Click on the "Submit E-Ballot" section of the website and follow the directions to submit the electronic version of your Opt-In Release Form. If you choose to submit your Opt-In Release Form via the Notice and Claims Agent's online E-Ballot portal, you should not also return a hard copy of your Opt-In Release Form.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit the customized electronic version of your Opt-In Release Form:**

**Unique E-Ballot ID#: _____**

---

[1] All capitalized terms not described herein shall have the meaning ascribed to them in the Plan.

**The online E-Ballot portal is the sole manner in which your Opt-In Release Form will be accepted via electronic or online transmission.  Opt-In Release Forms submitted by facsimile or email will not be counted.**

**THIS OPT-IN RELEASE FORM MUST BE ACTUALLY RECEIVED, REGARDLESS OF THE METHOD OF SUBMISSION, BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE THE VOTING DEADLINE OF MARCH ~~14~~17, 2025 AT 4:00 P.M. (PREVALING EASTERN TIME) (THE "__RELEASE OPT-IN DEADLINE__").  IF THIS OPT-IN RELEASE FORM IS RECEIVED AFTER THE RELEASE OPT-IN DEADLINE, IT WILL NOT BE COUNTED BY THE NOTICE AND CLAIMS AGENT AND YOU WILL BE DEEMED __NOT__ TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII OF THE PLAN.**

[*Remainder of Page Intentionally Left Blank*]

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.  Claim or Interest.**  The undersigned certifies that the undersigned (check all that apply):

☐        Holds a **Class 1 – Other Priority Claim** against one or more of the Debtors

☐        Holds a **Class 2 – Other Secured Claim** against one or more of the Debtors

☐        Holds a **Class 5 – Intercompany Claim** against one or more of the Debtors

☐        Holds a **Class 6 – Intercompany Interest** against one or more of the Debtors

☐        Holds a **Class 7– Subordinated Claim** against one or more of the Debtors

☐        Holds a **Class 8 – Existing Equity Interest** against one or more of the Debtors

**Item 2.  Opt-In for Third-Party Release.**  By checking this box, the undersigned Holder identified in Item 1 above:

☐        **Elects to grant (and therefore OPTS INTO) the Third-Party Release contained in Article VIII of the Plan (which is copied on Schedule A hereto).**

**PLEASE BE ADVISED THAT BY CHECKING THE BOX ABOVE YOU ELECT TO GRANT THE THIRD-PARTY RELEASE AGAINST EACH PARTY THAT IS A "RELEASED PARTY" AS THAT TERM IS DEFINED IN THE PLAN.  <u>YOU MUST AFFIRMATIVELY CHECK THE BOX ABOVE IN ORDER TO OPT INTO THE THIRD-PARTY RELEASE.</u>**

PLEASE ALSO BE ADVISED THAT THE DEBTOR RELEASE CONTAINED IN ARTICLE VIII OF THE PLAN IS SEPARATE FROM AND INDEPENDENT OF THE THIRD-PARTY RELEASE.  IF YOU OBJECT TO THE DEBTOR RELEASE, YOU MUST FILE A SEPARATE OBJECTION WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THE PROCEDURES DESCRIBED IN THE DISCLOSURE STATEMENT ORDER.

**Item 3.  Certifications.**  By signing this Opt-In Release Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

a.        the undersigned is either (i) the Holder of Claims or Interests set forth in Item 1 or (ii) an authorized signatory for an entity that is the Holder of the Claims or Interests set forth in Item 1;

b.        the undersigned has submitted the same election concerning the releases with respect to all Claims or Interests in a single Class set forth in Item 1; and

c.    no other Opt-In Release Form with respect to the Holder's Claims or Interests identified in Item 1 has been completed or, if any other Opt-In Release Forms have been submitted with respect to such Claims, then any such Opt-In Release Forms are hereby revoked.

**YOUR RECEIPT OF THIS OPT-IN RELEASE FORM DOES NOT SIGNIFY THAT YOUR CLAIM OR INTEREST HAS BEEN OR WILL BE ALLOWED.**

_____
Name of Holder

_____
Signature

_____
Name of Signatory and Title

_____
Name of Institution (if different than Holder)

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

## **SCHEDULE A**

## **Releasing Party Release Provision**

Article VIII of the Plan contains the following release provision:

**Releases by Releasing Parties** **As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party and each other Releasing Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, including any derivative claims, asserted or assertable on behalf of any of the Debtors or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' prepetition and postpetition, in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sale, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, preparation, entry, and execution of the Cash Collateral Order, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Asset Purchase Agreement, the Sale Order, or related agreements, instruments, or other documents, the pursuit of the Sale, the pursuit of consummation of the Sale, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan related to the Debtors and the Chapter 11 Cases;** *provided* **that, nothing in this Section 8.3 shall be construed to release the Released Parties or Releasing Parties from their gross negligence, willful misconduct, or fraud as determined by a Final Order. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any post-Effective Date obligation or liability of any Entity under the Plan, the Asset Purchase Agreement, the Sale Order, the Cash Collateral Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (b) any asbestos claims or any personal injury claims, in each case that have been or may be asserted against insurance or non-debtor third parties, unless such non-debtor third parties are Released Parties.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Releasing Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Releasing Party Release is: (a) consensual, (b) in exchange for the good and valuable consideration provided by the Released Parties, (c) a good-faith settlement and compromise of claims released by the Releasing Party Release; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or Releasing Parties or their property, released pursuant to the Releasing Party Release.**

As defined in Article I.A.~~109~~116 of the Plan:

**"Released Parties"** **means, collectively, each of the following in their respective capacities as such: (a) the Debtors' and the Estates' Related Parties; (b) the Prepetition Secured Parties; (c) the Creditors' Committee and each of its current and former members; and (d) the Related Parties of each of the Entities in clauses (b) and (c).**

5

As defined in Article I.A.~~110~~117 of the Plan:

**"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties; (b) all Holders of Claims or Interests that (i) vote to reject or abstain from voting on the Plan and (ii) check the box on the applicable ballot indicating that they "opt in" to granting the Releasing Party Releases; (c) all Holders of Claims or Interests that vote to accept the Plan and do not affirmatively "opt out" of granting the Releasing Party Releases; (d) all Holders of Claims or Interests that (i) are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code, and (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; (e) all Holders of Claims or Interests that (i) are deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code and, (ii) after receiving notice, affirmatively "opt in" to the Releasing Party Releases; and (f) each Related Party of each Entity in the foregoing clauses (a) through (e), solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through (e).**

# EXHIBIT 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |

**NOTICE OF:**

(I)      **APPROVAL OF DISCLOSURE STATEMENT ON AN INTERIM BASIS; AND**

(II)     **THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Conditional Approval of Disclosure Statement***.  On January 21, 2025, the above-captioned debtors (collectively, the "Debtors") filed the *Disclosure Statement for Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. __] (as may be amended, modified, or supplemented, the "Disclosure Statement") and the *Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. __] (as may be amended, modified, or supplemented, the "Plan").[2]  On February [13], 2025, the United States Bankruptcy Court for the District of Delaware entered an order approving the Disclosure Statement on a conditional basis (the "Solicitation Procedures Order").

***Combined Confirmation Hearing***.  A hearing (the "Combined Confirmation Hearing") to consider (a) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (b) confirmation of the Plan will be held before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #3, 824 North Market Street, Wilmington, Delaware 19801, on **March 27, 2025 at 10:30a.m. (prevailing Eastern Time)**.  The Combined Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Combined Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.  The Plan may be modified, if necessary, prior to, during, or as a result of the Combined Confirmation Hearing.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

*Voting Deadline.*  All votes to accept or reject the Plan must be **actually received** by the Debtors' claims and voting agent, Omni Agent Solutions, Inc. (the "Notice and Claims Agent") by no later than **March ~~14~~17, 2025 at 4:00 p.m. (Prevailing Eastern Time)**.  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

*Releases*.  **Please be advised that the Plan contains various releases, exculpation, and injunction provisions that may affect your rights.**

**A  COPY  OF  THE  PLAN  CAN  BE  FOUND  AT HTTPS://OMNIAGENTSOLUTIONS.COM/TRUEVALUE-BALLOTS.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

*Objections*.  The deadline to object or respond to final approval of the Disclosure Statement and confirmation of the Plan (including objections to the releases, injunctions, and exculpation provisions provided therein) is **March ~~14~~17, 2025 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

Objections and responses must (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) comply with the Bankruptcy Rules and the Local Rules; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following: (a) the Debtors, True Value Company, L.L.C., 8600  West  Bryn  Mawr  Ave.,  Chicago,  IL,  60631  (Attn:  Susan  Radde,  Esq. (susan.radde@truevalue.com)); (b) counsel for the Debtors, (i) Skadden, Arps, Slate, Meagher & Flom LLP, 320 S. Canal St., Chicago, IL 60606 (Attn: Ron Meisler, Esq. (ron.meisler@skadden.com) and Jennifer Madden, Esq. (jennifer.madden@skadden.com)), One Manhattan West, 395 9th Ave., New York, NY 10001 (Attn: Evan Hill, Esq. (evan.hill@skadden.com) and Moshe Jacob, Esq. (moshe.jacob@skadden.com)), and 920 North King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin, Esq. (joseph.larkin@skadden.com)), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, NY 10036 (Attn: Andrew K. Glenn, Esq. (aglenn@glennagre.com) and Malak S. Doss, Esq. (mdoss@glennagre.com)) and (iii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton, Esq. (emorton@ycst.com) and Timothy R. Powell, Esq. (tpowell@ycst.com)); (c) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjaman A. Hackman, Esq. (benjamin.a.hackman@usdoj.gov)); (d) counsel to the Prepetition Lenders, (i) Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel Fiorillo, Esq. (dfiorillo@otterbourg.com)) and (ii) Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801 (Attn: Regina S. Kelbon (regina.kelbon@blankrome.com) and Stanley B. Tarr (Stanley.tarr@blankrome.com)), and 130 North 18 th Street, Philadelphia, PA 19103 (Attn: John E. Lucian (john.lucian@blankrome.com)); (e) counsel to the Purchaser, Taft Stettinius & Hollister LLP, 425 Walnut Street, Suite 1800, Cincinnati, OH 45202 (Attn: W. Timothy Miller, Esq. (miller@taftlaw.com)); and (f) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)), so that they are received no later than the Objection Deadline.

**IF OBJECTIONS ARE NOT FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE COMBINED CONFIRMATION HEARING.**

***Additional Information.***  Copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://omniagentsolutions.com/TrueValue-Ballots, or upon request to the Notice and Claims Agent by (i) telephone at (866) 771-0561 (toll free) or (ii) email at TrueValueInquiries@OmniAgnt.com.

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **GLENN AGRE BERGMAN & FUENTES LLP** |
| | |
| */s/* _____ | Andrew K. Glenn (admitted pro hac vice) |
| Edmon L. Morton (Del. Bar No. 3856) | Trevor J. Welch (admitted pro hac vice) |
| Kenneth J. Enos (Del. Bar No. 4544) | Malak S. Doss (admitted pro hac vice) |
| Kristin L. McElroy (Del. Bar No. 6871) | Michelle C. Perez (admitted pro hac vice) |
| Timothy R. Powell (Del. Bar No. 6894) | Esther Hong (admitted pro hac vice) 1185 |
| Carol E. Thompson (Del. Bar No. 6936) | Avenue of the Americas |
| One Rodney Square | 22nd Floor |
| 1000 North King Street | New York, New York 10036 |
| Wilmington, Delaware 19801 | Telephone: (212) 970-1600 ~~Email: aglenn@glennagre.com~~ |
| Telephone: (302) 571-6600 ~~Email: emorton@ycst.com~~ | Email:aglenn@glennagre.com |
| Email:emorton@ycst.com | twelch@glennagre.com |
| kenos@ycst.com | mdoss@glennagre.com |
| kmcelroy@ycst.com | mperez@glennagre.com |
| tpowell@ycst.com | ehong@glennagre.com |
| cthompson@ycst.com | |
| | |
| *Efficiency Counsel to the Debtors and Debtors in Possession* | *Conflicts Counsel to the Debtors and Debtors in Possession* |