## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |
| | Related Docket Nos. 754 & 903 |

### CERTIFICATION OF COUNSEL SUBMITTING *CORRECTED REVISED* ORDER SUSTAINING DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The undersigned hereby certifies as follows:

1.      On January 7, 2025, True Value Company, L.L.C. and certain of its affiliates (collectively, the "Debtors"), filed the *Debtors' Second Omnibus Objection to Claims (Substantive)* [Docket No. 754] (the "Objection").[2]   A proposed form of order (the "Proposed Order") was attached to the Objection as Exhibit A.   The Objection included Debtors' request to disallow and expunge seven claims (collectively, the "Claims") of TOMY International, Inc. (the "Claimant") as Multiple Debtor Claims, which were identified on Schedule 2 (the "Multiple Debtor Exhibit") attached to the Proposed Order.

2.      On February 10, 2025, Debtors filed the *Certification of Counsel Submitting Revised Order Sustaining Debtors' Second Omnibus Objection to Claims (Substantive)* [Docket No. 895], which included a revised Proposed Order (the "Revised Proposed Order").   Attached as

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).   The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

32870741.1

Schedule 2 to the Revised Proposed Order was a revised Multiple Debtor Exhibit (the "Revised Multiple Debtor Exhibit") containing the Claims.  On February 11, 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the Revised Proposed Order [Docket No. 903].

3.      Following the entry of the Revised Proposed Order, Claimant informed Debtors of a miscommunication regarding their understanding that the Claims should have been adjourned to the hearing on March 27, 2025, at 10:30 a.m. (ET).  To rectify such error, Debtors are submitting a corrected Revised Proposed Order, attached hereto as **Exhibit A** (the "Corrected Revised Proposed Order"), which accurately reflects the adjournment and removal of the Claims from Schedule 2 to the Corrected Revised Proposed Order.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order with the Corrected Revised Proposed Order is attached hereto as **Exhibit B**.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors hereby respectfully request that the Corrected Revised Proposed Order be entered at the Court's earliest convenience.

Dated: February 13, 2025

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Timothy R. Powell*
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
        kenos@ycst.com
        kmcelroy@ycst.com
        tpowell@ycst.com

*Efficiency Counsel to the*
*Debtors and Debtors in Possession*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

Joseph O. Larkin
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Email: Joseph.Larkin@skadden.com

- and -

Ron E. Meisler (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606-5707
Telephone: (312) 407-0705
Email: Ron.Meisler@skadden.com
        Jennifer.Madden@skadden.com

- and -

Robert D. Drain (admitted *pro hac vice*)
Evan A. Hill (admitted *pro hac vice*)
Moshe S. Jacob (admitted *pro hac vice*)
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Email: Robert.Drain@skadden.com
        Evan.Hill@skadden.com
        Moshe.Jacob@skadden.com

*Counsel to Debtors and*
*Debtors in Possession*

## **EXHIBIT A**

**Corrected Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C., *et al.*,** | **Case No. 24-12337 (KBO)** |
| **Debtors.[1]** | **(Jointly Administered)** |
| | **Related Docket No. 754 & 903** |

## CORRECTED ORDER SUSTAINING DEBTORS'
## SECOND OMNIBUS OBJECTION TO CLAIMS
## (SUBSTANTIVE)

Upon consideration of the objection (the "Objection")[2] of the Debtors for entry of an order (this "Order") (a) reducing and allowing the Reduce and Allow Claims set forth on **Schedule 1** attached hereto, (b) disallowing and expunging the Multiple Debtor Claims set forth on **Schedule 2** attached hereto, and (c) reclassifying and reducing and allowing the Reclassify and Reduce and Allow Claims set forth on **Schedule 3** attached hereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection has been

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

given under the particular circumstances; and it appearing that no  other or further notice is necessary; and this Court having reviewed the Objection; and upon the record of the Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is SUSTAINED as set forth herein.

2.      Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3.      The Reduce and Allow Claims identified on **Schedule 1** attached hereto are hereby reduced and allowed in the amounts set forth on **Schedule 1**.

4.      The Multiple Debtor Claims identified on **Schedule 2** attached hereto are disallowed and expunged in their entirety.

5.      The Reclassify and Reduce and Allow Claims identified on **Schedule 3** attached hereto are hereby reclassified and reduced and allowed in the amounts and classifications set forth on **Schedule 3**.

6.      This Order shall be deemed a separate order with respect to each of the Disputed Claims identified on **Schedule 1**, **Schedule 2**, and **Schedule 3** attached hereto.  Any stay of this Order pending appeal by any of the claimants whose Disputed Claim(s) are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the

applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7.      The Debtors and Omni are authorized to take all actions necessary and appropriate to give effect to this Order.

8.      Omni is authorized to modify the Claims Register to comport with the relief granted by this Order.

9.      Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors may have to enforce rights of setoff against the claimants.

10.     Nothing in the Objection or this Order shall be deemed or construed:  (a) as an admission as to the validity of any claim against the Debtors; (b) as a waiver of the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

11.     The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>SCHEDULE 1</u>

**Reduce and Allow Claims**

Schedule 1

TRUE VALUE COMPANY, L.L.C., *et. al.*
Claim Objections - Reduce & Allow Claims

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[1] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 1. | American Distribution & Mfg Co, LLC | C337-1248 | $814,745.98 | – | $371,785.11 | – | – | $442,960.87 | $726,900.55 | – | $283,939.68 | – | – | $442,960.87 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 2. | Ademco Inc (Resideo Technologies) | C337-100200 | $714,039.93 | $714,039.93 | – | – | – | – | $709,247.07 | $709,247.07 | – | – | – | – | The asserted administrative claim is greater than the amount reflected in the Debtors' books and records. |
| 3. | Broan Nutone LLC | C337-2623 | $611,609.35 | – | $286,279.78 | – | – | $325,329.57 | $364,485.79 | – | $39,156.22 | – | – | $325,329.57 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 4. | Carhartt, Inc. | C337-1855 | $3,364,909.33 | $180,104.25 | $571,614.06 | – | – | $2,613,191.02 | $2,719,941.81 | $106,750.79 | – | – | – | $2,613,191.02 | The asserted 503(b)(9) and Administrative claims are greater than the Debtors' books and records, as this is a direct ship vendor. |
| 5. | Church & Dwight Co., Inc. | C337-1785 | $42,393.90 | – | $42,393.90 | – | – | – | $41,090.28 | – | $41,090.28 | – | – | – | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 6. | Homewerks Worldwide, LLC | C337-1098 | $917,268.36 | – | $286,268.98 | – | – | $630,999.38 | $796,464.48 | – | $165,465.10 | – | – | $630,999.38 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 7. | Imperial Manufacturing Group USA, Inc. | C337-1227 | $1,088,669.13 | – | $305,036.67 | – | – | $783,632.46 | $1,074,858.64 | – | $291,226.18 | – | – | $783,632.46 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 8. | Master Lock Company, LLC | C337-1843 | $1,085,766.99 | – | $280,056.47 | – | – | $805,710.52 | $986,151.70 | – | $180,441.18 | – | – | $805,710.52 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 9. | Melnor Inc | C337-1103 | $1,358,644.35 | – | $1,038,925.46 | – | – | $319,718.89 | $823,259.76 | – | $503,540.87 | – | – | $319,718.89 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 10. | The Hillman Group, Inc. | C337-100019 | $289,937.82 | $289,937.82 | – | – | – | – | $286,258.97 | $286,258.97 | – | – | – | – | The asserted administrative claim is greater than the amount reflected in the Debtors' books and records, as this is a direct ship vendor. |
| 11. | The Sherwin-Williams Company, on behalf of itself and certain affiliates | C337-1791 | $2,239,283.58 | – | $943,130.00 | – | – | $1,296,153.58 | $2,154,059.23 | – | $857,905.65 | – | – | $1,296,153.58 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 12. | Toledo & Co., Inc. | C337-1934 | $531,493.27 | – | $75,002.48 | – | – | $456,490.79 | $456,490.79 | – | – | – | – | $456,490.79 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records, as this is a direct ship vendor. |

*(1) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form*

**SCHEDULE 2**

**Multiple Debtor Claims**

**Schedule 2**

**TRUE VALUE COMPANY, L.L.C.,** *et. al.*
**Claim Objections - Multiple Debtor Claims**

| No. | Name of Claimant | Remaining Claim | Duplicative Claim to Be Disallowed | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| 1. | Big Time Products LLC | C337-1418 | C341-14 | $898,129.00 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." |
| 2. | Big Time Products LLC, as successor to Intex DIY | C337-1420 | C341-16 | $69,408.00 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." |
| 3. | Church & Dwight Co., Inc. | C337-1785 | C339-2 | $42,393.90 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 4. | Church & Dwight Co., Inc. | C337-1785 | C342-13 | $42,393.90 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 5. | Church & Dwight Co., Inc. | C337-1785 | C344-5 | $42,393.90 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 6. | The Hillman Group, Inc. | C337-1416 | C341-13 | $9,290,934.00 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." |
| 7. | The Hillman Group, Inc. | C337-100019 | C341-100000 | $289,937.82 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 8. | The Hillman Group, Inc. as successor to Koch Industries | C337-1419 | C341-15 | $88,693.00 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." |
| 9. | Toledo & Co, Inc. | C337-1934 | C344-6 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 10. | Toledo & Co., Inc. | C337-1934 | C338-6 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 11. | Toledo & Co., Inc. | C337-1934 | C339-3 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 12. | Toledo & Co., Inc. | C337-1934 | C340-8 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |

**TRUE VALUE COMPANY, L.L.C.,** *et. al.*
**Claim Objections - Multiple Debtor Claims**

| No. | Name of Claimant | Remaining Claim | Duplicative Claim to Be Disallowed | Claim Amount | Reason for Disallowance |
|-----|-----------------|-----------------|-----------------------------------|--------------|------------------------|
| 13. | Toledo & Co., Inc. | C337-1934 | C341-21 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 14. | Toledo & Co., Inc. | C337-1934 | C342-14 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 15. | Toledo & Co., Inc. | C337-1934 | C343-2 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |

## **SCHEDULE 3**

**Reclassify and Reduce and Allow Claims**

Schedule 3

**TRUE VALUE COMPANY, L.L.C., et. al.**
Claim Objections - Reclassify and Reduce and Allow Claims[1]

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|-----|------------------|--------------|-------------|-------|----------|---------|----------|-----------|--------------|-------|------------|----------|----------|-----------|-------------------------|
| | | | Claim Amount[2] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 1. | Advanced Drainage Systems, Inc. | C337-1774 | $1,911,631.22 | – | $309,733.18 | – | – | $1,601,898.04 | $1,911,631.22 | – | $16,081.70 | – | – | $1,895,549.52 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |
| 2. | Black & Decker (U.S.) Inc. | C337-1807 | $7,574,345.57 | – | $1,761,034.33 | $1,349,124.40 | – | $4,464,186.84 | $7,574,345.57 | – | $1,585,124.62 | $1,349,124.40 | – | $4,640,096.55 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. The claimant asserts a right to setoff as a secured claim based upon certain rebates/credits owed to the Debtors on account of contractual agreements or other arrangements between the Debtors and the claimant. The Debtors agree that the claimant is authorized to exercise its right of setoff, and therefore, pursuant to section 558 of the Bankruptcy Code, the setoff amount has been netted off of the general unsecured amount as reflected in the column titled "Claim as Reconciled." |
| 3. | BlueLinx Corporation | C337-1946 | $430,726.79 | – | $430,726.79 | – | – | – | $430,726.79 | – | – | – | – | $430,726.79 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 4. | CertainTeed Gypsum, Inc. | C337-935 | $1,586,748.77 | – | $402,957.06 | – | – | $1,183,791.71 | $1,586,748.77 | – | – | $16,008.84 | – | $1,570,739.93 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the as-filed 503(b)(9) claim amount must be reclassified to a general unsecured claim. The claimant asserts a right to setoff as a secured claim based upon certain rebates/credits owed to the Debtors on account of contractual agreements or other arrangements between the Debtors and the claimant. The Debtors agree that the claimant is authorized to exercise its right of setoff, and therefore, pursuant to section 558 of the Bankruptcy Code, the setoff amount has been netted off of the general unsecured amount as reflected in the column titled "Claim as Reconciled." |
| 5. | DAP Global, Inc. | C337-1912 | $370,530.05 | – | $370,530.05 | – | – | – | $370,530.05 | – | $261,559.38 | – | – | $108,970.67 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |

(1) This schedule includes claims previously included on Schedule 1 - Reduce and Allow Claims attached to the Debtors' Second Omnibus Objection to Claims (Substantive). The inclusion of this schedule was necessitated by settlements resulting in reclassified and reduced and allowed claims.

(2) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form.

**TRUE VALUE COMPANY, L.L.C.,** *et. al.*
Claim Objections - Reclassify and Reduce and Allow Claims[1]

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[2] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 6. | Midwest Fastener Corp | C337-1608 | $2,471,655.20 | – | $561,150.64 | – | – | $1,910,504.56 | $2,471,655.20 | – | $14,167.57 | – | – | $2,457,487.63 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |
| 7. | Music of the Spheres, Inc. | C337-2008 | $23,888.49 | – | $10,841.39 | – | – | $13,047.10 | $23,888.49 | – | – | – | – | $23,888.49 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 8. | Southwire Company LLC | C337-1723 | $3,653,005.33 | – | $398,632.08 | – | – | $3,254,373.25 | $3,589,042.33 | – | $265,706.62 | – | – | $3,323,335.71 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |
| 9. | The Hillman Group, Inc. | C337-1416 | $9,290,934.00 | – | $1,978,427.00 | – | – | $7,312,507.00 | $9,290,934.00 | – | $254,169.96 | – | – | $9,036,764.04 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |
| 10. | UFP International, LLC | C337-1496 | $1,727,038.27 | – | $398,422.29 | – | – | $1,328,615.98 | $1,727,038.27 | – | $62,447.37 | – | – | $1,664,590.90 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |

(1) This schedule includes claims previously included on Schedule 1 - Reduce and Allow Claims attached to the Debtors' Second Omnibus Objection to Claims (Substantive). The inclusion of this schedule was necessitated by settlements resulting in reclassified and reduced and allowed claims.
(2) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form.

**EXHIBIT B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.**, *et al.*, | Case No. 24-12337 (KBO) |
| Debtors.[1] | (Jointly Administered) |
|  | Related Docket No. 754 & 903 |

**CORRECTED ORDER SUSTAINING DEBTORS'**
**SECOND OMNIBUS OBJECTION TO CLAIMS**
**(SUBSTANTIVE)**

Upon consideration of the objection (the "Objection")[2] of the Debtors for entry of an order (this "Order") (a) reducing and allowing the Reduce and Allow Claims set forth on **Schedule 1** attached hereto, (b) disallowing and expunging the Multiple Debtor Claims set forth on **Schedule 2** attached hereto, and (c) reclassifying and reducing and allowing the Reclassify and Reduce and Allow Claims set forth on **Schedule 3** attached hereto; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

sufficient notice of the Objection has been given under the particular circumstances; and it appearing that no  other or further notice is necessary; and this Court having reviewed the Objection; and upon the record of the Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is SUSTAINED as set forth herein.

2.      Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3.      The Reduce and Allow Claims identified on **Schedule 1** attached hereto are hereby reduced and allowed in the amounts set forth on **Schedule 1**.

4.      The Multiple Debtor Claims identified on **Schedule 2** attached hereto are disallowed and expunged in their entirety.

5.      The Reclassify and Reduce and Allow Claims identified on **Schedule 3** attached hereto are hereby reclassified and reduced and allowed in the amounts and classifications set forth on **Schedule 3**.

6.      This Order shall be deemed a separate order with respect to each of the Disputed Claims identified on **Schedule 1**, **Schedule 2**, and **Schedule 3** attached hereto.  Any stay of this Order pending appeal by any of the claimants whose Disputed Claim(s) are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the



applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7.     The Debtors and Omni are authorized to take all actions necessary and appropriate to give effect to this Order.

8.     Omni is authorized to modify the Claims Register to comport with the relief granted by this Order.

9.     Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Debtors may have to enforce rights of setoff against the claimants.

10.    Nothing in the Objection or this Order shall be deemed or construed:  (a) as an admission as to the validity of any claim against the Debtors; (b) as a waiver of the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

11.    The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

12.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.



# SCHEDULE 1

**Reduce and Allow Claims**

**Schedule 1**

TRUE VALUE COMPANY, L.L.C., *et. al.*
Claim Objections - Reduce & Allow Claims

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[1] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 1. | American Distribution & Mfg Co, LLC | C337-1248 | $814,745.98 | – | $371,785.11 | – | – | $442,960.87 | $726,900.55 | – | $283,939.68 | – | – | $442,960.87 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 2. | Ademco Inc (Resideo Technologies) | C337-100200 | $714,039.93 | $714,039.93 | – | – | – | – | $709,247.07 | $709,247.07 | – | – | – | – | The asserted administrative claim is greater than the amount reflected in the Debtors' books and records. |
| 3. | Broan Nutone LLC | C337-2623 | $611,609.35 | – | $286,279.78 | – | – | $325,329.57 | $364,485.79 | – | $39,156.22 | – | – | $325,329.57 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 4. | Carhartt, Inc. | C337-1855 | $3,364,909.33 | $180,104.25 | $571,614.06 | – | – | $2,613,191.02 | $2,719,941.81 | $106,750.79 | – | – | – | $2,613,191.02 | The asserted 503(b)(9) and Administrative claims are greater than the amount reflected in the Debtors' books and records, as this is a direct ship vendor. |
| 5. | Church & Dwight Co., Inc. | C337-1785 | $42,393.90 | – | $42,393.90 | – | – | – | $41,090.28 | – | $41,090.28 | – | – | – | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 6. | Homewerks Worldwide, LLC | C337-1098 | $917,268.36 | – | $286,268.98 | – | – | $630,999.38 | $796,464.48 | – | $165,465.10 | – | – | $630,999.38 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 7. | Imperial Manufacturing Group USA, Inc. | C337-1227 | $1,088,669.13 | – | $305,036.67 | – | – | $783,632.46 | $1,074,858.64 | – | $291,226.18 | – | – | $783,632.46 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 8. | Master Lock Company, LLC | C337-1843 | $1,085,766.99 | – | $280,056.47 | – | – | $805,710.52 | $986,151.70 | – | $180,441.18 | – | – | $805,710.52 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 9. | Melnor Inc | C337-1103 | $1,358,644.35 | – | $1,038,925.46 | – | – | $319,718.89 | $823,259.76 | – | $503,540.87 | – | – | $319,718.89 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 10. | The Hillman Group, Inc. | C337-100019 | $289,937.82 | $289,937.82 | – | – | – | – | $286,258.97 | $286,258.97 | – | – | – | – | The asserted administrative claim is greater than the amount reflected in the Debtors' books and records, as this is a direct ship vendor. |
| 11. | The Sherwin-Williams Company, on behalf of itself and certain affiliates | C337-1791 | $2,239,283.58 | – | $943,130.00 | – | – | $1,296,153.58 | $2,154,059.23 | – | $857,905.65 | – | – | $1,296,153.58 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records. |
| 12. | Toledo & Co., Inc. | C337-1934 | $531,493.27 | – | $75,002.48 | – | – | $456,490.79 | $456,490.79 | – | – | – | – | $456,490.79 | The asserted 503(b)(9) claim is greater than the amount reflected in the Debtors' books and records, as this is a direct ship vendor. |

*(1) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form*

## SCHEDULE 2

**Multiple Debtor Claims**

**Schedule 2**

**TRUE VALUE COMPANY, L.L.C.,** *et. al.*
**Claim Objections - Multiple Debtor Claims**

| No. | Name of Claimant | Remaining Claim | Duplicative Claim to Be Disallowed | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| 1. | Big Time Products LLC | C337-1418 | C341-14 | $898,129.00 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." |
| 2. | Big Time Products LLC, as successor to Intex DIY | C337-1420 | C341-16 | $69,408.00 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." |
| 3. | Church & Dwight Co., Inc. | C337-1785 | C339-2 | $42,393.90 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 4. | Church & Dwight Co., Inc. | C337-1785 | C342-13 | $42,393.90 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 5. | Church & Dwight Co., Inc. | C337-1785 | C344-5 | $42,393.90 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 6. | The Hillman Group, Inc. | C337-1416 | C341-13 | $9,290,934.00 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." |
| 7. | The Hillman Group, Inc. | C337-100019 | C341-100000 | $289,937.82 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 8. | The Hillman Group, Inc. as successor to Koch Industries | C337-1419 | C341-15 | $88,693.00 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." |
| 9. | Toledo & Co, Inc. | C337-1934 | C344-6 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 10. | Toledo & Co., Inc. | C337-1934 | C338-6 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 11. | Toledo & Co., Inc. | C337-1934 | C339-3 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| 12. | Toledo & Co., Inc. | C337-1934 | C340-8 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |

**TRUE VALUE COMPANY, L.L.C.,** *et. al.*
**Claim Objections - Multiple Debtor Claims**

| No. | Name of Claimant | Remaining Claim | Duplicative Claim to Be Disallowed | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| | 13. Toledo & Co., Inc. | C337-1934 | C341-21 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| | 14. Toledo & Co., Inc. | C337-1934 | C342-14 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| | 15. Toledo & Co., Inc. | C337-1934 | C343-2 | $531,493.27 | The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim." The Remaining Claim is listed on the Reduce & Allow schedule included in the Substantive Objections. |
| ~~16~~ | ~~TOMY International, Inc.~~ | ~~C337-1368~~ | ~~C338-4~~ | ~~$388,831.22~~ | ~~The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim."~~ |
| ~~17~~ | ~~TOMY International, Inc.~~ | ~~C337-1368~~ | ~~C339-1~~ | ~~$388,831.22~~ | ~~The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim."~~ |
| ~~18~~ | ~~TOMY International, Inc.~~ | ~~C337-1368~~ | ~~C340-6~~ | ~~$388,831.22~~ | ~~The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim."~~ |
| ~~19~~ | ~~TOMY International, Inc.~~ | ~~C337-1368~~ | ~~C341-12~~ | ~~$388,831.22~~ | ~~The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim."~~ |
| ~~20~~ | ~~TOMY International, Inc.~~ | ~~C337-1368~~ | ~~C342-8~~ | ~~$388,831.22~~ | ~~The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim."~~ |
| ~~21~~ | ~~TOMY International, Inc.~~ | ~~C337-1368~~ | ~~C343-1~~ | ~~$388,831.22~~ | ~~The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim."~~ |
| ~~22~~ | ~~TOMY International, Inc.~~ | ~~C337-1368~~ | ~~C344-4~~ | ~~$388,831.22~~ | ~~The Disputed Claim listed is duplicative of the Claim listed under "Remaining Claim."~~ |

## SCHEDULE 3

**Reclassify and Reduce and Allow Claims**

**TRUE VALUE COMPANY, L.L.C.,** *et. al.*

Claim Objections - Reclassify and Reduce and Allow Claims[1]

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[2] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 1. | Advanced Drainage Systems, Inc. | C337-1774 | $1,911,631.22 | – | $309,733.18 | – | – | $1,601,898.04 | $1,911,631.22 | – | $16,081.70 | – | – | $1,895,549.52 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |
| 2. | Black & Decker (U.S.) Inc. | C337-1807 | $7,574,345.57 | – | $1,761,034.33 | $1,349,124.40 | – | $4,464,186.84 | $7,574,345.57 | – | $1,585,124.62 | $1,349,124.40 | – | $4,640,096.55 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim  The claimant asserts a right to setoff as a secured claim based upon certain rebates/credits owed to the Debtors on account of contractual agreements or other arrangements between the Debtors and the claimant. The Debtors agree that the claimant is authorized to exercise its right of setoff, and therefore, pursuant to section 558 of the Bankruptcy Code, the setoff amount has been netted off of the general unsecured amount as reflected in the column titled "Claim as Reconciled." |
| 3. | BlueLinx Corporation | C337-1946 | $430,726.79 | – | $430,726.79 | – | – | – | $430,726.79 | – | – | – | – | $430,726.79 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 4. | CertainTeed Gypsum, Inc. | C337-935 | $1,586,748.77 | – | $402,957.06 | – | – | $1,183,791.71 | $1,586,748.77 | – | – | $16,008.84 | – | $1,570,739.93 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the as-filed 503(b)(9) claim amount must be reclassified to a general unsecured claim.  The claimant asserts a right to setoff as a secured claim based upon certain rebates/credits owed to the Debtors on account of contractual agreements or other arrangements between the Debtors and the claimant. The Debtors agree that the claimant is authorized to exercise its right of setoff, and therefore, pursuant to section 558 of the Bankruptcy Code, the setoff amount has been netted off of the general unsecured amount as reflected in the column titled "Claim as Reconciled." |
| 5. | DAP Global, Inc. | C337-1912 | $370,530.05 | – | $370,530.05 | – | – | – | $370,530.05 | – | $261,559.38 | – | – | $108,970.67 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |

(1) This schedule includes claims previously included on Schedule 1 - Reduce and Allow Claims attached to the Debtors' Second Omnibus Objection to Claims (Substantive). The inclusion of this schedule was necessitated by settlements resulting in reclassified and reduced and allowed claims.

(2) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form.

**TRUE VALUE COMPANY, L.L.C.,** *et. al.*
Claim Objections - Reclassify and Reduce and Allow Claims[1]

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[2] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 6. | Midwest Fastener Corp | C337-1608 | $2,471,655.20 | – | $561,150.64 | – | – | $1,910,504.56 | $2,471,655.20 | – | $14,167.57 | – | – | $2,457,487.63 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |
| 7. | Music of the Spheres, Inc. | C337-2008 | $23,888.49 | – | $10,841.39 | – | – | $13,047.10 | $23,888.49 | – | – | – | – | $23,888.49 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 8. | Southwire Company LLC | C337-1723 | $3,653,005.33 | – | $398,632.08 | – | – | $3,254,373.25 | $3,589,042.33 | – | $265,706.62 | – | – | $3,323,335.71 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |
| 9. | The Hillman Group, Inc. | C337-1416 | $9,290,934.00 | – | $1,978,427.00 | – | – | $7,312,507.00 | $9,290,934.00 | – | $254,169.96 | – | – | $9,036,764.04 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |
| 10. | UFP International, LLC | C337-1496 | $1,727,038.27 | – | $398,422.29 | – | – | $1,328,615.98 | $1,727,038.27 | – | $62,447.37 | – | – | $1,664,590.90 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. |

(1) This schedule includes claims previously included on Schedule 1 - Reduce and Allow Claims attached to the Debtors' Second Omnibus Objection to Claims (Substantive). The inclusion of this schedule was necessitated by settlements resulting in reclassified and reduced and allowed claims.
(2) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form.