**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C., *et al*,[1] | Case No. 24-12337 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 905 |

**LIMITED OBJECTION OF OXO INTERNATIONAL LTD., HELEN OF TROY, L.P., AND KAZ USA, INC. TO THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF TRUE VALUE COMPANY, LLC AND ITS DEBTOR AFFILIATES [D.I. 905]**

OXO International, Ltd. ("OXO"), Helen of Troy L.P. ("HOT"), and KAZ USA, Inc. ("KAZ") (collectively, the "HOT Entities"), by and through their undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *Second Amended Joint Chapter 11 Plan of True Value Company, L.L.C. and its Debtor Affiliates* [D.I. 905] (the "Plan") filed by True Value Company, L.L.C. and each of its debtor subsidiaries (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 bankruptcy cases (the "Chapter 11 Cases"). In support of this Limited Objection, the HOT Entities respectfully state as follows:

**PRELIMINARY STATEMENT**

Generally, the HOT Entities have no objection to most aspects of the Plan. They file this Limited Objection to accomplish a limited but important purpose: to ensure that there is a clear and efficient process in place under the Plan and in the Chapter 11 Cases for timely filed

---

[1] The Debtors in this case are administered jointly. The last four digits of their respective employer identification numbers are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

administrative priority claims asserted pursuant to Section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims") are acknowledged, promptly resolved and paid without putting the holders of such claims to the unnecessary expense of having to file further claims or motions seeking their allowance as administrative expense priority claims. The Plan, at present, is unfortunately silent on all issues related to 503(b)(9) Claims. The HOT Entities recognize that these omissions may have been inadvertent but want to ensure that these issues are properly addressed prior to confirmation of the Plan.

**RELEVANT BACKGROUND**

1. On October 14, 2024 (the "Petition Date"), the Debtors filed voluntary petitions initiating the Chapter 11 Cases.

2. As of the Petition Date, the Debtors and the HOT Entities were parties to certain contracts, which are an unexpired performance contracts under section 365 of the Bankruptcy Code.

3. Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4. On November 1, 2024, the Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code, (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Requests for Payment under Section 503(b)(9) of the Bankruptcy Code, (IV) Approving Form and Manner of Notice Thereof, and (V) Granting Related Relief* [Docket No. 262] ("Bar Date Order").

5.  On November 5, 2024, the Debtors issued the *Notice of Deadlines for the Filing of Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code* [Docket No. 333] (the "Bar Date Notice").

6.  In pertinent part, the Bar Date Notice provided as follows with respect to 503(b)(9) Claims:

> 503(b)(9) Bar Date.  Pursuant to the Bar Date Order, all entities holding 503(b)(9) Claims against the Debtors are required to file proofs of claim by 11:59 p.m. (prevailing Eastern Time) on November 27, 2024 so that such proofs of claim are actually received by the Debtors' notice and claims agent, Omni Agent Solutions, Inc. ("Omni") by the 503(b)(9) Bar Date.  The 503(b)(9) Bar Date applies to all claims against a Debtor that are or may be administrative expenses pursuant to section 503(b)(9) of the Bankruptcy Code.

*See Bar Date Notice, pp. 2.*

7.  On November 25, 2024, HOT filed claim number 1792 in the Debtors' claim registry asserting a total claim amount of $52,040.11 (the "HOT Claim"). Of that amount, HOT asserted that it was entitled to 503(b)(9) Claims in the amount of $21,327.84. In support of its 503(b)(9) Claims, HOT submitted invoices, proof of shipping, and proof of delivery pertaining to the goods that form the basis of the 503(b)(9) Claims. The HOT Claim, as publicly available through the Debtors' Claims Agent, is attached hereto as **Exhibit "A"**.

8.  On November 25, 2024, KAZ filed claim number 1793 in the Debtors' claim registry asserting a total claim amount of $424,761.67 (the "KAZ Claim"). Of that amount, KAZ asserted that it was entitled to 503(b)(9) Claims in the amount of $66,370.99. In support of its 503(b)(9) Claims, KAZ submitted extensive documentation to support its claim including invoices, proof of shipping, and proof of delivery pertaining to the goods that form the basis of the 503(b)(9) Claims. The KAZ Claim, as publicly available through the Debtors' Claims Agent, is

attached hereto as **Exhibit "B"**.

9.    On November 25, 2024, OXO filed claim number 1800 in the Debtors' claim registry asserting a total claim amount of $273,729.92 (the "OXO Claim"). Of that amount, OXO asserted that it was entitled to 503(b)(9) Claims in the amount of $30,873.76 (together with the 503(b)(9) Claims asserted in the HOT Claim and the OXO Claim, the "HOT Entities 503(b)(9) Claims"). In support of its 503(b)(9) Claims, OXO submitted extensive documentation to support its claim including invoices, proof of shipping, and proof of delivery pertaining to the goods that form the basis of the 503(b)(9) Claims. The OXO Claim, as publicly available through the Debtors' Claims Agent, is attached hereto as **Exhibit "C"**.

10.    On February 12, 2025, the Debtors filed the Plan.

11.    In the Plan, "Administrative Claim" and "Administrative Claim Bar Date" are defined as follows:

> 1.1.4 "Administrative Claim" means a Claim for costs and expenses of administration of the Debtors' Estates pursuant to Sections 503(b), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estates and operating the business of the Debtors (such as wages, salaries or commissions for services and payments for goods and other services and leased premises); (b) Professional Claims; (c) Restructuring Expenses and (d) all fees and charges assessed against the Estates under chapter 123 of title 28 of the United States Code.

> 1.1.5 "Administrative Claim Bar Date" means the deadline for filing requests for payment of Administrative Claims, which shall be (a) December 23, 2024, at 11:59 p.m. (prevailing Eastern Time) with respect to Administrative Claims incurred from the Petition Date through November 22, 2024; and (b) 30 days after the Effective Date with respect to Administrative Claims incurred from November 22, 2024 through the Effective Date, unless otherwise ordered by the Bankruptcy Court, and except with respect to (i) Professional Claims, (ii) Restructuring Expenses, (iii) Administrative Claims Allowed by a Final Order of the Bankruptcy Court on or before the Effective Date, (iv) Administrative Claims that are not Disputed and arose in the ordinary course of business and were paid or are to be paid in

accordance with the terms and conditions of the particular transaction giving rise to such Administrative Claim, or (v) Administrative Claims arising under chapter 123 of title 28 of the United States Code.

*See Plan, Section 1.1.4 & 1.1.5*.

12. Furthermore, Section 2.1 of the Plan addresses the treatment of Administrative Claims and is similarly silent as to 503(b)(9) Claims, how they are being treated in the Plan, and as to the deadline to object to 503(b)(9) Claims. *See Plan, Section 2.1*.

## **LIMITED OBJECTION**

13. The HOT Entities file this Objection as a protective measure to ensure that 503(b)(9) Claims are properly addressed in the Plan through a transparent process post-confirmation in the Chapter 11 Cases.

14. Crucially, the Plan does not acknowledge that the deadline for filing Section 503(b)(9) Claims was established in the Bar Date Order and transmitted through the Bar Date Notice. In fact, curiously, 503(b)(9) Claims are not addressed at all in the Plan. As such, the Plan is ambiguous as to whether parties that timely filed 503(b)(9) Claims, such as the HOT Entities, need to do anything further for the claims to be allowed as administrative expense priority claims. It would be unfair for the HOT Entities to be subject to any challenge as to the timeliness of their 503(b)(9) Claims considering that they strictly complied with the deadlines established by the Debtors through the Bar Date Order. Based on the Bar Date Order and the HOT Entities' strict compliance with that deadline and the manner of filing claims established in that order, there should be no further action or filing needed to assert the HOT Entities 503(b)(9) Claims as administrative expense priority claims in the Chapter 11 Cases (including, without limitation, the need to file any further claim, motion or request seeking the allowance of any 503(b)(9) Claims as

administrative expense priority claims).

15. Furthermore, the Plan needs to set a reasonable deadline for any objections to 503(b)(9) Claims to be filed. Considering that the Debtors have already begun filing objections to administrative priority claims (including 503(b)(9) Claims) and that the Bar Date Order set a deadline to file 503(b)(9) Claims that expired more than three months ago, the HOT Entities submit that the deadline to file objections to 503(b)(9) (the "503(b)(9) Claim Objection Deadline") should be set for no more than sixty (60) days following the effective date of the Plan so that parties with valid administrative 503(b)(9) claims will be paid quickly following the effective date of the Plan.

16. There should also be a requirement that any extensions to the 503(b)(9) Claim Objection Deadline be accomplished by motion on notice to all affected parties explaining the necessity for the extension with an opportunity for those parties to object to the extension so that the administrative claims allowance process for such parties can be reasonably prompt and not extended indefinitely.

17. Accordingly, the HOT Entities submit that they do not generally object to the Debtors' Plan, but believe confirmation is premature until the concerns raised in this Limited Objection are addressed to ensure an efficient post-confirmation process for allowing and paying valid 503(b)(9) Claims in the Chapter 11 Cases.

## **RESERVATION OF RIGHTS**

18. The HOT Entities specifically reserve and preserve their right to amend or supplement this Limited Objection, and to assert any further and additional objections to the Plan to the extent appropriate.

**CONCLUSION**

**WHEREFORE**, based on the foregoing, the HOT Entities request that the Debtors clarify the process contemplated in the Plan for 503(b)(9) Claims by establishing that (i) parties who have timely filed 503(b)(9) Claims prior to the deadline set forth in the Bar Date Order do not need to take any further action (including, without limitation, file any further claim, motion or request seeking the allowance of any 503(b)(9) Claims as administrative expense priority claims) to seek the allowance of such claims as administrative expense priority claims; (ii) setting the 503(b)(9) Claim Objection Deadline for sixty days following the Effective Date of the Plan; (iii) requiring a motion on notice to all affected parties to extend the 503(b)(9) Claim Objection Deadline explaining the necessity for the extension with an opportunity for those affected parties to object; and (iv) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 17, 2025<br>Wilmington, Delaware | **PASHMAN STEIN WALDER HAYDEN, P.**C<br><br>*/s/ Henry J. Jaffe*<br>Henry J. Jaffe (No. 2987)<br>824 North Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 592-6497<br>Facsimile: (201) 488-5556<br>Email:  hjaffe@pashmanstein.com<br><br>*Counsel to OXO International, Ltd., Helen of Troy L.P., and KAZ USA Inc.* |

**CERTIFICATE OF SERVICE**

    I, Henry J. Jaffe, hereby certify that on this 17th day of March 2025, the foregoing *Limited Objection of OXO International, LTD., Helen of Troy L.P., and KAZ USA, Inc. to the Second Amended Joint Chapter 11 Plan of True Value Company, LLC and its Debtor Affiliates* [D.I. 905] was served on all parties registered to receive CM/ECF notifications in this matter.

        **PASHMAN STEIN WALDER HAYDEN, P.C.**

        */s/ Henry J. Jaffe*
        Henry J. Jaffe (ID 2987)
        824 North Market Street, Suite 800
        Wilmington, Delaware 19801
        Telephone: (302) 592-6496
        Email: hjaffee@pashmanstein.com

        *Counsel to OXO International, Ltd., Helen of Troy L.P., and KAZ USA Inc.*