**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C., *et al.*,[1] | Case No. 24-12337 (KBO) |
| Debtors. | (Jointly Administered) |

Objections Due: April 15, 2025 at 4:00 P.M. (ET)
Hearing Date:  To be scheduled if necessary

**NOTICE OF THIRD MONTHLY FEE APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM JANUARY 1, 2025 THROUGH FEBRUARY 28, 2025**

PLEASE TAKE NOTICE that on March 24, 2025, Pachulski Stang Ziehl & Jones LLP,

counsel for the official committee of unsecured creditors (the "Committee"), filed its *Third*

*Monthly Fee Application for Compensation and Reimbursement of Expenses of Pachulski Stang*

*Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors for the Period*

*of January 1, 2025 Through February 28, 2025* (the "Application"), seeking compensation for the

reasonable and necessary services rendered to the Committee in the amount of $117,590.75 and

reimbursement for actual and necessary expenses in the amount of $5,265.20.  A copy of the

Application is attached hereto for service upon you.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers,
are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV
GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value
Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters
is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Court") on or before **April 14, 2025 at 4:00 p.m. Eastern Time**.

The Application is submitted pursuant to the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Professionals, and (II) Granting Related Relief* entered on November 7, 2024 [Docket No. 346] (the "Administrative Order").

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response or objection upon the following parties (the "Fee Notice Parties"): (i) True Value Company, L.L.C., 8600 West Bryn Mawr Ave., Chicago, IL 60631 (Attn: Susan Radde (susan.radde@truevalue.com)); (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, (1) One Rodney Square, 920 N. King Street, Wilmington, DE 19801 (Attn: Joseph O. Larkin (Joseph.Larkin@skadden.com)), (2) 320 South Canal Street, Chicago, IL 60606-5707 (Attn: Ron E. Meisler (Ron.Meisler@skadden.com) and Jennifer Madden (Jennifer.Madden@skadden.com)), and (3) One Manhattan West, New York, NY 10001 (Attn: Robert D. Drain (Robert.Drain@skadden.com), Evan A Hill (Evan.Hill@skadden.com), and Moshe S. Jacob (Moshe.Jacob@skadden.com)); (iii) conflicts and litigation efficiency counsel to the Debtors, Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, Floor 22, New York, NY 10036 (Attn: Andrew K. Glenn (aglenn@glennagre.com), Trevor J. Welch (twelch@glennagre.com), and Malak S. Doss (mdoss@glennagre.com)); (iv) conflicts and general efficiency counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King Street, Wilmington, DE 19801 (Attn: Edmon L. Morton (emorton@ycst.com), Kenneth Enos (kenos@ycst.com), Kristin L. McElroy (kmcelroy@ycst.com), and Timothy R. Powell

(tpowell@ycst.com)); (v) counsel to the Prepetition Lenders, (1) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, DE 19801 (Attn: Regina Stango Kelbon (regina.kelbon@blankrome.com) and Stanley B. Tarr (stanley.tarr@blankrome.com)) and One Logan Square, 130 North 18th Street, Philadelphia, PA 19103 (Attn: John E. Lucian (john.lucian@blankrome.com)), and (2) Otterbourg P.C., 230 Park Avenue, New York, NY 10169 (Attn: Daniel F. Fiorillo (dfiorillo@otterbourg.com), Adam C. Silverstein (asilverstein@otterbourg.com), Chad B. Simon (csimon@otterbourg.com), and Pauline McTernan (pmcternan@otterbourg.com)); (vi) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Benjamin A. Hackman (benjamin.a.hackman@usdoj.gov)); and (vii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, (1) 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com), Colin R. Robinson (crobinson@pszjlaw.com), and Edward A. Corma (ecorma@pszjlaw.com)), and (2) 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn: Robert J. Feinstein (rfeinstein@pszjlaw.com), Paul J. Labov (plabov@pszjlaw.com), and Cia H. Mackle (cmackle@pszjlaw.com)).

**PLEASE TAKE FURTHER NOTICE** THAT IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURES, THEN 80% OF FEES AND 100% OF EXPENSES REQUESTED IN THE APPLICATION MAY BE PAID PURSUANT TO THE ADMINISTRATIVE ORDER WITHOUT FURTHER HEARING OR ORDER OF THE COURT.

IF A TIMELY OBJECTION IS FILED AND SERVED, A HEARING ON THE APPLICATION WILL BE HELD AT A DATE AND TIME TO BE DETERMINED.

Dated:  March 25, 2025          Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
Edward A. Corma, Esq.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
       crobinson@pszjlaw.com
       ecorma@pszjlaw.com

-and-

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Paul J. Labov, Esq. (admitted *pro hac vice*)
Cia H. Mackle, Esq. (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
       plabov@pszjlaw.com
       cmackle@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C., *et al.*,[1] | Case No. 24-12337 (KBO) |
| Debtors. | (Jointly Administered) |

**Objections Due:  April 15, 2025 at 4:00 P.M. (ET)**
**Hearing Date:  To be scheduled if necessary**

**THIRD MONTHLY FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 1, 2025 THROUGH FEBRUARY 28, 2025**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of October 24, 2024 by order signed December 12, 2024 [Docket No. 694] |
| Period for which Compensation and Reimbursement is Sought: | January 1, 2025 through February 28, 2025[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $117,590.75 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $5,265.20 |

This is a:      ☒monthly      ☐ interim      ☐final application.

The total time expended for fee application preparation is approximately 1.5 hours and

the corresponding compensation requested is approximately $975.00.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 12/17/24 | 10/24/2024-11/30/2024 | $781,814.75 | $11,659.79 | $625,451.80 | $11,659.79 |
| 1/24/25 | 12/1/24 – 12/31/24 | $38,574.50 | $1,405.80 | $30,859.60 | $1,405.80 |
| 2/26/25 | 10/24/25-12/31/24 (First Interim) | $820,389.25 | $13,065.59 | Pending | Pending |

**PSZJ PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sandler, Bradford J. | Partner, 1996 | $1,895.00 | 16.80 | $31,836.00 |
| Mackle, Cia H. | Partner, 2006 | $1,175.00 | 25.50 | $29,962.50 |
| Mackle, Cia H. | Partner, 2006 | $587.50 | 10.30 | $6,051.25 |
| Labov, Paul J. | Partner, 2002 | $1,595.00 | 1.60 | $2,552.00 |
| Feinstein, Robert J. | Partner, 1982 | $1,950.00 | 2.40 | $4,680.00 |
| Cho, Shirley S. | Partner, 1997 | $1,525.00 | 3.10 | $4,727.50 |
| Robinson, Colin R. | Counsel, 2010 | $1,325.00 | 9.70 | $12,852.50 |
| Kim, Jonathan J. | Counsel, 1995 | $1,425.00 | 3.40 | $4,845.00 |
| Bates, Andrea T. | Paralegal | $650.00 | 16.30 | $10,595.00 |
| Knotts, Cheryl A. | Paralegal | $575.00 | 0.20 | $115.00 |
| Yee, Karina K. | Paralegal | $625.00 | 8.70 | $5,437.50 |
| Flores, Melissa N. | Paralegal | $625.00 | 0.20 | $125.00 |
| Paul, Andrea R. | Case Management Assistant | $495.00 | 6.10 | $3,019.50 |
| Bouzoukis, Charles J. | Case Management Assistant | $495.00 | 1.60 | $792.00 |
| **Grand Total** | | | **105.90** | **$117,590.75** |

**Grand Total:** $117,590.75
**Total Hours:** 105.90
**Blended Rate:** $1,339.38

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 2.70 | $4,516.50 |
| Bankruptcy Litigation | 1.20 | $1,009.50 |
| Case Administration | 17.40 | $11,227.00 |
| Claims Administration and Objections | 4.50 | $6,964.50 |
| PSZJ Compensation | 9.40 | $8,132.00 |
| Other Professional Compensation | 5.90 | $5,585.50 |
| Employee Benefits/Pensions and KEIP/KERP | 1.90 | $3,075.00 |
| Contract and Lease Matters | 0.40 | $530.00 |
| Fee/Employment Application | 1.10 | $1,244.50 |
| Financing/Cash Collateral/Cash Management | 0.40 | $470.00 |
| Hearings | 7.20 | $6,461.50 |
| Meetings of and Communications With Creditors | 0.40 | $470.00 |
| Operations | 0.30 | $568.50 |
| Plan and Disclosure Statement | 41.10 | $59,137.50 |
| Relief From Stay | 0.50 | $947.50 |
| Other Professional Retention | 0.80 | $730.00 |
| Settlement | 0.40 | $470.00 |
| Travel | 10.30 | $6,051.25 |
| **Grand Total** | **105.90** | **$117,590.75** |

## EXPENSE SUMMARY

| Expense Category | Service Provider[1] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | | $904.00 |
| Auto Travel Expense | | $319.00 |
| Working Meals | | $5.00 |
| Delivery/Courier Service | | $7.50 |
| Litigation Support Vendors | | $750.00 |
| Pacer - Court Research | | $2,695.00 |
| Reproduction Expense | | $584.70 |
| **Total** | | **$5,265.20** |

---

[1] PSZJ may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C., *et al.*,[1] | Case No. 24-12337 (KBO) |
| Debtors. | (Jointly Administered) |

Objections Due:  **April 15, 2025 at 4:00 P.M. (ET)**
Hearing Date:  **To be scheduled if necessary**

**THIRD MONTHLY FEE APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM JANUARY 1, 2025 THROUGH FEBRUARY 28, 2025**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and this Court's *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Professionals, and (II) Granting Related Relief*, entered on November 7, 2024 [Docket No. 346] (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), counsel for the official committee of unsecured creditors (the "Committee"), hereby submits its *Third Monthly Fee Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Official Committee of Unsecured Creditors for the Period of January 1, 2025 Through February 28, 2025* (the "Application").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106). The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

By this Application PSZJ seeks a monthly interim allowance of compensation in the amount of $117,590.75 and actual and necessary expenses in the amount of $5,265.20 for a total allowance of $122,855.95 and (ii) payment of $94,072.60 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $5,265.20 (100% of the allowed expenses pursuant to the Administrative Order) for a total payment of $99,337.80 for the period January 1, 2025 through February 28, 2025 (the "Fee Period"):

### Background

1. On October 14, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appoint of a trustee or examiner has been made in these chapter 11 cases.

2. On October 23, 2024, the Office of the United States Trustee appointed the Committee in this case pursuant to 11 U.S.C. § 1102 [Docket No. 144]. The members appointed to the Committee are: (i) Stihl Inc. (Co-Chair); (ii) Pension Benefit Guaranty Corporation ("PBGC") (Co-Chair); (iii) The Hillman Group, Inc.; (iv) Rust-Oleum Corp.; (v) Black & Decker(US), Inc.; (vi) Ryder Integrated Logistics; (vii) Carhartt, Inc.; (viii) The Sherwin-Williams Co.d/b/a Minwax; and (ix) W.P. Carey Inc. Rust-Oleum Corp. subsequently resigned from the Committee.

3.  On October 24, 2024, the Committee selected Pachulski Stang Ziehl & Jones LLP as counsel, and thereafter, the Committee selected Province, LLC ("Province") as its financial advisor.

4.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  On November 7, 2024, the Court entered the Administrative Order, authorizing estate professionals ("Professionals") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period October 14, 2024 through December 31, 2024, and at three-month intervals or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

6.  The retention of PSZJ, as counsel to the Committee, was approved effective as of October 24, 2024, by this Court's *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors, Effective as of October 24, 2024* [Docket No. 694] (the "Retention Order").  The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZJ's APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

7.      All services for which PSZJ requests compensation were performed for or on behalf of the Committee.  PSZJ has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZJ and any other person other than the partners of PSZJ for the sharing of compensation to be received for services rendered in this case.  PSZJ has not received a retainer in this case.

### Fee Statements

8.      The invoice for the Fee Period is attached hereto as **Exhibit A**.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZJ's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order.  PSZJ's time reports are initially handwritten or directly entered in the billing system, by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZJ is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  To the extent it is feasible, PSZJ professionals attempt to work during travel.

### Actual and Necessary Expenses

9.      A summary of the actual and necessary expenses incurred by PSZJ for the Fee Period is attached hereto as part of **Exhibit A**.  PSZJ customarily charges $0.10 per page for

photocopying expenses related to cases, such as this, arising in Delaware. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

10.    PSZJ charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZJ does not charge the Debtor for the receipt of faxes in this case.

11.    With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

12.    PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered**

13.    The names of the timekeepers of PSZJ who have rendered professional services in this case during the Interim Period are set forth in the attached **Exhibit A**. PSZJ, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various

matters in connection with the Debtors' cases, and performed all necessary professional services which are described and narrated in detail below.

<u>**Summary of Services by Project**</u>

14.    The services rendered by PSZJ during the Fee Period can be grouped into the categories set forth below.  PSZJ attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **<u>Exhibit A</u>**.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.    <u>Asset Disposition</u>**

15.    During the Fee Period, the Firm, among other things, (i) reviewed lease rejection notices; and (ii) several objections to assumption and assignment of contracts.

Fees:  $4,516.50       Hours:  2.70

**B.    <u>Bankruptcy Litigation</u>**

16.    During the Fee Period, the Firm, (i) reviewed the removal motion and the extension motion regarding same; and (ii) processed the TPB second production documents for upload to Everlaw.

Fees:  $1,009.50              Hours:  1.20

**C.    <u>Case Administration</u>**

17.    During the Fee Period, the Firm, among other things, (i) reviewed correspondence and pleadings; and  (ii) updated a calendar of critical dates and deadlines.

Fees: $11,227.00        Hours: 17.40

**D.**    **Claims Administration and Objections**

18.    During the Fee Period, the Firm, among other things, (i) reviewed omnibus claims objections; (ii) conducted legal research regarding 503(b)(9) claims; (iii) reviewed motion to seal filed by Generac; and (iv) telephone conferences with estate professionals regarding union settlement.

Fees: $6,964.50        Hours: 4.50

**E.**    **PSZJ Compensation**

19.    During the Fee Period, the Firm among other things, (i) corresponded with Debtors' counsel regarding professionals' estimated fees; (ii) drafted the firs monthly fee statements; and (iii) drafted PSZJ's first interim fee application.

Fees: $8,132.00        Hours: 9.40

**F.**    **Other Professional Compensation**

20.    During the Fee Period, the Firm, among other things, (i) reviewed the Debtors' professionals monthly fee applications; and (ii) drafted and filed certifications of no objection for Province.

Fees: $5,585.50        Hours: 5.90

**G.**    **Employee Benefits/Pensions and KEIP/KERP**

21.    During the Fee Period, the Firm (i) corresponded internally regarding retiree issues and appointment of retiree committee; and (ii) reviewed the motion regarding the appointment of a retiree representative.

Fees: $3,075.00        Hours: 1.90

**H.**    **Contract and Lease Matters**

22.    The Firm reviewed multiple limited objections.

Fees: $530.00        Hours: 0.40

**I.**    **Fee/Employment Application**

23.    During the Fee Period, the Firm drafted and filed a rate increase of professionals.

Fees: $1,244.50        Hours: 1.10

**J.**    **Financing/Cash Collateral/Cash Management**

24.    During the Fee Period, the Firm corresponded with Debtors' counsel regarding budget.

Fees: $470.00 Hours: 0.40

**K.**    **Hearings**

25.    During the Fee Period, the Firm, among other things, (i) prepared for several hearings; and (ii) attended omnibus and disclosure statement hearings.

Fees: $6,461.50        Hours: 7.20

**L.**    **Meetings of and Communications With Creditors**

26.    During the Fee Period, the Firm, reviewed and replied to a creditor email regarding the debtors' plan and releases.

Fees: $470.00        Hours: 0.40

**M.**    **Operations**

27.    During the Fee Period, the Firm reviewed monthly operating reports.

Fees: $568.50        Hours: 0.30

**N.**    **Plan and Disclosure Statement**

28.    During the Fee Period, the Firm (i) reviewed and analyzed the plan and disclosure statement; (ii) solicitation procedures; conferred with internal team regarding plan issues; (iii) drafted a memo regarding the plan and disclosure statement; (iv) reviewed revised disclosure statement and plan; and (v) reviewed responses to and reply in support of plan and disclosure statement.

Fees:  $59,137.50      Hours:  41.10

**O.**    **Relief From Stay**

29.    During the Fee Period, the Firm, among other things, (i) reviewed Zawaski, AFCO, and Killian's motions for relief from the stay; and (ii) corresponded with debtors' counsel re: same.

Fees:  $947.50          Hours: 0.50

**P.**    **Other Professional Retention**

30.    During the Fee Period, the Firm (i) reviewed the debtors' supplemental declaration; and (ii) reviewed and filed Province's first interim fee application.

Fees:  $730.00          Hours: 0.80

**Q.**    **Settlement**

31.    During the Fee Period, the Firm reviewed the settlement agreement and corresponded with the debtors' counsel regarding same.

Fees:  $470.00          Hours: 0.40

**R.**    **Travel**

32.    During the Fee Period, the Firm incurred time while traveling to and from court for the disclosure statement hearing.  Non-working travel time is billed at one-half the normal hourly rate.

Fees: $6,051.25          Hours:  10.30

**Valuation of Services**

33.     Attorneys and paraprofessionals of PSZJ expended a total 105.90 hours in connection with their representation of the Committee during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sandler, Bradford J. | Partner, 1996 | $1,895.00 | 16.80 | $31,836.00 |
| Mackle, Cia H. | Partner, 2006 | $1,175.00 | 25.50 | $29,962.50 |
| Mackle, Cia H. | Partner, 2006 | $587.50 | 10.30 | $6,051.25 |
| Litvak, Maxim B. | Partner, 1997 | $1,595.00 | 1.60 | $2,552.00 |
| Labov, Paul J. | Partner, 2002 | $1,950.00 | 2.40 | $4,680.00 |
| Feinstein, Robert J. | Partner, 1982 | $1,525.00 | 3.10 | $4,727.50 |
| Cho, Shirley S. | Partner, 1997 | $1,325.00 | 9.70 | $12,852.50 |
| Robinson, Colin R. | Counsel, 2001 | $1,425.00 | 3.40 | $4,845.00 |
| Corma, Edward A. | Associate, 2018 | $650.00 | 16.30 | $10,595.00 |
| Bates, Andrea T. | Paralegal | $575.00 | 0.20 | $115.00 |
| Knotts, Cheryl A. | Paralegal | $625.00 | 8.70 | $5,437.50 |
| Yee, Karina K. | Paralegal | $625.00 | 0.20 | $125.00 |
| Paul, Andrea R. | Case Management Assistant | $495.00 | 6.10 | $3,019.50 |
| Arnold, Gary L. | Case Management Assistant | $495.00 | 1.60 | $792.00 |
| **Grand Total** | | | **105.90** | **$117,590.75** |

**Grand Total:**   **$117,590.75**
**Total Hours:**           **105.90**
**Blended Rate:**   **$1,339.38**

34.     The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto.  These are PSZJ's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZJ for the Committee during the Fee Period is $117,590.75.

35.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZJ respectfully requests that, for the period of January 1, 2025 through February 28, 2025, (i) an interim allowance be made to PSZJ for compensation in the amount $117,590.75 and actual and necessary expenses in the amount of $5,265.20 for a total allowance of $122,855.95 and (ii) payment of $94,072.60 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $5,265.20 (100% of the allowed expenses pursuant to the Administrative Order) for a total payment of $99,337.80, and for such other and further relief as this Court may deem just and proper.

Dated:  March 25, 2025

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Colin R. Robinson
Bradford J. Sandler, Esq.
Colin R. Robinson, Esq.
Edward A. Corma, Esq.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
        crobinson@pszjlaw.com
        ecorma@pszjlaw.com

-and-

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Paul J. Labov, Esq. (admitted *pro hac vice*)
Cia H. Mackle, Esq. (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:  rfeinstein@pszjlaw.com
        plabov@pszjlaw.com
        cmackle@pszjlaw.com

*Counsel to the Official Committee of Unsecured*
*Creditors*

## **DECLARATION**

STATE OF DELAWARE      :
                           :

COUNTY OF NEW CASTLE   :

         Colin R. Robinson, after being duly sworn according to law, deposes and says:

         a)        I am counsel with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

         b)        I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

         c)        I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about November 7, 2024 and submit that the Application substantially complies with such rule and orders.

                                */s/ Colin R. Robinson*
                                Colin R. Robinson