**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** *et al.*, | **Case No. 24-12337 (KBO)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | **Objection Deadline:**<br>**May 22, 2025, at 4:00 p.m. (ET)** |
| | **Hearing Date:**<br>**May 29, 2025 at 9:30 a.m. (ET)** |

**POST-EFFECTIVE DATE DEBTORS MOTION FOR ENTRY OF AN ORDER AND
FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

The above-captioned post-effective date debtors (collectively, the "Debtors" or the "Post-Effective Date Debtors"), hereby submit this motion (this "Motion") for entry of an order and final decree (the "Final Decree"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and Section 4.8(c) of the *Third Amended Joint Chapter 11 Plan of True Value Company, L.L.C. and Its Debtor Affiliates* [Docket No. 1115, Ex. A] (the "Plan")[2] (a) authorizing the Debtors to close all of the Debtors' jointly administered chapter 11 cases other than the case (the "Remaining Case") of True Value Company, L.L.C.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Plan.

33087335.2

(collectively, the "Closed Cases"),[3] (b) providing that, subsequent to entry of the Final Decree, any pending or future matters regarding the Closed Cases shall be addressed in the Remaining Case, (c) waiving certain reporting requirements, (d) amending the case caption, and (e) granting related relief.  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28. U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule 3022-1, and Section 4.8(c) of the Plan.

## BACKGROUND

4.      On October 14, 2024 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 the Bankruptcy Code (collectively, the "Chapter 11 Cases"). On October 16, 2024, the Court entered an order [Docket No. 60] directing joint administration of

---

[3]     The Closed Cases are as follows: TV Holdco II, L.L.C., Case No. 24-12338 (KBO); TV TSLC, L.L.C., Case No. 24-12339 (KBO); TV GPMC, L.L.C., Case No. 24-12340 (KBO); True Value Retail, L.L.C., Case No. 24-12341 (KBO); TrueValue.com Company, L.L.C., Case No. 24-12342 (KBO); True Value Virginia, L.L.C., Case No. 24-12343 (KBO); and Distributors Hardware, L.L.C., Case No. 24-12344 (KBO).

the Chapter 11 Cases under the lead case of True Value Company, L.L.C., Case No. 24-12337 (KBO).

5.        On October 23, 2024, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed, pursuant to section 1102 of the Bankruptcy Code, an official committee of unsecured creditors [Docket No. 144].  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

6.        On April 8, 2025, the Court held a hearing (the "Confirmation Hearing") to consider confirmation of the Plan.  On April 17, 2025, the Court entered an order confirming the Plan [Docket No. 1115].  Among other things, the Plan appointed the Plan Administrator to act for the Post-Effective Date Debtors in the same capacity as applicable to a board of managers or directors, or to officers, subject to the provisions of the Plan.  Pursuant to the Plan, the rights, powers, and duties exercisable by the Plan Administrator on behalf of the Post-Effective Date Debtors, include, among other things, (a) making distributions to Holders of Allowed Claims and Interests as provided for in the Plan, (b) administering, reconciling and resolving Administrative Claims, Professional Claims, Restructuring Expenses, Priority Tax Claims and Other Priority Claims, (c) filing tax returns and paying taxes, (d) performing all obligations required of the Post-Effective Date Debtors under the Transition Services Agreement, (e) paying any Statutory Fees, (f) maintaining the books and records and accounts of the Post-Effective Debtors, (g) defending the Post-Effective Debtors in any pending or future litigation (except with respect to any counterclaims filed against the Litigation Trust), (h) selling, abandoning, or otherwise fully administering the Estates, (i) closing the Chapter 11 Cases, (j) dissolving the Post-Effective Date Debtors, (k) ensuring that the Post-Effective Date Debtors remain in compliance with the Plan

Settlement Agreement and the Cash Collateral Order (as applicable), and (l) performing other duties and functions that are consistent with the implementation of the Plan.

7.    The effective date of the Plan occurred on April 25, 2025 (the "Effective Date"). *See* Docket No. 1149.

## RELIEF REQUESTED

8.    The Debtors hereby seek entry of the Final Decree:  (a) authorizing the Debtors to close all of the Debtors' jointly administered chapter 11 cases other than the Remaining Case; (b) providing that, subsequent to entry of the Final Decree, any pending or future matters regarding the Closed Cases shall be addressed in the Remaining Case; (c) waiving certain reporting requirements, (d) amending the case caption, and (e) granting related relief.

9.    The Debtors propose that the revised case caption read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C., *et al.*, | Case No. 24-12337 (KBO) |
| Debtor. | |

[1]    The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: True Value Company, L.L.C. (9896).  The debtor's mailing address for purposes of this case is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.  The chapter 11 cases of the debtor's affiliates, TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106), were closed as of [●], 2025.  All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of True Value Company, L.L.C.

## BASIS FOR RELIEF

**I.    The Court Should Close the Closed Cases Because They Are Fully Administered.**

10.    After a debtor's estate is fully administered, the bankruptcy court, on its own motion or on motion of a party in interest, must grant a final decree closing a chapter 11 case.

33087335.2

*See* 11 U.S.C. § 350(a).  Bankruptcy Rule 3022 provides: "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

11.     The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

  a.     whether the order confirming the plan has become final;

  b.     whether deposits required by the plan have been distributed;

  c.     whether the property proposed by the plan to be transferred has been transferred;

  d.     whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

  e.     whether payments under the plan have commenced; and

  f.     whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022.

12.     Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed."  *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994)

("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

13.     In addition to the factors set forth in the Advisory Committee Note, courts have considered whether a debtor's chapter 11 plan has been substantially consummated.  *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same).

14.     All of these factors need not be present before a court will enter a final decree.  *See, e.g.*, *Walnut Assocs.*, 164 B.R. at 493.  For example, pending adversary proceedings do not necessarily preclude a court from entering a final decree.  *See In re Millennium Lab Holdings, II, LLC, et al.*, Case No. 15-12284 (LSS) (Bankr. D. Del. Mar. 20, 2018) ("The reorganized debtors argue that the pending appeal and the pending adversary proceeding do not preclude closure of the cases.  And I agreed, overruling Voya's objection."); *In re JMPNewcor Int'l, Inc.*, 225 B.R. 462 (Bankr. N.D. Ill. 1998) (entering a final decree when an adversary proceeding was pending and the debtors still needed to make certain distributions); *In re Valence Tech.*, No. 12-11580-CAG, 2014 WL 5320632, at *4 (W.D. Tex. Oct. 17, 2014) ("[I]t is well-established that '[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.''") (citation omitted).

15.     Furthermore, bankruptcy courts in this district have entered final decrees and closed cases despite certain claims being unpaid.  *See, e.g.*, *In re EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del. Aug. 28, 2018) (entering final decree closing debtors' chapter 11 cases notwithstanding pendency of certain claims); *In re EveryWare Global, Inc.*, No. 15-10743 (LSS) (Bankr. D. Del. Aug. 19, 2015) (same); *In re Sorenson Commc'ns, Inc.*, No. 14-10454 (BLS)

(Bankr. D. Del. July 29, 2014) (same); *In re Dex One Corp.*, No. 13-10533 (KG) (Bankr. D. Del. Sept. 11, 2013) (same); *In re Appleseed's Intermediate Holdings LLC*, No. 11-10160 (KG) (Bankr. D. Del. Mar. 28, 2012) (same).  The Court has also closed cases where appeals and adversary proceedings remained pending.

16.     Here, the foregoing factors weigh in favor of closing each of the Closed Cases.  As of the date that the Final Decree becomes effective according to its terms, the Closed Cases will be "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree and order closing such cases.  In particular:

 a.     the Confirmation Order has become final and is non-appealable;

 b.     the effective date of the Plan has occurred;

 c.     all property of the Debtors has been transferred or otherwise vested in the Post-Effective Dates Debtors and the Litigation Trust, as applicable, pursuant to the terms of the Plan;

 d.     there are no pending motions, contested matters, or adversary proceedings specifically related to the Closed Cases;

 e.     all administrative expenses, including U.S. Trustee fees, have been paid or will be paid when they come due in the ordinary course, if they come due after the closure of the Closed Cases; and

 f.     the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

17.     While the Debtors acknowledge that the payment of certain claims will still be pending in accordance with the Plan, the Debtors submit that such claims will be paid through the Remaining Case in accordance with the terms of the Plan.  Furthermore, the entry of final decrees closing the Closed Cases is without prejudice to creditors' rights to petition the Court to reopen any of the Closed Cases pursuant to section 350(b) of the Bankruptcy Code.  Further, the Remaining Case will remain open following entry of the Final Decree so that any matters that would pertain

33087335.2

7

to the Closed Cases, or claims filed solely against the Debtors in the Closed Cases, can be addressed, if needed, in the Remaining Case without prejudicing the rights of third parties.

18.     Closing the Closed Cases will have no impact on the resolution of any remaining claims or distributions, other legal entitlements under the Plan, or the substantive rights of any party in interest.  However, the Debtors will save certain costs and administrative expenses by closing the Closed Cases, which will benefit all of their stakeholders.   Accordingly, closing the Closed Cases is appropriate.

**II.     Final Report**

19.     In accordance with Local Rule 3022-1(a)(ii), the Debtors request permission to file a verified final report describing the fees and expenses awarded to the retained professionals, who rendered services during the pendency of the Chapter 11 Cases, at a later date in connection with the motion to close the Remaining Case, which will permit the Debtors to more efficiently present such information and reduce unnecessary administrative expenses.

20.     For the foregoing reasons, the Debtors submit that the Court should enter the Final Decree closing the Chapter 11 Cases but retaining jurisdiction over any and all matters pending in the Closed Cases.

**<u>NOTICE</u>**

21.     Notice of this Motion will be given to:  (a) the U.S. Trustee; (b) counsel to the Litigation Trustee; (c) counsel to the Plan Administrator; (d) counsel to the Prepetition Lender; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

33087335.2

**CONCLUSION**

WHEREFORE the Debtors respectfully requests entry of the Final Decree granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 8, 2025
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Kristin L. McElroy*
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
Carol E. Thompson (Del. Bar No. 6936)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email:  emorton@ycst.com
kenos@ysct.com
kmcelroy@ycst.com
tpowell@ycst.com
cthompson@ycst.com


*Counsel to the Post-Effective Date Debtors*