## EXHIBIT A

**Final Decree**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.**, *et al.*, | Case No. 24-12337 (KBO) |
| **Debtors.**[1] | **(Jointly Administered)** |
| | Related Docket No. ___ |

## ORDER AND FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

Upon consideration of the motion (the "Motion") of the above-captioned post-effective date debtors (collectively, the "Debtors") for entry of an order and final decree (this "Final Decree")[2] (a) authorizing the Debtors to close all of the Debtors' jointly administered chapter 11 cases other than the Remaining Case; (b) providing that, subsequent to entry of the Final Decree, any pending or future matters regarding the Closed Cases shall be addressed in the Remaining Case; (c) waiving certain reporting requirements, (d) amending the case caption, and (e) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: True Value Company, L.L.C. (9896); TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106).  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.

[2]   Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in the Motion or Plan (as defined in the Motion), as applicable.

33087335.2

§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and after due deliberation; and this Court having determined that there is good and sufficient cause for the relief granted in this Final Decree, therefore,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED, as set forth herein.

2.  The following Closed Cases are hereby closed, provided that this Court shall retain jurisdiction as provided in the Plan and the Confirmation Order:

    a.  TV Holdco II, L.L.C Case No. 24-12338 (KBO)
    b.  TV TSLC, L.L.C., Case No. 24-12339 (KBO)
    c.  TV GPMC, L.L.C., Case No. 24-12340 (KBO)
    d.  True Value Retail, L.L.C., Case No. 24-12341 (KBO)
    e.  True Value.com Company, L.L.C., Case No. 24-12342 (KBO)
    f.  True Value Virginia, L.L.C., Case No. 24-12343 (KBO)
    g.  Distributors Hardware, L.L.C., Case No. 24-12344 (KBO)

3.  The case of True Value Company, L.L.C., Case No. 24-12337 (KBO) (the "Remaining Case") shall remain open pending the entry of a final decree by this Court closing the Remaining Case, and be administered under the following amended caption:

33087335.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | Chapter 11 |
| TRUE VALUE COMPANY, L.L.C., *et al.*, | Case No. 24-12337 (KBO) |
| Debtor. | |

[1]    The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: True Value Company, L.L.C. (9896).  The debtor's mailing address for purposes of this case is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.  The chapter 11 cases of the debtor's affiliates, TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106), were closed as of [●], 2025.  All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of True Value Company, L.L.C.

4.    All matters, whether or not they pertain to the Remaining Case or Closed Cases, including any claim objections with respect to claims against the Debtors, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Closed Cases. Any objections to claims against, or interests in, the Debtors may be filed, administered, and adjudicated in the Remaining Case.  The Plan Administrator and Litigation Trustee are authorized to resolve or to object to claims filed against each of the Debtors in the Remaining Case, notwithstanding that a claim may have been filed against a Debtor in a Closed Case.

5.    Entry of this Final Decree is without prejudice to (a) the rights of the Debtors or any party in interest to seek to reopen any of the Chapter 11 Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Debtors to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against the Debtors in the Chapter 11 Cases as contemplated by the Plan and the Confirmation Order.  Notwithstanding anything to the contrary contained in the Plan or elsewhere, any failure of the Debtors to file an objection to any claim in the Chapter 11 Cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against any Debtor.

33087335.2

6.	The final report required under Local Rule 3022-1(a)(ii) with respect to the Closed Cases shall be included as part of a consolidated report for all of the Debtors and filed in connection with the closure of the Remaining Case.

7.	All further reporting concerning the administration of the assets and liabilities of the Debtors shall occur only in the Remaining Case.   A docket entry shall be made in each of the Closed Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of True Value Company, L.L.C., Case No. 24-12337 (KBO).   The docket in Case No. 24-12337 (KBO) should be consulted for all matters affecting this case.

8.	The Debtors shall pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) with respect to disbursements made in connection with the Closed Cases on the date that such fees are due.   Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen the Chapter 11 Cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6).

9.	The Debtors shall not be obligated to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) with respect to the Closed Cases for any period after the date of the entry of this Final Decree.

10.	Notwithstanding anything to the contrary in this Final Decree, all of the terms and conditions of this Final Decree are subject to, and shall be immediately effective and enforceable.

11.	The Debtors and their respective agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

12.	Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed:   (a) an admission as to the

33087335.2

amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Debtors or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of the Debtors, or any other parties in interest under the Bankruptcy Code or any other applicable law.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

33087335.2