## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** | **Case No. 24-12337 (KBO)** |
| **Debtor.[1]** | **Related Docket No. 1246** |

### CERTIFICATION OF COUNSEL SUBMITTING *REVISED* PROPOSED ORDER SUSTAINING PLAN ADMINISTRATOR'S TWELFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

The undersigned hereby certifies as follows:

1.     On May 27, 2025, Michael I. Goldberg, in his sole capacity as the plan administrator (the "Plan Administrator") for the above-captioned post-effective date debtors (the "Debtors") filed the *Plan Administrator's Twelfth Omnibus Objection to Claims (Substantive)* [Docket No. 1246] (the "Objection").[2]  A proposed form of order (the "Proposed Order") was attached to the Objection as Exhibit A, and the deadline to file responses to the Objection was established as June 17, 2025, at 4:00 p.m. (ET) (the "Response Deadline").[3]

2.     Prior to the Response Deadline, the Debtors received formal and informal responses to the Objection from various parties in interest (the "Respondents").

---

[1]     The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: True Value Company, L.L.C. (9896).  The debtor's mailing address for purposes of this case is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.  The chapter 11 cases of the debtor's affiliates, TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106), were closed as of May 28, 2025.  All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of True Value Company, L.L.C.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

[3]     The Response Deadline was extended for various Respondents (as defined herein).

33333600.1

3.      Following negotiations, the Debtors and a Respondent came to a consensual resolution.  Additionally, at the hearing held on June 26, 2025 (the "Hearing"), the Court ruled that various Respondents' informal responses were denied for failure to prosecute, and the Plan Administrator's objections to those Adjourned Claims were sustained.  The revised version of the Proposed Order (the "Revised Proposed Order") is attached hereto as **Exhibit A**.  For the convenience of the United States Bankruptcy Court for the District of Delaware (the "Court") and other interested parties, a blackline comparing the Proposed Order with the Revised Proposed Order is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtors did not receive any responses other than those described herein, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's earliest convenience.

Dated: July 2, 2025
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

*/s/ Timothy R. Powell*
Edmon L. Morton (Del. Bar No. 3856)
Kenneth J. Enos (Del. Bar No. 4544)
Kristin L. McElroy (Del. Bar No. 6871)
Timothy R. Powell (Del. Bar No. 6894)
One Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
      kenos@ycst.com
      kmcelroy@ycst.com
      tpowell@ycst.com

*Counsel to the Post-Effective Date Debtors*

# EXHIBIT A

## Revised Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** | **Case No. 24-12337 (KBO)** |
| **Debtor.**[1] | Related Docket No. 1246 |

## ORDER SUSTAINING PLAN ADMINISTRATOR'S TWELFTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon consideration of the objection (the "Objection")[2] of the Plan Administrator for entry of an order (this "Order") (a) reclassifying the Reclassified Claims set forth on **Schedule 1** attached hereto, and (b) reducing and reclassifying the Reduced and Reclassified Claims set forth on **Schedule 2** attached hereto; and upon the rulings made on the record at the hearing held on June 26, 2025; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection has been given under the particular

---

[1]     The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: True Value Company, L.L.C. (9896). The debtor's mailing address for purposes of this case is 8600 W. Bryn Mawr Ave. Chicago, IL 60631. The chapter 11 cases of the debtor's affiliates, TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106), were closed as of May 28, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of True Value Company, L.L.C.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Objection; and upon the record of the Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is SUSTAINED as set forth herein.

2.      Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3.      The Reclassified Claims identified on **Schedule 1** attached hereto are hereby reclassified to the classification status set forth on **Schedule 1**.

4.      The Reduced and Reclassified Claims identified on **Schedule 2** attached hereto are hereby reduced and reclassified in the amounts and to the classification status set forth on **Schedule 2**.

5.      This Order shall be deemed a separate order with respect to each of the Disputed Claims identified on **Schedule 1** and **Schedule 2** attached hereto.  Any stay of this Order pending appeal by any of the claimants whose Disputed Claim(s) are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6.      The Plan Administrator, the Debtors, and Omni are authorized to take all actions necessary and appropriate to give effect to this Order.

7.      Omni is authorized to modify the Claims Register to comport with the relief granted by this Order.

8.      Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Plan Administrator or the Debtors may have to enforce rights of setoff against the claimants.

9.      Nothing in the Objection or this Order shall be deemed or construed:  (a) as an admission as to the validity of any claim against the Debtors; (b) as a waiver of the Plan Administrator's or the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Plan Administrator or the Debtors, or to estop the Plan Administrator or the Debtors from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

10.      The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

11.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

33333780.2

## SCHEDULE 1

**Reclassified Claims**

TRUE VALUE COMPANY, L.L.C., et. al.
Claim Objections - Reclassified Claims

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[1] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 1. | Alpha Assembly Solutions Inc | C337-770 | $223,216.46 | – | $45,165.90 | – | – | $178,050.56 | $223,216.46 | – | $40,627.10 | – | – | $182,589.36 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 2. | AS America, Inc | C337-17 | $107,952.01 | – | $6,776.08 | – | – | $101,175.93 | $107,952.01 | – | $3,751.66 | – | – | $104,200.35 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 3. | B&G Auto | C337-100127 | $48.72 | $48.72 | – | – | – | – | $48.72 | – | – | – | – | $48.72 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 4. | Baggo Inc | C337-896 | $9,975.94 | – | $9,975.94 | – | – | – | $9,975.94 | – | $4,340.10 | – | – | $5,635.84 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 5. | Barenbrug USA Inc | C337-1617 | $514,482.09 | – | $16,168.58 | – | – | $498,313.51 | $514,482.09 | – | $12,794.65 | – | – | $501,687.44 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 6. | Bestway (USA), Inc. | C337-100176 | $20,889.36 | $20,889.36 | – | – | – | – | $20,889.36 | – | – | – | – | $20,889.36 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 7. | Buntjer's Cleaning Service, LLC | C337-1012 | $19,687.20 | – | – | – | $1,270.30 | $18,416.90 | $19,687.20 | $1,651.18 | – | – | – | $18,036.02 | The claim asserts priority status. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a none of the claim is entitled to priority status. Notwithstanding, a portion of the claim arose postpetition and is entitled to treatment as an administrative expense. The remainder of the claim, which arose prepetition must be reclassified to a general unsecured claim. |
| 8. | Burlington Products | C342-23 | $175.00 | – | $175.00 | – | – | – | $175.00 | – | – | – | – | $175.00 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 9. | California Department of Tax and Fee Administration | C337-2963 | $56,074.72 | – | – | – | $56,074.72 | – | $56,074.72 | – | – | – | – | $56,074.72 | The modified priority reflects that the claim is for regulatory fees, not taxes or penalties, and therefore, the claim ineligible for 507(a)(8) priority status. |
| 10. | Constellation NewEnergy - Gas Division, LLC | C337-2967 | $23,096.56 | – | $2,914.36 | – | – | $20,182.20 | $23,096.56 | – | – | – | – | $23,096.56 | The claim asserts administrative status for invoices 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 11. | Costa Farms, LLC | C337-2894 | $149,846.30 | – | $20,249.73 | – | – | $129,596.57 | $149,846.30 | – | – | – | – | $149,846.30 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 12. | Cotterman Company | C337-100038 | $929.45 | $929.45 | – | – | – | – | $929.45 | – | – | – | – | $929.45 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 13. | Danco, Inc | C337-1053 | $139,635.56 | – | $31,294.38 | – | – | $108,341.18 | $139,635.56 | – | $14,341.35 | – | – | $125,294.21 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |

**TRUE VALUE COMPANY, L.L.C., et. al.**
Claim Objections - Reclassified Claims

| No. | Name of Claimant | Claim Number | Claim Amount[1] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | **Claim as Filed** | | | | | | **Claim as Reconciled** | | | | | | |
| 14. | Dystar Hilton Davis Corp | C337-2469 | $2,996.00 | – | – | – | $2,996.00 | – | $2,996.00 | – | – | – | – | $2,996.00 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 15. | ENCO Manufacturing Inc | C337-1756 | $1,615.60 | – | $1,615.60 | – | – | – | $1,615.60 | – | – | – | – | $1,615.60 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 16. | Fortune Products, Inc. | C337-1326 | $29,569.98 | – | $2,116.92 | – | – | $27,453.06 | $29,569.98 | – | – | – | – | $29,569.98 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 19. | Gleason Industrial Products, Inc | C337-100218 | $33,172.50 | $33,172.50 | – | – | – | – | $33,172.50 | – | – | – | – | $33,172.50 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 20. | International Mulch Company | C337-100267 | $21,002.40 | $21,002.40 | – | – | – | – | $21,002.40 | – | – | – | – | $21,002.40 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 21. | Jada Stixx, LLC | C337-852 | $2,850.00 | – | $2,850.00 | – | – | – | $2,850.00 | – | – | – | – | $2,850.00 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 22. | Klein Tools, Inc. | C337-100052 | $89,388.33 | $89,388.33 | – | – | – | – | $89,388.33 | $88,989.12 | – | – | – | $399.21 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is to be treated as an administrative expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 23. | KT Industries Inc. | C337-1832 | $97,242.20 | – | $24,433.43 | – | – | $72,808.77 | $97,242.20 | – | – | – | – | $97,242.20 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 24. | La Crosse Technology Ltd. | C337-1818 | $1,668.70 | $1,668.70 | $1,668.70 | – | – | – | $1,668.70 | – | – | – | – | $1,668.70 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 25. | Little Beaver, Inc | C337-1854 | $23,852.03 | – | $7,614.88 | – | – | $16,237.15 | $23,852.03 | – | – | – | – | $23,852.03 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 26. | Lone Star Hardware Sales & Service | C337-100281 | $31,861.49 | $31,861.49 | – | – | – | – | $31,861.49 | – | – | – | – | $31,861.49 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 27. | Midwest Can Company | C337-1658 | $133,796.86 | – | $133,796.86 | – | – | – | $133,796.86 | – | $120,415.02 | – | – | $13,381.84 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 28. | Morton Salt, Inc. | C337-1632 | $1,216,556.16 | – | $401,146.47 | – | – | $815,409.69 | $1,216,556.16 | – | $227,791.16 | – | – | $988,765.00 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 29. | Nuvik USA, Inc | C337-640 | $32,685.98 | – | $11,931.50 | – | – | $20,754.48 | $32,685.98 | – | $2,591.56 | – | – | $30,094.42 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |

**TRUE VALUE COMPANY, L.L.C., et. al.**
**Claim Objections - Reclassified Claims**

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[4] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 30. | Penske Truck Leasing Co., L.P. | C339-100002 | $144,969.60 | $144,969.60 | – | – | – | – | $144,969.60 | $121,529.27 | – | – | – | $23,440.33 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a portion of the claim arose prepetition and therefore is not entitled to be treated as an administrative expense. Accordingly, this portion of the claim must be reclassified to a general unsecured claim. |
| 31. | PPG Architectural Finishes | C337-100381 | $437,259.02 | $437,259.02 | – | – | – | – | $437,259.02 | $398,492.44 | – | – | – | $38,766.58 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as an administrative expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 32. | Raymond West Intralogistics Solutions | C337-100237 | $6,826.61 | $6,826.61 | – | – | – | – | $6,826.61 | $3,260.36 | – | – | – | $3,566.25 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a portion of the claim arose prepetition and therefore is not entitled to be treated as an administrative expense. Accordingly, the prepetition portion of the claim must be reclassified to a general unsecured claim. |
| 33. | Retail First Inc | C337-100423 | $42,773.18 | $42,773.18 | – | – | – | – | $42,773.18 | – | – | – | – | $42,773.18 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 34. | Rose Commercial Cleaning Services | C337-2275 | $2,068.43 | – | – | – | $2,068.43 | – | $2,068.43 | – | – | – | – | $2,068.43 | The claim asserts priority status. However, a review of the Debtors' Books and Records show that a none of the claim is entitled to priority status and the claim arose prepetition. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 35. | Rug Doctor LLC | C337-1286 | $191,280.76 | – | $24,620.79 | – | – | $166,659.97 | $191,280.92 | – | $2,801.98 | – | – | $188,478.94 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 37. | SerVaas Laboratories | C337-1229 | $69,677.46 | – | $69,677.46 | – | – | – | $69,677.46 | – | – | – | – | $69,677.46 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 38. | Service Tool Company LLC | C337-314 | $211,998.13 | – | – | – | $211,998.13 | – | $211,998.13 | – | – | – | – | $211,998.13 | The claim asserts priority status and no supporting documents were attached to the claim. Additionally, a review the Debtors' Books and Records show that a none of the claim is entitled to priority status and the claim arose prepetition. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |

**TRUE VALUE COMPANY, L.L.C., et. al.**
**Claim Objections - Reclassified Claims**

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[1] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 40. | UFP Chandler, LLC | C337-1426 | $14,159.28 | – | $14,159.28 | – | – | – | $14,159.28 | – | – | – | – | $14,159.28 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 41. | UKG Kronos Systems LLC | C337-2369 | $77,374.96 | $59,636.66 | – | – | – | $17,738.30 | $77,374.96 | $58,676.05 | – | – | – | $18,698.91 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a portion of the claim arose prepetition and therefore is not entitled to be treated as an administrative expense. Accordingly, the prepetition portion of the claim must be reclassified to a general unsecured claim. |
| 42. | Whirlpool Corporation | C337-100412 | $5,366.49 | $5,366.49 | – | – | – | – | $5,366.49 | – | – | – | – | $5,366.49 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim arose prepetition and therefore is not entitled to be treated as an administrative expense. Accordingly, the prepetition portion of the claim must be reclassified to a general unsecured claim. |

**_Note:_**
(1) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form

## **SCHEDULE 2**

**Reduced and Reclassified Claims**

**TRUE VALUE COMPANY, L.L.C., et. al.**
**Claim Objections - Reduced and Reclassified Claims**

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|-----|------------------|--------------|----------------|---|---|---|---|---|---------------------|---|---|---|---|---|------------------------|
| | | | Claim Amount[1] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 1. | Flint & Walling, Inc. | C337-1257 | $173,342.45 | – | $13,337.80 | – | – | $160,004.65 | $173,342.45 | – | $9,233.50 | – | – | $164,108.95 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |

*(1) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form*

# EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.**, ~~*et al.*~~, | Case No. 24-12337 (KBO) |
| ~~**Debtors**~~**Debtor**.[1] | ~~**(Jointly Administered)**~~<br>**Related Docket No. 1246** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S TWELFTH
OMNIBUS OBJECTION TO CLAIMS
(SUBSTANTIVE)**

Upon consideration of the objection (the "Objection")[2] of the Plan Administrator for entry of an order (this "Order") (a) reclassifying the Reclassified Claims set forth on **Schedule 1** attached hereto, and (b) reducing and reclassifying the Reduced and Reclassified Claims set forth on **Schedule 2** attached hereto; and upon the rulings made on the record at the hearing held on June 26, 2025; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C.

---

[1]     The ~~Debtors in these chapter 11 cases~~Debtor in this case, along with the last four digits of ~~their respective~~the debtor's federal tax identification ~~numbers, are as follows~~number, is: True Value Company, L.L.C. (9896)~~;~~. The debtor's mailing address for purposes of this case is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.  The chapter 11 cases of the debtor's affiliates, TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106)~~.  The address of the Debtors' corporate headquarters is 8600 W. Bryn Mawr Ave. Chicago, IL 60631~~, were closed as of May 28, 2025.  All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of True Value Company, L.L.C.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

§§ 1408 and 1409; and due and sufficient notice of the Objection has been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Objection; and upon the record of the Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is SUSTAINED as set forth herein.

2.      Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3.      The Reclassified Claims identified on **Schedule 1** attached hereto are hereby reclassified to the classification status set forth on **Schedule 1**.

4.      The Reduced and Reclassified Claims identified on **Schedule 2** attached hereto are hereby reduced and reclassified in the amounts and to the classification status set forth on **Schedule 2**.

5.      This Order shall be deemed a separate order with respect to each of the Disputed Claims identified on **Schedule 1** and **Schedule 2** attached hereto.  Any stay of this Order pending appeal by any of the claimants whose Disputed Claim(s) are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.



6.      The Plan Administrator, the Debtors, and Omni are authorized to take all actions necessary and appropriate to give effect to this Order.

7.      Omni is authorized to modify the Claims Register to comport with the relief granted by this Order.

8.      Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Plan Administrator or the Debtors may have to enforce rights of setoff against the claimants.

9.      Nothing in the Objection or this Order shall be deemed or construed:  (a) as an admission as to the validity of any claim against the Debtors; (b) as a waiver of the Plan Administrator's or the Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Plan Administrator or the Debtors, or to estop the Plan Administrator or the Debtors from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

10.     The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.



## SCHEDULE 1

**Reclassified Claims**

TRUE VALUE COMPANY, L.L.C., et al.
Claim Objections - Reclassified Claims

Schedule 1

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 1. | Alpha Assembly Solutions Inc | C337-770 | $223,216.46 | – | $45,165.90 | – | – | $178,050.56 | $223,216.46 | – | $40,527.10 | – | – | $182,589.36 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 2. | AS America, Inc | C337-17 | $107,952.01 | – | $6,776.08 | – | – | $101,175.93 | $107,952.01 | – | $3,751.66 | – | – | $104,200.35 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 3. | B&G Auto | C337-100127 | $48.72 | $48.72 | – | – | – | – | $48.72 | – | – | – | – | $48.72 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 4. | Baggo Inc | C337-896 | $9,975.94 | – | $9,975.94 | – | – | – | $9,975.94 | – | $4,340.10 | – | – | $5,635.84 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 5. | Barenbrug USA Inc | C337-1617 | $514,482.09 | – | $16,168.58 | – | – | $498,313.51 | $514,482.09 | – | $12,794.65 | – | – | $501,687.44 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 6. | Bestway (USA), Inc. | C337-100176 | $20,889.36 | $20,889.36 | – | – | – | – | $20,889.36 | – | – | – | – | $20,889.36 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 7. | Bunjes's Cleaning Service, LLC | C337-1012 | $19,687.20 | – | – | – | $1,270.30 | $18,416.90 | $19,687.20 | $1,651.18 | – | – | – | $18,036.02 | The claim asserts priority status. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a none of the claim is entitled to priority status. Notwithstanding, a portion of the claim arose postpetition and is entitled to treatment as an administrative expense. The remainder of the claim, which arose prepetition must be reclassified to a general unsecured claim. |
| 8. | Burlington Products | C342-23 | $175.00 | – | $175.00 | – | – | – | $175.00 | – | – | – | – | $175.00 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 9. | California Department of Tax and Fee Administration | C337-2963 | $56,074.72 | – | – | – | $56,074.72 | – | $56,074.72 | – | – | – | – | $56,074.72 | The modified priority reflects that the claim is for regulatory fees, not taxes or penalties, and therefore, the claim ineligible for 507(a)(8) priority status. |
| 10. | Constellation NewEnergy - Gas Division, LLC | C337-2967 | $23,096.56 | – | $2,914.36 | – | – | $20,182.20 | $23,096.56 | – | – | – | – | $23,096.56 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 11. | Costa Farms, LLC | C337-2894 | $149,846.30 | – | $20,249.73 | – | – | $129,596.57 | $149,846.30 | – | – | – | – | $149,846.30 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 12. | Cotterman Company | C337-100038 | $929.45 | $929.45 | – | – | – | – | $929.45 | – | – | – | – | $929.45 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 13. | Danco, Inc | C337-1053 | $139,635.56 | – | $31,294.38 | – | – | $108,341.18 | $139,635.56 | – | $14,341.35 | – | – | $125,294.21 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 14. | Dystar Hilton Davis Corp | C337-2469 | $2,996.00 | – | – | – | $2,996.00 | – | $2,996.00 | – | – | – | – | $2,996.00 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 15. | ENCO Manufacturing Inc | C337-1796 | $1,615.60 | – | $1,615.60 | – | – | – | $1,615.60 | – | – | – | – | $1,615.60 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 16. | Fortune Products, Inc. | C337-1326 | $29,569.98 | – | $2,116.92 | – | – | $27,453.06 | $29,569.98 | – | – | – | – | $29,569.98 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 17. | ~~Generac Power Systems~~ | ~~C337-3048~~ | ~~$$$$$$$$$~~ | ~~$$$$$$$$$~~ | ~~$18,365.40~~ | ~~$$$$$$$$$~~ | ~~$433,601.48~~ | ~~$$$$$$$$$~~ | ~~$$$$$$$$$~~ | ~~$18,365.40~~ | ~~–~~ | ~~–~~ | ~~$$$$$$$$$~~ | ~~The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser portion of the claim is entitled to be treated as a 503(b)(9) expense than as filed. Accordingly, the 503(b)(9) claim amount must be reduced and the difference must be reclassified to a general unsecured claim. The claimant asserts a right to setoff as a secured claim based upon certain relationships owed to the Debtors on account of contractual agreements or other arrangements between the Debtors and the claimant. The Debtors agree that the claimant is authorized to exercise its right of setoff, and therefore, pursuant to section 553 of the Bankruptcy Code, the setoff amount has been netted off of the general unsecured amount as reflected in the column titled 'Claim as Reconciled.'~~ |
| 18. | ~~Generac Power Systems, Inc.~~ | ~~C337-100410~~ | ~~$134,213.29~~ | ~~$$$$$$$$$~~ | ~~–~~ | ~~–~~ | ~~–~~ | ~~–~~ | ~~$134,213.29~~ | ~~$59,327.95~~ | ~~–~~ | ~~–~~ | ~~–~~ | ~~$74,885.34~~ | ~~The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as an administrative expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim.~~ |

TRUE VALUE COMPANY, L.L.C., et. al.
Claim Objections - Reclassified Claims

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 19. | Gleeson Industrial Products, Inc. | C337-100218 | $33,172.50 | $33,172.50 | – | – | – | – | $33,172.50 | – | – | – | – | $33,172.50 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 20. | International Mulch Company | C337-100267 | $21,002.40 | $21,002.40 | – | – | – | – | $21,002.40 | – | – | – | – | $21,002.40 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 21. | Jada Stixx, LLC | C337-852 | $2,850.00 | – | $2,850.00 | – | – | – | $2,850.00 | – | – | – | – | $2,850.00 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 22. | Klein Tools, Inc. | C337-100052 | $89,388.33 | $89,388.33 | – | – | – | – | $89,388.33 | $88,989.12 | – | – | – | $399.21 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is to be treated as an administrative expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 23. | KT Industries Inc. | C337-1832 | $97,242.20 | – | $24,433.43 | – | – | $72,808.77 | $97,242.20 | – | – | – | – | $97,242.20 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 24. | La Crosse Technology Ltd. | C337-1818 | $1,668.70 | $1,668.70 | $1,668.70 | – | – | – | $1,668.70 | – | – | – | – | $1,668.70 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 25. | Little Beaver, Inc | C337-1854 | $23,852.03 | – | $7,614.88 | – | – | $16,237.15 | $23,852.03 | – | – | – | – | $23,852.03 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 26. | Lone Star Hardware Sales & Service | C337-100281 | $31,861.49 | $31,861.49 | – | – | – | – | $31,861.49 | – | – | – | – | $31,861.49 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 27. | Midwest Can Company | C337-1658 | $133,796.86 | – | ######### | – | – | – | $133,796.86 | – | ######### | – | – | $13,381.84 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 28. | Morton Salt, Inc. | C337-1632 | ######### | – | ######### | – | – | $815,409.69 | ######### | – | ######### | – | – | $988,765.00 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 29. | Nuvik USA, Inc | C337-640 | $32,685.98 | – | $11,931.50 | – | – | $20,754.48 | $32,685.98 | – | $2,591.56 | – | – | $30,094.42 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 30. | Penske Truck Leasing Co., L.P. | C339-100002 | $144,969.60 | ######### | – | – | – | – | $144,969.60 | ######### | – | – | – | $23,440.33 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a portion of the claim arose prepetition and therefore is not entitled to be treated as an administrative expense. Accordingly, this portion of the claim must be reclassified to a general unsecured claim. |
| 31. | PPG Architectural Finishes | C337-100381 | $437,259.02 | ######### | – | – | – | – | $437,259.02 | ######### | – | – | – | $38,766.58 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as an administrative expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 32. | Raymond West Intralogistics Solutions | C337-100237 | $6,826.61 | $6,826.61 | – | – | – | – | $6,826.61 | $3,260.36 | – | – | – | $3,566.25 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a portion of the claim arose prepetition and therefore is not entitled to be treated as an administrative expense. Accordingly, the prepetition portion of the claim must be reclassified to a general unsecured claim. |
| 33. | Retail First Inc | C337-100423 | $42,773.18 | $42,773.18 | – | – | – | – | $42,773.18 | – | – | – | – | $42,773.18 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that the claim arose prepetition and therefore none of the claim is entitled to be treated as an administrative expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 34. | Rose Commercial Cleaning Services | C337-2275 | $2,068.43 | – | – | – | $2,068.43 | – | $2,068.43 | – | – | – | – | $2,068.43 | The claim asserts priority status. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a none of the claim is entitled to priority status and the claim arose prepetition. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 35. | Rug Doctor LLC | C337-1286 | $191,280.76 | – | $24,620.79 | – | – | $166,659.97 | $191,280.92 | – | $2,801.98 | – | – | $188,478.94 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |
| 36. | ~~Savant Technologies LLC~~ | ~~C337-1320~~ | ~~$685,040.49~~ | – | ~~#########~~ | – | – | ~~$685,040.49~~ | ~~$685,040.49~~ | – | ~~#########~~ | – | – | ~~$23,539.37~~ | ~~The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim.~~ |
| 37. | SerVaas Laboratories | C337-1229 | $69,677.46 | – | $69,677.46 | – | – | – | $69,677.46 | – | – | – | – | $69,677.46 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. |
| 38. | Service Tool Company LLC | C337-314 | $211,998.13 | – | – | – | ######### | – | $211,998.13 | – | – | – | – | $211,998.13 | The claim asserts priority status and no supporting documents were attached to the claim. Additionally, a review the Debtors' Books and Records show that a none of the claim is entitled to priority status and the claim arose prepetition. Accordingly, the claim is in entirely must be reclassified to a general unsecured claim. |

**TRUE VALUE COMPANY, L.L.C., et. al.**
**Claim Objections - Reclassified Claims**

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Amount[1] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 39. The Gorilla Glue Company | | C331-1631 | $██████████ | | ― $██████████ | | ― | $██████████ | $██████████ | | ― $██████████ | | ― | $██████████ | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a unique amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified to a general unsecured claim. |

**TRUE VALUE COMPANY, L.L.C., et. al.**
**Claim Objections - Reclassified Claims**

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[1] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| 40. UFP Chandler, LLC | | C337-1426 | $14,159.28 | -- | $14,159.28 | -- | -- | -- | $14,159.28 | -- | -- | -- | -- | $14,159.28 | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the entirety of the claim must be reclassified to a general unsecured claim. |
| 41. UKG Kronos Systems LLC | | C337-2369 | $77,374.96 | $59,636.66 | -- | -- | -- | $17,738.30 | $77,374.96 | $58,676.05 | -- | -- | -- | $18,698.91 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a portion of the claim arose prepetition and therefore is not entitled to be treated as an administrative expense. Accordingly, the prepetition portion of the claim must be reclassified to a general unsecured claim. |
| 42. Whirlpool Corporation | | C337-100412 | $5,366.49 | $5,366.49 | -- | -- | -- | -- | $5,366.49 | -- | -- | -- | -- | $5,366.49 | The claim asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim arose prepetition and therefore is not entitled to be treated as an administrative expense. Accordingly, the prepetition portion of the claim must be reclassified to a general unsecured claim. |

**Note:**
(1) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form

## SCHEDULE 2

**Reduced and Reclassified Claims**

TRUE VALUE COMPANY, L.L.C., et. al.
Claim Objections - Reduced and Reclassified Claims

| No. | Name of Claimant | Claim Number | Claim as Filed | | | | | | Claim as Reconciled | | | | | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claim Amount[1] | Admin | 503(b)(9) | Secured | Priority | Unsecured | Claim Amount | Admin | 503(b)(9) | Secured | Priority | Unsecured | |
| ~~1. DM Merchandising, Inc~~ | | ~~C337-2874~~ | ~~#########~~ | ~~#########~~ | ~~#########~~ | ~~---~~ | ~~---~~ | ~~#########~~ | ~~#########~~ | ~~---~~ | ~~---~~ | ~~---~~ | ~~---~~ | ~~#########~~ | ~~The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that none of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the claim in its entirety must be reclassified to a general unsecured claim. The claim also asserts administrative status for invoices dated subsequent to the Petition Date. However, a review of the invoices attached to the claim show that these invoices are duplicative with invoices submitted in claim C337-100206 - therefore, the admin amount should be reduced.~~ |
| 21. Flint & Walling, Inc. | | C337-1257 | ######### | --- | ######### | --- | --- | ######### | --- | ######### | --- | --- | --- | ######### | The claim asserts administrative status for goods delivered 20 days prior to the Petition Date. However, a review of the invoices attached to the claim and the Debtors' Books and Records show that a lesser amount of the claim is entitled to be treated as a 503(b)(9) expense. Accordingly, the remaining portion of the claim must be reclassified as a general unsecured claim. |

(1) Total claim amount may not be equal to the sum of the component parts of a claim due to mathematical errors when claimants filled out the proof of claim form