**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **TRUE VALUE COMPANY, L.L.C.,** | Case No. 24-12337 (KBO) |
| Debtor.[1] | Ref. Docket Nos. 1237, 1239, 1348, 1349, 1388, 1390, 1463, 1464, 1467, 1468 & 1482 |

**DECLARATION OF NICK WEBER IN SUPPORT OF PLAN ADMINISTRATOR'S OMNIBUS REPLY IN SUPPORT OF PLAN ADMINISTRATOR'S OMNIBUS OBJECTIONS TO CLAIMS**

Pursuant to 28 U.S.C. § 1746, I, Nick Weber, hereby declare (as may be supplemented, amended, and/or modified, this "Declaration") under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am a Managing Director of M3 Advisory Partners, LP ("M3"), restructuring advisor to the above-captioned post-effective date debtors (collectively, the "Debtors" or the "Post-Effective Date Debtors") in the Chapter 11 Cases. I have worked directly alongside Kunal Kamlani, the Debtors' former Chief Transformation Officer, advising the Debtors since M3 was retained on July 29, 2024. As a result of my position, I am familiar with the Debtors' day-to-day business operations and affairs, the Books and Records, and the Debtors' chapter 11 efforts.

2. In the course and scope of M3's engagement, I am familiar with the Debtors' business operations and affairs, and the Books and Records. I have been involved in the processing

---

[1] The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: True Value Company, L.L.C. (9896). The debtor's mailing address for purposes of this case is 8600 W. Bryn Mawr Ave. Chicago, IL 60631. The chapter 11 cases of the debtor's affiliates, TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106), were closed as of May 28, 2025. All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of True Value Company, L.L.C.

33400774.1

and reconciliation of claims against the Debtors.  I am authorized to file this Declaration on behalf of the Plan Administrator and the Debtors in support of the *Plan Administrator's Omnibus Reply in Support of the Plan Administrator's Omnibus Objections to Claims* [Docket No. 1482] (the "Omnibus Reply"),[2] the *Plan Administrator's Thirteenth Omnibus Objection to Claims (Non-Substantive)* [Docket No. 1388] (the "13th Omnibus Objection"), and the *Plan Administrator's Fourteenth Omnibus Objection to Claims (Substantive)* [Docket No. 1390] (the "14th Omnibus Objection," and collectively with the 13th Omnibus Objection, the "Objections").

3.  I have reviewed the Omnibus Reply and the Objections, and I am directly, or by and through other personnel or representatives of the Debtors, reasonably familiar with the information contained therein, the proposed orders attached to the Objections (collectively, the "Proposed Orders"), and the schedules attached to the Proposed Orders (the "Claims Schedules").  I am executing this Declaration on behalf of the Debtors and the Plan Administrator.

4.  Considerable resources and time have been expended in reviewing and reconciling the claims filed against, or scheduled by, the Debtors and their estates in the Chapter 11 Cases.

5.  In preparing this Declaration, I reviewed the Debtors' claims register (the "Claims Register"), which contains the record of all claims scheduled by, or filed against, the Debtors in connection with the Chapter 11 Cases.  Additionally, I or other representatives of the Debtors (a) reviewed (i) the Claims Register, by which we identified various claims that should be objected to, and (ii) the Books and Records with respect to the claims described in the Objections and the Claims described in the Omnibus Reply, (b) conferred with the Debtors' representatives and outside counsel having knowledge relevant to understanding the validity of the claims described

---

[2] Capitalized terms used herein shall have the meanings ascribed to them in the Objections or the Omnibus Reply, as applicable.

33400774.1

in the Objections and the Claims described in the Omnibus Reply, (c) approved the inclusion of the claims described in the Objections and the Claims described in the Omnibus Reply, and (d) reviewed the Omnibus Reply, the Objections, the Proposed Orders, and the Schedules. Accordingly, I am familiar with the information contained therein.

6. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge of the Debtors' operations, finances, and Books and Records, my review of the claims and Claims Register, or information received from other members of the Debtors, or the Debtors' other advisors. If called upon to testify, I would testify competently to the facts set forth herein.

**A.    The Original Declaration and the Supplemental Declaration**

7. For the avoidance of doubt, I adopt herein and incorporate by reference the *Declaration of Nick Weber in Support of Plan Administrator's Omnibus Reply in Support of the Debtors' Omnibus Objections to Claims* [Docket No. 1239] (the "Original Declaration") and the *Supplemental Declaration of Nick Weber in Support of Plan Administrator's Supplemental Omnibus Reply in Support of the Debtors' Omnibus Objections to Claims* [Docket No. 1349] (the "Supplemental Declaration," and together with the Original Declaration, the "Original Declarations"). The information contained in the Original Declarations is relevant to the Ruling Claims of the Ruling Respondents, as applicable.

**B.    The Administrative Claim Reconciliation Period**

8. For the avoidance of doubt, I adopt herein and incorporate by reference the *Declaration of Nick Weber in Support of Entry of the Sale Order* [Docket No. 367] (the "Sale Declaration"). Various information contained in the Sale Declaration is relevant to the Late Filed Claims (as defined in the Omnibus Reply).

33400774.1

9. The Sale Declaration provides information related to how various administrative expenses would be satisfied, including how various administrative claims were budgeted for and how various administrative claims would be reconciled within 90 days of the Sale closing (the "Reconciliation Period"). In connection therewith, my team and I, along with various representatives of the Debtors and the Debtors' professionals, developed a budget, which I believe sufficiently accounted for administrative expenses that Debtors would reasonably incur between the Petition Date and the Sale closing. Administrative expenses allegedly incurred during this period were the administrative expenses that my team and I reconciled during the Reconciliation Period, and such requests for administrative expenses were required to have been filed prior to December 23, 2025 (the "Administrative Claims Bar Date").

10. Prior to and during the Reconciliation Period, my team and I reviewed, on a rolling basis, the requests for administrative expenses that were filed prior to the Administrative Claims Bar Date. Additionally, out of an abundance of caution, my team and I reserved funds related to various requests for administrative expenses filed after the Administrative Claims Bar Date but before February 20, 2025. Funds related to these late requests for administrative expenses were reserved in anticipation of a potential claim dispute.

11. On February 20, 2025, the Debtors sent $10,000,000.00 to the lenders and reserved $36,848,196.00 (the "Reserves"), both as required by Cash Collateral Final Order and the term sheet attached as Exhibit 1 thereto. The Reserves include amounts reserved for various line items, one of which relates to administrative expenses that (a) are incurred between the Petition Date and the Sale closing, and (b)(i) are timely filed, or (ii) have been brought to the Debtors attention prior to February 20, 2025.

12. Since the Reserves were specifically earmarked for various line items, including, but not limited to, paying various requests for administrative expenses, and since the Late Filed Claims were not brought to the Debtors attention, nor filed, until the end of May 2025, the Debtors did not reserve any funds to pay them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: July 28, 2025
                                                */s/ Nick Weber*
                                                Nick Weber
                                                M3 Advisory Partners, LP