**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **TRUE VALUE COMPANY, L.L.C.,** | **Case No. 24-12337 (KBO)** |
| **Debtor.**[1] | **Related Docket No. 1603, 1612** |

**ORDER AND FINAL DECREE CLOSING THIS CHAPTER 11 CASE**
**AND TERMINATING CLAIMS AND NOTICING SERVICES**

Upon the motion (the "Motion") of the above-captioned post-effective date debtor (the "Post-Effective Date Debtor") for entry of an order and final decree (this "Final Decree")[2] (a) closing the Remaining Case, (b) terminating the claims and noticing services of Omni, and (c) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Post-Effective Date Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Post-Effective Date

---

[1]   The Debtor in this case, along with the last four digits of the debtor's federal tax identification number, is: True Value Company, L.L.C. (9896).  The debtor's mailing address for purposes of this case is 8600 W. Bryn Mawr Ave. Chicago, IL 60631.  The chapter 11 cases of the debtor's affiliates, TV Holdco II, L.L.C. (2272); TV TSLC, L.L.C. (7025); TV GPMC, L.L.C. (8136); True Value Retail, L.L.C. (7946); TrueValue.com Company, L.L.C. (6386); True Value Virginia, L.L.C. (9197); and Distributors Hardware, L.L.C. (8106), were closed as of May 28, 2025.  All motions and contested matters that remained open as of the closing of such cases, or that are opened after the date thereof, are administered in the remaining chapter 11 case of True Value Company, L.L.C.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and upon all of the proceedings had before this Court; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Final Decree, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.　　　The Motion is GRANTED, as set forth herein.

2.　　　The Remaining Case of True Value Company, L.L.C. (Case No. 24-12337 (KBO)) is hereby closed pursuant to section 350(a) of the Bankruptcy Code, effective as of the date of entry of this Final Decree.

3.　　　A docket entry shall be made in each of the Chapter 11 Cases reflecting the entry of this Final Decree.

4.　　　Entry of this Final Decree is without prejudice to (a) the rights of the Post-Effective Date Debtor, or any party in interest, to seek to reopen any of the Chapter 11 Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Post-Effective Date Debtor to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against the Debtors in the Chapter 11 Cases as contemplated by the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan or elsewhere, any failure of the Post-Effective Date Debtor to file an objection to any claim in the Chapter 11 Cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against any Debtor.

5.　　　The claims and noticing services for the Chapter 11 Cases is terminated in accordance with the Motion upon the completion of the services listed in paragraph 6 below.

Thereafter, Omni shall have no further obligations to this Court, the Post-Effective Date Debtor, or any other party in interest with respect to the claims and noticing services in the Chapter 11 Cases.

6.      Pursuant to Local Rule 2002-1(e)(ix), within twenty-eight (28) days after entry of the Final Decree, Omni shall (a) forward to the Clerk of the Court an electronic version of all imaged proofs of claim, (b) upload the creditor matrix into CM/ECF, and (c) docket a final claims register in the Remaining Case (Case No. 24-12337 (KBO)) containing the claims filed in all of the Chapter 11 Cases.

7.      Notwithstanding any provision of the Bankruptcy Code, Bankruptcy Rules, or Local Rules to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

8.      The Post-Effective Date Debtor shall, on or before thirty (30) days after entry of this Final Decree, (a) file with this Court and provide to the U.S. Trustee all outstanding post-confirmation reports, and (b) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6). Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen any of the Chapter 11 Cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6).

9.      The Post-Effective Date Debtor and its respective agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

10.     Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed:   (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors or Post-Effective Date Debtor

under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Debtors, Post-Effective Date Debtor, or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates or Post-Effective Date Debtor's estate; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of the Debtors or Post-Effective Date Debtor, or any other parties in interest under the Bankruptcy Code or any other applicable law.

11.     Notwithstanding the entry of this Final Decree, and without the need for further action by this Court, the Plan Administrator shall continue to have the authority provided for under the Plan relating to the wind-down and dissolution of the Debtors, including to prepare and file post-confirmation reports, prepare and file the Debtors' final tax returns, execute and/or file any documents necessary to reconcile any valid, outstanding tax-related matters of the Debtors, take actions with respect to any remaining assets of the Debtors, and administer the distribution of the reserves being held by the estates for the benefit of the Prepetition Secured Parties.

12.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

**Dated: December 22nd, 2025**
**Wilmington, Delaware**

KAREN B. OWENS
CHIEF JUDGE

4